IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, | § | |
| PLAINTIFF. | § | CIVIL ACTION NO.: _____ |
| | § | |
| v. | § | **JURY** |
| | § | |
| CISCO SYSTEMS, INC. AND | § | |
| RICHARD FRENKEL, | § | |
| DEFENDANTS. | § | |
| | § | |
| | § | |
| | § | |

## NOTICE OF REMOVAL

Cisco Systems, Inc. ("Cisco"), Defendant in the above-captioned matter, hereby files this Notice of Removal pursuant to 28 U.S.C.§ 1441 *et. seq.*, and as grounds therefore would show the following:

### I.      TIMELINESS OF REMOVAL

On March 3, 2008, Plaintiff, Eric Albritton ("Albritton"), filed Plaintiff's Original Petition (the "Petition") in *Eric Albritton v. Cisco Systems, Inc. and Richard Frenkel*, Cause No. 2008-481-CCL2, in County Court at Law Number 2 of Gregg County, Texas (the "State Court Action"). A copy of the Petition, together with a copy of the Return of Service of Process in Cisco's possession, the Demand for Jury Trial, a certified copy of the State Court Docket Sheet are attached hereto as Exhibit A.

On March 3, 2008, Defendant Cisco was served with summons and citation.

Defendant Richard Frenkel ("Frenkel") has not yet been served.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after the receipt by Defendants of the copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C.§ 1446(b).

5051038v.1

## II.  THE PARTIES

Albritton is and was at all relevant times a citizen of the State of Texas. (Petition at p. 2.)

Defendant Cisco is and was, at all relevant times, a corporation organized under the laws of the state of California with its principal place of business in San Jose, California. Accordingly, it is a citizen of a state other than Texas. (*Id.*).

Defendant Frenkel is and was, at all relevant times, a citizen of the state of California. Accordingly, he is a citizen of a state other than Texas. (*Id.*).

## III.  BASIS FOR REMOVAL – DIVERSITY JURISDICTION

A.  Diversity

The State Court Action constitutes a removable "civil action" under 28 U.S.C. § 1441(a) because the lawsuit originally could have been brought in federal court.  This court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity among the parties and the amount in controversy exceeds $75,000.  Plaintiff Albritton is a citizen of Texas, and Defendants Cisco and Frenkel are both citizens of California.

B.  Amount in Controversy

The fact that the Petition does not set forth the specific numerical amount of damages does not preclude federal removal jurisdiction.  Pursuant to Texas Rule of Civil Procedure 47(b), plaintiffs are prohibited from pleading a specific amount of damages in the petition.  In the absence of a liquidated damages claim, the court may properly consider the allegations of the defendant's notice of removal or independently assess the value of the claim.  *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Calloway v. BASF Corp.*, 810 F. Supp. 191, 192 (S.D. Tex. 1993).  As the Supreme Court explained in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), to justify remand of a removed action, "it must appear to a

5051038v.1

legal certainty that the claim is really far less than the jurisdictional amount." *Id*. at 288-89.

Based on the allegations and claims for damages made by Albritton in the Original Petition, it is facially apparent that the damages sought by him exceed the $75,000 jurisdictional minimum required under 28 U.S.C. § 1332. *See Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (holding that removal was proper because it was facially apparent that the plaintiff's claims were likely above the minimum jurisdictional amount) (citing *De Aquilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (recognizing that punitive damages may be used to establish diversity jurisdiction).

Here, Albritton's Petition alleges a cause of action for defamation and seeks exemplary damages arising out of statements allegedly made by Defendants concerning Albritton.

