IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON,<br> PLAINTIFF. | § § § | CIVIL ACTION NO.: 6:08-CV-89 |
| v. | § § | **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC. AND<br>RICHARD FRENKEL,<br> DEFENDANTS. | § § § § § § | |

## **RICHARD FRENKEL'S ORIGINAL ANSWER**

TO THE HONORABLE COURT:

Richard Frenkel ("Frenkel") answers the Plaintiff's Original Petition ("Petition") filed by Plaintiff Eric Albritton ("Albritton" or "Plaintiff") as follows.

In answering, Frenkel will cite the Plaintiff's allegations and follow with his response. Frenkel then pleads his affirmative defenses and other defensive matters.

### I.

### DISCOVERY PLAN

1. Plaintiff requests that discovery in this case be conducted under Level III pursuant to Rule 190.4, Tex. R. Civ. P.

**RESPONSE:**

This allegation does not require a response, but discovery will be conducted in accordance with the Federal Rules of civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## II.

## REQUEST FOR DISCLOSURE

2. Plaintiff requests that Defendants produce the information and documents identified in Rule 194, Tex. R. Civ. P.

**RESPONSE:**

This allegation does not require a response, but discovery will be conducted in accordance with the Federal Rules of civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## III.

## THE PARTIES

3. **ERIC M. ALBRITTON** ("ALBRITTON") is an individual residing in Gregg County, Texas.

**RESPONSE:**

Admitted.

4. **CISCO SYSTEMS, INC.** ("CISCO") is a corporation organized and existing under the laws of the State of California with its principal place of business in San Jose, California. CISCO may be served with process by delivering a copy of the petition and citation to its registered agent, Prentice Hall Corporation Systems, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**RESPONSE:**

Admitted.

5. **RICHARD FRENKEL** ("FRENKEL") is an individual who, upon information and belief, resides in the State of California. He may be served with process by delivering a copy of the petition and a citation to him at his place of business located at 170 West Tasman Drive., M/S SJC-10/2/1, San Jose, California 95134-1700.

**RESPONSE:**

Admitted.

## IV.

## VENUE & JURISDICTION

6. This Court has jurisdiction over this dispute in that it is a court of general jurisdiction. Texas law provides for mandatory venue in Gregg County as ALBRITTON resided in Gregg County at the time the Defendants published defamatory statements about the Plaintiff. *See* Tex. Civ. Prac. & Rem, Code § 15.017.

**RESPONSE:**

Admitted that the United States District Court for the Eastern District of Texas, Tyler Division, has jurisdiction over this dispute and that Albritton resided in Gregg County at all relevant times. In all other respects, denied.

## V.

## FACTUAL BACKGROUND

7. ALBRITTON is an attorney representing clients in the United States District Courts for the Eastern District of Texas since 1996. Since 1999, he has practiced law, almost exclusively, in the Eastern District of Texas. In addition, he has resided in and been licensed to practice law in the State of Texas since November 4, 1994. Throughout his professional career, ALBRITTON has enjoyed a sterling reputation for ethical and responsible representation. Neither the State Bar of Texas nor any state or federal court has ever issued any sanctions against ALBRITTON. In addition, his law license has never been suspended or revoked for any reason. As a result of this reputation, ALBRITTON has developed a successful practice concentrated largely in intellectual property disputes in the Eastern District of Texas. In furtherance of this practice, ALBRITTON filed a patent infringement suit against CISCO on behalf of ESN, LLC on October 16, 2007.

**RESPONSE:**

Admitted that Albritton filed a patent infringement case against Cisco on behalf of ESN, LLC, but denied that the suit was filed on October 16, 2007. Frenkel is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

8. FRENKEL is an attorney licensed to practice law in the State of California. He is employed by CISCO as its director of intellectual property litigation. With the knowledge and consent — express or implied — of his direct supervisor at CISCO, FRENKEL publishes an internet "blog" purporting to cover patent litigation including in what FRENKEL terms the

-3-

"Banana Republic of East Texas." Until recently, FRENKEL published his comments anonymously. In October of 2007, while still publishing anonymously, FRENKEL posted scandalous and defamatory allegations about ALBRITTON on the internet. As set forth in more detail below, FRENKEL's statements constituted libel and libel per se and were purposefully calculated by FRENKEL and CISCO to damage the reputation and business of ALBRITTON.

