

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, <br> PLAINTIFF. <br><br> v. <br><br> CISCO SYSTEMS, INC. AND <br> RICHARD FRENKEL, <br> DEFENDANTS. | § § § § § § § § § § § | CIVIL ACTION NO.: 6:08-CV-89 <br><br> **JURY TRIAL DEMANDED** |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. This Order shall govern the production and use of "Confidential" information both by parties and by those non-parties to this action that agree to be bound by the terms of this Stipulated Protective Order.

2. As used herein, the term "Producing Party" encompasses any party or non-party that has agreed to be bound by the terms of this order and that produces information in this action. The term "Receiving Party" encompasses any party or non-party that has received material or information designated as "Confidential" by a Producing Party.

3. Subject to the terms of this paragraph, any Producing Party may designate as "Confidential" any document, material, or other information (written or oral) that is produced or disclosed to any other party in the course of this action, whether by discovery or otherwise. Documents, materials and information that constitute or reveal a trade secret or other confidential research, development or commercial information subject to protection under Fed. R. Civ. P. 26(c)(7) are properly designated as confidential, as are materials that are subject to legal duties to nonparties protecting such nonparties against unauthorized access to, disclosure of, or use of their private or proprietary information. Producing Parties shall not designate as "Confidential"

information that is publicly available at the time of disclosure and shall endeavor not to mark as "Confidential" information any other that falls outside the categories properly designated as "Confidential" under this paragraph.

4. Information designated "Confidential" and any information derived from "Confidential" information shall be used only for the purposes of this litigation and not for any other purpose. Moreover, "Confidential" information may be disclosed only to the following persons:

(a) Those officers, directors, and employees of Cisco Systems, Inc. who have a need to know the information to perform their duties with respect to this litigation, and the named parties, Eric Albritton and Richard Frenkel. Prior to disclosure of "Confidential" information to these individuals, each individual shall first sign the form of Acknowledgement attached hereto as Exhibit A.

(b) Counsel for the parties to this action along with other attorneys at the law firms of the litigants' counsel of record, and their associate and temporary counsel and clerical, secretarial, paralegal, and support staff, and employees of third-party contractors who are retained by a party and who are solely involved in one or more aspects of copying, computer imaging, preparation of demonstrative exhibits, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action.

(c) The Court and court personnel, including court reporters, provided that any pleading or other document filed with the Court that contains or discloses "Confidential" information shall be so marked and shall be filed under seal.

(d) Outside experts expected to testify at trial or formally retained or specially employed in anticipation of litigation or preparation for trial, or consulting

experts, provided that each such person shall first be informed of the terms of this Order and shall first sign the form of the Acknowledgment attached hereto as Exhibit A.

(e) Former employees of Defendants who had previous knowledge or possession of the "Confidential" information, provided that each such person shall first be informed of the terms of this Order and sign the form of the Acknowledgement attached hereto as Exhibit A.

(f) Non-party witnesses in this action and their counsel, provided that each such person shall first be informed of the terms of this Order and sign the form of the Acknowledgement attached hereto as Exhibit A. Additionally, (i) each such witness's access to "Confidential" information shall be strictly limited to that information necessary for that witness's testimony in this litigation and (ii) the witness shall not be allowed to retain any documents containing "Confidential" information.

(g) The Acknowledgements described in ¶¶ (a), and (d) through (f) above shall be maintained by counsel of record.

5. In addition, the parties may designate extremely sensitive proprietary "Confidential" information as "Highly Confidential" (hereinafter referred to as "Highly Confidential Information") and thus secure the additional protections set forth in this Order pertaining to such material. Such Highly Confidential information shall include only particularly sensitive information disclosing: (1) trade secrets; (2) recent, present and future financial information or plans; or (3) privileged documents.

6. Material designated as "Highly Confidential" may be reviewed and copied only by (a) a party's counsel of record (including clerical, secretarial, paralegal and support staff) and ⎣including Eric Albritton⎦ *CW* *H*  *SM* *CH*

in the case of Defendants, in house attorneys that have signed the Acknowledgement attached here as Exhibit A; (b) employees of third-party contractors who are retained by a party and who are solely involved in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action; and (c) outside experts, whether consulting experts, experts who are expected to testify at trial or expert who are formally retained or specially employed in anticipation of litigation or preparation for trial, provided that such expert has complied with the provisions of ¶ 4(d) above. No other persons may have access to Highly Confidential Information except as authorized by order of the Court or agreed to in writing by the parties, which agreement shall not be unreasonably withheld. No person who may be entitled to receive, or who is afforded access to any Highly Confidential Information shall use or disclose such information for the purposes of business or competition, or any purpose other than the preparation for and conduct of this proceeding. The term "Confidential," when used in the remaining provisions of this Order, shall be deemed to apply to both "Confidential" and "Highly Confidential" material.

