IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON § § § | |
| v. § § § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., § RICK FRENKEL, MALLUN YEN & § JOHN NOH § | |

**JOHN NOH'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE COURT:

Defendant John Noh ("Noh") files this Memorandum in Support of His Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and shows the Court the following:

### I.  INTRODUCTION

The Court should dismiss this lawsuit against Noh because Noh does not have minimum contacts with the state of Texas. This case was originally brought against Cisco Systems, Inc. ("Cisco") and Richard Frenkel ("Frenkel"), alleging that Frenkel published an allegedly defamatory article relating to Plaintiff Eric Albritton's ("Albritton" or "Plaintiff") filing of a lawsuit in Texas. On June 16, 2008, Albritton amended his complaint and added Noh and Mallun Yen ("Yen") as defendants based on allegations that Noh and Yen encouraged Frenkel to publish an article concerning the lawsuit. However, Albritton did not allege any facts giving rise to this Court's jurisdiction over Noh, who at all material times, is and has been a resident of California.

This Court does not have general or specific jurisdiction over Noh, who has no contacts with the state of Texas and did not publish the allegedly defamatory statement at issue in this lawsuit. Noh did not write, distribute, or even read the allegedly defamatory article before it was posted. Therefore, he did not purposefully avail himself of the laws of the state of Texas and cannot be haled into court there. Accordingly, the Court should dismiss this case against Noh pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II. FACTUAL BACKGROUND

Noh is a former Cisco employee who lives in California. (Complaint at ¶5; Declaration of John Noh at ¶1). In this lawsuit, Albritton originally alleged that Frenkel and Cisco (through Frenkel) published defamatory statements about Albritton in two internet articles on a news-oriented internet web site called Patent Troll Tracker. (Complaint at ¶¶15, 21). The internet articles at issue concerned a lawsuit filed on behalf of ESN, LLC by Johnny Ward and Albritton in the Eastern District of Texas (the "ESN Case.") Albritton originally brought this lawsuit only against Frenkel and Cisco, but on June 16, 2008, Albritton amended his complaint to add Noh, formerly Cisco's Senior Public Relations Manager, and Yen, Cisco's Vice President of Intellectual Property, as defendants. Albritton alleges that Noh consented to and knew about the Patent Troll Tracker and that Noh congratulated Frenkel concerning the October 18, 2007 article. (*Id.* at ¶¶23-25). Albritton does not allege any facts that would give rise to this Court's personal jurisdiction over Noh.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER NOH

### A. Legal Standard

When personal jurisdiction is challenged, the plaintiff bears the burden of showing that jurisdiction is proper. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The plaintiff must

allege facts giving rise to jurisdiction in its complaint. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005).

When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). The Texas long-arm statute provides that the courts of Texas have personal jurisdiction to the maximum extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution. *Id.* Therefore, a federal court sitting in Texas must determine whether personal jurisdiction is permitted under federal due process requirements. *See id.*

The United States Supreme Court set forth the standard for personal jurisdiction in *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). In those cases, the courts held that a court may exercise jurisdiction over nonresident defendants only where those defendants have sufficient minimum contacts with the state so that maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Show*, 326 U.S. at 316; *Worldwide Volkswagen*, 444 U.S. at 292. Two types of personal jurisdiction have arisen from this standard: general jurisdiction and specific jurisdiction.

General jurisdiction requires that a defendant engage in contacts that are "substantial," "continuous" or "systematic" with the forum state when the contacts have no relation to the cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 at n. 9 (1984).

Specific jurisdiction provides for personal jurisdiction where the cause of action "arises out of" or "relates to" contacts in the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463

(1985). The test for minimum contacts for specific jurisdiction is whether the defendant "purposefully availed" himself of the privilege of doing business in the forum and could foresee being haled into court there. *Id.* at 475. A state may not hale a defendant into court "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.*

**B.     Noh is not subject to general jurisdiction in Texas.**

The Complaint fails to allege any facts that would give rise to general jurisdiction over Noh. General jurisdiction requires that a defendant engage in contacts that are "substantial," "continuous" or "systematic" with the forum state when the contacts have no relation to the cause of action. *Helicopteros*, 466 U.S. at 414, n. 9. Plaintiff has failed to allege any facts demonstrating that Noh had "substantial," "continuous," or "systematic" contacts with the state of Texas. Noh's contact with the state of Texas has been limited to traveling to the state twice on vacation, during which he collectively spent only three days in the state. (Declaration of John Noh at ¶3). Therefore, the Court does not have general jurisdiction over Noh.

**C.     Noh is not subject to specific jurisdiction in Texas.**

The test for specific jurisdiction is whether the defendant purposefully availed himself of the privilege of conducting activities in the forum and could foresee being haled into court there. *See Burger King*, 471 U.S. at 475. The Complaint fails to allege any facts giving rise to specific jurisdiction over Noh.

