# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., RICHARD FRENKEL, MALLUN YEN & JOHN NOH | § § § § | |
| Defendants. | § § | |

### JOHN NOH'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

John Noh ("Noh") respectfully files this Answer to the Original Complaint of Plaintiff Eric Albritton ("Albritton" or "Plaintiff") subject to his Motion to Dismiss for Lack of Personal Jurisdiction.

In answering, Noh will cite the Plaintiff's allegations and follow with his response. Noh then pleads his affirmative defenses and other defensive matters.

### I.    PARTIES

1. **ERIC M. ALBRITTON ("ALBRITTON")** is an individual residing in Gregg County, Texas.

   **RESPONSE:** Admitted.

2. **CISCO SYSTEMS, INC. ("CISCO")** is a corporation organized and existing under the laws of the State of California with its principal place of business in San Jose, California. CISCO has been duly served and has placed itself before this Court for all purposes.

   **RESPONSE:** Admitted.

3.  **_RICHARD FRENKEL ("FRENKEL")_** is an individual who, upon information and belief, resides in the State of California. FRENKEL has been duly served with process and has placed himself before this Court for all purposes.

> **RESPONSE:** Admitted.

4.  **_MALLUN YEN ("YEN")_** is an individual who, upon information and belief, resides in the State of California. She may be served with process by delivering a copy of the petition and a citation to her at her usual place of business located at 170 West Tasman Drive, M/S SJC-10/2/1, San Jose, California 95134-1700.

> **RESPONSE:** Admitted

5.  **_JOHN NOH ("NOH")_** is an individual who, upon information and belief, resides in the State of California. He may be served with process by delivering a copy of the petition and a citation to him at his place of business located at 170 West Tasman Drive, M/S SJC-10/2/1, San Jose, California 95134-1700.

> **RESPONSE:** Denied.

## II. JURISDICTION AND VENUE

6.  This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 (West 2008), in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

> **RESPONSE:** Admitted that the Court has subject-matter jurisdiction, but denied that the Court has personal jurisdiction over Noh or Yen.

7.  Venue is proper in the Eastern District of Texas in that all or a substantial portion of the occurrences giving rise to Plaintiff's claims occurred in the Eastern District of Texas.

> **RESPONSE:** Admitted as to Cisco and Frenkel. Denied as to Yen and Noh.

8.  ALBRITTON is a licensed attorney representing clients in the United States District Courts for the Eastern District of Texas since 1996. Since 1998, he has practiced law, almost exclusively, in the Eastern District of Texas. In addition, he has resided in and been licensed to practice law in the State of Texas since November 4, 1994.

> **RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8.

9.  Throughout his professional career, ALBRITTON has enjoyed a sterling reputation for ethical and responsible legal representation. Neither the State Bar of Texas nor any state or

federal court has ever issued any sanctions against ALBRITTON. Likewise, his law license has never been suspended or revoked for any reason. As a result of this reputation, Plaintiff has developed a successful law practice concentrated largely in intellectual property disputes in the Eastern District of Texas.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.

### III. STATEMENT OF CLAIMS

10. In furtherance of this practice, ALBRITTON filed a patent infringement suit against CISCO on behalf of ESN, LLC on October 16, 2007.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10.

11. FRENKEL is an attorney licensed to practice law in the State of California. He is employed by CISCO as Director, Intellectual Property – Consumer & Emerging Technologies.

**RESPONSE:** Admitted that Frenkel is an attorney licensed to practice law in the State of California. In all other respects, denied.

12. YEN is an attorney licensed to practice law in the State of California. She is employed by CISCO as Vice President, Worldwide Intellectual Property.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12.

13. NOH is Senior Public Relations Manager for CISCO.

**RESPONSE:** Denied.

14. In October of 2007 and for a number of months prior thereto, FRENKEL published an internet "blog" purporting to cover patent litigation, particularly in what FRENKEL and CISCO termed the "Banana Republic of East Texas." At that time, FRENKEL's postings could be found at http://trolltracker.blogspot.com. Until shortly before the filing of this suit, FRENKEL purposefully published his comments anonymously.

