IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

## MALLUN YEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT

TO THE HONORABLE COURT:

Defendant Mallun Yen ("Yen") files this Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum in Support (the "Motion") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and shows the Court the following:

### I.    INTRODUCTION

The Court should dismiss this lawsuit against Yen because Yen does not have minimum contacts with the state of Texas. This case was originally brought against Cisco Systems, Inc. ("Cisco") and Richard Frenkel ("Frenkel"), alleging that Frenkel published allegedly defamatory articles relating to Plaintiff Eric Albritton's ("Albritton" or "Plaintiff") filing of a lawsuit in Texas. On June 16, 2008, Albritton amended his complaint and added Yen and John Noh ("Noh") as defendants based on allegations that Noh and Yen encouraged Frenkel to publish an article concerning the lawsuit. However, Albritton did not allege any facts giving rise to this Court's jurisdiction over Yen, who, at all material times, is and has been a resident of California. (Declaration of Mallun Yen at ¶1, Exhibit A).

Dockets.Justia.com

This Court does not have general or specific jurisdiction over Yen, who has no contacts with the state of Texas and did not publish the allegedly defamatory statement at issue in this lawsuit. Yen did not write, distribute, or even read the allegedly defamatory article before it was posted. Therefore, she did not purposefully avail herself of the laws of the state of Texas and cannot be haled into court there. Accordingly, the Court should dismiss this case against Yen pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II.    FACTUAL BACKGROUND

Yen is a Cisco employee who lives in California. (Complaint at ¶4). In this lawsuit, Albritton orig inally alleged that Frenkel and Cisco (through Frenkel) published defamatory statements about Albritton in two internet articles on a news-oriented internet web site called Patent Troll Tracker. (*Id.* at ¶¶15, 21). The internet articles at issue ("Articles") concerned a lawsuit filed on behalf of ESN, LLC by Johnny Ward and Albritton in the Eastern District of Texas (the "ESN Case.") On June 16, 2008, Albritton amended his complaint to add Yen, Cisco's Vice President of Intellectual Property, and Noh, formerly Cisco's Senior Public Relations Manager, as defendants. Albritton alleges that Yen consented to and knew about the Patent Troll Tracker and that she consented to the Articles. (*Id.* at ¶23).

Yen has no connections with the state of Texas. She does not own property in Texas, does not maintain bank accounts in Texas, and has traveled to Texas fewer than a dozen times for business purposes. (Declaration of Mallun Yen at ¶3). Yen has not traveled to the state of Texas in the past four years. (*Id.*)

### III.    THE COURT LACKS PERSONAL JURISDICTION OVER YEN

**A.    Legal Standard**

When personal jurisdiction is challenged, the plaintiff bears the burden of showing that jurisdiction is proper. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).    The plaintiff must allege facts giving rise to jurisdiction in its complaint. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005).

When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).    The Texas long-arm statute provides that the courts of Texas have personal jurisdiction to the maximum extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution. *Id.*    Therefore, a federal court sitting in Texas must determine whether personal jurisdiction is permitted under federal due process requirements. *See id.*

The United States Supreme Court set forth the standard for personal jurisdiction in *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).    In those cases, the courts held that a court may exercise jurisdiction over nonresident defendants only where those defendants have sufficient minimum contacts with the state so that maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Show*, 326 U.S. at 316; *Worldwide Volkswagen*, 444 U.S. at 292.    Two types of personal jurisdiction have arisen from this standard: general jurisdiction and specific jurisdiction.

General jurisdiction requires that a defendant engage in contacts that are "substantial," "continuous" or "systematic" with the forum state when the contacts have no relation to the

cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 at n. 9 (1984).

Specific jurisdiction provides for personal jurisdiction where the cause of action "arises out of" or "relates to" contacts in the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985). The test for minimum contacts for specific jurisdiction is whether the defendant "purposefully availed" himself of the privilege of doing business in the forum and could foresee being haled into court there. *Id.* at 475. A state may not hale a defendant into court "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.*

**B.     Yen is not subject to general jurisdiction in Texas.**

Yen does not have minimum contacts with the state of Texas and therefore is not subject to general jurisdiction in Texas. General jurisdiction requires that a defendant engage in contacts that are "substantial," "continuous" or "systematic" with the forum state when the contacts have no relation to the cause of action. *Helicopteros*, 466 U.S. at 414, n. 9. Plaintiff has failed to allege any facts demonstrating that Yen had "substantial," "continuous," or "systematic" contacts with the state of Texas. Yen's contact with the state of Texas has been limited to traveling to the state fewer than a dozen times during her lifetime, with each trip being a short business excursion. (Declaration of Mallun Yen at ¶3). She does not own property in Texas nor have bank accounts in Texas. (*Id.* at ¶2) Therefore, the Court does not have general jurisdiction over Yen.

**C.     Yen is not subject to specific jurisdiction in Texas.**

The test for specific jurisdiction is whether the defendant purposefully availed herself of the privilege of conducting activities in the forum and could foresee being haled into court there.

