IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

## CISCO SYSTEMS, INC.'S NOTICE OF SUBPOENA

### TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that Defendant Cisco Systems, Inc. will serve the attached Subpoena on Rachel Wilson pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure. The Subpoena requires Rachel Wilson's appearance for deposition and the production of documents described in Exhibit A on October 31, 2008 at 3:30 p.m. at the offices of the United States District Court for the Eastern District of Texas, 211 W. Ferguson Street, Tyler, Texas 75702.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: *Charles L. Babcock* w/ permission by CJP

Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

5306750v.1

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of September, 2008, a true and correct copy of the foregoing was via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Charles L. Babcock w/permission by CSP

Charles L. Babcock

## Issued by the

# UNITED STATES DISTRICT COURT

### Eastern District of Texas

Eric M. Albritton

V.

Cisco Systems, Inc., Rick Frenkel, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  6:08-cv-00089

TO:  RACHEL WILSON
U.S. District Court for the Eastern District of Texas
211 W. Ferguson St.
Tyler, Texas  75702

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  U.S. District Court for the Eastern District of Texas, 211 W. Ferguson St. Tyler, Texas  75702 | DATE AND TIME 10/31/2008 3:30 pm |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto.

| PLACE      See Exhibit A, attached hereto. | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Charles L. Babcock* w/ permission Attorney for Cisco Systems, Inc. | 9/29/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Charles L. Babcock, Jackson Walker L.L.P.
1401 McKinney, Suite 1900, Houston, Texas 77010; 713-752-4200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                  SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

As used in this notice, the following terms have specific meanings as defined in this section:

1. "You" or "Your." "You" and "Your" refers to the person to whom this Subpoena is directed and/or your respective agents, employees, and representatives.

2. "ESN Litigation" means *ESN, LLC v. Cisco Systems, Inc. and Cisco-Lynksys, LLC*, Civil Action No. 5:07-cv-156-DF-CMC, in the United States District Court for the Eastern District of Texas-Texarkana Division.

3. "Document(s)." "Document(s)" mean the original, or a copy thereof, if the original is not available, of every written, printed, typed, recorded, reported, electronic, or graphic record or material of every type and description, including every draft and/or non-identical copy thereof, that is in the actual or constructive possession, custody or control of Plaintiff or his attorney, including, but not limited to, all correspondence, letters, communications, memoranda, notes, files, records, agreements, contracts, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agendas, bulletins, notices, announcements, instructions, charts, manuals, models, graphs, photographs, diagrams, slides, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meetings and management or executive partnership committee meetings, computer printouts, computer programs (including object and source code), computer-based data, including all information held, stored or compiled by or on computer software (or data-processing equipment), schedules, drawings, emails, tapes, tape recordings, voice recordings, sound recordings, transcripts, presentations, simulations, inter-office memoranda, articles of newspapers, magazines and other publications, telegrams, telexes, purchase orders, lists, proposals, invoices, plans, specifications, estimates, forecasts, projections, research and development documents, exhibits, addenda, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, cancelled checks, and any copy of a document bearing notations, markings or writings of any kind or nature different from the original.

4. "Communications." "Communications" means any statement or utterance, whether written or oral, made by one person to another, or in the presence of another, or any Document delivered or sent from one person to another.

5. "Evidencing." "Evidencing" means constituting, showing or tending to show, in any probative manner, the existence or non-existence of a matter.

6. "Relating." "Relating" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing or recording.

# INSTRUCTIONS

1. These document requests are limited to the time period from October 14, 2007 to the date of production.

2. Please provide the documents requested at the time and place of your deposition.

# DOCUMENT REQUESTS

1. All documents related to or evidencing communications between you or any clerk of the Eastern District of Texas and Eric Albritton or John Ward, Jr. concerning the ESN Litigation.

2. All documents related to or evidencing communications between you or any clerk of the United States District Court for the Eastern District of Texas and Eric Albritton or John Ward, Jr. concerning the filing dates for any pleadings.

3. All documents related to or evidencing conversations between you or any clerk of the Eastern District of Texas and Eric Albritton or John Ward, Jr. concerning changing the docket dates for any pleadings.

4. All correspondence between you or any other clerk of the United States District Court for the Eastern District of Texas and The Texas Lawyer concerning the ESN Litigation and/or concerning the changing of a filing date.

5. All documents related to or evidencing communications between you or any other clerk of the United States District Court for the Eastern District of Texas and any other person concerning the ESN Litigation and/or concerning the changing of a filing date.

6. All documents demonstrating rules of the United States District Court for the Eastern District of Texas concerning filing dates for electronically filed documents.

7. All documents related to changing the filing date in the ESN Litigation.