# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv89 |
| | § | |
| CISCO SYSTEMS, INC. and | § | |
| RICHARD FRENKEL | § | |

### ORDER FOR SCHEDULING CONFERENCE

Based on a review of this case and pursuant to Fed. R. Civ. P. 16, the Court enters the following Order.

The attorneys shall appear in Court at **1:30 o'clock p.m.** on the **5th** day of **June, 2008**, for a Scheduling Conference.

Prior to the conference, the parties shall:

A. Hold a meeting pursuant to Fed. R. Civ. P. 26(f). At the meeting the attorneys shall prepare a detailed Scheduling Order to be submitted to the Court seven (7) days prior to the Rule 16 Conference. The Order should be in the form set out in Appendix 1, attached herein, to be signed and entered by the Court at the scheduling conference, if approved. In preparing the Order, the parties shall include the following mandatory dates:

1. Jury Trial: **To be announced at Pretrial Conference**
2. Final Pretrial Conference: **February 2, 2009**, at 9:00 o'clock a.m.
3. Submission of Final Pretrial Order following the format in Appendix D

1


Exhibit B

of the Local Court Rules, which shall include and be in lieu of the disclosures required by Fed. R. Civ. P. 26(a)(3), and Submission of Joint Proposed Jury Instructions or Findings of Fact and Conclusions of Law: **January 7, 2009.**

4. Last date to file dispositive motions or motions challenging expert witnesses: **November 21, 2008**;

B. Complete the Required Disclosure under Fed. R. Civ. P. 26(a)(1), as modified by this Order, within sixty (60) days of this Order.

### Modifications

1. The scope of the disclosures in Fed. R. Civ. P. 26(a)(1)(A) and Fed. R. Civ. P. 26(a)(1)(B) of "that the disclosing party may use to support its claims or defenses" is modified to read "relevant to the claims or defenses of <u>any</u> party." The parties are directed to Local Rule CV-26(d) "Relevant to the Claim or Defense," for assistance in determining what information meets this standard. A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion. A party is not excused from making its disclosures because it has not fully completed its investigation of the case.

2. A Magistrate Judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The

2

        hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to the claims or defenses and on disputes which arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

3. The parties are required to provide as part of their disclosures <u>a copy</u> of the documents described in Fed. R. Civ. P. 26(a)(1)(B), as modified by this Order. By written agreement the parties may agree to alternative methods of production, such as a description by category and location of the documents, exchange of documents in electronic format, or review and copy of disclosure materials at the offices of the parties or their attorneys.

4. In light of the initial disclosure provisions above, requests for production under Fed. R. Civ. P. 34 will not be allowed, and the parties are directed to conduct document discovery through the process of disclosures.

5. Documents produced by a party under disclosure requirements or any other method of discovery in this case are presumed to have satisfied the authentication requirements of Fed. R. Evid. 901 unless authenticity is challenged within twenty (20) days of the disclosure/production.

6. Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the court,

      or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the court is not bound to accept agreements to extend deadlines imposed by rule or court order. See Local Rule AT-3(j).

C.    Be prepared at the Scheduling Conference to discuss the proposed Scheduling Order previously submitted to the Court and any matters mentioned in Fed. R. Civ. P. 16(b-c) and 26(f) that are not included in the proposed Order. Be prepared at the Conference to argue any motions that have been filed twenty (20) days prior to the Conference.

**SO ORDERED.**

**SIGNED this 31st day of March, 2008.**

*[signature]*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

4

APPENDIX 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ERIC ALBRITTON** | § § | |
| VS. | § § | CIVIL ACTION NO. 6:08cv89 |
| **CISCO SYSTEMS, INC. and RICHARD FRENKEL** | § § § | |

# SCHEDULING ORDER

In accordance with the parties' Rule 26(f) Scheduling Order and the Scheduling Conference held in this action on **June 5, 2008**, the Court enters this case specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated.

## DEADLINES

_____    Deadline to join additional parties.

_____    Plaintiff's disclosure of expert testimony pursuant to Fed.R.Civ.P. 26(a)(2) and Local Rule CIV-26(b). Expert report due.

_____    Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). Expert report due.

_____    Deadline for amended pleadings. (A motion for leave to amend is not necessary before this deadline.)

_____    Discovery deadline.

_____    Mediation completed by this date. *The Court refers most cases to mediation. The parties should discuss proposed mediators and timing of mediation*

5

|  |  |
|---|---|
|  | *prior to the Scheduling Conference and be prepared with a recommendation for the Court.* |
|  | _____*(name, address and phone number) is appointed as mediator in this case. The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation in accordance with this order.* (See General Order 99-2.) |
| _____ | Plaintiff to Identify Trial Witnesses. |
| _____ | Defendant to Identify Trial Witnesses. |
| **November 21, 2008** | Deadline for filing dispositive motions and any other motions that might require a hearing. |
| **January 7, 2009** | Joint Pretrial Order and Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b)) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| _____ | Video Deposition Designation Due. Each party who proposes to offer a deposition by video shall file a disclosure identifying the line and page numbers to be offered. All other parties will have ten days to file a response requesting cross examination line and page numbers to be included. Any objections to testimony must be filed ten days prior to the Final Pretrial Conference. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
| _____ | Trial Exhibits due. |

| | |
|---|---|
| _____ | Objections to Trial Exhibits due. |
| _____ | Motions in limine due |
| **February 2, 2009** | Pretrial Conference at 9:00 a.m. Date for Jury Trial to be announced at the Pretrial Conference. |
| | Trial is anticipated to last \_\_\_\_\_ days. |

This Scheduling Order shall not be modified except by leave of Court upon showing of good cause, and shall be binding on all parties.

**SO ORDERED**.