*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*TYLER DIVISION*

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO.  6:08-CV-00089 |
| (1) CISCO SYSTEMS, INC., (2) RICHARD | § | |
| FRENKEL, (3) MALLUN YEN and | § | |
| (4) JOHN NOH, | § | |
| | § | |
| Defendants. | § | |

### *PLAINTIFF'S NOTICE OF SUBPOENA*

Please take notice that Plaintiff will serve the attached Subpoena on Mr. Steve Schortgen

pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure. The Subpoena requires Mr.

Steve Schortgen's appearance for deposition on October 30, 2008 at 2:00 p.m., at the offices of

the United States District Court for the Eastern District of Texas, Plano Division, Room 108,

7940 Preston Road, Plano, Texas 75024. The deposition shall be conducted before a certified

court reporter, notary public, or other officer authorized to administer oaths.

Respectfully submitted,

**_THE LAW OFFICE OF JAMES HOLMES, P.C._**


By:＿＿/s/＿＿＿＿＿＿＿＿＿＿＿＿
   James A. Holmes
   Texas Bar No. 00784290

635 SOUTH MAIN, SUITE 203
HENDERSON, TX 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

**_ATTORNEY FOR PLAINTIFF_**



## ***CERTIFICATE OF SERVICE***

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., Mallun Yen and John Noh and Mr. George McWilliams, attorney for Richard Frenkel, P.O. Box 58, Texarkana, Texas 75504-0058, via electronic mail on this, the 15th day of October 2008.


___/s/_____
James A. Holmes

## Issued by the

# UNITED STATES DISTRICT COURT

❦

ERIC M. ALBRITTON

V.

(1) CISCO SYSTEMS, INC., (2) RICHARD FRENKEL,
(3) MALLUN YEN and (4) JOHN NOH

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 6:08-CV-00089

TO: Mr. Steve Schortgen
Baker Botts, LLP
2001 Ross Avenue
Dallas, Texas 75201-2980

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Room 108- U.S. District Court, Eastern District of Texas, Plano Division, 7940 Preston Road, Plano Texas 75024 | DATE AND TIME |
|---|---|
| | Oct. 30th at 2:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 10/15/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

James A. Holmes, The Law Office of James A. Holmes
605 S. Main, Ste. 203, Henderson, Texas 75654    (903) 657.2800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).