*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*TYLER DIVISION*

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **NO. 6:08-CV-00089** |
| **(1) CISCO SYSTEMS, INC.,** | § | |
| **(2) RICHARD FRENKEL, a/k/a** | § | |
| **"TROLL TRACKER,"** | § | |
| **(3) JOHN NOH and** | § | |
| **(4) MALLUN YEN,** | § | |
| | § | |
| **Defendants.** | § | |

*PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO COMPEL*

# I. INTRODUCTION

Cisco's Reply concedes that Albritton is claiming only presumed damages, so it argues that the documents it seeks are relevant to rebut that presumption. Cisco's argument is meritless. There is no right to "rebut" Albritton's presumed damages in this case. Consequently, Cisco is left without a relevance argument. The medical records it seeks are not relevant to Albritton's mental anguish damages because he has told Cisco that he will not be relying on any such evidence at trial. Production of Albritton's tax returns and other financial documents is not justified because they have no logical relevance to the damages alleged. The discovery Cisco seeks is not relevant, is overly broad, and is sought for the purpose of harassing Albritton. Thus, Cisco's motion should be denied.

# II. ARGUMENT

## A. Cisco Is Not Entitled To Rebut Albritton's Presumed Damages

Albritton's opposition brief explained that the financial and medical records Cisco seeks are not relevant to any claim or defense in this case because Albritton is entitled to presumed damages. *See* Docket Entry 74 at 4-5. In response, Cisco argues that although Albritton's documents may not be necessary to prove his case-in-chief, they are discoverable because Cisco is entitled to rebut the doctrine of presumed damages. Reply at 3. Contrary to Cisco's argument "[t]he Supreme Court of Texas has not held that the presumption of damages is rebuttable," *See Mustang Ath. Corp. v. Monroe*, 137 S.W.3d 336, 338 (Tex. App. Beaumont 2004, no pet. h.), and the Court should not do so in this case.

Cisco argues that its right to rebut the presumption of damages was made "crystal clear" in *Bentley v. Bunton*, 94 S.W.3d 561, 604-05 (Tex. 2002). Reply at 3. Cisco misreads *Bentley*. Nothing in that case suggests that the presumption of damages in defamation *per se* cases is rebuttable. *See Mustang Ath. Corp*, 137 S.W.3d at 339 (citing *Bentley* as supporting a presumption of damages for defamation *per se* and holding the presumption is not rebuttable).

Cisco's citation to *Swate v. Schiffers*, 975 S.W.2d 70, 74 (Tex. App.—San Antonio 1998,

pet. denied) is even more problematic. Reply at 3. In *Swate*, the Court specifically acknowledged that injury to reputation as the result of libel *per se* is presumed. *Id*. However, in that case, defendants were permitted to rebut the presumption—not based on medical or financial documents as sought by Cisco in this case—but because the court found Swate's reputation was so deplorable prior to the publication of the alleged defamatory statements defendants could not have further injured his reputation. *Id*. "The [*Swate*] Court cited no authority for its position the presumption was rebuttable." *Mustang Ath. Corp.*, 137 S.W.3d at 338 (distinguishing *Swate*). Courts have refused to follow *Swate* because it is at odds with the doctrine of presumed damages. *Id.* at 339. Even so, the holding in that case is very limited and allows a presumption of injury to be rebutted by evidence that a plaintiff's reputation was already ruined. *Id.* at 338. As this Court recently held in *Gatheright v. Swindle*—a case distinguishing *Swate* but not cited in Cisco's brief—*Swate* only applies to a plaintiff with an already severely tarnished reputation. 2007 U.S. Dist. LEXIS 57587, at *19 (E.D. Tex. Aug. 7, 2007).

Having enjoyed a good reputation in his community, Albritton is entitled to presumed damages. *Id*. Nothing in his medical or financial documents is relevant to rebutting his claim for damages because none of that information bears on how Albritton is perceived in the community. Albritton's private information, by definition, cannot be probative of his public reputation. *See id*. Thus, Cisco's "rebuttal" relevance argument should be rejected.

