IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON | § § § |
| v. | § § C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., RICK FRENKEL, MALLUN YEN & JOHN NOH | § § § § |

**CISCO SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE
WITH THE SUBPOENA ISSUED TO JOHN WARD, JR.**

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Motion to Compel Compliance with the Subpoena Issued to John Ward, Jr. ("Motion") pursuant to Rules 26, 34, 37, and 45 of the Federal Rules of Civil Procedure and would show the Court the following:

## I. FACTUAL BACKGROUND

By a subpoena issued from this Court on October 17, 2008 (the "Subpoena"), Cisco seeks discovery from non-party witness John Ward, Jr. ("Ward") concerning facts and allegations at issue in this case (a true and correct copy of the Subpoena is attached as Exhibit A). Ward is an attorney who, along with Plaintiff Eric M. Albritton ("Albritton"), filed a patent infringement lawsuit against Cisco on behalf of ESN, LLC ("ESN"), *ESN, LLC v. Cisco Systems, Inc. and Cisco-Lynksys, LLC*, Civil Action No. 5:07-cv-156-DF-CMC, in the United States District Court for the Eastern District of Texas-Texarkana Division (the "ESN Litigation").

In this case, Albritton has sued Defendants for defamation, alleging that Defendants Richard Frenkel ("Frenkel") and Cisco published articles on the Patent Troll Tracker that falsely accused Albritton of conspiring with a court clerk to alter the filing date of the complaint in the

ESN Litigation (a true and correct copy of Albritton's Original Complaint is attached as Exhibit B).[1] Albritton claims that the alleged defamation damaged his reputation and caused him "shame, embarrassment, humiliation, and mental pain and anguish." (Exhibit B at ¶ 39.) He further alleges that he "has and will in the future be seriously injured in his business reputation, good name and standing in the community" and "will, in all likelihood, be exposed to the hatred, contempt, and ridicule of the public in general as well as of his business associates, clients, friends and relatives." (*Id.*)

Cisco has plead the defense of truth (Docket No. 19 at ¶ 45), although the burden at trial will be on Albritton to prove falsity, and therefore seeks evidence that Frenkel's statements regarding the early filing of the ESN Litigation and the alteration of the ESN lawsuit's filing date are true. Cisco also wishes to fully investigate Albritton's claims of defamation, reputational harm, and mental anguish. Accordingly, the Subpoena seeks discovery from Ward concerning facts surrounding the filing of the ESN Litigation (Request Nos. 1, 2, 3, 8, 9, and 10), the allegedly defamatory articles (Request Nos. 4 and 11), and Albritton's reputation and alleged mental anguish (Request Nos. 5, 6, and 7). (Exhibit A.)[2] Ward is uniquely qualified to provide insight on these matters because he was Albritton's co-counsel in the ESN Litigation (and therefore can confirm or deny many of the allegations surrounding the filing of ESN's lawsuit and can provide information about Albritton's reputation and mental state during the period in question), and because he is Albritton's friend and business associate (and therefore has information about the effect – or lack thereof – that Frenkel's allegedly defamatory articles have had on Albritton's reputation and mental state). Moreover, Ward is identified in Albritton's

---

[1] Ward has filed an almost identical lawsuit against Cisco and Frenkel, *Ward v. Cisco Systems, Inc. and Rick Frenkel*, Civil Action No. 08-4022, in the United States District Court for the Western District of Arkansas-Texarkana Division.

[2] The Subpoena does not require Ward to be deposed.

Second Supplemental Disclosures as a person who "has knowledge of the facts surrounding the filing of the ESN litigation, the falsity of Defendants' allegations, the Plaintiffs professional reputation and Plaintiff's damages." (Exhibit C).

