IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ERIC M. ALBRITTON | § |
| | § |
| | § |
| v. | § |
| | § C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § |
| RICK FRENKEL, MALLUN YEN & | § |
| JOHN NOH | § |

## CISCO SYSTEMS, INC.'S MOTION TO COMPEL
## PLAINTIFF'S INTERROGATORY RESPONSES

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. ("Defendant" or "Cisco") seeks an order compelling the Plaintiff Eric Albritton ("Albritton" or "Plaintiff") to answer five interrogatories which were properly served on him pursuant to Rule 33 of the Federal Rules of Civil Procedure as follows:

### I. INTRODUCTION

This is a defamation action concerning two articles in an internet publication called the Patent Troll Tracker ("PTT"). The articles are attached to Plaintiff's complaint which points out certain words and phrases from the articles in paragraphs 16 and 17. Although the phrase "libelous statements" (¶ 24), "false and defamatory statements regarding Albritton" (¶ 28) and "false and libelous statements" (¶ 32) are pled, these terms are not defined.

Seeking definition for these terms, Defendant propounded five interrogatories asking Plaintiff to identify the statements that he is complaining about (the "Complained of Statements"). This information is needed so that Defendant can file a tightly focused motion for summary judgment addressing only the statements of fact (as opposed to rhetoric, hyperbole or opinion) "of and concerning" Albritton. The interrogatories were served on October 15, 2008 by electronic mail. Plaintiff did not provide any substantive responses (other than to point back to

the articles) but rather, on November 17, 2008 asserted identical objections to each of the five interrogatories. (The Interrogatories and Objections thereto are attached as Exhibit A and incorporated herein.)

The identical objections were:

> Plaintiff objects to this Interrogatory in that its answer may be determined by examining the business records of Cisco Systems, Inc. and Richard Frenkel. Fed. R. Civ. P. 33(d). Plaintiff further objects to this Interrogatory as unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length during his deposition.

The objections are verified by Albritton although somewhat ambiguously, as it recites that "**she**" prepared the answers which are said to be "true and correct". Albritton is a man. These objections are neither factually correct nor legally valid and should be overruled. The Plaintiff should be ordered to provide sworn answers within three days. Furthermore, the Defendant's deadline for filing a motion for summary judgment should be extended until three days after full and complete answers are filed.

## II. THE OBJECTIONS ARE FACTUALLY AND LEGALLY IMPROPER

First, Plaintiff maintains that Cisco can determine what Albritton complains about by looking at Cisco and Frenkel's business records citing Fed. R. Civ. P. 33(d). Rule 33(d) does give a party responding to an interrogatory the option to respond by producing or specifying certain responsive business records. However, the responding party must "specify the records from which the answer may be derived" and must "be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer" to the interrogatory may be ascertained. Fed. R. Civ. P. 33(d). Here, the Plaintiff did not specify any records and did not give any detail which would permit Cisco to locate the responsive records. Furthermore, the Defendants have no business records that reveal

what Plaintiff complains about in this lawsuit. Even if there were, Cisco is entitled to a sworn answer from Plaintiff himself setting out the language. Because the Plaintiff has failed to meet the requirements of Rule 33(d) to specify the particular records from which the answer may be derived, he has wholly failed to satisfy his burden under the rule.

"Contention interrogatories" which ask a party to state the facts upon which it bases a claim or defense, are a permissible form of written discovery. Fed. R. Civ. P. 33(a)(2). Such interrogatories are not objectionable on the basis that they ask for the responding party's opinion or contention as it relates to facts or the application of law to fact. *Id*. The Federal courts in Texas have repeatedly held that responses to contention interrogatories must be in narrative form and that responses which merely cite Rule 33(d) in response are insufficient. *See Barkley v. Life Insurance Co. of North America*, No. 3-07-CV-1498-M, 2008 WL 450138 at *1 (N.D. Tex. Feb. 19, 2008), *as modified*, (N.D. Tex. Mar. 12, 2008) (Kaplan, J.), citing *In re Pabst Licensing GmbH Patent Litigation*, No. 99-MD-1298, 2001 WL 797315 at *9 (E.D. La. Jul. 12, 2001); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1489-M, 2008 WL 906786 at *4 (N.D. Tex. Apr. 3, 2008) (Kaplan, J.). At least one district court in Florida has done the same. *See Border Collie Rescue, Inc. v. Ryan*, Case No. 3:04-cv-568-J-32HTS, 2005 WL 662724 (M.D.Fla. 2005) (Snyder, J.).

