# EXHIBIT 21

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

## DECLARATION OF CRYSTAL PARKER

I, Crystal Parker, declare and state as follows:

1. I am over 18 years of age, have never been convicted of a felony, am of sound mind, and am fully competent and qualified to make this affidavit.

2. I am an attorney employed by Jackson Walker L.L.P., counsel for the Defendant, Cisco Systems, Incorporated in this lawsuit.

3. The nine pages attached as Exhibit A to this Declaration are true and correct copies of "Plaintiff's Answers and Objections to Cisco System, Inc.'s First Set of Interrogatories" and the attachments thereto, served upon counsel for Defendant Cisco Systems, Inc. on November 17, 2008 by Plaintiff's counsel of record.

4. The five pages attached as Exhibit B to this Declaration are true and correct copies of "Plaintiff's Second Supplemental Disclosures", served upon counsel for Defendant Cisco Systems, Inc. on November 11, 2008 by Plaintiff's counsel of record.

5. The four pages attached as Exhibit C to this Declaration are true and correct copies of "Plaintiff's Initial Disclosures", served upon counsel for Defendant Cisco Systems, Inc. on June 2, 2008 by Plaintiff's counsel of record.

Page 1 of 2
5369017v.1 132824/00002

6. The foregoing is based on my personal knowledge and is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 26, 2008.

*Crystal Park* (signature)
Crystal Parker

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:08-CV-00089 |
| (1) CISCO SYSTEMS, INC., (2) RICHARD FRENKEL, (3) MALLUN YEN and (4) JOHN NOH, | § § § § § | |
| Defendants. | § | |

### *PLAINTIFF'S ANSWERS AND OBJECTIONS TO CISCO SYSTEM, INC.'S FIRST SET OF INTERROGATORIES*

*TO:* Cisco Systems, Inc., Mallun Yen and John Noh, by and through their attorney of record, Mr. Charles Babcock, 1401 McKinney, Suite 1900, Houston, Texas 77010 and Richard Frenkel, by and through his attorney of record, Mr. George McWilliams, P.O. Box 58, Texarkana, Texas 75504-0058.

***COMES NOW, ERIC ALBRITTON***, and submit these answers, under oath, to the Interrogatories propounded to him by *Cisco Systems, Inc.*, in accordance with Rule 33 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
James A. Holmes (Attorney in Charge)
Texas Bar No. 00784290

***THE LAW OFFICE OF JAMES HOLMES, P.C.***

635 SOUTH MAIN, SUITE 203
HENDERSON, TX 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Charles Babcock, 1401 McKinney, Suite 1900, Houston, Texas 77010, attorney for Cisco Systems, Inc., Mallun Yen and John Noh and Mr. George McWilliams, attorney for Richard Frenkel, P.O. Box 58, Texarkana, Texas 75504-0058, via United States mail on this, the 17th day of November 2008.

_____
James A. Holmes

***INTERROGATORY NO. 1:*** Identify verbatim all statements that you allege Richard Frenkel posted that are "scandalous and defamatory allegations about Albritton" as alleged in paragraph 15 of Plaintiff's Original Complaint.

> ***ANSWER:*** Plaintiff objects to this Interrogatory in that its answer may be determined by examining the business records of Cisco Systems, Inc. and Richard Frenkel. FED. R. CIV. P. 33(d). Plaintiff further objects to this Interrogatory as unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length during his deposition. Subject to these objections, please see the attached articles published by Frenkel in the course and scope of his employment with Cisco.

***INTERROGATORY NO. 2:*** Identify all statements that you contend are defamatory in the October 17, 2007, posting referred to in paragraph 16 of Plaintiff's Original Complaint.

> ***ANSWER:*** Plaintiff objects to this Interrogatory in that its answer may be determined by examining the business records of Cisco Systems, Inc. and Richard Frenkel. FED. R. CIV. P. 33(d). Plaintiff further objects to this Interrogatory as unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length during his deposition. Subject to these objections, please see the attached articles published by Frenkel in the course and scope of his employment with Cisco.

***INTERROGARTORY NO. 3:*** Identify each "libelous statement" verbatim referred to in paragraph 24 of Plaintiff's Original Complaint.

> ***ANSWER:*** Plaintiff objects to this Interrogatory in that its answer may be determined by examining the business records of Cisco Systems, Inc. and Richard Frenkel. FED. R. CIV. P. 33(d). Plaintiff further objects to this Interrogatory as unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length during his deposition. Subject to these objections, please see the attached articles published by Frenkel in the course and scope of his employment with Cisco.

***INTERROGATORY NO. 4:*** Identify all "false and defamatory statements regarding Albritton" referred to in paragraph 28 of Plaintiff's Original Complaint.

