# EXHIBIT 31

 

Law.com

# Patent Attorneys Sue Cisco and Blogging In-House Lawyer for Defamation

Monday March 17, 3:03 am ET
Brenda Sapino Jeffreys, John Council and Miriam Rozen, Texas Lawyer

The moral of this story is blogger beware, at least when it comes to blogging anonymously about litigation involving your employer.

Before Cisco Systems Inc. in-house lawyer Richard Frenkel outed himself in February as the Patent Troll Tracker blogger, he posted blog entries in October 2007 that alleged two East Texas lawyers conspired with the Eastern District Clerk's Office to alter the filing date of an infringement suit. That suit was filed against Frenkel's employer, Cisco.

On Oct. 18, 2007, Frenkel, who was posting anonymously at that time, alleged in Patent Troll Tracker that the filing date for *ESN v. Cisco* was changed from Oct. 15, 2007, to Oct. 16, 2007, after ESN's local counsel "called the EDTX court clerk, and convinced him/her to change the docket to reflect an October 16 filing date, rather than the October 15 filing date." The filing date is significant, Frenkel alleged in the blog, because the ESN patent that is the basis of the suit was not issued until Oct. 16.

Frenkel identified the local counsel on his blog, and alleged in the posting -- which is attached as an exhibit in two defamation suits recently filed against Frenkel and Cisco -- that it's "outrageous" that the Eastern District is apparently conspiring with ESN to "try to manufacture subject matter jurisdiction."

Filing an infringement suit like *ESN* after the stroke of midnight on the day the U.S. Patent and Trademark Office issues a patent gives a plaintiff the opportunity to choose jurisdiction.

"This is yet another example of the abusive nature of litigating patent cases in the Banana Republic of East Texas," Frenkel wrote on Oct. 18 in Patent Troll Tracker, a blog popular among intellectual property litigators and those interested in reports on so-called patent troll companies that allegedly buy patents simply to bring infringement suits.

The Eastern District is a nationally known forum for patent litigation because of rules that allow suits to progress speedily through the court system.

On Feb. 23, Frenkel, director of IP at Cisco, revealed his identity as the blogger.

Now, Frenkel and Cisco are defendants in two separate defamation suits filed by the two East Texas lawyers who are local plaintiffs counsel in *ESN*. The suits are attracting attention in Texas and in the IP blogosphere, not only because of the popularity of the Patent Troll Tracker blog, but because one of the lawyers suing Frenkel and Cisco is John Ward Jr., a son of U.S. District Judge T. John Ward who sits in the Eastern District.

John Ward Jr., a partner in Ward & Smith in Longview, filed his amended defamation petition against San Jose, Calif.-based Cisco and Frenkel on Feb. 27, while Eric Albritton of the Albritton Law Firm in Longview filed a similar defamation suit on March 3 against Cisco and Frenkel. Both suits are filed in Gregg County: Ward's in the 188th District Court, and Albritton's in County Court-at-Law No. 2.

Albritton alleges in his original petition that Frenkel published statements on the Internet alleging Albritton had conspired with the "Clerk of the U.S. District Court for the Eastern District of Texas" to "alter documents to try to manufacture subject matter jurisdiction

JW.000079

where none existed." Similarly, in his first amended petition, Ward alleges Frenkel made "statements to the effect that Plaintiff had conspired with others to alter the filing date on a civil complaint" Ward filed in the Eastern District of Texas on behalf of a client.

Lawyers for Albritton and Ward say their clients allege that Frenkel's assertions on the blog are untrue and defamatory and that he wrote the blog during the course and scope of his employment at Cisco.

James Holmes, a Henderson, Texas solo who represents Albritton, says the allegations posted on the blog -- the Patent Troll Tracker blog postings for Oct. 17 and 18, 2007, are attached as an exhibit to Albritton's petition -- damaged his client's good name.

"Eric does a lot of defense work as well as plaintiffs patent work. He has a number of clients that are concerned about this allegation. It's not as though Cisco alleged that he was careless or exercised poor judgment. The accusation is that he intentionally conspired to commit a felonious act," Holmes says. "That's completely out of this guy's character, it's inconsistent with his background and it's completely false."

"A lie is equal to a blow," Holmes says. "You don't attack a man's reputation. If they don't like to litigate in the Eastern District of Texas, they need to address themselves to the rules and the Legislature rather than slander a man's reputation."

