IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON, § § Plaintiff § § v. § § CISCO SYSTEMS, INC. RICHARD § FRENKEL, MAULLUN YEN and § JOHN NOH, § § Defendants § | No. 6:08cv00089 |

**PLAINTIFF'S OBJECTIONS AND MOTION
TO STRIKE SUMMARY JUDGMENT EVIDENCE**

Plaintiff, Eric M. Albritton, asserts the following objections to the summary judgment evidence proffered by Defendants Cisco Systems, Inc., Rick Frenkel, Mallun Yen and John Noh.

A.   Declaration of Richard Frenkel – (Ex. 1 to Motion)

Paragraphs 9, 10, 11 & 12 contain Frenkel's irrelevant and improper legal conclusions and subjective observations regarding the statements contained in his October 17th and 18th Troll Tracker postings. Frenkel's assertion that his remarks were rhetorical, hyperbolic or expressions of opinion are not probative of any fact in issue because they merely offer conclusions on issues of law that the Court is to decide from an objective standard. *See Gateway Logistics Group, Inc. v. Dangerous Goods Mgmt. Austl. Pty, Ltd.*, 2008 U.S. Dist. LEXIS 34246 at *20 (S.D. Tex. Apr. 25, 2008) (finding that a statement is defamatory per se is a legal question to be resolved by the Court); *Fiber Sys. Int'l v. Roehrs*, 470 F.3d 1150, 1163 (5th Cir. 2006) ("'In answering this question, the court must construe [each] statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement.'") (quoting *Gray v. HEB Food Store #4*, 941 S.W.2d 327, 329 (Tex.App.—Corpus Christi 1997 writ denied). Frenkel's self-serving and subjective opinion that he was

speaking in rhetoric, hyperbole or opinion when he accused Albritton of conspiring with the clerk to alter court documents to create subject matter jurisdiction where none existed before is not relevant to the Court's consideration of how the reader of ordinary intelligence would interpret those words.

Likewise, Frenkel's post hoc characterization of his Troll Tracker postings are not relevant to whether Frenkel acted with actual malice – that is whether he knew or recklessly disregarded that the accusations were false. *See Brown v. Petrolite Corp.*, 965 F.2d 38, 46 – 47 (5th Cir. Tex. 1992). Accordingly, paragraphs 9 – 12 of Frenkel's Declaration should be stricken from the summary judgment record.

B.  Additional Objections to Exhibits

| EXHIBIT | CITATIONS TO EX. IN MSJ | OBJECTION |
|---|---|---|
| Ex. 1.D. Ex. to Frenkel Dec. | fn26 (Frenkel Dec. ¶4). | Cisco 2-12 have not been properly authenticated and contain hearsay. FED. R. EVID. 901 and 802. |
| Ex. 1.E. Ex. to Frenkel Dec. | fn. 27 (Frenkel Dec. ¶5). | Frenkel2.000452 – 456 have not been properly authenticated and contain hearsay. FED. R. EVID. 901 and 802. |
| Ex.1.I. Ex. to Frenkel Dec. | Frenkel Dec. ¶8 (ref'd in fn. 30, 34, 115,) | Frenkel.00002 and Frenkel2.000027 have not been properly authenticated and contain hearsay. FED. R. EVID. 901 and 802. |
| Ex. 2 – Albritton Depo | fn 71. | 132:6 – 134:9. Irrelevant economic damages testimony. FED. R. EVID. 402[1] |
| Ex. 3 – Maland Depo | fn 9, 17, 51, 56, 79. | 42:14 – 24; 54:7 – 25; 56:16 – 58:25. Hearsay. FED. R. EVID. 802. |
| Ex. 4 – Mathis Depo. | fn 12, 53, 80. | 42:3 – 18. Hearsay. FED. R. EVID. 802. |
| Ex. 7 – Provines Depo | fn 56. | 21:1-6 & 21-24. Hearsay. FED. R. EVID. 802. |
| Ex. 8 – Moore Depo | fn. 16, 17, 51, 52. | 8:8 – 21; 11:7 – 12:22; 23:4 – 24:11. Hearsay. FED. R. EVID. 802. |

---

[1] The objections to deposition testimony contained herein are lodged to Defendants' specific page and line designations that contain objectionable testimony as well as any additional objectionable testimony contained in the Exhibits. For example, fn. 71 cites to 132:23-133:1 and 134:2-3. Cisco included all of the testimony on pages 132-134 in Ex. 2, presumably to provide context. Because 132:6-134:9 is replete with irrelevant material, Plaintiff objects to the entire exchange.

| Ex. 9 – Paar Depo | fn. 18, 20, 40, 50. | 7:7 – 21; 8:2 – 8; 8:15 – 21; 13:5 – 11. Hearsay. FED. R. EVID. 802. Lack of personal knowledge. FED. R. EVID. 602. |
|---|---|---|
| Ex. 10 – Wilson Depo. | fn. 19. | 8:4 – 18. Hearsay. FED. R. EVID. 802. |
| Ex. 13 – Lafitte Depo. | fn. 56. | 16:11 – 24. Lack of personal knowledge. FED. R. EVID. 602. |
| Ex. 24 – McAndrews e-mail | fn. 85. | EMA 1363 has not been properly authenticated and contains hearsay. FED. R. EVID. 901 and 802. |
| Ex. 25 – eBay Trascript | fn. 89. | Irrelevant. FED. R. EVID. 402. |
| Ex. 26 – IP Section Newsletter | fn. 90. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 27 – Texas Lawyer – venue reform | fn. 94. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 28 – IP Law 360 – venue reform | fn. 95. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 29 – Nat. Law Journal – EDTX patent docket | fn. 96. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 30 – The American Lawyer – Taming Texas | fn. 97. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 31 – Yahoo Finance article | fn. 98. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. FED. R. EVID. 901. |
| Ex. 32 – Of Fire Ants and Claim Construction – Yale Law Review | fn. 91. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 33 – V&E Firm News – Application of KSR | fn. 99. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 34 – Inside Counsel – Small Town Attracts High Stakes IP Cases | fn. 100. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 35 – Dahl article on Marshall IP Docket | fn. 101. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 36 – Yahoo Finance article re: In re Volkswagen | fn. 102. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 37 – WSJ article on In re | fn. 103. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |

| | | |
|---|---|---|
| Volkswagen | | |
| Ex. 38 – Austin Statesman article on Marshall IP Docket | fn. 104. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 40 – Fitzgerald article – Ohio State Journal on Dispute Resolution | fn. 92. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |
| Ex. 41 – Schreiner & Baca – Status of IP Reform | fn. 93. | Irrelevant. FED. R. EVID. 402. Hearsay. FED. R. EVID. 802. Insufficient authentication. FED. R. EVID. 901. |

Because the objectionable materials identified above are not competent summary judgment evidence, Plaintiff respectfully requests that they be stricken from the record and that the Court not consider them for purposes of deciding Defendants' motion for summary judgment.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (SBN 63035)
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
Law Office of Patricia L. Peden
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

James A. Holmes (SBN 00784290)
The Law Offices of James Holmes, P.C.
605 South Main, Suite 203
Henderson, TX 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

   I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 15th day of December, 2008.

                */s/ Nicholas H. Patton*
                Nicholas H. Patton