# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 6:08cv00089** |
| | § | |
| **CISCO SYSTEMS, INC. RICHARD FRENKEL, MAULLUN YEN and JOHN NOH,** | § § § | |
| | § | |
|     **Defendant** | § | |

# PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL

## I. Introduction:

Cisco's motion is not clear about the relief it seeks or the legal authority it thinks supports its position. Although Cisco's motion is titled a motion "to compel," it doesn't seek to compel anything. Responding to Cisco's motion would have been easier had Cisco engaged in the meet and confer required under this Court's local rules. Cisco ignored the Court's meet and confer requirement, and its motion should be denied on that basis alone.

If the Court is inclined to consider Cisco's motion on the merits, the motion should be denied because Albritton's interrogatory responses are proper under Fed. R.Civ. P. 33(d).

Finally, Cisco's motion appears to be a motion for sanctions in disguise. As such, Cisco's motion is improper where, as here, it has not engaged in meet and confer and has not brought a motion to compel before seeking sanctions. More egregious is Cisco's attempt to limit Albritton's defamation cause of action to statements made in his complaint. Tellingly, Cisco cites no authority for the relief it seeks.

## II. Argument

### A. Cisco Failed To Meet And Confer As Required By The Local Rules

Courts in the Eastern District of Texas require that parties engage in a substantive meet and confer before filing a motion to compel. *See* L.R. CV-7 (h). The local rules require the parties have a *meaningful discussion, including a comparison of the views held by each party*, in a good-faith attempt to resolve the dispute before seeking court intervention. *Id*. Only after the moving party has concluded, in good faith, that discussions have reached an impasse is it permitted to turn to the court for resolution. *Id*. The meet and confer requirement is express, substantive and enforced.

Cisco failed to meet and confer before bringing its motion. Cisco's counsel called Albritton's counsel at 6:30 p.m. (the night before Thanksgiving) informing her that Cisco intended to amend its motion to change the relief sought. *See* Peden Decl. at ¶ 2. Although

Albritton told Cisco that he would provide amended interrogatory responses,[1] Cisco filed its amended motion to compel 30 minutes later. *Id*. at ¶ 3-4. Cisco didn't even attempt the pretext of a meet and confer, but simply stated its intent to file if Albritton did not agree in the next thirty minutes to limit his cause of action to statements set forth in his complaint. *See id*.

Because Cisco failed to follow this court's local rules regarding substantive meet and confer, its motion should be denied on that basis alone.

### B. Albritton's Interrogatory Responses Are Proper Under Federal Rule of Civil Procedure 33(d)

Federal Rule of Civil Procedure 33(d) permits a party to respond to an interrogatory by indentifying business records responsive to the question posed when the answer can be derived from the records and where the burden of deriving the answer is substantially the same for the propounding party.

Cisco's motion suggests that Albritton is required to go line by line through Frenkel's posts and identify each word and phrase that Albritton believes defamed him. Mot. at 5. Cisco's argument ignores that the posts in their totality are defamatory of Albritton. *See Turner v. KTRK Television,* 38 S.W.3d at 103, 114-15 (Tex. 2000); 114-16; *see also Golden Bear Dist. Sys. of Texas v. Chase Revel, Inc.*, 708 F.2d 944, 949 (5th Cir. 1983); *Texas Disposal Sys Landfill, Inc. v. Waste Mgmt Holdings*, 219 S.W.3d 563, 583 (Tex. App.- Austin [3rd Dist] 2007).

In *Turner,* the Texas Supreme Court held that a plaintiff can bring a claim for defamation when a publication creates a substantially false and defamatory impression. 38 S.W.3d at 115. The Turner broadcast questioned a mayoral candidate's involvement in his former client's multi-million-dollar insurance scam. *Id.* at 111. While Turner's role was limited to drafting and probating the client's will, the report gave the false impression that he was involved in the conspiracy to fake the client's death. *Id.* at 117-19. The Texas Supreme Court concluded that the broadcast as a whole was substantially false and defamatory. *Id.* at 119 (statements defamatory as a result of the false impressions and inferences). Here too, Cisco's defamatory

---

[1] Albritton's amended responses would have stated that the posts in their entirety create a defamatory impression.

posts, in their entirety, create the false impression that Albritton engaged in criminal and unethical behavior. Consequently, Albritton's response to Cisco's interrogatories is proper.

Cisco argues that Rule 33(d) cannot be used to respond to its interrogatories because Frenkel's posts are not business records. Mot. at 3. The posts may be Cisco business records because Frenkel was acting within the course and scope his legal employment at Cisco and posted the defamatory comments at the direction of his immediate supervisor, Mallun Yen. But, if the court does not conclude that the posts are Cisco's business records, then Cisco is likely correct because Frenkel is not a journalist and his posts are not the business records of a media defendant. The issue hardly matters. If Cisco wants Albritton to type Frenkel's defamatory posts word for word in response to its interrogatories, Albritton is willing (and has always been willing) to do that. Cisco could have asked for that meaningless concession before filing its motion. Cisco's hyper-technical argument—never raised in the course of a meet and confer—doesn't seem worth burdening the court.

### C. Cisco Is Not Entitled To The Sanction-Type Relief Its Motion To "Compel" Seeks.

Cisco's motion is not a model of clarity, and it is impossible to determine what relief Cisco is seeking, let alone the basis for its requested relief. Cisco's motion is styled a "motion to compel," but Cisco's motion doesn't seek to compel discovery. Instead, without citing what rule it relies upon or providing any legal authority to support its request, Cisco's motion appears to seek some sort of discovery sanction for Albritton's failure to provide Cisco with amended interrogatory responses. Here, Cisco did not meet and confer before seeking its sanction-like remedy, ignored Albritton's statement that he would provide amended responses. Cisco cannot circumvent the meet and confer requirement, motion practice before the court, and skip right to sanctions. Cisco's brief offers no authority to the contrary.

More problematic is that Cisco's motion seeks to limit Albritton to the statements made in his complaint. Under the Federal Rules of Civil Procedure, Albritton's complaint need only

provide notice pleading of his claims. Cisco's requested relief is meritless and not supported by the law. Again, Cisco has provided no authority to the contrary.

Cisco's motion fails to provide the Court and Albritton with the legal basis for its requested relief and can be denied on that basis alone. Should Cisco provide some legal authority in its reply brief, Albritton reserves the right to respond to Cisco's argument in his sur-reply.

### III. Conclusion

For all the forgoing reasons, Cisco's motion should be DENIED.

Respectfully Submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (SBN 63035)
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
Law Office of Patricia L. Peden
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

James A. Holmes (SBN 00784290)
The Law Offices of James Holmes, P.C.
605 South Main, Suite 203
Henderson, TX 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of December, 2008.

*/s/ Nicholas H. Patton*
Nicholas H. Patton