IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, | § | |
| | § | |
| PLAINTIFF. | § | CIVIL ACTION NO.: 6:08-CV-89 |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| (1) CISCO SYSTEMS, INC., (2) RICHARD FRENKEL, (3) MALLUN YEN and (4) JOHN NOH, | § § § § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED (CORRECTED) RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants CISCO SYSTEMS, INC., RICHARD FRENKEL, MALLUN YEN[1] and JOHN NOH[2] ("Defendants") request the Court to strike the argument section of Plaintiff's Corrected Response to Defendants' Motion for Summary Judgment filed on December 19, 2008 and in support of same would show the Court as follows:

1. At the parties' request, this Court extended the discovery deadline to November 24, 2008[3] and the dispositive motions deadline to November 26, 2008, the day before Thanksgiving. (Docket No. 95). Defendants served Plaintiff Eric Albritton ("Plaintiff") with their motion for summary judgment on November 26, 2008 before 5:00 p.m. Thereafter, Plaintiff requested and Defendants agreed to an extension of time for Plaintiff to file his response to the motion for summary judgment. The Court granted Plaintiff an extension "to and including

---

[1] Subject to her Motion to Dismiss.

[2] Subject to his Motion to Dismiss.

[3] Defendant took the deposition of Michael Smith in Marshall on November 24, 2008. (Docket No. 79). Plaintiff took one of the four depositions he noticed in Dallas on November 24, 2008. (Docket Nos. 89-92)

December 15, 2008 to file his Response to Defendants' Motion for Summary Judgment." (Docket No. 108). Plaintiff served Defendants with his response to the summary judgment motion on December 15, 2008 at 11:45 p.m., which means it was served on the 16th.

2. While working on their reply to the response served on December 16, 2008, Defendants were served with Plaintiff's CORRECTED Response to Defendants' Motion for Summary Judgment on December 19, 2008 at 5:49 p.m. (Doc. No. 115). The only explanation given for the "correction" is the name of the document as it was emailed, which reads "CORRECTED Opp to SJ after headers received." Plaintiff did not request an extension of the Court imposed deadline before filing the "corrected" response.

3. Defendants assume Plaintiff filed the "corrected" response to correct the internet header information that Defendants had provided Plaintiff after he filed his December 15, 2008 response. By way of background, following the close of discovery, Defendant provided Plaintiff with certain internet header information. The internet header is hidden information contained on the recipient's copy of an email that provides information about how the email traveled through the internet from the sender to the recipient. In tracking the time in an internet header, the time zone on the email can be identified. None of the parties produced internet header information during the discovery phase of the case. Two days before Plaintiff filed his response to the summary judgment motion, Defendants provided Plaintiff with the internet header information for 18 emails. On December 17, 2008, an additional internet header was located and provided to Plaintiff. Thereafter, on December 19, 2008, Plaintiff filed his "corrected" response to Defendants' motion for summary judgment.

4. Defendants are not asking that the Court strike the "corrected" email time references in Plaintiff's response. These changes provided for a standardized time zone

**Defendants' Motion to Strike Plaintiff's Amended**
**(Corrected) Response to Defendants' Motion for Summary Judgment**

-Page 2-

reference. (Docket No. 115 at pp. 33, 35 and 36). Further, Defendants do not object to the fact that the October 18, 2007 emails with "corrected" time references of 1:27 p.m. and 2:33 p.m. were moved from items Plaintiff cites as occurring before Frenkel published the October 18, 2007 PTT article to items Frenkel received after he published the October 18, 2007 PTT article. (Docket No. 115 at p. 35).

5. Rather, Defendant objects to Plaintiff's amended and rewritten "actual malice" argument that appears on pages 34 - 41 of the corrected response and requests that said argument be stricken from the record. (Docket No. 115). The new arguments were not raised in the original response and were not created by any information contained in the internet headers. Plaintiff has used the opportunity to correct email time references in order to be consistent with a single time zone to totally rewrite their response to Defendants' summary judgment motion days after this Court ordered that the response be filed. (Docket No. 108).

6. Defendant also objects and moves to strike Plaintiff's Exhibit 13 from the Summary Judgment record. Although Plaintiff submitted an Exhibit 13 to his December 15, 2008 Response, he did not reference the exhibit in the Response. In the Corrected Response, Plaintiff makes repeated references to Exhibit 13. (Docket No. 115 at Footnotes 9, 15-16, 19, 22, 27-28, 32, 47-49, 54 and 96.

7. In the interest of justice, Plaintiff should not be allowed to rewrite an argument, add additional evidence, and submit an amended brief 4 days after the response deadline. As all references in the Response to Exhibit 13 and the revised argument contained on pages 34-41 of Plaintiff's Corrected Response were untimely, Defendants move the Court to strike the argument in pages 34-41 of Plaintiff's Corrected Response and Plaintiff's Exhibit 13 from the Summary Judgment record. (Docket No. 115). In the event the Court does not strike the Corrected

**Defendants' Motion to Strike Plaintiff's Amended**
**(Corrected) Response to Defendants' Motion for Summary Judgment**

-Page 3-

Response, Defendants respectfully request that the Court extend their deadline to respond to the additional arguments made in the Corrected Response.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC., MALLUN YEN,
AND JOHN NOH

GEORGE MCWILLIAMS, P.C.

By: /s/ George L. McWilliams with permission by Charles L. Babcock
George L. McWilliams
Texas Bar No: 13877000
GEORGE L. MCWILLIAMS, P.C.
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
(903) 277-0098
(870) 773-2967—Fax
Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

# CERTIFICATE OF SERVICE

This is to certify that on this 24th day of December, 2008, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff Eric Albritton***

/s/ Charles L. Babcock
Charles L. Babcock