IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ERIC M. ALBRITTON | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

## DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco"), Richard Frenkel ("Frenkel"), Mallun Yen,[1] and John Noh[2] (collectively, "Defendants"), hereby file this Objections and Motion to Strike Plaintiff's Evidence Cited in Response to Defendants' Motion for Summary Judgment as follows:

### I. INTRODUCTION

1. This is a defamation action concerning two articles published by Frenkel (the "Articles") in an internet publication called the Patent Troll Tracker (the "PTT"). Plaintiff Eric Albritton ("Albritton") alleges that the Articles falsely accused him of criminally altering court records in *ESN, LLC v. Cisco Systems, Inc. and Cisco-Lynksys, LLC*, Civil Action No. 5:07-cv-156-DF-CMC, in the United States District Court for the Eastern District of Texas-Texarkana Division (the "ESN Action"). Defendants filed a Motion for Summary Judgment seeking dismissal of all of Albritton's claims and Plaintiff responded to Defendants' Motion. Defendants

---

[1] Subject to her Motion to Dismiss.
[2] Subject to his Motion to Dismiss.

ask the Court to strike the objectionable summary judgment evidence that was submitted in support of Plaintiff's Response.

## II. ARGUMENT AND AUTHORITY

2. In adjudicating a motion for summary judgment, the Court must look at all of the evidence and pleadings. FED. R. CIV. P. 56(d)(1). However, the Court is limited to considering only those facts which are admissible at trial. *See James v. Texas Collin County*, 535 F.3d 365, 374 (5th Cir. 2008). "Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence" under Rule 56(e)(1) of the Federal Rules of Civil Procedure. *Villegas v. Dependable Constr. Servs., Inc.*, No. 4:07-cv-2165, 2008 WL 5137321, at *4 (S.D. Tex. Dec. 8, 2008); *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 510 n.5 (5th Cir. 2001) (("[e]vidence on summary judgment may be considered to the extent not based on hearsay" (internal citations omitted)). The prohibition on hearsay preserves the opposing party's ability to probe the moving party's assertions and evidence through cross-examination. *See* Michael H. Graham, *Handbook of Federal Evidence* § 801.1, at 194-95 (4th ed. 1996) (the primary purpose of the rule excluding hearsay is to preserve the ability "to conduct cross-examination" of assertions of truth). In the present case, evidence presented by Plaintiff in opposition to Defendants' motion for summary judgment is inadmissible.

### THE DECLARATIONS OF SAM BAXTER, LOUIS BRUCCELERI, OTIS CARROLL AND DANNY WILLIAMS ARE NOT COMPETENT SUMMARY JUDGMENT EVIDENCE

3. The four declarations of Sam Baxter, Exhibit 2; Louis Brucceleri, Exhibit 3; Otis Carroll, Exhibit 4; and Danny Williams, Exhibit 6, contain largely identical statements:

> "I have read the Patent Troll Tracker blog postings at issue in this litigation. When I read the October 17-18 postings, I understood that the blogger accused Eric Albritton of a crime and unethical

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

2

conduct." (Baxter Declar. ¶ 3, Brucceleri Declar. ¶ 3, Williams Declar. ¶ 3.)

"The October 17-18 2007 postings accused Eric Albritton of complicity in altering official court documents. This conduct would constitute a crime and would constitute unethical conduct for a lawyer." (Carroll Declar. ¶ 3.)

"The accusations made against Eric Albritton in the Patent Troll Tracker blog could be damaging to his business and career." (Baxter Declar. ¶ 4, Brucceleri Declar. ¶ 4, Carroll Declar. ¶ 4, Williams Declar. ¶ 4.)

I understand and know it to be commonly understood by those that practice in the Eastern District of Texas that the Court's "Electronic document Stamp" on a "Notice of Electronic Filing" is the official record of the time and date of filing." (Baxter Declar. ¶ 5, Carroll Declar. ¶ 5, Williams Declar. ¶ 5.)

The declarants are not ordinary readers. They are all lawyers and friends of Albritton who practice in the Eastern District of Texas. The above statements are conclusory, unsupported assertions, unsupported speculations and irrelevant.

4. Specifically, the four lawyers' understanding of the Articles is not relevant to any issue in this case. FED. R. EVID. 402. Further, none of the lawyers has established his competency to testify on the matters stated. FED. R. CIV P. 56(e)(1). Nor is the testimony predicated on a reliable foundation. Additionally, none of the lawyers has shown himself qualified to render expert opinion concerning any alleged effect of the Articles on Plaintiff's business and career. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-94, 113 S.Ct. 2786, 2796-97 (1993). Hence, the above cited paragraphs from the declarations of Sam Baxter, Louis Brucceleri, Otis Carroll and Danny Williams are incompetent summary judgment evidence.

