IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ERIC M. ALBRITTON | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco"), Richard Frenkel ("Frenkel"), Mallun Yen[1], and John Noh[2] (collectively, "Defendants"), hereby file this Response to Plaintiff's Objections and Motion to Strike Summary Judgment Evidence as follows:

## I. INTRODUCTION

This is a defamation action concerning two articles published by Frenkel (the "Articles") in a news-based internet publication called the Patent Troll Tracker (the "PTT"). Plaintiff Eric Albritton ("Albritton") alleges that the Articles falsely accused him of conspiring with a court clerk to alter the filing date of the complaint in *ESN, LLC v. Cisco Systems, Inc. and Cisco-Lynksys, LLC*, Civil Action No. 5:07-cv-156-DF-CMC, in the United States District Court for the Eastern District of Texas-Texarkana Division (the "ESN Action"). Defendants filed a Motion for Summary Judgment seeking dismissal of all of Albritton's claims, and in support, Defendants offered competent summary judgment evidence in accordance with Rule 56(e) of the Federal Rules of Civil Procedure.

---

[1] Subject to her Motion to Dismiss.
[2] Subject to his Motion to Dismiss.

Albritton's objection to portions of that evidence is merely an effort to camouflage the weaknesses in his case. Albritton's evidentiary challenges either mischaracterize the use of certain evidence or misinterpret the hearsay rule, the rules on authentication, and other applicable Federal Rules of Evidence. Because all of the evidence offered by Defendants in support of summary judgment is competent and admissible under the Federal Rules of Evidence, the Court should overrule Albritton's objections and admit the evidence in question, which supports summary judgment for Defendants.

## II. ARGUMENT & AUTHORITIES

### A. The Testimony Contained in the Declaration of Richard Frenkel is Proper, Admissible Evidence.

Albritton objects to four paragraphs of testimony in the Declaration of Richard Frenkel ("Frenkel's Testimony"), Exhibit 1 to Defendants' Motion for Summary Judgment. Pl.'s Obj. at 1-2. Albritton asks the Court to exclude Paragraphs 9, 10, 11, and 12 in their entirety, objecting that the testimony is "not probative of any fact issue" and constitutes unsubstantiated legal conclusions. *Id.* Both of Albritton's objections are unfounded.

Frenkel's state of mind regarding the meaning of the publication and its falsity at the time of publication is relevant and often dispositive in a defamation case. *See Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 120 (Tex. 2000) (where the claim rests on a defamatory message as a whole, the plaintiff must present "clear and convincing evidence that the defendant knew or strongly suspected that the publication as a whole could present a false and defamatory impression of events"); *Huckabee v. Time Warner Entm't Co. L.P*[3]; *Newton v. National Broadcasting Co.*, 930 F.2d 662 (9th Cir. 1990) (the defendants' knowledge is a Constitutional element because an objective standard "would permit liability to be imposed not only for what

---

[3] 19 S.W.3d 413, 426 (Tex. 2000).

was said but also for what was not intended to be said"); *Eastwood v. National Enquirer, Inc.*, 123 F.3d 1249, 1256 (9th Cir. 1997) ("Of course, under *New York Times v. Sullivan*, it is not dispositive that most, even all, of the *Enquirer's* readers believed Eastwood had granted an interview to the *Enquirer;* there is no actual malice where journalists unknowingly mislead the public"); *see Reed v. Chevron Pipe Line Co.*,[4] (reversing and rendering judgment for the defendant because plaintiff did not produce evidence to rebut defendant's testimony that he believed his statements to be true at the time they were published); *WFAA-TV, Inc. v. McLemore*,[5] (holding that "Williams' beliefs and the basis for them was sufficient for WFAA to meet its burden of negating actual malice"); *Hearst Corp. v. Skeen*[6] (holding that summary judgment was proper where the defendants' affidavit, "which stated he believed the article was true and accurate based on his extensive research" negated actual malice and shifted the burden to the plaintiffs to raise a fact issue); *Carr v. Brasher*,[7] (holding that summary judgment was proper where the defendant submitted an affidavit stating that they entertained no doubts about the truth of the statements and the plaintiff produced no proof of malice).

In this lawsuit, Albritton claims that the October 18 Article is defamatory because, simply by using the word "conspiracy," it accused him of a crime. He also contends that the phrase "banana republic," which appeared only briefly in an initial version of that Article, makes the Article defamatory (despite the fact that the phrase is not "of and concerning" Albritton). Frenkel's Testimony relates directly to his state of mind regarding the meaning and falsity of his use of the words "conspiracy" and "banana republic" and therefore is relevant and possibly case dispositive as set forth in the cases cited above.

