IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ERIC ALBRITTON, | § | |
|---|---|---|
| | § | |
| PLAINTIFF. | § | CIVIL ACTION NO.: 6:08-CV-89 |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| (1)CISCO SYSTEMS, INC., (2) RICHARD | § | |
| FRENKEL, (3) MALLUN YEN and (4) JOHN | § | |
| NOH, | § | |
| | § | |
| DEFENDANTS. | § | |

### DEFENDANTS' REPLY ("REPLY") TO PLAINTIFF'S UNTIMELY RESPONSE[1] (DOCKET #116) ("RESPONSE") TO DEFENDANTS' AMENDED MOTION TO COMPEL (DOCKET #104) ("MOTION")

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants CISCO SYSTEMS, INC., RICHARD FRENKEL, MALLUN YEN[2] AND JOHN NOH[3] hereby file their Reply to Plaintiff's Response to Defendants' Amended Motion to Compel Interrogatories.

## I. INTRODUCTION

**(In Reply to Plaintiff's Introduction, Response at Page 2)**

Plaintiff argues that the relief Defendants seek is "not clear" (Response at 2) but the motion asks that (i) "Plaintiff's objections (be) overruled" and (ii) (the Plaintiff) be "precluded from providing any additional evidence or arguments to vary the complained of Statements as articulated in the Complaint." (Motion at 5). The court can decide for itself whether the relief

---

[1] Defendants filed and electronically served their Amended Motion to Compel on November 26, 2008. Pursuant to Local Rule CV-7(e), Plaintiff's response was due "12 days from the date the motion was served" plus three days where the pleading is served electronically. Therefore, Plaintiff's response was due on December 11, 2008. Plaintiff did not file his response until December 19, 2008 and did not move for additional time to respond. Therefore, the Court should strike the response.

[2] Subject to her Motion to Dismiss.

[3] Subject to his Motion to Dismiss.

Defendants seek lacks clarity. Plaintiff's next response is that the motion "would have been easier" had Defendants engaged in the meet and confer requirement which Cisco "ignored." (Response at 2). But as our Certificate of Conference sets out (which is not refuted), the Defendants attempted multiple times to meet and confer on these interrogatories and each time the Plaintiff either refused to discuss the issue or refused to withdraw his objections. Even now Plaintiff says he would have answered the interrogatories by stating "the posts in their entirety create a defamatory impression" (Response at 3, fn 1) but, as of this writing, he has failed to provide even that nonresponsive answer to the interrogatory questions.[4]

Plaintiff says that his objections "are proper under FED. R. CIV. P. 33(d)" *Id.* But the language complained of is the most basic of information in a defamation case and is analyzed by the court, in the first instance, for its false and/or defamatory character. Plaintiff is confusing two different theories of liability as set out in *Turner v. KTRK*.[5] One is a false impression by omission or juxtaposition. The other is that "individual statements were false and defamatory."[6] Plaintiff has pled the latter but not the former theory.

Plaintiff concludes by arguing that the relief requested, which two paragraphs earlier was "not clear," is now "improper" because it is "a motion for sanctions." *Id.* But if Plaintiff had thought about it, he would have realized that if his objections were overruled he would be left with his answer which referred to the language laid out in the complaint. A court certainly has discretion to limit testimony "if a party fails to provide information…as required by Rule 26(a) or (e) [regarding supplementation of interrogatories]." FED. R. CIV. P. 37(c). We address these matters more fully below:

---

[4] We doubt that the court has authority to deny the motion for alleged failure to meet and confer "on that basis alone" (Response at 2) especially in light of the Plaintiff's continued resistance to provide the discovery.
[5] 38 S.W.3d 103 (Tex. 2000).
[6] *Id.* at 120.

