IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. RICHARD FRENKEL, MAULLUN YEN and JOHN NOH, | § § § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN RESPONSE TO DEFENDANTS' <u>MOTION FOR SUMMARY JUDGMENT</u>**

    In objecting to Albritton's summary judgment proof Cisco, Frenkel, Yen and Noh (collectively "Cisco) ask the Court to turn summary judgment procedure on its head. Despite the rule requiring the Court to view the record in the light most favorable to Albritton, Cisco would have the Court make credibility and bias determinations in its favor <u>and</u> serve as the basis for striking what is competent summary judgment proof. In a similar vein, Cisco attempts to make improper use of the prohibition against hearsay and otherwise mischaracterizes Albritton's proof. Albritton's evidence is proper, competent summary judgment proof. Accordingly, the Court should deny Cisco's objections and motion to strike.

1.    <u>The Albritton's Third Party Declarations are Competent Summary Judgment Proof</u>

    The declarations of Sam Baxter, Lou Brucceleri, Otis Carroll and Danny Williams (Exs. 1, 3, 4, & 6)[1] are competent summary judgment proof. *See* Fed. R. Civ. P. 56(e)(1). Because it does not like the testimony, Cisco labels it as somehow conclusory, speculative, irrelevant and lacking in foundation. Cisco also implies that the declarants – despite being experienced

---

[1]    Unless otherwise indicated, all references to exhibits are to the exhibits accompanying DE#115, Albritton's Corrected Response to Defendants' Motion for Summary Judgment.

intellectual property lawyers that practice in the Eastern District of Texas – are less than impartial because they are "friends" with Albritton and somehow not qualified to state their interpretations of the postings or their potential effect on Albritton. Cisco is wrong on all counts. First, the declarants set forth the basis for their interpretation of Frenkel's allegations: they read the postings. Second, the declarants are all experienced intellectual property lawyers that practice in the Eastern District of Texas. In other words, they represent an ordinary Patent Troll Tracker reader. Their beliefs that Frenkel alleged criminal conduct are probative of how ordinary readers interpreted the postings and are therefore relevant to the Court's legal determination of whether the postings are actionable. Third, their experiences as attorneys provide the basis for their beliefs that Frenkel's allegations could be damaging to a lawyer's (Albritton's) business and career. Fourth, their experiences practicing in the Eastern District provide the basis for their understanding of the operation of the electronic filing system and the import of the electronic document stamp. Finally, because Albritton's evidence is to be believed and all justifiable inferences drawn in his favor for purposes of Cisco's motion, the fact that Albritton may be friends with the declarants bears neither on the admissibility of the testimony nor the weight it is afforded. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("the evidence of the non-movant is to be believed, and all justifiable inferences drawn in his favor."). Cisco's arguments to the contrary go to the weight of the evidence – not admissibility – which is not properly before this Court on summary judgment.

2.  <u>Albritton's Testimony is Competent Summary Judgment Proof</u>

Albritton's testimony about Mr. Barclay's e-mail to the Troll Tracker,[2] is not hearsay because it is not offered for its truth – that the Troll Tracker posting was astonishing or that the *ESN v. Cisco* docket was altered – but rather to demonstrate that Troll Tracker readers believed the criminal and unethical accusations and that Albritton's reputation in the legal community was harmed by Cisco's posts. The excerpt challenged by Cisco, (Ex. 7, 80:13 - 81:13), must be read

---

[2] The e-mail, Frenkel .000012, is attached as Exhibit 1.

2

in the context of the exchange between Albritton and Cisco's counsel. In the context of asking Albritton about categories of damages, Cisco's counsel asked Albritton whether he knew any business associates that once thought highly of him but no longer do after the Troll Tracker postings, and to identify them. *See* Ex. 7, 79:4 - 81:25. Albritton responded with the example of Mr. Barclay, an attorney that once associated with Albritton but now appears to believe Frenkel's accusations that Albritton conspired with the court clerk to alter official court documents to create subject matter jurisdiction where none existed, and has not contacted Albritton since the postings.

Alternatively, because the testimony about Barclay's e-mail relates to Albritton's reputation for character among associates in the legal community, it is not hearsay under Fed. R. Evid. 803(21) and may properly be admitted for its truth.

3.  Carroll's Testimony is Competent Summary Judgment Evidence

Cisco claims that Otis Carroll's testimony that accusing a lawyer of tampering with government documents is a "serious charge to make against any lawyer" is conclusory and speculative. The objection is absurd. Carroll testified to the basis of his belief: he was informed that the postings accused Albritton and others of tampering with government records. A lawyer for more than 25 years and former Assistant U.S. Attorney, Carroll is certainly qualified and entitled to state his belief that if the Troll Tracker accused Albritton of altering government records, that would be a serious charge amounting to an allegation of a crime. The testimony is competent summary judgment proof that is probative of the manner in which Frenkel's postings were interpreted by his readers and those in the legal community.

4.  Cisco's Objection to Exhibit 13 is Meritless

Remarkably, Cisco persists in its meritless position that the documents annexed as Exhibit 13 (exhibits to Dave Maland's deposition) to his response should not be considered for purposes of summary judgment. As Albritton has already explained to Cisco and the Court, the documents annexed as Exhibit 13 were mistakenly referenced as Exhibit 12 Part 2 in Albritton's original response. This was made known to Cisco upon service of the response and exhibits, and

3

was corrected when Albritton filed his corrected response. As discussed more thoroughly in his response to Cisco's motion to strike Albritton's corrected response (DE #132),[3] Cisco has long been aware of the mistake in the original filing and suffered no prejudice by Albritton's subsequent correction of it. There is no basis upon which to strike that important proof from the record.

