# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| **CISCO SYSTEMS, INC. RICHARD** | § | |
| **FRENKEL, MAULLUN YEN and** | § | |
| **JOHN NOH,** | § | |
| | § | |
| Defendant | § | |

# PLAINTIFF'S RESPONSE TO
# DEFENDANTS' MOTION TO STRIKE
# PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

I.  Introduction

Cisco moved for summary judgment on a number of purely legal issues that must be resolved by the Court.  Albritton's response demonstrated that, not only should Cisco's motion be denied, but the law supports a ruling in Albritton's favor.  Consequently, Albritton responded with a cross-motion, asking the Court to enter summary judgment for plaintiff on three legal issues.

Thereafter, Cisco filed a motion to strike plaintiff's cross-motion.  Cisco's motion to strike fails to cite a single authority for the relief it seeks, and it should be denied on that basis alone.[1]  Had Cisco reviewed the controlling case law, it would have realized that its motion is meritless.  In the Fifth Circuit, summary judgment can be entered in Albritton's favor regardless of whether he timely filed a cross-motion for summary judgment.  In fact, the Court could rule in Albritton's favor had he not filed a cross-motion at all.

Summary judgment for Albritton is particularly warranted in this case.  The three issues upon which Albritton cross moved for summary judgment are issues of law to be resolved by the Court.  Those issues have been fully briefed by the parties and are ripe for adjudication.  Rather than leaving those legal issues unresolved and having them briefed again (presumably raising the same arguments) for pretrial motions and jury instructions, the Court should affirmatively resolve those legal issues on summary judgment.

II.  Argument

A.  **Applicable Legal Standards**

When one party moves for summary judgment, the district court may grant summary judgment for the non-moving party where there is no genuine issue of material fact and where

---

[1] A motion to strike may be premised on any number of rules or legal authorities, each with its own required elements of proof.  As the moving party, Cisco must notify the Court and Albritton of the legal basis upon which it seeks relief.  *See Buckley v. Garland Indep. Sch. Dist.*, 2005 U.S. Dist. LEXIS 43456 (N.D. Tex. Aug. 23, 2005).  Cisco's repeated failure to cite any legal authority in motions to this Court leaves Albritton guessing as to how to respond.  This is not the first time that Cisco has filed a motion without apprising the Court or Albritton of the legal basis upon which it seeks relief.  *See* Docket Entries 104 and 121.  Where a party fails to cite any legal argument or evidence in support thereof, the Court may deny the party's motion. *See Natural State Resorts, Inc. v. Dke Entm't, Inc.*, 2002 U.S. Dist. LEXIS 3820, 11-12 (N.D. Tex. Mar. 7, 2002.).  Cisco's motion should be denied for failure to properly brief the issue for the Court.  *See id.*

the moving party has had an opportunity to present its evidence. *See Celotex Corp. v. Catrett*, 477 U. S. 317, 326 (1986); *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp*., 932 F.2d 442, 445 (5th Cir. 1991). As the Fifth Circuit has made clear, the court's authority to grant summary judgment in favor of the non-moving party is not constrained by whether the non-moving party formally filed his own motion for summary judgment. *See Exxon Corp. v. St. Paul Fire and Marine Ins. Co*., 129 F.3d 781, 786 (5th Cir. 1997) (upholding court's entry of summary judgment for non-moving party where issue raised was purely legal issue, the moving party had opportunity to brief the issue, and despite the fact that the opposing party had not filed a cross-motion for summary judgment); *Caravan Refrigerated Cargo, Inc. v. Yaquinto*, 864 F.2d 388, 393 (5th Cir. 1989), overruled on other grounds by *Advance United Expressways, Inc. v. Eastman Kodak Co*., 965 F.2d 1347, 1352 (5th Cir. 1992).

A district court's ability to rule for the non-moving party furthers the policy considerations served by Federal Rule of Civil Procedure 56 in prompt disposition of cases. *See Exxon*, 129 F.3d at 786*; Caravan Refrigerated Cargo,* 864 F.2d at 393. To achieve this important goal, Rule 56 requires the Court, under the proper conditions, to grant the relief to which a party is entitled even if the party has not demanded such relief. *Id.*

### B. Albritton's Cross Motion Is Properly Before The Court

Cisco's motion to strike should be denied for at least the following reasons: (1) Albritton's cross-motion is limited to issues raised in Cisco's motion; (2) each of the issues presented in the cross-motion are legal issues that must be resolved by the Court; (3) Cisco has had a full opportunity to present its legal and factual arguments with respect to those issues; (4) resolving the legal issues on summary judgment will enhance judicial efficiency; and (5) Cisco has presented no authority for its argument that Albritton's cross-motion is improper.

