IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| **CISCO SYSTEMS, INC. RICHARD** | § | |
| **FRENKEL, MAULLUN YEN and** | § | |
| **JOHN NOH,** | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANTS' REPLY IN SUPPORT OF
AMENDED MOTION TO COMPEL**

## I. Introduction

Cisco's motion to "compel" doesn't seek to compel anything at all. Instead, because Cisco is not satisfied with Albritton's interrogatory answers, it asks the Court to issue a sanction order limiting Albritton's cause of action. Cisco seeks exclusionary sanctions without first meeting and conferring with Albritton to discuss the legal merit (or lack thereof) of its motion. Nor did Cisco first obtain an order from the Court that Albritton's interrogatory responses were deficient. Not only did Cisco skip meet and confer and fail to follow through with an actual motion to compel, it ignored Albritton's offer to provide amended responses before it filed the instant motion. Cisco persists with its motion even after Albritton voluntarily provided amended interrogatory responses, which were in Cisco's possession before it filed its Reply.

More egregious than refusing Albritton's offer to amend or usurping his ability to demonstrate the validity of his position to the Court before being hit with a sanctions motion is the relief that Cisco seeks in its motion. Cisco's motion doesn't seek to limit Albritton to the Rule 33(d) answers that he provided in response to Cisco's interrogatories.[1] Instead, Cisco seeks to limit Albritton's cause of action to his notice-pleading complaint. Albritton's cause of action cannot be limited based on his notice-pleading complaint, let alone on the basis that the complaint is referenced in Albritton's <u>objections</u> to Cisco's interrogatories. Not surprisingly, Cisco has offered no authority to the contrary. Cisco's motion is completely lacking in merit and it should be denied.

## II. Argument

### A. Cisco's Motion Should Be Denied Because Albritton Has Provided Sufficient Answers

Cisco's motion asks the Court to limit Albritton's cause of action to the statement made in his complaint. Cisco argues that because Albritton's responses refer to his complaint, if its motion is granted Albritton would, "be left with his answer which referred to the language laid out in his complaint." Reply at 2. The Reply misses two key points.

---

[1] Such a request would be meritless, as is the current request before the Court.

First, Albritton's original <u>answers</u> did not refer back to his complaint as alleged by Cisco. Instead, Albritton's answers were properly provided under Rule 33(d) and specifically refer to the identified Troll Tracker posts. For example, Albritton's Answer to Interrogatory No. 1 reads as follows:

> Plaintiff <u>objects</u> to this Interrogatory in that its answer may be determined by examining the business records of Cisco Systems, Inc. and Richard Frenkel. Fed. R. Civ. P. 33(d). Plaintiff further <u>objects</u> to this Interrogatory as unnecessarily cumulative and harassing in that Plaintiff has expressly pled the statements at issue and discussed them at length during his deposition. <u>Subject to these objections, please see the attached articles published by Frenkel in the course and scope of his employment with Cisco (referring to attached posts)</u>. (emphasis added).

Albritton's Rule 33(d) <u>answers</u> incorporate the accused posts in their entirety. If Cisco seeks to limit Albritton to his interrogatory answers, that limitation would require limiting his cause of action to the Troll Tracker posts identified in his answers. It is Albritton's <u>objections</u> that refer back to the complaint. Cisco's motion ignores Albritton's answers, seeking instead to limit his cause of action based on language contained in his objections to Cisco's interrogatories. There is no legitimate basis for limiting Albritton's case based on his objections. While Cisco can object to Albritton's use of Rule 33(d) as it has, it cannot simply ignore Albritton's answers. Not surprisingly, the Reply offers no legal authority to the contrary.

The second key fact overlooked by Cisco is that Albritton provided Cisco with supplemental interrogatory responses before it filed its Reply. *See* Exh. A. Albritton's supplemental interrogatory answers cure the procedural issue Cisco had with Albritton's reliance on Rule 33(d). Albritton's supplemental answers also cure the one substantive argument that Cisco raised—whether Albritton is required to go line by line through Cisco's posts and isolate each word and sentence that he considers defamatory. As has been adequately addressed in the context of the parties' summary judgment briefing, because Cisco's posts must be read cumulatively, and in context, Albritton's interrogatory responses are proper. *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114-115 (Tex. 2000); *Celle v. Filipino Reporter Enters.*, 209

