IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON § | |
| § | |
| v. § | |
| § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., § | |
| RICK FRENKEL, MALLUN YEN & § | |
| JOHN NOH § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S (CORRECTED) RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Although Albritton complains that he can't determine the legal authority for Cisco's Motion to Strike, his "best guess" is that it is due to Albritton's failure to comply with this Court's order, which is clearly set forth in the Motion and which he does not dispute. Albritton avoids altogether the issue for the Court: whether the Court should strike *new arguments* to a response to a motion for summary judgment when the argument is filed after the deadline without leave of court or even asking for an extension (Defendants had already agreed to one extension as well as an extension of pages). Defendants are certain that the Court is aware of its authority to do so and denies that relying on the Court's order as authority is an "egregious" offense alleged in the Response. (Response at p. 3, n. 3).

The Federal Rules of Civil Procedure provide that the court may issue "any just orders" if a party fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1); 1983 Notes of the Advisory Committee to same (stating that striking a pleading is an appropriate order). "A litigant who ignores any case-management deadlines does so at his peril." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 508 (5th Cir. 1999).

Courts routinely strike pleadings and evidence for failure to meet deadlines. *See id.* (holding that the lower court properly denied a motion to supplement a party's summary judgment response with the affidavit of its expert because the "designation of the expert was untimely and was attempted without leave of court to designate out of time"); *Spooner v. Jackson*, 251 Fed. Appx. 919, 924 (5th Cir. 2007) (holding that the lower court properly struck a cross-motion for summary judgment because it was untimely pursuant to the scheduling order); *Winfun v. Daimler Chrysler Corp.*, 255 Fed. App. 772, 774 (5th Cir. 2007) (striking expert report for failure to meet deadline in the Federal Rules of Civil Procedure was not "unusual or exceptional"). The enforcement of the Federal Rules of Civil Procedure and the Local Rules is the duty of the Court. 1991 Advisory Committee notes to Fed. R. Civ. P. 5. Defendants' citations to a criminal case (*U.S. v. Garrett*, 238 F.3d 293, 298) discussing the "striking of 25 of its witnesses, which the district court itself recognized could have the effect of eviscerating the criminal indictment" is irrelevant to this issue.

Albritton spends the majority of his Response trying to make Defendants sound unreasonable, complaining that he filed the "corrected" motion merely to correct inaccuracies in the time zones, which he argues was caused by Defendants' "dilatory conduct." In reality, neither is true. First, Albritton's own documents demonstrate that Albritton's delay was caused by his own counsel's failure to provide a specific request for information. Notably, Albritton never served any interrogatories requesting the information he complains about. Defendants' Motion for Summary Judgment was filed on November 26, 2008 (this was no surprise to Plaintiff, as it was the motions deadline), meaning Albritton's response was due on December 11, 2008 (12 days plus 3 days per LR CV-7(e)). Defendants agreed to Albritton's motion for an extension of time to December 15, 2008 to file his response. (Docket #106). On November 26,

2008, after Defendants filed their motion for summary judgment and after the Court's deadlines for hearing and the Court's deadline for filing motions requiring a hearing, Plaintiffs contacted Mary Lou Flynn Dupart, a Jackson Walker partner who specializes in electronic discovery, requesting email "document headers." (Exhibit F to the Motion at ¶5.) Plaintiff did not provide a list of specific documents for which he required headers until December 11, 2008,[1] the original due date for his response and four days before his extended due date. (Exhibit D to the Motion.) Ms. Flynn Dupart worked tirelessly to get these documents to Plaintiff and sent the requested headers to Plaintiff on December 13, 2008, two days **before** Plaintiff's response was due. (Exhibit E to the Motion). On December 17, 2008, two days **after** Plaintiff's response was due, Plaintiff requested more header information, which Defendants promptly provided. (Exhibit G to the Response). If any conduct was dilatory, it was Plaintiff's in waiting until the last minute to request the information.

Albritton has offered no explanation for his additional pages of argument, only for the revision of times, which Defendants expressly do not dispute. Defendants' Motion explicitly states that "Defendants are not asking that the Court strike the 'corrected' email time reference. Therefore, Albritton's explanation of his self-declared "admirable" conduct is irrelevant to his Motion.

Instead, Defendants simply ask the Court to require Albritton to comply with this Court's deadlines, which he repeatedly refuses to do—filing a motion for summary judgment after the Court's motion deadline had passed (*See* Docket # 122) and using his "corrections" as an excuse to raise new arguments.

---

[1] There was only a question as to the time of certain email communications.

Albritton would have the Court believe that the only changes in the argument were due to his correction of times. (Response at p. 6). In reality, Albritton added at least two additional pages to his argument on actual malice. (Corrected Motion at pages 36-41). As the attached redlined document (Exhibit A) demonstrates, all of the argument in purple typeface is completely new argument (the major changes beginning on p. 34 and continuing throughout to page 41). As can be seen from the redlined document, Albritton's claim that this new argument was simply to correct a time zone issue is blatantly false.

Moreover, Cisco does not seek the "overly-harsh" relief of "precluding Albritton from responding to a potentially case dispositive motion" or to "deny Albritton the opportunity to rebut Cisco's Motion for Summary Judgment" as Albritton argues. Albritton had already responded to the Motion in his original Response, and Defendants do not object to the corrections to the times of emails. Rather, Defendants request that the Court enforce its own rules and prevent Albritton from using a technical correction of dates to attempt to re-work his response after the deadline to do so had passed. Defendants should not be prejudiced by having to incur the expense of respond to new, late arguments and having less time to prepare their own arguments. *See Spooner*, 251 Fed. Appx. at 924 (5th Cir. 2007).

For these reasons and those set forth in the Motion to Strike Plaintiff's Amended (Corrected) Response to Defendants' Motion for Summary Judgment, the Court should strike the new arguments set forth in the Amended Response. In the alternative, in the event the Court denies the Motion to Strike, Defendants request that the Court give Defendants additional time to respond to the new argument presented in the "Corrected" Response, which Plaintiff agrees Cisco is entitled to (p. 10 of the Response).

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: /s/ Charles L. Babcock
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANTS
CISCO SYSTEMS, INC., MALLUN YEN
and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By: /s/ George L. McWilliams with permission by Charles L. Babcock
George L. McWilliams
**Texas Bar No: 13877000**
GEORGE L. MCWILLIAMS, P.C.
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
(903) 277-0098
(870) 773-2967—Fax
Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of January, 2008, a true and correct copy of the foregoing was served via electronic mail upon:

| | |
|---|---|
| George L. McWilliams<br>406 Walnut<br>P.O. Box 58<br>Texarkana, Texas 75504-0058<br>Attorney for Defendant Richard Frenkel | James A. Holmes<br>605 South Main Street, Suite 203<br>Henderson, Texas 75654<br>Attorney for Plaintiff Eric Albritton |
| Patricia L. Peden<br>Law Offices of Patricia L. Peden<br>5901 Christie Avenue<br>Suite 201<br>Emeryville, CA 94608<br>Attorney for Plaintiff Eric Albritton | Nicholas H. Patton<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505-5398<br>Attorney for John Ward, Jr. |

/s/ Charles L. Babcock
Charles L. Babcock

**5408325v.1**