The Petition alleges that Frenkel published statements on the internet that Albritton, an attorney, had conspired with the Clerk of the United States District Court for the Eastern District of Texas to "alter documents to try to manufacture subject matter jurisdiction where none existed." (Petition at p. 4). The Petition further alleges that Frenkel was acting in his official capacity as Director of Intellectual Property Litigation for Cisco, and thus Cisco is vicariously liable for the acts of Frenkel. (*Id.* at pp. 4, 6) The Petition goes on to allege that Frenkel and Cisco "purposefully maximized the dissemination of the defamatory statements," which also maximized the damage inflicted upon Albritton. (*Id.*)

The Petition states that prior to the publication of the allegedly defamatory statements, Albritton enjoyed a sterling reputation for ethical and responsible representation as an attorney. (*Id* at p. 3.) The Petition alleges that, "as a direct and proximate result of the false and defamatory statements of FRENKEL and CISCO, ALBRITTON has endured shame,

5051038v.1

embarrassment, humiliation, mental pain and anguish" and that he has and will "be seriously injured in his business reputation, good name and standing in the community." (*Id* at p. 6.) Albritton alleges that he will "suffer hatred, contempt, and ridicule of the public in the (sic) general as well as of his business associates, clients, friends and relatives." (*Id.*) Albritton also seeks exemplary damages on the basis that Frenkel acted with the specific intent to injure Albritton or acted with conscious indifference to the rights, safety or welfare of Albritton with actual, subjective awareness that his conduct posed an extreme degree of risk of harm to Albritton.

Libel and slander cases of this nature claiming these types of damages routinely involve amounts in controversy exceeding $75,000. *See Times-Mirror Corp. v. Harden*, 628 S.W.2d 859 (Tex. App.–Eastland 1982, writ ref'd n.r.e.) (jury verdict of $135,000 actual and $250,000 exemplary damages in libel/slander case where one allegedly false statement was complained of by); *Shearson Lehman Hutton, Inc. v. Tuder*, 806 S.W.2d 914 (Tex. App.– Corpus Christi 1991, writ dism. w.o.j.) (stockbroker recovered in slander case $84,525 in lost income and $212,875 for post and future damages to reputation); *Vista Chevrolet, Inc. v. Brown*, 698 S.W.2d 435 (Tex. App.–Corpus Christi 1985, no writ) ($500,000 actual damages awarded in slander case). Consequently, it cannot possibly be clear to a "legal certainty" that the amount in controversy on Albritton's claims is less than $75,000, exclusive of interests and costs.

Defendant Cisco has met its burden of proof by a preponderance of the evidence that the amount in controversy in this proceeding exceeds the jurisdictional minimum. *See Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (holding that removal was proper because it was facially apparent that the plaintiff's claims were likely above the minimum jurisdictional amount) (citing *De Aquilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993)).

5051038v.1

Accordingly, the minimum jurisdictional amount in controversy for original jurisdiction under 28 U.S.C. § 1332 is satisfied.

## IV.   NOTICE

Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all parties, and a true and correct copy of the Notice of Removal is being filed with the Clerk of the County Court at Law for Gregg County, Texas.

## V.   STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit "A."

## VI.   CONSENT

Defendant Frenkel's consent to removal is attached hereto as Exhibit "B."

## VII.   COMPLIANCE WITH LOCAL RULES

Pursuant to Local Rule CV-81, see document attached hereto as Exhibit "C."

WHEREFORE, Defendant Cisco Systems, Inc., prays that the State Court Action be removed from County Court at Law Number 2, Gregg County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division, in accordance with the provisions of 28 U.S.C. § 1441, and for such other and further relief at law or in equity to which it may justly be entitled.

5051038v.1

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
      Charles L. Babcock
      Federal Bar No.: 10982
      Crystal J. Parker
      Federal Bar No.: 621142
      1401 McKinney, Suite 1900
      Houston, Texas 77010
      (713) 752-4200
      (713) 752-4221 – Fax
      Email: cbabcock@jw.com

ATTORNEY FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this ___ day of March, 2008, a true and correct copy of the foregoing document was served via certified mail, return receipt requested upon:

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058

/s/ Charles L. Babcock
Charles L. Babcock

5051038v.1