**RESPONSE:**

Admitted that Frenkel is an attorney licensed to practice law in the State of California. Admitted that Frenkel is employed by Defendant Cisco as a Director of Intellectual Property Litigation. Admitted that Frenkel published the Patent Troll Tracker web site postings at issue in this case with the knowledge and consent of his direct supervisor at Cisco. Admitted that the web site commented about patent litigation and that the web site commented about patent cases pending in the Eastern District of Texas. Admitted that the phrase, "Banana Republic of East Texas" was included in the entry on the web site attached as Exhibit A to the Petition. Admitted that Frenkel, for a period of time, published the complained-of web site anonymously. In all other respects, denied.

9. In particular, on October 17 and 18, 2007, FRENKEL published statements on the internet that ALBRITTON had "conspired" with the Clerk of the United States District Court for the Eastern District of Texas to "alter documents to try to manufacture subject matter jurisdiction where none existed." At the time he made this statement, FRENKEL was acting in the course and scope of his employment with CISCO and in his official capacity as Director of Intellectual Property Litigation for CISCO. Even more tellingly, at the time he made this statement, FRENKEL had been charged by CISCO with responsibility for management of the very case in which he alleged ALBRITTON had conspired with the Clerk to feloniously alter official documents. A true and correct copy of the defamatory writing distributed by FRENKEL is attached hereto as Exhibit A.

**RESPONSE:**

Admitted that Frenkel posted statements on the internet on October 17 and 18, 2007 and that Frenkel's postings which are sued upon were made within the course and scope of his employment at Cisco. Admitted that, at the time Frenkel made the statements, he was employed as one of Defendant Cisco's Directors of Intellectual Property. Admitted that Plaintiff attaches

-4-

5070057v.3

as Exhibit A to the complaint a true and correct copy of the posting he complains about. In all other respects, denied.

10. FRENKEL and CISCO have purposefully maximized the dissemination of the defamatory statements and the damage inflicted upon ALBRITTON. In particular, FRENKEL and CISCO published the statements on a web site devoted to intellectual property litigation including the Eastern District of Texas. On information and belief, FRENKEL and CISCO further employed search engine optimization tools and techniques to direct individuals and entities seeking information about ALBRITTON through popular search engines such as "Google" to the defamatory statements. In fact, according to FRENKEL, ALBRITTON's name was the seventh most popular search term directing readers to his site during the week ending on February 15, 2008. Likewise, selecting ALBRITTON's name within the web site leads directly to the defamatory article. On January 30, 2008, FRENKEL boasted that his site had hosted its one hundred thousandth (100,000th) visitor.

**RESPONSE:**

Denied that Frenkel purposefully maximized the dissemination of the complained-of statements and that Frenkel employed search engine optimization tools and techniques to direct individuals and entities seeking information about Albritton through popular search engines such as "Google" to the complained-of statements, but Frenkel is without knowledge or information sufficient to form a belief as to the truth of the averment that Cisco did so. Admitted that Frenkel posted statements on a web site devoted to intellectual property litigation, including the Eastern District of Texas. Frenkel is without knowledge or information sufficient to form a belief as to the truth of the averment that Albritton's name was the seventh most popular search term directing readers to his site during the week ending on February 15, 2008 or whether selecting Albritton's name within the web site leads directly to the defamatory article. Admitted that on January 30, 2008, Frenkel stated on the complained-of web site that his site had hosted its one hundred thousandth (100,000th) visitor. In all other respects, denied.

5070057v.3

## V.

## DEFAMATION

11. In publishing the false and libelous statements described above, FRENKEL and CISCO have defamed ALBRITTON in direct violation of Texas law. In particular, FRENKEL and CISCO published to third parties a false and defamatory statement of "fact" referring directly to ALBRITTON that caused actual damages to ALBRITTON. In so doing, FRENKEL and CISCO acted with actual malice or with reckless disregard for the truth or falsity of their representations. At a minimum, CISCO and FRENKEL acted without exercising ordinary care for the truth of the statement or the protection of ALBRITTON's reputation.

**RESPONSE:**

Denied.

12. Further, FRENKEL's and CISCO's wholly false statement that ALBRITTON "conspired" with the officials of the United States District Court to feloniously alter official documents is libelous per se. More particularly, such an outrageous and unsubstantiated statement invariably tends to injure ALBRITTON's reputation and to expose him to public hatred, contempt, or ridicule; expose ALBRITTON to financial injury; and impeach ALBRITTON's honesty, integrity, virtue or reputation thus exposing him to public hatred and ridicule. *See* Tex. Civ. Prac. & Rem. Code Ann. §73.001 (West 2008). Likewise, Defendants' statements are libelous per se in that they are of such a character as to injure ALBRITTON in his office, profession or occupation and directly accuse him of the commission of a crime.