7. Information may be designated as "Confidential" or "Highly Confidential" in the following manner:

(a) The Producing Party must mark documents containing "Confidential" information with the notation "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL," if the information is to be designated as Highly Confidential information) on the face of each page containing "Confidential" information. It is expressly agreed that marking the first page of a multi-page document with a "CONFIDENTIAL" stamp raises a presumption that the entire document is to be treated as "CONFIDENTIAL." Public or non-confidential materials contained within a multi-page document marked "CONFIDENTIAL" on the first page shall

in the case of Defendants, in house attorneys that have signed the Acknowledgement attached here as Exhibit A; (b) employees of third-party contractors who are retained by a party and who are solely involved in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action; and (c) outside experts, whether consulting experts, experts who are expected to testify at trial or expert who are formally retained or specially employed in anticipation of litigation or preparation for trial, provided that such expert has complied with the provisions of ¶ 4(d) above. No other persons may have access to Highly Confidential Information except as authorized by order of the Court or agreed to in writing by the parties, which agreement shall not be unreasonably withheld. No person who may be entitled to receive, or who is afforded access to any Highly Confidential Information shall use or disclose such information for the purposes of business or competition, or any purpose other than the preparation for and conduct of this proceeding. The term "Confidential," when used in the remaining provisions of this Order, shall be deemed to apply to both "Confidential" and "Highly Confidential" material.

7. Information may be designated as "Confidential" or "Highly Confidential" in the following manner:

(a) The Producing Party must mark documents containing "Confidential" information with the notation "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL," if the information is to be designated as Highly Confidential information) on the face of each page containing "Confidential" information. It is expressly agreed that marking the first page of a multi-page document with a "CONFIDENTIAL" stamp raises a presumption that the entire document is to be treated as "CONFIDENTIAL." Public or non-confidential materials contained within a multi-page document marked "CONFIDENTIAL" on the first page shall

be dealt with under ¶ 8 below.

(b) Pleadings and other materials filed with the Court that contain or disclose "Confidential" information shall bear the notation "CONFIDENTIAL-UNDER SEAL" or a similar notation on the first page of the document and shall be filed under seal as provided in the Local Rules of the Court.

(c) Information disclosed at a deposition may be designated as "Confidential" either on the record at the deposition by the Producing Party or in writing (describing the "Confidential" information with particularity) by the Producing Party within 30 calendar days of the date of the deposition. Upon opposing counsel's request, counsel shall cooperate in allowing a longer or shorter period for such designation as the needs of the case require. The entirety of each deposition shall be treated as "Confidential" for a period of 30 calendar days following the deposition. Once the 30 calendar days have expired, only those portions of the deposition designated by the Producing Party as "Confidential" will be treated as "Confidential" information under this Order.

8. Any party may challenge the designation of any material as "Confidential" by serving written notice of such challenge on counsel for the Producing Party. The Producing Party shall have fifteen business days after receiving the notification to reconsider its designation. If the parties are unable to resolve the dispute, the party seeking to remove the "Confidential" designation from the information may then serve an appropriate motion under the Federal Rules of Civil Procedure challenging the "Confidential" designation. Information that is challenged by way of an appropriate motion shall be considered "Confidential" until (a) the Court grants the motion, or (b) the Producing Party responsible for designating the information informs the moving party that the information is no longer to be treated as "Confidential." A failure to

challenge the designation of information as "Confidential" does not constitute an agreement or concession that the information at issue is, in fact, confidential or in any way privileged or immune from disclosure.