The Court should dismiss the case because Noh did not purposefully avail himself of the privilege of conducting activities in the forum and could not foresee being haled into court there. Albritton has not alleged a single act by Noh that could be construed as purposefully availing himself of the privilege of doing business in Texas with respect to events giving rise to this lawsuit.

Texas courts have held that to establish personal jurisdiction in a defamation suit for an internet publication, the Plaintiff must show that either (1) the defendant published the defamatory statement with adequate circulation in the forum state or (2) the author of the defamatory publication "aimed" a story at the state knowing that that the effects of the story would be felt there. *Fielding v. Hubert Burda Media, Inc.,* 415 F.3d 419, 425 (5th Cir.2005) (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 773-74 (1984)); *Calder v. Jones,* 465 U.S. 783, 789-90 (1984). In other words, the defendant must either be responsible for sufficiently circulating the defamatory statement or be responsible for aiming the story at a particular state by its content.

This rule recognizes that publication—by circulation or by authorship—is the *sin qua non* of a defamation claim. Where, as here, the plaintiff has not even alleged facts showing that the defendant published the defamatory statement at issue, he necessarily cannot demonstrate personal jurisdiction because one who does not publish an article by definition did not circulate the publication and did not "aim" the story at the state. Therefore, the Court should dismiss Plaintiff's claims against Noh.

1. **Noh did not circulate the allegedly defamatory statements within the forum state.**

Plaintiff does not allege that Noh circulated the story at issue in Texas. In fact, Noh did not write the articles at issue, did not review the articles at issue prior to their publication, and did not forward or otherwise circulate the articles to any other person. (Declaration of John Noh at ¶4.) Therefore, Plaintiff cannot show that Noh subjected himself to jurisdiction in Texas by circulating the articles within Texas. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005) (holding that jurisdiction was not satisfied by circulation even where "sixty copies of a publication were purposefully sent to readers in Texas" because "significant

circulation" was not shown); *Revell v. Lidov*, 317 F.3d 467, 469-476 (5th Cir. 2002) (holding that an internet bulletin board where "a visitor may participate in an open forum hosted by the website" did not subject even the host of the bulletin board to jurisdiction in Texas); *Young v. New Haven Advocate*, 315 F.3d 256, 263-64 (4th Cir. 2002) (holding that "the fact that the newspapers' websites could be accessed anywhere" does not by itself establish minimum contacts.) Therefore, Albritton cannot show that Noh is subject to jurisdiction for circulation of the articles.

### 2. Noh did not aim the allegedly defamatory statements at the forum state knowing the effects of the story would be felt there.

Determining whether the Articles were aimed at the forum state requires a case-by-case analysis of the purpose and impact of the publication in question. *Fielding*, 415 F.3d at 425. In this case, Noh did not write the articles at issue, did not review them prior to their publication, and did not forward them to any other person. (Declaration of John Noh at ¶4). Noh could not have "aimed" the statements at issue at Albritton or the forum state knowing the effects of the story would be felt there. *See Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002) ("The defendant must be chargeable with knowledge of the forum at which his conduct is directed in order to reasonably anticipate being haled into court in that forum")

The mere allegation that Albritton's reputation was harmed in Texas does not subject Noh to personal jurisdiction in Texas. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005) (citing *Revell*, 317 F.3d at 476) ("[t]he plaintiff's mere residence in the forum state is not sufficient to show that the defendant had knowledge that effects would be felt there; 'a more direct aim is required.'") Instead, the defendant must have "reasonably anticipated" the "impact of the injury on the plaintiff and the subsequent exercise of the jurisdiction by the courts." *Id.* at 427-28. In this case, Noh could not have anticipated any injury to the plaintiff;

did not even read the Articles at issue before their publication (Declaration of John Noh at ¶4), so he could not have reasonably anticipated the impact of the Articles on Albritton. Therefore, he did not subject himself to personal jurisdiction in Texas. *See Fielding*, 415 F.3d at 427.

Moreover, personal jurisdiction over Noh may not be established by the actions of others. *Calder v. Jones*, 465 U.S. 783, 789 (1984) ("Petitions are correct that their contacts with California are not to be judged according to their employer's activities there," but rather "each defendant's contacts with the forum State must be assessed individually"); *see also Sefton v. Jew*, 201 F. Supp.2d 730, 743 n. 8 (W.D. Tex. 2001) ("Although a vicarious theory may be a basis for liability against [the defendant], it is not a basis for asserting jurisdiction over him.") Therefore, Frenkel's actions cannot be used to assert jurisdiction over Noh.

For these reasons, John Noh respectfully requests that the Court dismiss this case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and for all other relief to which John Noh may be entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
JOHN NOH

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of August, 2008, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

                                               /s/ Charles L. Babcock
                                               Charles L. Babcock