**RESPONSE:** Admitted that Frenkel published a news-oriented website called the Patent Troll Tracker (the "News-Oriented Website") covering patent litigation and that his articles

could be found at http://trolltracker.blogspot.com. Admitted that, for a period of time, Frenkel published the News-Oriented Website anonymously. In all other respects, denied.

15. In October of 2007, while still publishing anonymously, FRENKEL posted scandalous and defamatory allegations about ALBRITTON. As set forth in more detail below, FRENKEL's statements constitute libel and libel per se.

**RESPONSE:** Denied.

16. In particular, on October 17, 2007, FRENKEL posted a blog entitled "Troll Jumps the Gun, Sues Cisco Too Early." In that post, FRENKEL identifies ALBRITTON and "T. Johnny Ward" as local counsel for ESN. Further, in that post FRENKEL claims that ESN filed suit on October 15, 2007, instead of on October 16, 2007. Finally, FRENKEL in this post falsely asserts that ESN subsequently filed an amended complaint "to change absolutely nothing at all, by the way, expect for the filing date of the complaint." In fact, the amended complaint incorporated by reference the patent whereas the original complaint did not.

**RESPONSE:** Admitted that on October 17, 2007, Frenkel authored an article titled "Troll Jumps the Gun, Sues Cisco Too Early," which identifies Albritton and "T. Johnny Ward" as local counsel for ESN. Admitted that the October 17, 2007, article states that ESN filed suit on October 15, 2007, instead of on October 16, 2007. Admitted that the October 17, 2007, article states that ESN subsequently filed an amended complaint "to change absolutely nothing at all, by the way, expect for the filing date of the complaint." Admitted that the amended complaint incorporated by reference the patent. In all other respects, denied.

17. On October 18, 2007, FRENKEL stated as fact that ALBRITTON had "conspired" with the Clerk of the United States District Court for the Eastern District of Texas to "alter documents to try to manufacture subject matter jurisdiction where none existed." FRENKEL further stated as fact that ALBRITTON's misconduct was simply "another example of the abusive nature of litigation in the Banana Republic of East Texas."

**RESPONSE:** Admitted that Frenkel posted an article on October 18, 2007. Admitted that the version of the October 18, 2007, article attached as Exhibit A to the Complaint stated "it's outrageous that the Eastern District of Texas is apparently, wittingly or unwittingly, conspiring with a non-practicing entity to try to manufacture subject matter jurisdiction" and that

the title stated, "ESN Convinces EDTX Court Clerk To Alter Documents To Manufacture Subject Matter Jurisdiction Where None Existed." (Collectively, the October 17 and 18 articles are referred to as the "Articles") Admitted that the October 18, 2007 article attached as Exhibit A to the Complaint stated that "This is yet another example of the abusive nature of litigating patent cases in the Banana Republic of East Texas." In all other respects, denied.

18. A true and correct copy of the defamatory writings distributed by FRENKEL is attached hereto as Exhibit A.

**RESPONSE:** Admitted that the original version of the October 18, 2007, article on the News-Oriented Website (which was viewable for approximately 24 hours) is attached to the Complaint as Exhibit A. In all other respects, denied.

19. It is a felony offense to alter court documents.

**RESPONSE:** Noh is not required to admit or deny a proposition of law. To the extent Noh is required to respond, denied that the complained-of statement alleged facts sufficient to allege a felony offense.

20. FRENKEL amended his post to delete the comments concerning the "Banana Republic of East Texas," but did not withdraw his allegation that ALBRITTON engaged in a crime until the blog was taken off line in February 2008; as such, FRENKEL continuously published the libelous statements concerning ALBRITTON from October 2007 until February 2008.