*See Burger King*, 471 U.S. at 475. The Complaint fails to allege any facts giving rise to specific jurisdiction over Yen.

The Court should dismiss the case as to Yen because Yen did not purposefully avail herself of the privilege of conducting activities in the forum and could not foresee being haled into court there. Albritton has not alleged a single act by Yen that could be construed as purposefully availing herself of the privilege of doing business in Texas with respect to events giving rise to this lawsuit

Texas courts have held that to establish personal jurisdiction in a defamation suit for an internet publication, the Plaintiff must show that either (1) the defendant published the defamatory statement with adequate circulation in the forum state or (2) the author of the defamatory publication "aimed" an article at the state knowing that that the effects of the story would be felt there. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 425 (5th Cir.2005) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 773-74 (1984)); *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). In other words, the defendant must either be responsible for sufficiently circulating the defamatory article or be responsible for aiming the article at a particular state by its content. This rule recognizes that publication—by circulation or by authorship—is the *sin qua non* of a defamation claim.

## 1. Yen did not circulate the allegedly defamatory statements within the forum state.

Plaintiff does not allege that Yen circulated the story at issue in Texas. In fact, Yen did not write the Articles, did not review the Articles prior to their publication, did not cause the Articles to be placed on the internet, and did not forward or otherwise circulate the Articles to any other person outside Cisco. (Declaration of Mallun Yen at ¶4). Therefore, Plaintiff cannot show that Yen subjected herself to jurisdiction in Texas by circulating the Articles within Texas.

*See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005) (holding that jurisdiction was not satisfied by circulation even where "sixty copies of a publication were purposefully sent to readers in Texas" because "significant circulation" was not shown); *Revell v. Lidov*, 317 F.3d 467, 469-476 (5th Cir. 2002) (holding that an internet bulletin board where "a visitor may participate in an open forum hosted by the website" did not subject even the host of the bulletin board to jurisdiction in Texas); *Young v. New Haven Advocate*, 315 F.3d 256, 263-64 (4th Cir. 2002) (holding that "the fact that the newspapers' websites could be accessed anywhere" does not by itself establish minimum contacts.) Therefore, Albritton cannot show that Yen is subject to jurisdiction for circulation of the Articles.

## 2. Yen did not aim the Articles at the forum state knowing the effects of the story would be felt there.

Determining whether the Articles were aimed at the forum state requires a case-by-case analysis of the purpose and impact of the publication in question. *Fielding*, 415 F.3d at 425. In this case, Yen did not write the Articles, did not review them prior to their publication, and did not forward them to any other person outside of Cisco. (Declaration of Mallun Yen at ¶4). Yen could not have "aimed" the statements at issue at Albritton or the forum state knowing the effects of the story would be felt there. *See Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002) ("The defendant must be chargeable with knowledge of the forum at which his conduct is directed in order to reasonably anticipate being haled into court in that forum")

The mere allegation that Albritton's reputation was harmed in Texas does not subject Yen to personal jurisdiction in Texas. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005) (citing *Revell*, 317 F.3d at 476) ("[t]he plaintiff's mere residence in the forum state is not sufficient to show that the defendant had knowledge that effects would be felt there; 'a more direct aim is required.'") Instead, the defendant must have "reasonably anticipated" the

"impact of the injury on the plaintiff and the subsequent exercise of the jurisdiction by the courts." *Id.* at 427-28. In this case, Yen could not have anticipated any injury to the plaintiff; she did not write the Articles nor read them before they were posted (Declaration of Mallun Yen at ¶4), so she could not have reasonably anticipated the impact of the Articles on Albritton. Therefore, Yen did not subject herself to personal jurisdiction in Texas. *See Fielding*, 415 F.3d at 427.

Moreover, personal jurisdiction over Yen may not be established by the actions of others. *Calder v. Jones*, 465 U.S. 783, 789 (1984) ("Petitions are correct that their contacts with California are not to be judged according to their employer's activities there," but rather "each defendant's contacts with the forum State must be assessed individually"); *see also Sefton v. Jew*, 201 F. Supp.2d 730, 743 n. 8 (W.D. Tex. 2001) ("Although a vicarious theory may be a basis for liability against [the defendant], it is not a basis for asserting jurisdiction over him.") Therefore, Frenkel's actions cannot be used to assert jurisdiction over Yen.

For these reasons, Mallun Yen respectfully requests that the Court dismiss this case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and for all other relief to which she may be entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
       Charles L. Babcock
       Federal Bar No.: 10982
       Email: cbabcock@jw.com
       Crystal J. Parker
       Federal Bar No.: 621142
       Email: cparker@jw.com
       1401 McKinney
       Suite 1900
       Houston, Texas 77010
       (713) 752-4200
       (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
MALLUN YEN

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of August, 2008, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

       /s/ Charles L. Babcock
       Charles L. Babcock