B. Cisco is Not Entitled To Albritton's Medical Records

Cisco's Reply strains to distinguish this Court's well reasoned opinion in *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D 376 (E.D. Tex. 1997). First, Cisco attempts to distinguish *Burrell* because it arose under federal law. Reply at 3. But the discovery issues in that case, like this case, required the application of the *Federal* Rules. Second, Cisco deceptively portrays this Court as "noting" that if plaintiffs had sued under state tort law, their mental conditions would be at issue. *Id*. But, that quotation isn't the Court's at all, but rather a statement made by the plaintiffs in that case that cannot be imputed to Albritton in this case. *See*

3

*Burrell*, 177 F.R.D. at 379. Third, Cisco argues that *Burrell* is distinguishable because it was decided under the mandatory disclosure rule, not Rule 26(b)(1). Reply at 3-4. But in *Burrell*, this Court considered Rule 26(b)(1) and nonetheless refused to order production where plaintiff was not offering medical evidence at trial. *See Burrell*, 177 F.R.D. at 383, citing *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994) (discussing Rule 26(b)).

Cisco also relies on *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005) to challenge the holding in *Burrell*. Reply at 4. *Waffle House* does not compel the result Cisco seeks. In *Waffle House* the magistrate judge recognized that not all medical records are relevant to mental anguish damages but found that the plaintiff in that case failed to demonstrate a lack of relevance, or that the documents were of such marginal relevance that the potential harm occasioned by discovery would outweigh disclosure. *Id.* at 474. Here, Albritton has made the required showing because his damages are presumed, he will offer no medical evidence at trial, and because Cisco's request for unfettered access to his medical records is overly broad.

Cisco argues that even under this Court's holding in *Burrell*, it is entitled to Albritton's medical records to determine his state of mind and whether he had a pre-existing mental condition.[1] Reply at 4. Most of the information argued by Cisco as relevant is available from other, less intrusive discovery. For example, Cisco was free to question Albritton at his deposition about his state of mind, how he perceived the events, and the impact on his routine. Cisco's remaining "contributing factors" argument is also flawed as demonstrated by the rejection of the same argument by this Court in *Burrell*. There, while the Court found that medical records can be relevant as argued in Cisco's Reply, it nonetheless held that a "tremendous potential for abuse" exists when a defendant has unfettered access to a plaintiff's

---

[1] Cisco also cites to *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. Ill. 2006), although that case is not binding on this Court. In any event, that case simply held that where a plaintiff's mental health is in controversy, the court can order that medical records be produced. *Id.* The Court went on to state, however, that a court is free to limit access to that information to the extent that the plaintiff's interest in privacy outweighs the probative value of the information contained in the records. *See id.* Here, the probative value of Cisco's request is weak, at best, and Albritton's privacy interests are strong, particularly in light of the breadth of documents Cisco seeks.

4

medical records." 177 F.R.D. at 383. That potential is even greater where the plaintiff's physical or mental conditions have not been placed in controversy. *Id*. Although Albritton's case is a cause of action for defamation, the same reasoning applies. Like the plaintiffs in *Burrell*, Albritton's mental anguish damages are premised on other damages he incurred, here damage to his reputation. Like the plaintiffs in *Burrell*, Albritton need not offer medical evidence to support his mental anguish damages.[2] And as in *Burrell*, the opportunity for abuse here is far too great to allow Cisco unfettered access to Albritton's medical records absent a stronger showing of relevance.