Because the Court has ordered that discovery in this case close on November 20, 2008 (Docket No. 54), the Subpoena calls for Ward to produce documents on November 17, 2008. However, Ward resists compliance with the Subpoena. Ward responded to the Subpoena on October 31, 2008 by serving twenty pages' worth of objections, almost all of which are boilerplate and repeated continuously throughout his response (a true and correct copy of Ward's Objections and Responses to Cisco's Subpoena is attached as Exhibit D). To date, Ward has failed and refused to produce a single document in response to the Subpoena. And although Ward objects to every request as calling for privileged documents, he failed to provide a privilege log. Counsel for Cisco and Ward have conferred about the scope of the Subpoena and Ward's objections, and Ward remains opposed to producing any documents pursuant to the Subpoena and this Motion.

Given the importance of the discovery Cisco seeks from Ward, Ward's failure and refusal to produce *any* documents in response to the Subpoena, and the limited time available before discovery closes, Cisco is left with no choice but to seek an order overruling Ward's objections to the Subpoena and compelling Ward to comply with the Subpoena in its entirety.

## II.     ARGUMENTS AND AUTHORITIES

Despite Ward's conclusory and oft-repeated objections otherwise, the Subpoena is narrowly tailored to seek limited discovery from Ward regarding information that is essential to the merits of this case. Ward's objections are insufficient to satisfy his burden of proving why he

Page 3 of 14
5351553v.2

should be excused from complying with the Subpoena, and regardless, Ward's objections are inapplicable and indefensible.

## A. The Discovery Sought is Relevant

Under the Federal Rules of Civil Procedure, a party may obtain discovery from a non-party through a subpoena. FED. R. CIV. P. 45(a)(1)(D). The scope of discovery from a non-party is the same as the scope of discovery from a party under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003). Thus, a non-party is subject to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party," and the information sought need not be admissible at trial as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *see Hussey*, 216 F.R.D. at 594 (applying Rule 26(b)(1)'s discovery standard to a non-party subpoena).

The Federal Rules of Civil Procedure create a "broad right to discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). The question of relevancy is construed "liberally and with common sense," and discovery should be allowed unless the information sought has absolutely no conceivable bearing on the case. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (C.D. Cal. 1995). Indeed, a relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Local Rule CV-26(d) offers further guidance in evaluating whether information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, that (1) information is relevant if it is information likely to have an influence on or affect the outcome of

a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense. E.D. TEX. L.R. CV-26(d).

In compliance with the Federal Rules of Civil Procedure and this Court's Local Rules, the scope of discovery sought by Cisco's Subpoena is narrowly defined and limited to documents that are relevant to Albritton's claims and Cisco's defenses in this case. Nevertheless, Ward objects to all eleven categories of documents requested in the Subpoena on the ground that none of the requests are relevant. (Exhibit D at p. 4.) He further objects that the requests seek documents relating to his lawsuit against Cisco and Frenkel rather than Albritton's claims against Cisco and the other Defendants in this case. (Exhibit D at pp. 2, 8-19.) To the contrary, Cisco's requests concern the filing of the ESN Litigation, the allegedly defamatory articles, and Albritton's reputation and alleged mental anguish – issues that are highly relevant to this case. While some of these documents may also be relevant to Ward's lawsuit against Cisco and Frenkel, that is not a proper basis for depriving Cisco of its broad right to discovery in this case. FED. R. CIV. P. 26(b)(1), 45(a)(1)(D).

Albritton alleges that articles written by Frenkel and published on the Patent Troll Tracker web site defamed him, causing him mental anguish and damaging his reputation. (Exhibit B at ¶ 39.) The articles Albritton complains about discuss the filing of the complaint in the ESN Litigation by Albritton and his co-counsel, Ward, and the subsequent alteration of the court's docket. (Exhibit B at ¶¶ 16-17.) The documents sought by Subpoena Request Nos. 1, 2, 3, 8, 9, and 10 all relate to the facts surrounding the filing of the ESN Litigation and the

5351553v.2

subsequent alteration of the court's docket, which are undeniably relevant to Albritton's defamation claim and Cisco's truth defense.