Second, Plaintiff's contention that this discovery is "unnecessarily cumulative and harassing" because Plaintiff has "expressly pled the statements at issue and discussed them at length during his deposition" is factually and legally incorrect. The complaint sets out only certain words and phrases, although if Plaintiff wants to limit his claim to those phrases, it would be easy to say so. One of the complained of phrases found in paragraph 17, quoting from the

Page 3 of 6
5364954v.2

October 18 article, is "another example of the abusive nature of litigation in the Banana Republic of East Texas."

When asked at his deposition whether he contended that "that phrase is defamatory of you?" His answer was "No" although he added a rambling explanation. (Albritton deposition at p. 69, attached as Exhibit B.) This discrepancy points out the very need for these interrogatory answers. If his pleading alleges that the Banana Republic statement is defamatory of him, but he disclaims that in his deposition (albeit with a lengthy speech), Cisco is entitled to know exactly which issues are in play. The Banana Republic statement (which was on the website for only 24 hours as Plaintiff admits and which has achieved widespread publicity only because of this lawsuit) is arguably not "of and concerning" Plaintiff, a constitutionally compelled element of Plaintiff's cause of action *(see New York Times v. Sullivan*, 376 U.S. 254 (1964)) and is almost certainly rhetoric, hyperbole or opinion which are not actionable under Texas or First Amendment jurisprudence. *See Greenbelt Cooperative Publishing Association, Inc. v. Bresler*, 398 U.S. 6 (1970); ("[W]e hold that the imposition of liability on such a basis was constitutionally impermissible-that as a matter of constitutional law, the word 'blackmail' in these circumstances was not slander when spoken, and not libel when reported in the Greenbelt News Review. ... [E]ven the most careless reader must have perceived that the word was no more than rhetorical hyperbole, a vigorous epithet used by those who considered Bresler's negotiating position extremely unreasonable.") *See also, Presidio Enterprises, Inc. v. Warner Bros. Distributing Corp.*, 784 F.2d 674, 679 (5th Cir. 1986) ("Opinions and beliefs reside in an inner sphere of human personality and subjectivity that lies beyond the reach of the law and is not subject to its sanctions. ... Similarly, actions for fraud or misrepresentation must be based on objective statements of fact, not expressions of personal opinion. The law wisely declines to

5364954v.2

tread in the latter area because, in some deep sense, 'everyone is entitled to his own opinion.' 'Chacun à son goût' and 'De gustibus non est disputandum' are time-honored expressions of this principle.")

Third, the Plaintiff says, subject to the objections, "see the attached articles." This is, of course, no answer because while the articles are to be construed as a whole (to avoid matters being taken out of context), the defendants are still entitled to determine what in the article the Plaintiff complains about.

### III. CONCLUSION AND PRAYER

The motion should be granted and the Plaintiff's objections overruled and he should be required to fully and completely answer these interrogatories within three days, and the Defendant's deadline for moving for summary judgment should be extended until three days after the answers are received.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
 Charles L. Babcock
 Federal Bar No.: 10982
 Email: cbabcock@jw.com
 Crystal J. Parker
 Federal Bar No.: 621142
 Email: cparker@jw.com
 1401 McKinney
 Suite 1900
 Houston, Texas 77010
 (713) 752-4200
 (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

Immediately upon receipt of the objections, in light of the upcoming discovery and motion deadline, lead defense counsel consulted with lead Plaintiff's counsel in person on November 17, 2008. Agreement could not be reached. The next day, associate counsel asked for clarification of the request (which was immediately provided) and promised a written response by close of business on November 19, 2008.[1] The undersigned called associate counsel (Ms. Peden) prior to the close of business on November 19, 2008 (Pacific time where Ms. Peden resides) but was immediately put into her voice mail. She has not, as of the filing of this motion, returned that call, although she has sent two emails complaining that we have not met and conferred but avoiding any mention of the merits of this motion.

Certified this 20th day of November, 2008.

/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of November, 2008, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock

---

[1] A fact she now denies.