> *ANSWER:* Plaintiff objects to this Interrogatory in that its answer may be determined by examining the business records of Cisco Systems, Inc. and Richard Frenkel. FED. R. CIV. P. 33(d). Plaintiff further objects to this Interrogatory as unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length during his deposition. Subject to these objections, please see the attached articles published by Frenkel in the course and scope of his employment with Cisco.

***INTERROGATORY NO. 5:*** Identify all "false and defamatory statement of 'fact'" referred to in paragraph 32 of Plaintiff's Original Complaint.

> *ANSWER:* Plaintiff objects to this Interrogatory in that its answer may be determined by examining the business records of Cisco Systems, Inc. and Richard Frenkel. FED. R. CIV. P. 33(d). Plaintiff further objects to this Interrogatory as unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length during his deposition. Subject to these objections, please see the attached articles published by Frenkel in the course and scope of his employment with Cisco.

THE STATE OF TEXAS §

COUNTY OF RUSK §

BEFORE ME, the undersigned authority, on this day personally appeared *ERIC ALBRITTON*, who, being by me first duly sworn, did on oath depose and say that she prepared the answers which appear hereafter and are attached hereto, in the capacity stated herein, and which Answers are designed to be used in the above styled action, and that every statement, allegation and denial thereof is true and correct.

*ERIC ALBRITTON*

*SWORN TO AND SUBSCRIBED BEFORE ME* by the said *ERIC ALBRITTON* on this the 17th day of November 2008, to certify which witness my hand and seal of office.



KELLY DAVIS
MY COMMISSION EXPIRES:
February 19, 2012

Notary Public, State of Texas

My Commission Expires: 2/19/12

Notary's Printed Name: Kelly Davis

# Patent Troll Tracker

An alternative look at patent litigation trends, focusing on the increasing number of patent lawsuits brought by shell corporations that make or sell no goods or services.

Thursday, October 18, 2007

## ESN Convinces EDTX Court Clerk To Alter Documents To Try To Manufacture Subject Matter Jurisdiction Where None Existed

I got a couple of anonymous emails this morning, pointing out that the docket in ESN v. Cisco (the Texas docket, not the Connecticut docket), had been altered. One email suggested that ESN's local counsel called the EDTX court clerk, and convinced him/her to change the docket to reflect an October 16 filing date, rather than the October 15 filing date. I checked, and sure enough, that's exactly what happened - the docket was altered to reflect an October 16 filing date and the complaint was altered to change the filing date stamp from October 15 to October 16. Only the EDTX Court Clerk could have made such changes.

Of course, there are a couple of flaws in this conspiracy. First, ESN counsel Eric Albritton signed the Civil Cover Sheet stating that the complaint had been filed on October 15. Second, there's tons of proof that ESN filed on October 15. Heck, Dennis Crouch may be subpoenaed as a witness!

You can't change history, and it's outrageous that the Eastern District of Texas may have, wittingly or unwittingly, helped a non-practicing entity to try to manufacture subject matter jurisdiction. Even if this was a "mistake," which I can't see how it could be, given that someone emailed me a printout of the docket from Monday showing the case, the proper course of action should be a motion to correct the docket.

Email Rick

trolltracker@gmail.com

About Me

Rick Frenkel

Patent lawyer, trying to gather and organize information about patent litigation in an informative and useful way.

View my complete profile

EFF is helping bloggers protect their Constitutional right to anonymous speech



www.eff.org

LEGAL GUIDE FOR BLOGGERS

Blogs I Read

- Above The Law (People Magazine, for Lawyers)
- Anticipate This!

(n.b.: don't be surprised if the docket changes back once the higher-ups in the Court get wind of this, making this post completely irrelevant).

EDIT: You can't change history, but you can change a blog entry based on information emailed to you from a helpful reader.

Posted by Rick Frenkel at 1:13 PM

Labels: Cisco, ECF, Eric Albritton, ESN, magically changing docket dates

**0 comments:**

Post a Comment

Newer Post        Home        Older Post

Subscribe to: Post Comments (Atom)

- Benefit of Hindsight
- Chicago IP Litigation Blog
- Delaware IP Law Blog
- Dennis Crouch's Patently-O Blog (the Godfather of Patent Blogs)
- How Appealing (Howard Bashman)
- IAM Magazine Blog (Euro-focused)
- Ideation Lab
- IP Dragon (China)
- IP Geek (Euro-focused)
- IP Kat (UK)
- Just a Patent Examiner
- Michael Smith's EDTX Blog
- Overlawyered
- Patent Baristas
- Patent Demand
- Patent Prospector
- Patently Absurd Inventions Archive
- Patently Silly
- Peter Zura's 271 Patent Blog
- Phillip Brooks' Patent Infringement Updates
- SCOTUSBlog
- Spicy IP (India)
- Techdirt
- The Volokh Conspiracy
- Washington State Patent Law Blog
- WSJ Law Blog