Ward's lawyer, Nicholas Patton, a partner in Patton, Tidwell & Schroeder in Texarkana, says Frenkel's postings about his client on Patent Troll Tracker are a "horrible thing," and Ward had no choice but to sue to protect his reputation.

"Those things are damaging. Those kinds of accusations are seen by literally hundreds of thousands of people. Those are serious accusations that you just can't let go unaddressed," Patton says. "There's no truth to it whatsoever."

Frenkel did not return a telephone message left at his office at Cisco, and a computer-generated reply to a message sent to his work e-mail indicated he was out of the office.

John Earnhardt, a senior manager of media relations at Cisco, says Frenkel wrote the blog independently of his job at Cisco.

"He was doing it on his own. Cisco didn't set it up," Earnhardt says. "My understanding is at some point, there were people ... aware of it, after he had started it."

Earnhardt declines to discuss Cisco's policy on employee blogs.

However, Holmes says the issue of Cisco's alleged involvement with Frenkel's blog will be examined in discovery.

Frenkel posted the blog during Cisco work hours, Holmes alleges. "He posted about his own area of responsibility. In fact, *ESN* is his case. And he did it all with the knowledge of his direct supervisor," Holmes alleges. "There are lessons to be learned there."

"You've got the Cisco folks out there citing Troll Tracker as some sort of independent source on litigation, and it's their own guy," Holmes alleges. "That's going to be a source of discovery."

In his Feb. 23 posting in which he identified himself as the writer of the blog, Frenkel wrote that he might continue writing the blog but would take some time off. Patent Troll Tracker is now viewable by invitation only. He wrote that he decided to make his identity public, because he had received an anonymous e-mail from someone who threatened to out him. Prior to Feb. 23, Frenkel identified himself as "Just a lawyer, interested in patent cases, but not interested in publicity."

In a statement regarding the defamation suits, Cisco writes:

JW.000080

The parties have mutually agreed to make no comment on the lawsuit in question at this time. That said, we would like to underscore that the comments made in the employee's personal blog represented his own opinions and several of his comments are not consistent with Cisco's views. We continue to have high regard for the judiciary of the Eastern District of Texas and confidence in the integrity of its judges.

Paul Watler, a partner in Jackson Walker in Dallas who represents Cisco in the defamation suits, declines comment.

Albritton and Ward refer comment to their lawyers.

The state court litigation dates back to Nov. 7, 2007, when Ward filed John Ward Jr. v. John Doe, et al. in the 188th District Court in Gregg County. Ward initially filed a petition to conduct a deposition under Texas Rule of Civil Procedure 202, which says a party may conduct depositions prior to filing suit.

In January, 188th District Judge David Brabham granted a motion allowing Ward to take a deposition of an individual at Google Inc. Patton says he hoped the Google deposition would reveal who was writing the Patent Troll Tracker blog. However, Patton never took that deposition, because Frenkel revealed his identity as the blogger on Feb. 23.

Two days later, Ward filed an amended petition in the suit and changed the style to John Ward Jr. v. Cisco Systems Inc., et al. In the amended petition, Ward brings a defamation cause of action and alleges Frenkel knew that many people were reading the defamatory statements in the blog and Cisco was aware of Frenkel's blog activity.

"Defendant Frenkel has publicly admitted that he engaged in this activity with the full knowledge and consent of his employer Defendant Cisco Systems, Inc." and because of that, Ward alleges Cisco is vicariously and directly liable for the intentional torts of Frenkel.

In his petition filed on March 3, Albritton also alleges that Frenkel acted in the course and scope of his employment at the time Frenkel published the allegedly defamatory statements. He alleges, "Cisco has done nothing since the publication of the statements to disclaim them or distance itself from Frenkel."

Ward and Albritton each seek unspecified actual and punitive damages in their petitions.

Patton says Frenkel's allegations in the blog are not "protected speech" under First Amendment law. Additionally, Patton notes, nothing about the filing of ESN v. Cisco was out of the ordinary.

"Anybody that knows the rules in the Eastern District knows that what happened here is exactly how business is conducted in the Eastern District," Patton says. In the Eastern District, Patton says, the clerk's office will assign a case number and a judge to a suit 24 hours before it is filed when a lawyer calls the clerk's office with the request and sends in a cover sheet for a civil suit.