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

3

### EXCERPTS FROM THE DEPOSITION OF ERIC ALBRITTON ARE NOT COMPETENT SUMMARY JUDGMENT EVIDENCE

5. In Exhibit 7 at page 80:10 – 81:13, Albritton is paraphrasing an opinion expressed by a third party on an unidentified document. "And in the documents that you've produced, Mr. Babcock, you can see that Mr. Barclay evidently believes, hook, line, and sinker, that I'm a criminal based on what George McWilliams' client said with you – while working for your client in the course and scope of his employment." This testimony is hearsay and inadmissible as summary judgment evidence. FED. R. EVID. 802.

### EXCERPTS FROM THE DEPOSITION OF OTIS CARROLL ARE NOT COMPETENT SUMMARY JUDGMENT EVIDENCE

6. Plaintiff attaches excerpts from the deposition of Otis Carroll as Exhibit 9. Admitting he hadn't read the Articles, Carroll testified that if the Articles implied "some kind of document tampering against Eric Albritton...that would be a serious charge to make against any lawyer...I mean, it's a crime, you know, tampering with government records." (Exhibit 9, page 9:11 through 11:15.) Clearly, Carroll's deposition testimony is speculative and conclusory and therefore improper summary judgment evidence. *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004); *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

### EXHIBIT 13 IS NOT REFERENCED AS SUPPORT FOR ANY FACT OR ARGUMENT IN PLAINTIFF'S RESPONSE

7. Exhibit 13 is a collection of documents. It is not referenced in Plaintiff's response. As it has not been referenced for any fact or in support of any argument, it should not be any part of the Summary Judgment record.

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

4

#### EXCERPTS FROM THE DEPOSITION OF PETER J. MCANDREWS ARE NOT COMPETENT SUMMARY JUDGMENT EVIDENCE

8. Exhibit 15 is composed of excerpts from the deposition of Peter J. McAndrews. At page 79: 4-20, McAndrews describes a discussion with an unidentified "partner at my firm," which is inadmissible hearsay. FED. R. EVID. 802. Further, in the excerpt beginning on page 89 and continuing through page 91:15, McAndrews relays a conversation with one of his partners, who was in turn relaying a conversation with a third party, and is therefore double hearsay and consequently inadmissible summary judgment evidence. Nor is McAndrews' conclusory statement on Page 79: 21-25 proper summary judgment evidence. "They [Eric Albritton and Johnny Ward] have a bad name subsequent to the Troll Tracker fiasco." *Cooper-Schut*, 361 F.3d at 429; *Clark.*, 110 F.3d at 297; *Evans*, 80 F.3d at 962.

#### EXCERPTS FROM THE DEPOSITION OF MICHAEL CHARLES SMITH ARE NOT COMPETENT SUMMARY JUDGMENT EVIDENCE

9. Exhibit 23 is composed of excerpts from the deposition of Michael Charles Smith. At page 114:16 through 115:10, Smith testifies that the Article was probably an accusation of illegal conduct, but Smith goes on to admit that he is not familiar with specifics of the law. At page 115:19-24, Smith can only state that it's possible that the allegation in the Article could damage one's reputation. Smith is clearly improperly speculating. Further he's attempting to give an opinion for which he has not been shown to have expertise, and hence his testimony is not competent summary judgment proof. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-94, 113 S.Ct. 2786, 2796-97(1993). FED. R. EVID. 702.

#### APPLICATION TO APPEAR PRO HAC VICE IS NOT COMPETENT SUMMARY JUDGMENT EVIDENCE

10. Plaintiff's Exhibit 32 is an Application to Appear Pro Hac Vice filed by Richard G. Frenkel on June 16, 2005 in an unrelated case pending in the United States District Court for

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

5

the Eastern District of Texas. As evidenced by General Order No. 05-19 signed by Chief Judge Thad Heartfield on November 2, 2005, and attached as Exhibit A, electronic filing of complaints was first implemented in the Eastern District during the fall of 2005. This was several months after Frenkel signed the application. Therefore, Exhibit 32 has no relevance to this action, and is not proper summary judgment evidence. FED. R. EVID. 402.

## PRAYER FOR RELIEF

Defendants pray that this Court strike the following Exhibits and portions of Exhibits offered in support of Plaintiff's Response to Defendants' Motion for Summary Judgment:

1. Exhibit 2, Paragraphs 3, 4 and 5 of the declarations of Sam Baxter;
2. Exhibit 3, Paragraphs 3, 4, and 5 of the declaration of Louis Brucceleri;
3. Exhibit 4, Paragraphs 3, 4, and 5 of the declaration of Otis Carroll;
4. Exhibit 6, Paragraphs 3, 4, and 5 of the declaration of Danny Williams;
5. Exhibit 7, page 80:10 through 81:13;
6. Exhibit 9, page 9:11 through 11:15;
7. Exhibit 13;
8. Exhibit 15, page 79:4-25 and page 89:5 through 91:15;
9. Exhibit 23, page 114:6 through 115:10 and page 115:19-24; and
10. Exhibit 32

of Plaintiff's summary judgment evidence, and for such other relief as the Court deems just and proper.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC., MALLUN YEN
and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By: /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

**DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

7

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of December, 2008, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff Eric Albritton***


                 /s/ Charles L. Babcock
                 Charles L. Babcock

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

8