---

[4] 84 F.3d 432 (5th Cir. 1996)
[5] 978 S.W.2d 568, 574 (Tex. 1998)
[6] 159 S.W.3d 633, 637 (Tex. 2005)
[7] 776 S.W.2d 567, 571 (Tex. 1989)

3

Indeed, Frenkel's Testimony explains that he did not use the word "conspiracy" to accuse Albritton or anyone else of committing a crime, but to state his belief that Albritton and the court clerk acted together to change the ESN Action's docket sheet – an act Frenkel believed at the time (and still believes) is "outrageous." Ex. 1 ¶¶ 9, 11. Frenkel's Testimony also provides his state of mind concerning the use of the phrase "banana republic," including the fact that he deleted the phrase within a day after it appeared on the PTT. Ex. 1 ¶ 10. Frenkel also explains that the words he used in the Articles are a reflection of the political debate about patent reform in the Eastern District of Texas, which Frenkel says is a "public controversy." Ex. 1 ¶ 12.

As Albritton concedes, the circumstances surrounding the use of Frenkel's statements are an important factor in determining whether the words are defamatory. Pl.'s Obj. at 1 (quoting *Fiber Sys. Int'l v. Roehrs*, 470 F.3d 1150, 1163 (5th Cir. 2006)). To be sure, "[c]ontext can be determinative that a statement is opinion and not fact," especially when "the surrounding circumstances of a statement are those of a heated political debate, where certain remarks are necessarily understood as ridicule or vituperation, or both, but not as descriptive of factual matters." *Koch v. Goldway*, 817 F.2d 507, 509 (9th Cir. 1987).

Frenkel's Testimony explains among other things, his state of mind regarding the meaning of the Articles and regarding their truth. Striking Frenkel's Testimony would deprive the Court potentially case dispositive evidence of Frenkel's state of mind and of the information necessary to place the Articles in their proper context. The testimony is competent, admissible evidence, and the Court should overrule Albritton's unfounded objections and deny his Motion to Strike.

**B.     Albritton's Objections to the Authenticity of Defendants' Summary Judgment Evidence are Unfounded.**

Albritton claims in conclusory fashion with no explanation that eighteen (18) of the exhibits presented by Defendants in support of summary judgment have not been authenticated: Exhibits 1-D, 1-E, 1-I, 24, 26-30, 32-38, and 40-41. Pl.'s Obj. at 2-4. As demonstrated below, these baseless objections are yet another transparent attempt by Albritton to divert the Court's attention from the deficiencies in his case.

First, Exhibits 1-D, 1-E, 26-30, 32-38, and 40-41, which consist of articles published by newspapers, magazines, or legal journals, are all self-authenticating pursuant to Rule 902(6) of the Federal Rules of Evidence. *See* FED. R. EVID. 902(6) (providing that printed materials "purporting to be newspapers or periodicals" are self-authenticating and do not require "[e]xtrinsic evidence of authenticity"); *Woolsey v. National Transp. Safety Bd.*, 993 F.2d 516, 520 (5th Cir. 1993), *cert. denied*, 511 U.S. 1081 (1994) (magazine articles, self-promotional statements such as a press-kit, and advertisements appearing in a magazine were self-authenticating under Rule 902(6)); *Hicks v. Charles Pfizer & Co. Inc.*, 466 F.Supp.2d 799, 805 (E.D. Tex. 2005) ("Under the Federal Rules of Evidence, newspaper articles are self-authenticating.").

Moreover, Frenkel's Declaration provides additional evidence that Exhibits 1-D and 1-E are what they purport to be. Frenkel states that based on his personal knowledge, Exhibit 1-D and 1-E are "true and correct copies" of the respective articles. Ex. 1 ¶¶ 4-5. This alone is sufficient to authenticate these exhibits. FED. R. EVID. 901(b)(1) (allowing authentication to be demonstrated with testimony of a witness "that a matter is what is claimed to be").

For the same reason, Frenkel's Declaration sufficiently authenticates Exhibit 1-I, as Frenkel states that based on his personal knowledge, he received the two e-mails in question and

5

that the copies attached as Exhibit 1-I are "true and correct." Ex. 1 ¶ 8. Thus, Exhibit 1-I is properly authenticated. FED. R. EVID. 901(b)(1).

Finally, with respect to Exhibit 24, Albritton produced the e-mail in question. This fact is prima facie evidence that Exhibit 24 is authentic. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir. 1998) (fact that document was produced by party against whom the document is offered as evidence is sufficient proof of authenticity).

Accordingly, the Court should overrule all of Albritton's authenticity objections because they are wholly without merit.