## II. DEFENDANTS ATTEMPTED TO MEET AND CONFER AND DID IN FACT MEET AND CONFER WITH PLAINTIFF

### (In Reply To Plaintiff's Response at Pages 2-3)

Plaintiff's recitation of the meet and confer discussion leaves out a lot. As the Court may recall, the original motions deadline was November 21, 2008 although the parties had agreed and moved the court to extend it until the day before Thanksgiving (November 26) in order to accomplish additional discovery. But the court had not acted on that motion by November 20 when the original motion to compel was filed (Docket #88). In advance of that filing, lead counsel for Defendants had: (i) a face to face meeting with Plaintiff's lead counsel (Mr. Patton) on November 17; (ii) a face to face meeting and discussion with associate counsel (Ms. Peden) on November 18; (iii) an attempted "meet and confer" telephone conference on November 19; (iv) an email to Plaintiff's counsel on November 20 which said, in part, "I will withdraw the soon to be filed motion to compel answers to interrogatories if you will advise me in writing by the close of business (central time) today that you will withdraw all of the objections to these interrogatories and provide full and complete answers by the close of business (central time) tomorrow"; (v) a meet and confer telephone call with Defendants lead counsel, Plaintiff's associate counsel (Ms. Peden) and Plaintiff's lead counsel (Mr. Patton) after business hours on November 20 at which time Plaintiff's counsel refused to withdraw the objections to the interrogatory answers or provide further responses; and (vi) a telephone conference between Plaintiff's counsel and Defendants' counsel (Ms. Parker) on November 26 at 4:30 p.m. (Central), not 6:30 p.m. as alleged, shortly before the amended motion was filed.

Plaintiff fails to mention items (i) through (v) above and focuses on only item (vi), misrepresenting the time of the call (which even her email shows was at 4:30 p.m. Central/2:30

p.m. Pacific, not 6:30 p.m.). The meet and confer argument provides no support for Plaintiff's improper objections.

### III. ALBRITTON'S OBJECTIONS ARE NOT PROPER UNDER THE FEDERAL RULES

**(In Reply to Plaintiff's Response at Pages 3-4)**

Plaintiff made two objections to the interrogatories. The first was that the information "may be determined by examining the business records of Cisco Systems, Inc. and Rick Frenkel" (Motion at 2, setting out the objections). The Response does not explain how this examination would reveal to Defendants what language in the articles (Plaintiff refers to them as "posts") the Plaintiff complains about as false and defamatory. Instead, Plaintiff's Response counters an argument that Defendants never made. Plaintiff says the Defendants argued "that Frenkel's posts are not business records." (Response at 4) But Defendants made no such claim; Defendants' actual argument was "Defendants have no business records that reveal what Plaintiff complains about in this lawsuit" (Motion at 3) and went on to note, in any event, "Cisco is entitled to a sworn answer from Plaintiff himself setting out the language." The need for this information is two fold: (i) it eliminates language that for one reason or another is not at issue; and (ii) it locks in Plaintiff as to exactly what he is complaining about. A perfect example of the former is the Plaintiff's inconsistent approach to the "Banana Republic of East Texas" statement. His complaint pleads the language is false and defamatory as to him but in his deposition, Albritton appeared to say "'No" in response to a question about whether he was complaining about that statement.[7]

The second objection was that the interrogatories were "unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length

---

[7] Albritton Deposition at 69:9-22, attached hereto as Exhibit A.

during his deposition." (Motion at 2 setting out the objection). The Plaintiff does not discuss this objection in his response and, as subsequent events revealed, the Plaintiff had not "expressly pled the statements at issue." His response to the Defendants' motion for summary judgment claimed that the October 17 article contained language that accused Albritton of the criminal offense of tampering with court records. (Plaintiff's Response to Motion For Summary Judgment at 25.) There is no such allegation in the complaint and the Plaintiff has not identified any language in the October 17 article which a reader of ordinary intelligence could reasonably conclude that such an allegation was made.[8]

As for the October 18 article, the Plaintiff's Response to summary judgment complains about the "tons of proof" statement, yet that was not pled as complained of language in the complaint. Plaintiff is, of course, practicing the sort of "don't reveal what you're really complaining about until you're forced to and maintain maximum flexibility strategy" which, we would think the federal rules preclude.