5. McAndrews's Testimony is Competent Summary Judgment Proof

The cited excerpts from Peter McAndrews's testimony are competent summary judgment proof of harm to Albritton's reputation.[4] Cisco objects on hearsay grounds to two excerpts from McAndrews' testimony at Ex. 15, 79:4 - 20 and 89:1 - 91:15. Cisco is wrong in both instances because McAndrews testifies to Albritton's reputation for character among associates in the legal community, which is excepted from the hearsay rule by Fed. R. Evid 803(21). In each instance, McAndrews recounts conversations he's had with lawyers and clients, and his law partners' conversations with clients about Albritton's reputation in the legal community. This is precisely the type of evidence the reputation exception was designed to permit. *See* Fed. R. Evid. 803 Adv. Notes to 803(19)(20)&(21) ("Trustworthiness in reputation evidence is found 'when the topic is such that the facts are likely to have been inquired about and that persons having personal knowledge have disclosed facts which have been discussed in the community; and thus, the community's conclusion, if any has been formed, is likely to be a trustworthy one.'").

Moreover, portions of the purportedly objectionable testimony are also excluded from the hearsay rule because they set forth McAndrews's and others' present sense impressions at the time of the conversations that the testimony recounts. *See United States v. Peacock*, 654, F.2d 339, 350 (5th Cir. 1981) (admitting statement by witness about her husband's description made immediately after his telephone conversation with defendant). McAndrews's testimony describes

---

[3] Albritton incorporates that response into this brief by reference for purposes of responding to the meritless objection to Exhibit 13.

[4] Because Frenkel's postings are defamatory *per se*, Albritton need not prove harm to his reputation. Nevertheless, the record contains competent proof of reputational harm.

4

his own present sense impression of conversations with others about Albritton's reputation (Ex. e.g. 15, 91:9 - 15[5]) as well as the then present impressions of his partners after conversations with clients (Ex. 15, 79:4 - 20 & 89:1 - 91:8). Accordingly, the testimony is also excepted from the hearsay rule by Fed. R. Evid. 803(1).

Finally, McAndrews's testimony at Ex. 15, 79:21 - 25 is anything but conclusory when properly read in the context of the Q & A exchange with Cisco's counsel that appears at Ex. 15: 79:4 - 81:2. First, McAndrews directly answered opposing counsel's question. Second, the basis for his answer is explained, in part, at Ex. 15, 79:4 - 81:2 and 89:1 - 91:15.

6. Smith's Testimony is Competent Summary Judgment Proof

Michael Smith's testimony is competent summary judgment proof despite Cisco's efforts to mischaracterize it. Cisco objects to Smith's testimony (1) confirming that he reported on his EDTexweblog that "[a]ccusing lawyers of changing the dates on court filings is a serious, serious charge" (Ex. 23, 114:16 – 20); (2) that he agreed with that statement on the date of his deposition (Ex. 23, 114:21 – 23); (3) that the accusation was a "very serious" one (Ex. 23, 114:24 – 25); (4) that the accusation is "probably" one of unlawful conduct (Ex. 23, 115:1 – 7); (5) that the accusation is serious regardless of whether the conduct alleged is lawful (Ex. 23, 115: - 10); (6) that it is not the type of accusation that Smith wants circulating about him (Ex. 23, 115:13 – 18); and (7) that he understands it's possible that such an accusation could harm one's reputation (Ex. 23, 115:19 – 24). In other words Smith, an intellectual property practitioner and commentator in the Eastern District, testified to his read and reaction to Frenkel's statements. The testimony is neither conclusory nor speculative and is probative of how an ordinary Troll Tracker reader interpreted Frenkel's October 17 and 18 postings. In other words, it is probative to the legal determination of whether Frenkel's accusations are actionable. Likewise, Smith's testimony that

---

[5] Q: Did you have a perception that that was an unfavorable attitude about the reputation of Eric Albritton?
A. Certainly not prior to --
Q. No, no. I mean in these conversations, the people –
A. Oh, absolutely. Absolutely.

he does not want such accusations circulating about himself is probative of the harm to Albritton's reputation.

7.      Frenkel's *Pro Hac Vice* Admission is Probative of his Knowledge of the Local Rules

Having litigated in the Eastern District of Texas, Frenkel is charged with knowledge of its local rules and the operation of its electronic filing system. Cisco would have the Court believe that because General Order 5-19, permitting the electronic filing of complaints, post-dated Frenkel's application for *pro hac vice* admission by 4.5 months, that Frenkel is somehow not deemed with knowledge of the rules and practices of electronic filing that have been in place for nearly all documents other than complaints since 2004. The argument is absurd. The electronic file stamp is dispositive of the date and time of any electronically filed document, whether a complaint, a motion or this response. That the Court's rules and system did not call for the electronic filing of *complaints* until November of 2005 does nothing to change the fact that Frenkel has received Notices of Electronic Filings from this Court and is charged with knowledge of its local rules and practices.

## **Conclusion**

For the reasons stated herein, Albritton respectfully requests that the Court deny each and every of Cisco's evidentiary objections and motion to strike summary judgment evidence.

Respectfully submitted,

Nicholas H. Patton
State Bar No. 15631000
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of January, 2009.

Nicholas H. Patton