First, Albritton's cross-motion is limited to three issues raised in Cisco's motion for summary judgment. Cisco does not dispute that the issues raised in Albritton's cross-motion directly correspond to issues raised in Cisco's motion, except one. Cisco argues that because it did not move for summary judgment on whether Frenkel's publications were defamatory,

2

Albritton's cross-motion for a finding of defamation *per se* is not properly before the Court. *See* Mot. at ¶ 3. But Cisco introduced the defamation *per se* issue by arguing that its statements could not be defamatory as a matter of law. *See* S.J. Mot at 14-18. Albritton responded that, not only were Cisco's statements not opinion, rhetoric or hyperbole, but they were defamatory *per se*. *See* S.J. Response at 19-23. Cisco also introduced the defamation *per se* issue by arguing that Albritton could not prove that he has been damaged as a result of Frenkel's accusations. *See* S.J. Mot. at 27-29. Albritton responded that he is not required to prove the amount of his damages because Cisco's statements are *per se* defamatory, entitling him to presumed damages. *See* S.J. Response at 43-44. Like the other legal issues identified in Albritton's cross-motion, the defamation *per se* issue is squarely before the Court and can be resolved in Albritton's favor on summary judgment.

Second, the issues presented in Albritton's cross-motion are questions of law to be resolved by the Court. *See Trotter v. Jack Anderson Enters. Inc.*, 818 F.2d 431, 433 (5th Cir. 1987 ("Whether an individual is a public figure is a matter of law for the court to decide."); *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, 553 F.Supp.2d 680, 687 ("The question of whether a statement is an assertion of fact or opinion is a question of law."); *Gateway Logistics Group, Inc. v. Dangerous Goods Mgmt. Australia Pty, Ltd.*, No. H-05-2742, 2008 U.S. Dist. LEXIS 34246, at * 20 (S.D. Tex. Apr. 25, 2008) (Whether a statement is defamatory *per se* is a question of law for the court). Thus, Albritton's cross-motion raises issues that are particularly amenable to resolution by the Court on summary judgment.

Third, each of the issues presented in Albritton's cross-motion has been fully briefed—the defamatory *per se* issue, multiple times[2]—and Cisco has had every opportunity to come forward with its record evidence. Cisco's motion and/or reply argued each of the issues for which Albritton seeks summary judgment in his favor. Cisco has had sufficient notice and an opportunity to respond to each of the issues presented in Albritton's cross-motion. Those issues

---

[2] *See* Docket Entries 74, 76, 78, 97, 115, 125, and 130.

are ripe for resolution by the Court. *See Exxon,* 129 F.3d at 787.

Fourth, the Court's ruling on the legal issues presented in Albritton's cross-motion will save the Court from having those issues argued again during the pretrial stage of this case. For example, Cisco's motion argues that Albritton is a limited-purpose public figure. Albritton's response argues that Cisco cannot meet its burden of proof on that issue and therefore he is a private figure. If Cisco's position is rejected, Albritton's must prevail. There is no benefit to simply denying Cisco's motion but leaving the issue unresolved. Cisco's approach will only lead to duplicative briefing of the private figure issue during pretrial motions and the parties' competing jury instructions. Therefore, the Court should resolve the issue on the merits and enter an appropriate summary judgment order disposing of the issue for the entirety of this case. The same holds true for the other legal issues identified in Albritton's cross-motion.

Finally, while Cisco takes issue with Albritton's pragmatic approach, it fails to cite any legal authority for the proposition that Albritton's cross-motion is improper. Far from being improper, Albritton's cross-motion is expressly encouraged as a mechanism for narrowing the issues for trial. *See Exxon*, 129 F.3d at 786; *Caravan Refrigerated Cargo,* 864 F.2d at 393.

The few objections Cisco raises in its motion find no support in the law. Cisco argues that Albritton's motion is untimely. *See* Mot. at ¶ 3-5. But Cisco's argument has been unambiguously rejected by the Fifth Circuit. *See Caravan Refrigerated Cargo*, 864 F.2d at 393 ("We see no reason why the same reasoning [behind permitting district courts to grant summary judgment for the non-movant *sua sponte*] should not apply in a situation where, as here, the non-movant has failed to meet a motion deadline.").

Nor do this Court's Local Rules demand a different result as Cisco claims. *See* Mot. at ¶ 6. Local Rule CV-10(a)(2) requires that pleadings filed with the Court contain a caption and a statement identifying the document and "encourages" counsel to file separate pleadings whenever possible. Presumably that rule is aimed at making sure that the Court does not have to dig through a party's pleadings to rule on pending motions. Here, Albritton's Response met the court's filing requirements because the caption clearly identifies the nature of the document, and

4

there is no likelihood of confusion as to the relief Albritton is requesting where Albritton's cross-motion is clearly identified in the "statement of issues to be decided" section of the Response. Cisco's argument—that the local rules would require Albritton to copy and paste from his Response and file a separate and independent motion for summary judgment—is nonsensical.

Albritton's cross-motion for summary judgment is properly before the Court. Cisco's conclusory and unsupported motion to strike does nothing to undermine this Court's authority to rule on the legal issues presented in Albritton's cross-motion. Cisco's motion should therefore be denied.

### III. Conclusion

For all the foregoing reasons, Cisco's Motion to Strike Plaintiff's Cross-Motion for Summary Judgment (Docket Entry 122) should be DENIED.

Respectfully submitted,

Nicholas H. Patton
State Bar No. 15631000
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

   I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of January, 2009.

*/s/ Nicholas H. Patton*
_____
Nicholas H. Patton