2

F.3d 163, 185 (2d Cir. N.Y. 2000). To the extent that Cisco disagrees, the proper vehicle to air that dispute would have been a motion to compel. Cisco substituted its original motion to compel with this motion for sanctions and has therefore waived its argument that Albritton must provided additional interrogatory responses.[2]

### B. Cisco's Motion to "Compel" Is An Improper Motion For Sanctions

Cisco's Reply states for the first time the legal basis for its motion.[3] According to Cisco, this Court can limit Albritton's cause of action to pursuant to Federal Rule of Civil Procedure 37(c). Reply at 2. As discussed above, there is no authority for limiting Albritton's cause of action based on objections made in his interrogatory responses.[4] An examination of Rule 37(c) demonstrates additional flaws in Cisco's reliance on that Rule.

Rule 37(c) provides "If a party <u>fails</u> to provide information or identify a witness as required by <u>Rule 26(a) or 26(e)</u>, the party is <u>not allowed to use that information</u> or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was <u>substantially justified or is harmless</u>." (emphasis added). .

---

[2] Because Cisco's amended motion sought entirely different relief than was sought in its original motion to compel, Albritton wrote to Cisco asking it if it would be withdrawing the original motion to compel. *See* Exh. B. Cisco did not respond. Albritton therefore calculated his time to respond to be triggered by the amended motion under Rule 15(a). After Cisco failed to respond to Albritton's question about the status of its original motion, Albritton's counsel called the clerk's office to determine how to proceed in responding to the original inoperative motion that Cisco had not withdrawn. The court clerk advised Albritton to file a response to Cisco's original motion stating his position so as to avoid any confusion to the Court. Albritton filed a response citing Rule 15(a) and setting forth his response time. *See* Docket Entry No. 109. Again, Cisco did not respond. After not responding to Albritton's request for clarification, and after not responding to Albritton's filed response setting out the deadline for his response to Cisco's amended motion, Cisco now argues that Albritton's Response is untimely. Cisco is wrong because Albritton's calculation is correct. *See id.* But, in any event, Cisco's intentional evasiveness dictates that any "untimely" objection it has to Albritton's response should be denied.

[3] Had Cisco engaged in the required substantive discussion or had it provided the legal authority for the position in its motion, Albritton would not be addressing the legal issues for the first time in his Sur-reply.

[4] The two cases cited in Cisco's Reply do not support its cause. *See* Reply at 7. *Bradley v. Ingalls* (*In re Bradley*), is a bankruptcy case in which the 5th Circuit found that a petitioner who failed to raise an issue on appeal before the district waived it on appeal. 501 F.3d 421, 433 (5th Cir. Tex. 2007). The appellate waiver issue addressed in that case has nothing to do with Fed. R. Civ. P. 37(c), the purported basis of Cisco's motion. Cisco cites *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989) for the proposition that a defamation complaint must be pleaded with sufficiency under Rule 8(a). Cisco's reliance on *McGeorge* is misplaced. There, the Court found that the plaintiff had not intended to raise a defamation cause of action at all, and therefore rejected her attempt to amend her complaint. The Court found that "if plaintiff's own counsel did not perceive the possibility of a defamation claim until four years after the filing of the complaint, it is impossible for defendant to have gleaned from the complaint adequate notice of this theory of liability." *Id.* Cisco has never challenged the sufficiency of Albritton's complaint.

The biggest problem with Cisco's argument is that under the Federal Rules, "[t]here is a distinction between a complete failure to respond to a discovery demand and an incomplete response." 7 Moore's Federal Practice, § 37.03 (Matthew Bender 3d ed.). Where "a response is given, but the discovering party deems the response to be incomplete, that party <u>must move to compel an adequate response</u>." *Id*. (emphasis added).

"In sharp contrast, if there is a complete failure . . . to respond to interrogatories . . . in that <u>no answers, objections, or responses of any kind</u> are served, and no motion for a protective order is filed, then the moving party has immediate access to a wide range of sanctions, <u>provided that party has attempted in good faith to secure a response through negotiations</u>." *Id.* (emphases added).