**RESPONSE:**

Denied.

## VI.

## DAMAGES

13. As a direct and proximate result of the false and defamatory statements of FRENKEL and CISCO, ALBRITTON has endured shame, embarrassment, humiliation, mental pain and anguish. Additionally, ALBRITTON has and will in the future be seriously injured in his business reputation, good name and standing in the community. He will, in all likelihood, be exposed to the hatred, contempt, and ridicule of the public in the general as well as of his business associates, clients, friends and relatives. Consequently, ALBRITTON seeks actual damages in a sum within the jurisdictional limits of this Court.

5070057v.3

**RESPONSE:**

Denied.

14. Furthermore, ALBRITTON is entitled to exemplary damages from FRENKEL and CISCO. ALBRITTON would show the Court that FRENKEL acted with the specific intent to injure ALBRITTON in his reputation and business. At a minimum, FRENKEL acted with conscious indifference to the rights, safety or welfare of ALBRITTON with actual, subjective awareness that such conduct posed an extreme degree of risk of harm to the reputation and well-being of ALBRITTON. Likewise, CISCO is vicariously liable for FRENKEL's outrageous conduct in that it authorized, approved and/or ratified FRENKEL's statements. Moreover, at the time of the defamation, CISCO employed FRENKEL as the director of its intellectual property litigation and gave him specific responsibility for the ESN litigation. As a result, FRENKEL was employed in a managerial capacity and acted in the course and scope of his employment at the time he published the defamatory statements. CISCO has done nothing since the publication of the statements to disclaim them or distance itself from FRENKEL.

**RESPONSE:**

Admitted that Cisco employed Frenkel as one of the directors of its intellectual property litigation and, at one point, gave him specific responsibility for the ESN litigation. In all other respects, denied.

## VII.

## AFFIRMATIVE DEFENSES

15. For further answer, if necessary, the complained-of statements as they relate to Plaintiff are true or substantially true.

16. For further answer, if necessary, the complained-of statements were invited by Plaintiff.

17. For further answer, if necessary, the complained-of statements are privileged pursuant to § 73.002 of the Texas Civil Practice & Remedies Code.

5070057v.3

18. For further answer, if necessary, any award of damages in this case for the claims alleged would be unconstitutional under Article 1, § 8 of the Texas Constitution and/or the First Amendment to the United States Constitution.

19. For further answer, if necessary, Plaintiff has not suffered any actual, special, consequential or other damages.

20. For further answer, if necessary, Plaintiff is not entitled to punitive or exemplary damages under the laws of the United States and Texas because: (i) Plaintiff's cause of action is pursuant to statute — § 73.001 et. seq. of the Texas Civil Practices and Remedies Code—and punitive damages are impermissible for the mere violation of a statute. Punitive damages are not warranted and their imposition in this case would violate Article 1, § 8 of the Texas Constitution and/or the First Amendment to the United States Constitution. Moreover, any punitive damages award (and none is warranted) would be subject to all statutory, constitutional, and common law caps and limits, including but not limited to the statutory cap on punitive damages contained in Texas Civil. Practices & Remedies Code § 41.008(b).

21. For further answer, if necessary, on November 7, 2007, Frenkel published a clarification of the October 18, 2007 posting as follows: "To the extent the word 'altered' implied that anyone did anything *illegal*, that was not my intent. I'm positive the court clerk was following local custom, as was the ESN Texas lawyer." This serves to mitigate Plaintiff's damages, if any, and demonstrates that the Complained-of Statements are not defamatory, and are certainly not per se defamatory.

22. On or about October 19, 2007 Frenkel modified the October 18, 2007 posting and deleted or changed several of the Complained-of Statements.

WHEREFORE, PREMISES CONSIDERED, Defendant Frenkel prays that Plaintiff's claims be dismissed with prejudice, that a take nothing judgment be entered in favor of Frenkel, that Frenkel be awarded its costs, and for such other and further relief as to which he may be justly entitled.

Respectfully submitted,

GEORGE L. MCWILLIAMS, P.C.

By: _____
George L. McWilliams
Texas Bar No: 13877000
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
(903) 277-0098
(870) 773-2967—Fax
Email: glmlawoffice@gmail.com
ATTORNEY FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF SERVICE

This is to certify that on this 2 day of May, 2008, a true and correct copy of the foregoing was served electronically, upon:

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654

Charles L. Babcock
Crystal J. Parker
Jackson Walker L.L.P.
1404 McKinney, Suite 1900
Houston, Texas 77010

_____
George L. McWilliams

5070057v.3