9. Before disclosing "Confidential" material to any person listed in ¶ 4(d), the Receiving Party shall give notice to counsel for the Producing Party identifying the person, his or her address, his or her present employer, and providing a curriculum vitae, provided that the disclosure shall provide enough information to allow the other parties to conduct, in good faith, a search to determine whether the person has a conflict of interest. Such notice shall be accompanied by written agreement by the person to whom disclosure is to be made, in the form of Exhibit A to this Order, stating that he or she has read and understands this Order and agrees to be bound by its terms. The Producing Party shall have ten business days after receiving notification within which to object in writing to the proposed disclosure. If the parties are unable to resolve the objection, the Receiving Party must file and serve a motion with the Court seeking leave to make disclosure to the person in question. Upon a timely objection, no disclosure may be made to the person in question until the objection is resolved either by Court order or by agreement of the parties in writing. No party may contact or communicate in any way with, or seek to call at trial, any individual disclosed by another party pursuant to this provision unless and until the individual is designated by the disclosing party as a testifying expert.

10. If during the course of this proceeding, a person identified in ¶ 4(d) undergoes any change of employer, notwithstanding ¶ 9, the party on whose behalf the person is working shall provide written notice to the Producing Party identifying the person, his or her address, his or her new employer, and a description of the person's position and responsibilities with the new employer, before any additional confidential material is disclosed to such person. The Producing Party shall have ten business days after receiving notification within which to object in writing to

the continued disclosure of confidential material to, and to the continued retention of, such person. If the parties are unable to resolve the objection, the Producing Party must within twenty calendar days after making objection file and serve a motion with the Court seeking an order that would limit or prohibit further disclosure of confidential material to, or would require disqualification of, the person in question. Upon a timely objection, no additional confidential material may be disclosed to the person in question until the objection is resolved either by Court Order or by agreement of the parties in writing.

11. This Order governs discovery and the pretrial stage of this litigation. The use at trial of "Confidential" information shall be subject to further order of Court, except that any information designated "Confidential" may be submitted under seal at any time. *This agreement may be modified by order of the Court by motion of either party.*

12. No person shall attend portions of a deposition designated "Confidential" or "Highly Confidential" unless he or she is an authorized recipient of materials containing such information under the terms of this Order. Upon the good faith assertion by counsel for the designating party that a question or line of questions, argument, or exhibit at a deposition is likely to result in the disclosure of Confidential Information or Highly Confidential Information, any person not entitled under this Order to have access to such Confidential Information or Highly Confidential Information shall leave the deposition until the question, line of questions, argument, or presentation and discussion of the exhibit is completed, unless otherwise ordered by the Court, and the Confidential Information or Highly Confidential Information disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be used, disclosed or made available to any person, except as set forth in this Order.

13. In the event that the parties or their counsel, non-party witnesses or their counsel, or court reporters are served with or receive a subpoena or any other written demand (a "Demand") from any person (including any federal or state law enforcement or regulatory

agency or authority) calling for production of or testimony relating to any "Confidential" information governed by this Order, prior to responding thereto, the person or entity served with or receiving such Demand shall promptly serve notice of receipt of same on counsel for the other parties to the litigation, who shall have 10 calendar days following such service (or such shorter period of time as may be necessitated by the terms of the Demand) to move the court having jurisdiction over the Demand for a ruling respecting compliance with the Demand. If such a motion is made within the allotted time, the person or entity served with or receiving a Demand shall respond initially by objecting thereto, on the basis of the pending motion on the applicability of this Order.

14. No Confidential Information or Highly Confidential Information may be disclosed to any person who is not a qualified recipient of such information under this Order. All Confidential Information and Highly Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients of such information under the terms of this Order.

15. Inadvertent production of documents or information subject to the attorney-client privilege, work-product privilege, investigative privilege, party communications privilege, or any other applicable privilege that would make the information or documents exempt or immune from discovery in whole or in part, shall not constitute a waiver of, nor a prejudice to, any claim that such information or related material is privileged either as to the specific document or information disclosed or as to any other document or information relating thereto or on the same or related subject matter. Upon receiving the demand from a Producing Party for return of any document inadvertently or unintentionally produced, the Receiving Party shall promptly return the document and shall not use it in any way other than in connection with a motion to compel until the validity of the claim of exemption from discovery shall have been agreed upon or