**RESPONSE:** Admitted that Frenkel amended the October 18, 2007, article to delete the comment concerning the "Banana Republic of East Texas." In all other respects, denied.

21. At the time he made these statements, FRENKEL was acting in the course and scope of his employment with CISCO and in his official capacity as Director, Intellectual Property-Consumer & Emerging Technologies for CISCO.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21.

22. In fact, FRENKEL had been charged by CISCO with responsibility for management of the very case in which he alleged ALBRITTON had conspired with the Clerk to feloniously alter official documents.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12.

23. FRENKEL published the blog with the knowledge and consent of CISCO, including NOH, Senior Public Relations Manager, Corporate Communications and YEN, Vice President Worldwide Intellectual Property.

**RESPONSE:** Admitted that Frenkel published the News-Oriented Website with the knowledge of Noh, then Cisco's Senior Public Relations Manager, and Yen, Vice President Worldwide Intellectual Property. In all other respects, denied.

24. In fact, FRENKEL published the libelous statements on October 18, 2007, at the express request and direction of NOH, CISCO's Senior Public Relations Manager and YEN, CISCO's Vice President, Worldwide Intellectual Property.

**RESPONSE:** Denied.

25. After publishing the libelous statements on October 18, 2007, NOH, Senior Public Relations Manager, Corporate Communications, with the knowledge of YEN, congratulated FRENKEL for making the libelous statements and describing them as "brilliant."

**RESPONSE:** Admitted that on October 18, 2007, Noh, then Cisco's Senior Public Relations Manager, after receiving an email from Frenkel that contained a link to the October 18, 2007 article, responded with an email that said, "brilliant." Admitted that Yen was copied on the email. In all other respects, denied.

26. FRENKEL published the libelous statements about ALBRITTON and referred to the United States District Court for the Eastern District Court of Texas as the "Banana Republic of East Texas" despite the fact that CISCO has availed itself of the United States District Court for the Eastern District of Texas by filing an intellectual property lawsuit in this very same district against a foreign competitor.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26.

27. Before FRENKEL published his false and defamatory statements regarding ALBRITTON, FRENKEL and his supervisors, including YEN, had actual knowledge that the statements were false, entertained serious doubts as to the truth of the statements, possessed obvious reasons to doubt the veracity of the statements and/or purposefully avoided the truth in publishing the statements.

**RESPONSE:** Denied.

28. After FRENKEL published his false and defamatory statements regarding ALBRITTON, he and YEN obtained additional information from various sources, which confirmed that the statements were false or, at a minimum raised a reasonable doubt as to the accuracy of the statement; nevertheless, FRENKEL, YEN and NOH did nothing to correct or retract the libelous statements.

**RESPONSE:** Denied.

29. FRENKEL, YEN, NOH and CISCO have purposefully maximized the dissemination of the libelous statements and the damage inflicted upon ALBRITTON by, among other things, continuously publishing the libelous statements until the blog was taken off line in February 2008, by providing links to the libelous statements including a link entitled "Eric Albritton" and by directly disseminating the blog to reporters and other members of the media.

**RESPONSE:** Denied as to Noh. Noh is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 29.

30. FRENKEL, YEN, NOH and CISCO purposely elected to publish the statements on a web site devoted to intellectual property litigation and focused on the Eastern District of Texas. In so doing, Defendants knew that ALBRITTON concentrated his practice on patent litigation in the Eastern District of Texas and intended that litigants and attorneys would have ready access to the libelous representations.

**RESPONSE:** Denied.

31. On information and belief, FRENKEL further employed search engine optimization tools and techniques to direct individuals and entities seeking information about ALBRITTON through popular search engines such as "Google" to the defamatory statements. FRENKEL, YEN, NOH and CISCO have continuously published the libelous statements from at least October 18, 2007 through February 2008. On January 30, 2008, FRENKEL boasted that his site had hosted its one hundred thousandth (100,000th) visitor.