Cisco also claims that Albritton has mischaracterized the scope of Cisco's request as seeking Albritton's "entire medical history." Reply at 2. But Cisco asked Albritton to sign a medical release form, giving Cisco access to his files without limit as to time or the nature of medical treatment provided. *See* Exh. A. Cisco's request seeks confidential documents not relevant to the damages issues in this case and is therefore overly broad, burdensome and harassing. Albritton's opposition brief specifically challenged Cisco's request as sought for the purpose of harassment, a claim Cisco's Reply does not address or dispute. *See* D.E. 74 at 8-9.[3]

C. <u>Cisco is Not Entitled To Albritton's Financial Documents</u>

Cisco's Reply falsely alleges that Albritton does not contest the relevance of his financial records. Reply at 5. Albritton specifically challenged relevancy in his opposition brief. *See* D.E. 74 at 4 ("The documents Cisco Seeks Are Not Relevant), and 7 (Albritton's financial documents are not relevant to the damages issues in this case.").

Cisco's Reply acknowledges that Albritton is not seeking economic damages as a result of Cisco's defamatory statement. *See* Reply at 1-2. Because Albritton's financial documents

---

[2] Cisco cites to *Parkway Co. v. Woodruff*, 901 S.W.2d 434 (Tex. 1995), and *Montemayor v. Ortiz*, 208 S.W.3d 627 (Tex. App. Corpus Christi 2006, pet. denied) as supporting its argument. Reply at 4. Those cases are appellate cases in which the plaintiff's mental anguish evidence was reviewed for the *sufficiency of the evidence*. They do not address the relevancy issue before this Court. Cisco specifically criticizes Albritton for not responding to its citation to *Montemayor* in its opening brief. Reply at 4, n. 7. That case is clearly distinguishable. There, the appellate court overruled an award of damages because plaintiff failed to show liability. *See* 208 S.W.3d at 659.
[3] If the Court is inclined to grant Cisco access to any medical records, the scope of those records should be limited to mental health records after the date of Cisco's defamatory statements.

cannot be relevant to damages not sought, Cisco argues that Albritton's financial information is relevant because if Albritton made more money after Cisco's defamatory statements were disseminated to a world-wide audience that generated as many as 16,000 hits on the Troll Tracker Blog alone, his business reputation could not have been harmed.[4] *See* Reply at 2. Cisco's argument is far too tenuous to demonstrate relevance. Changes in Albritton's revenue are not probative of the harm caused by Cisco's defamation because they do not show opportunities Albritton never received as a result of Cisco's conduct. The law does not require Albritton to prove a negative, which is why damages in this case are presumed. None of the documents Cisco seeks, including Albritton's internal financial documents and client lists are relevant to the damages in this case. Moreover, those documents raise issues concerning protection of attorney-client privileged information and seek Albritton's proprietary business information for which Cisco has not shown relevance sufficient to warrant disclosure.[5]

Even if Cisco could demonstrate relevance it must still show a compelling need for Albritton's tax returns, and arguably for other financial documents ultimately incorporated into those returns. *See Walker v. Rent-A-Center, Inc*., 2006 U.S. Dist. LEXIS 72232, at *9 (E.D. Tex. Oct. 3, 2006). Cisco's argument that it has shown a compelling need for Albritton's tax returns because Albritton refused to answer its deposition questions is nonsensical. Requiring Albritton to disclose his tax returns via testimony as a precondition to not having them produced would render meaningless the protection those documents are afforded.

Cisco's request for financial documents from 2002 forward and for documents that implicate issues of privilege or contain proprietary businesses information should be denied because they are not relevant, are overly broad and are sought only to harass Albritton.

### III. CONCLUSION

For all the forgoing reasons, Cisco's Motion to Compel should be DENIED.

---

[4] Incredibly, Cisco's Reply brief argues that "hardly anyone read" its defamatory internet posts. Reply at 2.
[5] Cisco's request for financial records is egregiously over broad in seeking all financial documents from as far back as five years before Cisco's defamatory statements were published. *See* Exh. A.

Respectfully submitted,


*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 63035
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of November, 2008.


*/s/ Nicholas H. Patton*
Nicholas H. Patton