Contrary to Ward's apparent assumption, the Subpoena does not seek documents relating to the ESN Litigation in general. Rather, the Subpoena narrowly seeks discovery concerning the *filing* of the ESN Litigation, not any other aspect of the ESN Litigation. For example, Subpoena Request No. 9 seeks documents "relating to communications with the United States District Court or any of its employees regarding the filing of the ESN Litigation and/or whether subject-matter jurisdiction existed in the ESN Litigation." (Exhibit A.) Such documents may confirm or deny Albritton's claim that he did not conspire with the court clerk to alter the filing date of the complaint in the ESN Litigation. The truth or falsity of that statement is at the heart of Albritton's defamation claim and Cisco's truth defense, and Ward, as Albritton's co-counsel in the ESN Litigation, is uniquely qualified to provide information that may lead to the discovery of admissible evidence about that issue. Subpoena Request Nos. 1, 2, 3, 8, 9, and 10 seek information that is clearly relevant under Rule 26(b)(1) of the Federal Rules of Civil Procedure and Local Rule CV-26(d).

Subpoena Request Nos. 5, 6, and 7 seek discovery concerning Albritton's reputation and alleged mental anguish. In Albritton's Complaint, he alleges that he "has and will in the future be seriously injured in his business reputation, good name and standing in the community" and "will, in all likelihood, be exposed to the hatred, contempt, and ridicule of the public in general as well as of his business associates, clients, friends and relatives." (Exhibit B at ¶ 39.) As Albritton's co-counsel, business associate, and friend during all times relevant to this lawsuit, Ward is perhaps better suited than any other person to provide information about how the allegedly defamatory articles have affected Albritton's reputation and mental state. Because

such information is essential to Albritton's mental anguish and reputational harm claims, these document requests are obviously relevant to this case. Ward's objections to the contrary are without merit.

Likewise, Cisco cannot fathom how the documents sought by Subpoena Request Nos. 4 and 11 are not relevant. These requests concern the allegedly defamatory articles that serve as the basis for Albritton's lawsuit. As co-counsel in the ESN Litigation, Ward undoubtedly has information that can support or deny the articles' characterization of the events surrounding the filing of the ESN Litigation. His communications regarding the articles, Frenkel, and the Patent Troll Tracker are obvious sources of such information. Accordingly, any objection that these requests seek irrelevant information is unfounded.

Simply put, Cisco's request for documents relating to the filing of the ESN Litigation, the allegedly defamatory articles, and Albritton's reputation and alleged mental anguish are highly relevant and will likely lead to the discovery of admissible evidence in this case. As such, Cisco requests that the Court compel Ward to produce these documents.

**B.     Ward Has Not Satisfied and Cannot Satisfy His Burden of Proving that the Subpoena Fails to Comply with Rule 45**

Ward objects to the Subpoena in its entirety on the grounds that it is overbroad and unduly burdensome and that it seeks production of documents protected by the attorney-client privilege, the work product doctrine, and the common interest privilege. (Exhibit D.) Ward's broad, conclusory objections are without merit and insufficient to satisfy his burden of proving that the Subpoena violates Rule 45 of the Federal Rules of Civil Procedure.

5351553v.2

### 1. Ward Must Prove that the Subpoena is Overbroad and Unduly Burdensome, But He Has Not Even Attempted to Do So

A non-party objecting to a subpoena on the grounds that it is overbroad and unduly burdensome bears the burden of proving why the court should not permit discovery. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). "Broad-based, non-specific objections ... fall woefully short of the burden that must be borne" by the objecting party. *Id.* "A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (quoting *Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)).

Ward has failed to present any proof that the Subpoena is overbroad or unduly burdensome. Instead, he offers only boilerplate objections that he reflexively repeats for each document request whether they apply or not. For example, Ward's bald assertions that complying with Cisco's Subpoena would require him to "review a voluminous quantity of client documents" and that the Subpoena is "oppressive" (Exhibit D at pp. 3-4) are inadequate to satisfy his burden. *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof); *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); *Hussey*, 216 F.R.D. at 596 (refusing to quash subpoena because objecting party failed to present any evidence that compliance with subpoena would be an undue burden).

Having demonstrated above that the discovery sought is relevant and necessary to this case, Cisco requests that this Court overrule Ward's overbreadth and undue burden objections

5351553v.2

because Ward has not proven that these objections apply. Accordingly, the Court should compel Ward to comply with the Subpoena.