"On the 15th they sent in the civil cover sheet after they had called the clerk's office, requesting a number. That patent was to issue on the next day, the 16th, so they filed at 12:01 on Oct. 16. There was a mistake by the clerk's office as to dates that was corrected by the clerk to show what had happened," Patton says. "Nobody made any attempt to alter a government record."

He says an amended complaint in ESN v. Cisco was filed on Oct. 16, 2007, simply to allow the plaintiff to attach a copy of the patent. Patton says Frenkel could have determined the suit was filed properly by calling the clerk's office, but instead the Cisco lawyer "just made the accusation" in the blog.

Eastern District Clerk David Maland says there was no conspiracy. However, he says the clerk's office did make a "correcting entry" to the filing date of the original petition in ESN v. Cisco. Maland says that at the request of an employee at Albritton Law Firm, the

JW.000081

clerk's office opened a "shell case" on Oct. 15, 2007, with a case name and judge assignment, to allow for the speedy filing of a complaint. Maland says that under procedures in effect in October 2007, lawyers wanting to file a suit at a certain time could make arrangements in advance with the clerk's office.

"Anytime somebody wanted us to hustle [it] along, we would have tried to make sure we pulled the judge assignment, did the work, so they could file on the time they wanted to file," Maland says. He says the clerk's office made those arrangements on an occasional basis, and there was no special privilege granted the local counsel in *ESN*. "We would have done it for anybody," he says.

Maland says new rules adopted in November 2007 give lawyers the ability to file suits electronically at the exact moment they want to file, so there's no need to ask the clerk's office for assistance.

As Maland relates it, an employee at Albritton Law Firm was sitting at her computer around midnight on Oct. 15, 2007, waiting for Oct. 16 to file the suit.

"According to her watch, it said 12:05 [a.m.], and she mashes the send button to file the complaint," he says.

However, on Oct. 16, she noticed that the docket sheet in *ESN* showed an Oct. 15 date, and she called the clerk's office, Maland says. "She asked us to change it to the 16th, because that was the intent. In all candor, we did a correcting entry. There was no ill intent," Maland says.

Holmes says his client has a computer-generated receipt from the clerk's office that shows the complaint was filed at one minute after midnight on Oct. 16.

Holmes says the clerk's office did the correcting entry because of "a software or systems-type issue."

Maland says the electronic-filing system at the clerk's office was modified in November 2007 to allow lawyers to file at an exact time more easily, similar to the old days of paper filing.

"We had a drop box where they had paper filing. The attorney would stand at the drop box until he watched the timer change to midnight or whatever. They would ensure that the clock said 12:01, and it would stamp it at 12:01, so they could ensure they were the first one at the courthouse," he recalls.

By agreement of the parties, *ESN v. Cisco* was dismissed without prejudice in November 2007, and ESN re-filed the suit on Jan. 31. That suit is assigned to U.S. District Judge David Folsom. In its infringement suit, ESN alleges Cisco is infringing on a patent it holds related to switching systems for communications over a broadband network.

Patton, who does IP litigation and has read the Patent Troll Tracker blog on occasion, says he was offended when he read Frenkel's comment calling the Eastern District the "Banana Republic of Texas."

"It offended the hell out of me. This is not a Banana Republic up here. I've practiced in the district for years and years, and I've never seen anything up here but superb judges," says Patton.

Cisco is a plaintiff, defendant or counter-claimant in five suits pending in the Eastern District, according to a review of cases listed on the district's electronic filing system. None of Cisco's suits are before Judge Ward.

Chief U.S. District Judge Thad Heartfield of the Eastern District says the Troll Tracker's characterization of his district as a Banana Republic is "ridiculous."

JW.000082

Heartfield says the Beaumont division where he sits doesn't attract as many IP cases as the Marshall and Texarkana divisions, and he refers further comment to the three U.S. district judges who sit in those divisions. Two of the three -- Judge Ward who sits in Texarkana and Marshall and Judge Leonard Davis who sits in Marshall and Tyler -- did not return telephone messages left at their offices.

Folsom, who sits in the Marshall and Texarkana divisions, says, "I have a Cisco case [*ESN v. Cisco*] pending in my court, and Johnny Ward's son is representing one of the parties, so I probably shouldn't say anything, but it won't influence my outlook on matters a bit."

*Go to Law.com for legal information and services on the web.*
*Sign up today for a free subscription to the Law.com daily legal newswire.*

✉ Email Story        📢 Set News Alert        🖨 Print Story

[                    ]  Search News

JW.000083