### C. Albritton's Hearsay and Relevancy Objections to Exhibits 26-38 and 40-41 are Unfounded.

Albritton presents more boilerplate objections that Exhibits 26-38 and 40-41 are irrelevant and constitute inadmissible hearsay. Pl.'s Obj. at 2-4. Albritton is wrong. Exhibits 26-38 and 40-41 are published articles concerning the widespread public debate over the current patent law system and calls for its reform. Albritton's hearsay objections assume that the articles are offered to prove the truth of the matters asserted therein, *i.e.*, that the patent law system is or is not broken or that solutions to perceived problems with the system have been offered. However, Defendants did not offer the articles for that purpose. Rather, the articles are offered as evidence that a public controversy exists regarding the patent law system and that the system and its proposed reforms are the subject of widespread public debate. *See* Defs.' Mot. for Summ. J. at 18-23.

The legal significance of this public controversy and debate – as evidenced by the publication of the articles themselves – exists independently of any particular statement made in the articles. *See Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 433 (5th Cir. 1987) (applying a test to determine whether a libel plaintiff is a limited-purpose public figure, one

element of which is that the controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution). The purpose of offering the articles as evidence thus is not to prove the truth of statements made in the articles, but to demonstrate the existence of this public controversy and debate. Thus, Exhibits 26-38 and 40-41 are not hearsay, and the Court should overrule Albritton's objections. *See* FED. R. EVID. 801(c).

Likewise, the Court should overrule Albritton's relevancy objections to Exhibits 26-38 and 40-41 because the articles are probative of whether Albritton is a limited-purpose public figure under *Trotter*. Specifically, the articles demonstrate that a public controversy exists with respect to the patent law system, which is the first prong of the *Trotter* test. *See* Defs.' Mot. for Summ. J. at 18-23. Accordingly, Exhibits 26-38 and 40-41 should remain in the summary judgment record.

### D. The Remainder of Albritton's Boilerplate Objections are Unfounded.

Albritton lodges a litany of further objections, each of which are unfounded and invalid.

#### 1. Exhibits 1-D, 1-E, and 1-I Do Not Contain Hearsay.

Albritton has not articulated why he believes Exhibits 1-D, 1-E, and 1-I contain inadmissible hearsay, but in any event, his boilerplate objections fail. A statement does not fall under the hearsay rule if it was offered, not to prove the truth of the matter asserted, but to prove that the statement was made. FED. R. EVID. 801(c); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1090 (5th Cir. 1988). The statements made in Exhibits 1-D and 1-E, which are articles about the filing of the ESN Action, and Exhibit 1-I, which are e-mails regarding the docket in the ESN Action, are not offered to prove that the ESN Action was filed or that any other matter stated therein occurred. Rather, they are offered as examples of the sources from which Frenkel learned about the filing of the ESN Action. *See* Defs.' Mot. for Summ. J. at 4-5.

The significance of Exhibits 1-D, 1-E, and 1-I lies not in any statement made therein, but in the fact that Frenkel read the statements, *i.e.*, that the statements were made. Thus, Exhibits 1-D and 1-E are not hearsay. FED. R. EVID. 801(c); *Snyder*, 839 F.2d at 1090.

### 2. Exhibit 2 Contains Relevant Evidence Regarding Albritton's Claims of Reputational Harm and Damages.

Albritton objects to Exhibit 2, which contains excerpts of his deposition in this case, on the ground that it presents irrelevant economic damages testimony. Pl.'s Obj. at 2. Defendants rely on Pages 132:23-133:1 and 134:2-3 of Exhibit 2 to establish that "Albritton believes that he will make more in 2008 than he did in 2007, and he is not claiming that he has been financially harmed" – facts taken directly from Albritton's deposition. Defs.' Mot. for Summ. J. at 10. Far from being irrelevant, these facts are clearly probative of – in fact, essential to – the merits of Albritton's claim. Accordingly, the Court should overrule Albritton's objection to Exhibit 2.

### 3. Exhibits 3, 7-10, and 13 Do Not Contain Hearsay.

Albritton asks the Court to exclude testimony from six of the seven clerks of the United States District Court for the Eastern District of Texas who have been deposed in this case (the "Clerks"). Pl.'s Obj. at 2-3. Albritton objects to Exhibits 3, 7-10, and 13, which contain excerpts of the Clerks' depositions, alleging that their testimony constitutes hearsay, that the witnesses lack personal knowledge, or both.

First, the Court should overrule Albritton's objections that Exhibits 9 and 13, excerpts of the depositions of Clerks Cynthia Paar ("Paar") and Rhonda Lafitte ("Lafitte"), respectively, are not based on personal knowledge. The testimony Albritton objects to in Exhibit 9 concerns conversations that Paar had with one of her fellow clerks regarding the filing of the ESN Action. This testimony is clearly based on Paar's first-hand knowledge as she was a party to the conversations at issue. Moreover, Paar's answer that, "I found that there was not a system

8

problem, that it did exactly what it was supposed to do" (7:20-21) could not be hearsay because it was her personal statement of her own state of mind. Similarly, Paar's testimony about her own statement to others and her own state of mind are not hearsay. Likewise, the testimony Albritton objects to in Exhibit 13 concerns Lafitte's personal knowledge about procedures for and instances of altering a court's docket. As a clerk in the Eastern District of Texas, Lafitte clearly has first-hand knowledge of both subjects. Accordingly, Albritton's objections that Exhibits 9 and 13 lack personal knowledge are unfounded and must be overruled.