Plaintiff cites three cases which, he says, absolve him of the need to "go line by line through Frenkel's posts and identify each word and phrase that Albritton believes defamed him." (Response at 3). None of the cases support Plaintiff's theory. For example, *Turner*,[9] a case with which the undersigned has some familiarity, does not in any way stand for that proposition. As the Court's opinion makes clear, the Plaintiff set out in the trial court the language he complained about. Indeed, the 14th Court of Appeals in reversing and rendering the jury verdict in *Turner*, noted that "at trial, Turner cited the following thirteen specific statements in the broadcast as false and defamatory."[10] In affirming, the Texas Supreme Court did the same.[11]

---

[8] As we noted in our summary judgment papers, the Plaintiff's lawyer friends don't count. As the *Turner* court wrote: "publication should be viewed not so much by its effect when subjected to the critical analysis of a mind trained in the law," but by the natural probable effect on the mind of the average reader." 38 S.W.3d at 114.
[9] 38 S.W.3d 103 (Tex. 2000).
[10] 987 S.W.2d 100, 108 (Tex. App. – Hou. [14th Cir.] 1998).

Neither *Turner* nor the other cases cited by Plaintiff (*Golden Bear* and *Texas Disposal*) decided discovery disputes where a defendant was trying to discover the statements complained of as false and defamatory. In fact, *Turner* discussed at length the statements Turner claimed to be false, concluding that "like the court of appeals, we conclude that most of the broadcast's individual statements are literally true and that most of those not literally true are substantially true."[12] This examination was necessary because "In addition to claiming that the broadcast as a whole defamed him, Turner also claims that several of the broadcast's individual statements were false and that (the reporter) knew they were false or recklessly disregarded their truth or falsity." *Id.* The first theory, as *Turner* taught, is triggered by a broadcast that creates a false and defamatory impression "by omitting material facts or suggestively juxtaposing true facts."[13] An examination of the Plaintiff's complaint in this case reveals that he claims certain statements in the articles to be false (See Compl. at paragraph 16 (as to the October 17th article) and paragraph 17 (as to the October 18th article)); and he alleges a cause of action for defamation by stating that "in publishing the false and libelous statements described above (¶¶ 16 and 17) (Defendants) have defamed Albritton...." (Compl. at 32). The complaint does not allege the "broadcast as a whole by omission or juxtaposition" theory discussed in *Turner*. As we noted more fully in our summary judgment papers, the Plaintiff appears to be claiming that certain statements in the two articles are false and defamatory and that the reader of ordinary intelligence would therefore conclude that he had committed a crime. There is no suggestion in Plaintiff's pleading or summary judgment response of juxtaposition or omission.

---

[11] 38 S.W.3d at 123.
[12] *Id.*
[13] *Id.* at 113.

# IV. CISCO IS ENTITLED TO THE RELIEF SOUGHT

## (In Reply to Plaintiff's Response at Pages 4 -5)

If the Plaintiff's objections are improper, as they demonstrably are, the Defendants are entitled to have them overruled. That relief was expressly requested and was as clear as we know how to make it. If the objections are overruled, that leaves the one sentence answer, made subject to the objections, which refers to the complaint. We want the Plaintiff to live by that answer and the complaint and not inject new matters at this late date or force the Defendants and the Court to spend time on statements (like the Banana Republic comment) of which he does not complain. We do agree with one thing the Plaintiff says which is "Under the Federal Rules of Civil Procedure, Albritton's complaint need only provide notice pleading of his claims." (Response at pp. 4-5). But when the Defendants ask the Plaintiff to explain his complaint's contentions and he refers us back to the complaint, as here, he must be made to live with that choice. The Court, we think, has that discretion to require that. *See* FED. R. CIV. P. 37(c) (stating that "if a party fails to provide information...as required by Rule 26(a) or (e) [requiring supplementation of interrogatories], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless...and [the court] may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)"; 37(b)(A)(ii) states that the court may prohibit the party "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"); *see also In re Bradley*, 501 F.3d 421 (5th Cir. 2007) (court properly precluded evidence of constructive trust where "until shortly before trial, [the plaintiff] led the court and the other parties to believe that he would rely only on the self-settlement claim" in his pleadings); *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989) (holding that "in the context of a defamation claim, FED. R. CIV. P. 8(a) requires that the

complaint provide sufficient notice of the communications complained of to allow Continental to defend itself.").

## V. CONCLUSION

Defendants request that their amended motion to compel be granted.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC., MALLUN YEN
and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By: /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com
ATTORNEY FOR DEFENDANT
RICK FRENKEL

# CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of January, 2009, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff Eric Albritton***

/s/ Charles L. Babcock
Charles L. Babcock