Here, Albritton did not <u>fail</u> to provide interrogatory responses. He provided interrogatory responses identifying Cisco's posts as defamatory in their entirety. Cisco objected to Albritton's use of Rule 33(d), so he offered to amend his responses to avoid the Rule 33(d) issue. Cisco ignored his offer and filed the instant motion anyway. In an attempt to resolve Cisco's motion without Court involvement, Albritton voluntarily amended his interrogatory responses setting forth his position that Cisco's posts as a whole create a false, defamatory impression and that they must be read together as they were by the ordinary reader. Even with the amended interrogatory responses in hand, Cisco still persists with its motion. While the parties may have a legitimate difference of opinion regarding the legal issue raised, the proper method by which to address that dispute is a substantive meet and confer, and a motion to compel if necessary. Rule 37 exclusionary sanctions, however, are improper where, as here, interrogatory responses have been provided and Cisco's only complaint is that it disputes the legal positions taken therein.

Second, Rule 37's preclusion sanction applies to a party's discovery obligations under Federal Rules 26(a) and 26(e), neither of which is applicable here. Rule 26(a) imposes three sets of automatic disclosure obligations on parties: (1) initial disclosures, (2) disclosures related to expert testimony, and (3) final pretrial disclosures. Rule 26(e) imposes an ongoing duty to supplement disclosures made during earlier stages of the case, including a duty to amend a prior

4

response to an interrogatory <u>if the party learns that the response is incomplete or incorrect in some material respect, and the corrective information has not otherwise been made known to the other parties</u>. Contrary to the position taken by Cisco in the Reply, Albritton has not violated Rule 26(a) by failing to supplement his interrogatory responses, which are not subject that rule. Nor has Albritton violated Rule 26(e) where his original responses were sufficient, he has not come into possession of any "additional" or "new" information, and where Cisco has long known Albritton's position with respect to considering the defamatory posts as a whole.[5]

Third, in order to obtain Rule 37(c) sanctions, Cisco is required to have first filed a legitimate motion to compel. Although Cisco filed a motion to compel, it did not wait for Albritton's response or the Court's ruling before amending its motion to seek preclusive sanctions. As Courts in this Circuit have consistently held, employing a discovery sanction to limit a party's cause of action is a drastic remedy that should be used only in cases of bad faith discovery abuse or where a party blatantly violates a court order requiring production. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1381 (5th Cir. 1994). That is not the situation here. Cisco withdrew its motion to compel, skipping over the motion requirement and choosing instead to immediately seek sanctions. Cisco's failure to move to compel means that the Rule 37(c) sanctions it seeks should be denied.

Fourth, even if Rule 37(c) were to apply, exclusionary sanctions are not warranted where a party's failure to comply with discovery was substantially justified and/or is harmless. Albritton's position that his interrogatory responses are proper is substantially justified by Rule 33(d) and the case law holding that Frenkel's posts must be considered as a whole and in context to ascertain their false and defamatory meaning. Moreover, any omission in Albritton's interrogatory responses is harmless given that Cisco has long known Albritton's position that the posts are collectively defamatory.

Finally, Rule 37(c) permits the Court to preclude a party from relying on evidence not

---

[5] *See* Exh. C (Albritton Depo.) at 86:14-88:4.

produced by the sanctioned party. As mentioned above, Albritton did not "fail to produce" interrogatory responses. But even if he had, Albritton did not cite to or rely upon his interrogatory responses in opposition to Cisco's motion for summary judgment, and he'll rely on Frenkel's posts, not his interrogatory responses, at trial. Thus, even if Cisco could stretch Rule 37(c) to fit the situation at hand, the proper remedy is exclusion of interrogatory responses, not exclusion of all evidence not specifically set forth in Albritton's notice pleading. Cisco cites no authority to the contrary.

### C. Cisco's Motion Should Be Denied For Failing To Meet And Confer, The Result Of Which Would Have Likely Resolved The Instant Dispute Without Court Intervention

Albritton's Response focused on the meet and confer that did not occur before Cisco filed the instant "amended motion to compel." With respect to the motion now before the Court, Cisco had an obligation to meet and confer in a good faith attempt to resolve the issue before filing its motion with the Court. That obligation is imposed by the Court's unambiguous local rules and by the Federal Rules.