decide by the court. Unless the Receiving Party challenges the propriety of the asserted privilege, the Receiving Party shall return such inadvertently produced document(s) within 10 calendar days after the initial receipt of written (including facsimile) notice and shall destroy all known copies thereof that are within the possession, custody or control of the Receiving Party. If the Receiving Party is unable to return such inadvertently produced document(s) and destroy all copies thereof within 10 calendar days, the Deceiving Party shall notify the Producing Party in writing, by explaining specifically why returning such document(s) and destroying all copies within 10 calendar days is not feasible, and providing a date by which all copies of such document(s) in the Receiving Party's possession, custody or control will be destroyed. If the Receiving Party disputes the propriety of the asserted privilege with respect to any document(s), it shall do so in writing to the Producing Party within 10 calendar days after receipt of the written notice of inadvertent production. If the parties cannot resolve their differences in good faith, the Receiving Party has 10 calendar days from the original receipt of notice of inadvertent production to file a motion disputing the assertion of privilege. If the Receiving Party fails to file a motion with the Court within 10 calendar days, the Receiving Party shall return the disputed document(s) to the Producing Party and shall destroy all known copies thereof that are within the possession, custody and control of the Receiving Party. No use shall be made of any document that a Producing Party has asserted to be privileged other than to challenge or defend the propriety of the asserted privilege, although the parties will not be able to argue that any waiver or subject matter waiver occurred.

16. The inadvertent production of a document, deposition testimony, response to discovery, or other discovery material without a designation of "Confidential" or "Highly Confidential" shall not be a waiver of such designation. Any "Confidential" or "Highly Confidential" designation that is inadvertently omitted may be corrected by written notification

to counsel for the Receiving Party. The Receiving Party shall thereafter take such steps as reasonably necessary to mark and treat such documents, deposition testimony, responses to discovery, or other discovery materials, and the information contained therein, in accordance with the terms of this Order. The documents, deposition testimony, responses to discovery, or other discovery materials, and the information contained therein, shall thereafter be fully subject to this Order as if they had been initially so designated. While no party shall incur liability for disclosures made in good faith prior to notice of such belated designations, a party that disclosed discovery material subsequently designated as "Confidential" or "Highly Confidential" shall in good faith assist the designating party in retrieving such discovery material from all recipients not entitled to receive such discovery material under the terms of this Order and prevent further disclosures except as authorized under the terms of this Order.

17. Any stenographer, court reporter, or videographer who transcribes or otherwise records deposition testimony in this action at a deposition shall, before transcribing any such deposition testimony, be provided with a copy of this Order and shall agree, that all "Confidential" and "Highly Confidential" deposition testimony and exhibits are and shall remain confidential and shall not be disclosed except as provided in this Order; that copies of any transcript, reporter's notes, or any other transcription records of any such deposition testimony or exhibit shall be retained in absolute confidentiality and safekeeping by such reporter or delivered to attorneys of record or filed under seal with the Court.

18. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential and Highly Confidential information. Nothing in this Order is intended to preclude any party from using its own Confidential Information or Highly Confidential Information for any purpose.

19. Within 30 calendar days of the conclusion of this action (including the conclusion

of any appeal), all materials containing "Confidential" information that have been produced in this action shall be (i) destroyed, with a certificate of destruction provided to the Producing Party, or (ii) at the option of the Receiving Party, returned to counsel for the Producing Party, provided that counsel of record for each party may maintain, under seal, one copy of the specific pleadings, correspondence and documents filed with the Court that contain "Confidential" information. The seal shall be lifted only upon Court order. Nothing contained in this Paragraph shall restrict any party with respect to copies of pleadings, correspondence and documents that do not contain "Confidential" information.

20. The final determination or settlement of this action shall not relieve any person who has received "Confidential" information from the obligations imposed by this Order. This Order shall survive the final conclusion of this litigation and continue in full force and effect, and this Court shall retain jurisdiction to enforce this Order.

So ORDERED:

_____
JUDGE PRESIDING

Dated: June 5, 2008

# Exhibit A

ACKNOWLEDGMENT OF CONFIDENTIALITY STATEMENT

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order dated _____, 2008 annexed hereto, and agrees that, with respect to any material disclosed to the undersigned which has been specifically designated as "Confidential" or "Highly Confidential" and all information contained therein, he or she shall maintain such material in strict confidence and shall not disclose such material or information to any other person or make use of such material or information except in accordance with the terms of the Stipulated Protective Order.

Dated:_____      _____
                                     (signature)

                                     Print name and address:

                                     _____

                                     _____

                                     _____