**RESPONSE:** Denied as to Noh. Noh is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 31.

32. In publishing the false and libelous statements described above, FRENKEL, YEN, NOH and CISCO have defamed ALBRITTON in direct violation of Texas law. In particular, FRENKEL, YEN, NOH and CISCO published – either directly or through their agents – false and defamatory statements of "fact" referring directly to ALBRITTON that caused actual damages to ALBRITTON. In so doing, FRENKEL, YEN, NOH and CISCO acted with actual malice, gross negligence, reckless disregard and/or in the absence of ordinary care for the truth of the statement and ALBRITTON's reputation.

**RESPONSE:** Denied.

33. Further, Defendants' wholly false statement that ALBRITTON "conspired" with the officials of the United States District Court to feloniously alter official documents is libelous per se. More particularly, such an outrageous and unsubstantiated statement invariably tends to injure ALBRITTON's reputation and to expose him to public hatred, contempt, or ridicule; expose ALBRITTON to financial injury; and impeach ALBRITTON's honesty, integrity, virtue or reputation thus exposing him to public hatred and ridicule. *See* Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (West 2008).

**RESPONSE:** Denied.

34. Likewise, Defendants' statements are libelous per se in that they are of such a character as to injure ALBRITTON in his office, profession or occupation and directly accuse him of the commission of a crime.

**RESPONSE:** Denied.

35. Both FRENKEL and CISCO failed to use ordinary care in the representation that ALBRITTON had conspired with federal officials to alter official court documents. In particular, neither Defendant used ordinary care to ensure that their statements were true or acted with reckless disregard for the truth of their allegations. Likewise, it was foreseeable to Defendants that their statements, if false, would reasonably be expected to injure ALBRITTON in his reputation and business relations.

**RESPONSE:** Denied.

36. ALBRITTON would show the Court that the conduct of CISCO, FRENKEL, YEN and NOH rises to the level of gross negligence in this State. In particular, CISCO, FRENKEL, YEN and NOH acted with the specific intent to injure ALBRITTON in his reputation and business.

**RESPONSE:** Denied.

37. At a minimum, CISCO, FRENKEL, YEN and NOH acted with conscious indifference to ALBRITTON's rights, safety or welfare despite an actual, subjective awareness that such conduct posed an extreme degree of risk of harm to ALBRITTON's reputation and business relations.

**RESPONSE:** Denied.

38. Likewise, CISCO directed, authorized, approved and/or ratified the conduct of FRENKEL, YEN and NOH. Moreover, at the time of the defamation, CISCO employed FRENKEL, YEN and NOH in a managerial capacity, and each of them acted in the course and scope of their employment. CISCO, YEN and NOH have done nothing since the publication of the statements to disclaim them or distance themselves from them.

**RESPONSE:** Admitted Noh acted in the course and scope of his employment. In all other respects, denied.

39. As a direct and proximate result of the conduct of FRENKEL, YEN and NOH and CISCO, ALBRITTON has endured shame, embarrassment, humiliation, mental pain and anguish. Additionally, ALBRITTON has and will in the future be seriously injured in his business reputation, good name and standing in the community. He will, in all likelihood, be exposed to the hatred, contempt, and ridicule of the public in the general as well as of his business associates, clients, friends and relatives. Consequently, ALBRITTON seeks actual damages in a sum within the jurisdictional limits of this Court.

**RESPONSE:** Admitted that Albritton requests actual damages in a sum within the jurisdictional limits of this Court. In all other respects, denied.

40. Furthermore, ALBRITTON is entitled to exemplary damages from FRENKEL, YEN, NOH and CISCO. ALBRITTON would show the Court that FRENKEL, YEN, NOH and CISCO acted with the specific intent to injure ALBRITTON in his reputation and business. At a minimum, they acted with conscious indifference to the rights, safety or welfare of ALBRITTON with actual, subjective awareness that such conduct posed an extreme degree of risk of harm to the reputation and well-being of ALBRITTON.