### 2. Ward Cannot Prove that the Subpoena is Overbroad or Unduly Burdensome

We suspect that the reason why Ward has not even attempted to prove the Subpoena is overbroad and unduly burdensome is that he cannot do so. Indeed, the Subpoena is narrowly tailored to seek limited discovery from Ward concerning information that is essential to this case. It is neither overbroad nor unduly burdensome.

Ward's belief that the Subpoena is unreasonable is first belied by the fact that it seeks discovery limited to the time period from October 14, 2007 to present, which directly corresponds to the relevant dates in this case, including the filing of the ESN Litigation on October 15 or 16, 2007, the publication of the allegedly defamatory articles on October 16 and 17, 2008, and Albritton's claims of continuing reputational harm and mental anguish.

Moreover, the Subpoena's scope is no broader than the scope of permissible discovery under the Federal Rules of Civil Procedure in that it seeks the production of documents only in Ward's possession, custody, or control. *See* FED. R. CIV. P. 34(a)(1); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) ("[T]he scope of discovery under a subpoena is the same as the scope of discovery under ... Rule 34."). Ward's suggestion that the Subpoena seeks documents outside of his possession, custody, or control is unwarranted. Similarly, Ward's refusal to produce the documents requested on the ground that they are available from another source is without merit. Ward's duty is to produce responsive documents that are in his possession, custody, or control. Accordingly, the Court should overrule this objection.

In addition, Ward's objection that the Subpoena does not provide adequate time to search for and produce responsive documents is unfounded as he had 31 days from the date he received

5351553v.2

the Subpoena, October 17, 2008, to respond on November 17, 2008. We are unaware of any court that has held 31 days notice to be unreasonable. Of course, time is of the essence since the Court has set a discovery deadline of November 20, 2008, and we do not understand – nor has Ward explained – why 31 days notice is unreasonable. Surely the delay occasioned by his resistance to the Subpoena will give him more than enough time to respond to Cisco's limited requests.

Ward also asserts that every document request and every instruction contained in the Subpoena is vague, ambiguous, and not described with reasonable particularity. A document request or instruction fails to comply with the Federal Rules of Civil Procedure only if it does not describe the information sought with "reasonable particularity." FED. R. CIV. P. 34(b)(1)(A). The test for "reasonable particularity" is whether a respondent of average intelligence would know what items to produce. *See Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D.W.Va. 2000). Even a cursory review of the requests and instructions reveals that they are specific and clear. This objection is groundless.

As demonstrated above, the information sought by the Subpoena is clearly relevant to Albritton's claims, Cisco's defenses, and the subject matter of this case. The Subpoena is neither overbroad nor burdensome. Any "burden" presented by the Subpoena is far outweighed by Cisco's need for discovery from Ward because of the direct relevance of the information requested and because of Ward's unique position as Albritton's co-counsel, business associate, and friend. The close connection between Ward and Albritton makes Ward a critical source of information in this case. Excusing Ward from complying with the Subpoena would therefore violate Cisco's broad and legitimate right to discovery under the Federal Rules of Civil Procedure.

5351553v.2

### 3. Ward Has Not Provided Information Sufficient to Determine His Privilege Objections

Ward relies on more conclusory objections to claim that the Subpoena seeks discovery of documents protected by the attorney-client privilege, the work product doctrine, and the common interest privilege. (Exhibit D at pp. 1-2, 5-19.) However, Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure provides that a person withholding subpoenaed information under a claim of privilege *must* "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(d)(2)(A); *see* FED. R. CIV. P. 26(b)(5)(A). This requirement is not optional. *In re Grand Jury Subpoena*, 274 F.3d 563, 575 (1st Cir. 2001) ("The operative language [of Rule 45(d)(2)(A)] is mandatory and, although the rule does not spell out the sufficiency requirement in detail, courts consistently have held that the rule requires a party resisting disclosure to produce a document index or privilege log.").