Similarly, Exhibit 3 at 42:14-24 is testimony regarding Maland's own experience, so it could not be hearsay. He specifically says, "there's only one that I recall adjusting or correcting the filing date, and it involved a patent case filed by Eric Albritton, only time." Similarly, parts of Exhibits 7-10 are testimony regarding the declarant's own statements or state of mind and thus are not hearsay.

With respect to the rest of Exhibits 3 and 7-10, the Court should overrule Albritton's hearsay objections because the Clerks' testimony is admissible pursuant to the residual hearsay exception. FED. R. EVID. 807. Albritton cannot genuinely dispute that the Clerks are a reliable – in fact, the best – source of information regarding the procedures for filing a complaint in the Eastern District of Texas and requests to alter courts' dockets. In addition, the Clerks obviously are uniquely qualified to testify about their communications regarding the filing of the ESN Action. Moreover, the indicia of reliability presented in the Clerks' testimony under oath coupled with the fact that Albritton had sufficient opportunity at the Clerks' depositions to cross-examine each of them warrants admitting the evidence under the residual hearsay exception. *See* FED. R. EVID. 807; *U.S. v. Ismolia*, 100 F.3d 380, 393 (5th Cir. 1996) (statements admissible under residual exception where "guarantees of trustworthiness exist"). Albritton simply has no

legitimate basis to attack the Clerks' credibility. Accordingly, Albritton's hearsay objections are unfounded.

Finally, even if Exhibits 3 and 7-10 contain hearsay, "the Federal Rule governing summary judgment contemplates a certain degree of reliance on hearsay, as it permits parties to submit 'supporting affidavits,' as well as other out-of-court statements such as 'depositions, answers to interrogatories, and admissions.'" *Electronic Planroom, Inc. v. McGraw-Hill Co.*, 135 F. Supp. 2d 805, 817 (E.D. Mich. 2001) (citing FED. R. CIV. P. 56(a)-(c)). As Courts have found, "otherwise admissible evidence [may] be submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form." *McMillan v. W.E. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996); *see Bailey v. Floyd County Bd. of Ed.*, 106 F.3d 135, 145 (6th Cir. 1997) (noting that deposition testimony is admissible in a summary judgment context even if the deposition itself is not admissible at trial, "provided substituted oral testimony would be admissible...."). Accordingly, the Court should overrule Albritton's hearsay objections to Exhibits 3 and 7-10.

### 4. Exhibit 4 is Admissible as an Admission by a Party Opponent, or Pursuant to the Residual Hearsay Exception.

Albritton moves to strike portions of Exhibit 4, which contains excerpts of the deposition of his legal assistant, Amie Mathis ("Mathis"), on the ground that her statements constitute hearsay. Pl.'s Obj. at 2. Mathis's statements are not hearsay because she is testifying regarding her own statements. To the extent she goes beyond her own statements, the testimony is admissible as admissions by a party opponent. *See* FED. R. EVID. 801(d)(2). Under Rule 801(d)(2), "a statement is not hearsay if the statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." *Id.* Because Mathis's statements

are vicarious admissions under Rule 801(d)(2), they are admissible. Alternatively, the portions of Exhibit 4 that Albritton objects to are admissible under the residual hearsay exception. *See* FED. R. EVID. 807.

### 5. Exhibit 24 Does Not Contain Hearsay.

Albritton's hearsay objection to Exhibit 24, an e-mail in which Albritton's lead counsel in the ESN Action calls Frenkel a "punk," is unfounded because the e-mail is not offered to prove the truth of the matter asserted, *i.e.*, that Frenkel is or is not a "punk," but to prove that the statement was made. *See* Defs.' Mot. for Summ. J. at 17. Accordingly, the Court should overrule Albritton's hearsay objection to Exhibit 24. *See* FED. R. EVID. 801(c); *Snyder*, 839 F.2d at 1090.

### 6. Exhibit 25 is Relevant.

Exhibit 25, a transcript of oral argument before the U.S. Supreme Court in *eBay v. MercExchange*, is clearly relevant to whether a public controversy exists regarding the patent law system, as it contains statements from a Supreme Court Justice regarding the controversy at issue. For the reasons discussed in Section II.C. above, the Court should overrule Albritton's objection to Exhibit 25.

## III. CONCLUSION

For the foregoing reasons, the Court should overrule Albritton's objections to Defendants' summary judgment evidence and deny his Motion to Strike in its entirety.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANTS
CISCO SYSTEMS, INC., MALLUN YEN
and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By:   /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of December, 2008, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock

5381548v.4