Cisco did not meet and confer in good faith. Late in the afternoon the day before Thanksgiving, after Albritton's lead counsel had closed his offices for the holiday weekend, Cisco's counsel called Albritton's counsel saying that Cisco had decided to file a different motion seeking to preclude Albritton's ability to introduce evidence in this case. *See* Exh. D. Cisco did not seek to have a substantive discussion regarding the propriety of its motion, the legal authority that it thought justified its motion, or to determine whether Albritton would agree to amend his interrogatory responses given the new sanction-like relief Cisco was seeking. Instead, Cisco stated that it needed to get its motion on file and wanted to know if Albritton would oppose. Albritton agreed to provide amended responses, but Cisco filed anyway. *See id.* Under no reading of this Court's rules does Cisco's "call-right-before-filing" approach constitute meet and confer.[6]

---

[6] There is ample case law demonstrating that Cisco's last minute telephone call is an insufficient attempt to meet and confer. *See Cannon v. Cherry Hill Toyota, Inc.,* 190 F.R.D. 147, 153 (D.N.J. 1999) (token effort insufficient);

The Reply offers the Court a red herring to excuse its failure to comply with the Court's local rules. Cisco argues that it sufficiently met and conferred because the parties discussed Albritton's interrogatory responses before it filed its original motion. Cisco misses the point. Cisco was required to meet and confer before filing <u>this motion</u>, which it undeniably did not do. Cisco knew it had an obligation to meet and confer that is why Cisco's counsel called minutes before filing in an attempt to feign compliance with the Court's rules. The Reply also ignores that, even with the serious lack of effort on Cisco's part to resolve the issue, Albritton responded to Cisco's last minute telephone call by agreeing to provide amended responses. Ignoring Albritton's attempt to resolve the issue without Court intervention, Cisco filed its motion anyway. Cisco could have accepted Albritton's offer to amend and withdrawn its original motion without prejudice to refiling. It didn't, opting instead to run to the Court with an unnecessary motion for sanctions.

Cisco's Reply argues that it seriously doubts the Court has the authority to deny its motion for failing to meet and confer. *See* Reply at 2, n. 4. Perhaps that explains Cisco's repeated failures take its meet and confer obligations seriously. Contrary to the statements in the Reply, Cisco did not adequately meet and confer before filing its original motion.[7] On another occasion, Albritton' counsel insisted that Cisco withdraw a motion improperly filed after she told Cisco an agreement on the issue could be reached.[8] Cisco also ignored the Court's meet and confer requirement before filing other motions before the Court.[9] Cisco's refusal to take its meet and confer obligation seriously is misguided as this Court undeniably has the authority to deny Cisco's motion for failing to follow the local rules. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186* (3d Cir. 2003) (reversing sanctions order where moving party's

---

*Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 172 (D. Nev. 1996) (no meet and confer where party failed to engage in meaningful negotiations or provide legal support for their position); *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995) (meet and confer requires live exchange of ideas and opinions).

[7] Cisco also failed to meet and confer before filing its first motion, but Albritton did not address Cisco's first violation because those communications (or lack thereof) are not relevant to its meet and confer with respect to this motion. And, honestly, Albritton sought to spare the Court an unnecessary rendition of counsel's squabbles in this case. But now that the Reply has raised the issue, some response is unavoidable. *See* Peden Decl. at ¶¶ 2-12.

[8] *See* Docket Entry No. 93.

[9] *See* Docket Entries 121 & 122.

demand for response by the next day and threat to file a motion to compel was a "token" effort); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (denying motion for failure to meet and confer where counsel did not "converse, confer, compare views, consult and deliberate."); *Ballou v. University of Kan. Medical Ctr.*, 159 F.R.D. 558, 560 (D. Kan. 1994) (overruling motion to compel for failure to comply with court's local rules and Fed. R. Civ. P. 37(a)(2)(A)).

Because Cisco filed its motion before substantively discussing the issues, the required meet and confer was replaced with briefs. Had Cisco met and conferred before filing its amended motion, Albritton could have explained that Cisco's reliance on Rule 37—which it hid up until the Reply—finds no support in the law. Following a substantive discussion of the issue, maybe Cisco would have been more amenable to accepting Albritton's offer to provide amended interrogatory responses. Those responses have now been provided to Cisco, but it persists with its motion. At this time Albritton believes that he has given Cisco the amended interrogatory responses that it asked for. The fact that Albritton served Cisco with an amended response on his own accord demonstrates that an agreement was obtainable short of court intervention. Cisco's conduct is an example of the type of "file first and maybe resolve later" conduct that this court sought to curb with General Order 08-05 amending Local Rule CV-7(h).

## III. Conclusion

For all the foregoing reasons, Cisco's Motion to Strike Plaintiff's Cross-Motion for Summary Judgment (Docket Entry 127) should be DENIED.

Respectfully submitted,

*[signature: Nicholas H. Patton]*

Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080 / (903) 792-8233 *(Fax)*

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of January, 2009.

_____
Nicholas H. Patton