**RESPONSE:** Denied.

41. Likewise, CISCO is vicariously liable for the outrageous conduct of FRENKEL, YEN and NOH in that it directed, authorized, approved and/or ratified the libelous statements. In like fashion, CISCO has done nothing since the publication of the statements to disclaim them or distance itself from the conduct of FRENKEL, YEN and NOH.

**RESPONSE:** Denied.

42. Moreover, at the time of the defamation, CISCO employed FRENKEL as Director, Intellectual Property – Consumer & Emerging Technologies and gave him specific responsibility for the ESN litigation. As a result, FRENKEL was employed in a managerial capacity and acted in the course and scope of his employment at the time he published the defamatory statements.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 42.

43. Likewise, both YEN and NOH acted at all times in the course and scope of their professional employment with CISCO in directing the libelous postings. As CISCO's Vice President of Intellectual Property Worldwide and its Senior Public Relations Manager, respectively, both YEN and NOH at all times acted as vice-principals of the corporation.

**RESPONSE:** Denied.

## IV.    PRAYER FOR RELIEF

44. It has long been said in this State that "libel is the sword of the coward" and "anonymity the shield of a dastard." Having anonymously attacked the integrity and reputation of ALBRITTON and impugned the dignity of the United States District Court for the Eastern District of Texas, FRENKEL, YEN, NOH and CISCO should now be called to account for their conduct.

**RESPONSE:** Noh is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 44. In all other respects, denied.

## V.    AFFIRMATIVE DEFENSES

Without waiving the foregoing, Noh invokes the following affirmative defenses.

45. For further answer, if necessary, Noh did not published the allegedly defamatory articles.

46. For further answer, if necessary, the statements complained of as they relate to Plaintiff are true or substantially true.

47. For further answer, if necessary, the statements complained of by Plaintiff were invited by Plaintiff.

48. For further answer, if necessary, the statements complained of are privileged pursuant common law and § 73.002 of the Texas Civil Practice & Remedies Code.

49. For further answer, if necessary, any award of damages in this case for the claims alleged would be unconstitutional under Article 1, § 8 of the Texas Constitution and/or the First Amendment to the United States Constitution.

50. For further answer, if necessary, Plaintiff has not suffered any actual, special, consequential or other damages.

51. For further answer, if necessary, Plaintiff is not entitled to punitive or exemplary damages under the laws of the United States and Texas because: (i) Plaintiff's cause of action is pursuant to statute — § 73.001 et. seq. of the Texas Civil Practice & Remedies Code—and punitive damages are impermissible for the mere violation of a statute. Punitive damages are not warranted and their imposition in this case would violate Article 1, § 8 of the Texas Constitution and/or the First Amendment to the United States Constitution. Moreover, any punitive damages award (and none is warranted) would be subject to all statutory, constitutional, and common law caps and limits, including but not limited to the statutory cap on punitive damages contained in Texas Civil Practice & Remedies Code § 41.008(b).

52. For further answer, if necessary, Plaintiff's actual damages and exemplary damages were mitigated pursuant to § 73.003 of the Texas Civil Practice & Remedies Code.

53. For further answer, if necessary, Plaintiff failed to mitigate damages.

54. For further answer, if necessary, Plaintiff's own acts or omissions contributed to his injury.

WHEREFORE, PREMISES CONSIDERED, Noh prays that, upon trial of this cause, all of Plaintiff's claims against him be dismissed with prejudice and for such other and further relief as to which Noh may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
　　Charles L. Babcock
　　Federal Bar No.: 10982
　　Email: cbabcock@jw.com
　　Crystal J. Parker
　　Federal Bar No.: 621142
　　Email: cparker@jw.com
　　1401 McKinney
　　Suite 1900
　　Houston, Texas 77010
　　(713) 752-4200
　　(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
JOHN NOH

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of August, 2008, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

　　　　　　　　　　　　/s/ Charles L. Babcock
　　　　　　　　　　　　Charles L. Babcock