Thus, to deprive Cisco of its right to discovery, Ward must do more than advance blanket assertions of privilege. FED. R. CIV. P. 45(d)(2)(A); *Brady*, 238 F.R.D. at 439. Ward must "demonstrate how each document satisfies all the elements of the privilege." *Id.*; *Hugley v. Art Institute of Chicago*, 981 F. Supp. 1123, 1128 (N.D. Ill. 1997) ("[A] party cannot simply make a blanket claim of privilege; rather, the party must claim and establish the attorney-client privilege on a document-by-document basis.").

Unless and until Ward submits a privilege log describing the nature of the documents withheld, Cisco and this Court cannot assess the merits of his privilege claims. FED. R. CIV. P. 45(d)(2)(A); *In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 329 (E.D.N.Y. 2004). The need for a privilege log is demonstrated by Ward's clearly erroneous assertion that communications between him and representatives of the United States District Court are

5351553v.2

protected by the attorney-client privilege, the work product doctrine and/or the common interest privilege. (Exhibit D at p. 16.) If Ward refuses to show how these and the other documents sought in the Subpoena are privileged, he waives all privilege claims. *See Kroll*, 224 F.R.D. at 328-29 ("Failure to submit a privilege log may be deemed a waiver of the underlying privilege claim.").

Moreover, many of Ward's privilege objections fail on their face. For example, communications with the clerk of the court could not be privileged. Instead, like Ward's other objections, the privilege objections are just copy-and-paste objections with no merit.

### III. CONCLUSION

The discovery sought from Ward by Cisco is directly relevant to Albritton's claims, Cisco's defenses, and the subject matter of this case. Ward's objections to the Subpoena are insufficient, inapplicable, and indefensible. Accordingly, Cisco respectfully requests an order overruling Ward's objections and compelling Ward to fully respond to the Subpoena by producing the following documents within 10 days of the Court's order (following the instructions and definitions in the Subpoena):

1. All correspondence between you and any other person concerning the filing of the ESN Litigation;

2. All notes or memorandum prepared by you or any other person concerning the filing of the ESN Litigation;

3. All instructions you received from or provided to any person concerning the filing of the ESN Litigation;

4. All communication between you and any other person concerning the Articles;

5. All documents evidencing the effect of the Articles on the reputation of Eric Albritton;

6. All communications between you and Eric Albritton concerning his reputation;

5351553v.2

7. All communications between you and Eric Albritton concerning his alleged mental anguish;

8. All documents relating to the filing of the ESN Litigation;

9. All documents relating to communications with the United States District Court or any of its employees regarding the filing of the ESN Litigation and/or whether subject-matter jurisdiction existed in the ESN Litigation;

10. All documents relating to communications between or among ESN, LLC (including its attorneys, agents, or anyone acting on its behalf) and any other person relating to the filing of the ESN Litigation. Include communications between you, ESN, LLC, T. John Ward, Jr., McAndrews Held & Malloy, Ltd., and anyone purporting to act on their behalf;

11. All documents evidencing communication between you and any other person concerning Richard Frenkel and/or the Patent Troll Tracker.

Cisco further requests that the Court order Ward to submit a privilege log in compliance with Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure if Ward believes that any of the documents sought by the Subpoena are subject to privilege. Cisco also requests such further relief to which it may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

5351553v.2

## CERTIFICATE OF CONFERENCE

Counsel for Cisco has complied with the meet and confer requirement in Local Rule CV-7(h) as of the date of filing this Motion. On November 17, 2008, Charles L. Babcock, attorney in charge for Cisco, gave John Ward, Jr.'s counsel a copy of this motion. On November 18, when Cisco's attorney inquired regarding the motion, John Ward, Jr.'s counsel advised Mr. Babcock that he should contact Patricia Peden on November 19, 2008 concerning the motion. Mr. Babcock was unable to reach Ms. Peden on November 19, 2008. Given the importance of the discovery Cisco seeks from Ward, Ward's opposition to this Motion, and the limited time available before discovery closes, Cisco now seeks the Court's assistance.

Certified this 19th day of November, 2008.

/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of November, 2008, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock