IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Cisco Systems, Inc. ("Cisco"), Richard Frenkel ("Frenkel"), Mallun Yen,[1] and John Noh,[2] (collectively, "Defendants") reply to Plaintiff's Response ("Response") to Defendants' Motion to Strike Plaintiff's Cross-Motion for Summary Judgment ("Motion to Strike") as follows:

## I. INTRODUCTION

Plaintiff Eric M. Albritton ("Albritton") does not dispute that his Cross Motion for Summary Judgment ("Cross Motion"), filed on December 15, 2008 and embedded in his Response to Defendants' Motion for Summary Judgment (Docket No. 112), was untimely. He offers no excuse for violating this Court's scheduling order and the Court's Local Rules, nor does he explain his failure to file the Cross Motion by the November 26, 2008 deadline for dispositive motions. Instead, Albritton argues that the Cross Motion is properly before the Court, relying on irrelevant and inapplicable case law and the disingenuous claim that Defendants have had sufficient notice and a full and fair opportunity to address the issues raised

---

[1] Subject to her Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 37).
[2] Subject to his Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 35).

by his Cross Motion. Albritton's attempts to obfuscate his failure to timely file the Cross Motion are unavailing.

## II. ARGUMENT & AUTHORITIES

The Federal Rules of Civil Procedure provide that the Court may issue "any just orders" if a party fails to obey a scheduling or other pretrial order. FED. R. CIV. P. 16(f)(1); *see* 1983 Advisory Committee Notes to FED. R. CIV. P. 16 (stating that striking a pleading is an appropriate order). "A litigant who ignores any case-management deadlines does so at his peril." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 508 (5th Cir. 1999). Under circumstances identical to those at issue here, the Fifth Circuit has upheld the striking of an untimely cross-motion for summary judgment. *Spooner v. Jackson*, 251 Fed. Appx. 919, 924 (5th Cir. 2007) (holding that district court properly struck a cross-motion for summary judgment because it was untimely pursuant to the court's scheduling order).

In his Response, Albritton does not dispute that his Cross Motion was untimely, nor does he argue that good cause exists for this Court to excuse his violation of the Court's scheduling order. Albritton simply cannot escape the fact that his Cross Motion was untimely. Pursuant to *Spooner*, this Court's scheduling order, and Rule 16(f)(1) of the Federal Rules of Civil Procedure, the Court should strike Albritton's Cross Motion.

In an attempt to divert attention from his failure to timely file the Cross Motion, Albritton argues that the Court has authority to grant him summary judgment *sua sponte* whether he filed the Cross Motion or not. The unstated implication of this argument, of course, is that Albritton's failure to comply with the Court's scheduling order should be without consequence. To the contrary, Albritton's violation of the dispositive motions deadline must have consequence

because Defendants will suffer substantial prejudice if the Court considers the late-filed Cross Motion.

Though the Court does have authority to grant summary judgment *sua sponte*, the Fifth Circuit has made clear that such authority is strictly limited to "an appropriate case," as Albritton concedes (Response p. 1-2). *See Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 786 (5th Cir. 1997); *Matter of Caravan Refrigerated Cargo, Inc.* 864 F.2d 388, 393 (5th Cir. 1989), *abrogated on other grounds*, *Advance United Expressways, Inc. v. Eastman Kodak Co.*, 965 F.2d 1347, 1352 (5th Cir. 1992). Summary judgment is not appropriate where, as here, the summary judgment would be issued (1) without notice from the Court, and (2) without a party having had a reasonable opportunity to fully brief and present evidence on the issues to be adjudicated in the judgment. *See Lozano v. Ocwen Federal Bank*, 489 F.3d 636, 641 (5th Cir. 2007) (reversing summary judgment because the district court failed to provide a party with notice and an opportunity to fully present arguments against summary judgment); *Exxon Corp.*, 129 F.3d at 787 (upholding summary judgment because party had sufficient notice and an "ample" opportunity to respond); *see also* FED. R. CIV. P. 12(d) (requiring that all parties be provided notice and a "reasonable opportunity" to present evidence and arguments on a Rule 56 motion for summary judgment); *General Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 788 (5th Cir. 2007) (holding that district court abused discretion in granting summary judgment without providing adequate notice and an opportunity to "develop the issue" decided by the summary judgment). Because neither of these conditions have been satisfied, the Court must not consider Albritton's Cross Motion.

The Court has not provided any notice that it would consider granting the relief requested in Albritton's Cross Motion. As in *Lozano*, a summary judgment rendered without sufficient

notice is ripe for reversal. *See Lozano*, 489 F.3d at 641. Accordingly, the Court should refuse to consider Albritton's untimely Cross Motion.

Moreover, Defendants have not had a reasonable opportunity to fully argue the issues presented in Albritton's Cross Motion because of Court-mandated space limitations and the rules for responding to dispositive motions. Albritton's Cross Motion seeks, among other things, an affirmative finding that Frenkel's October 17 and 18 posts to the Patent Troll Tracker are defamatory *per se*. Albritton does not dispute the fact that Defendants have not moved for summary judgment on whether the posts were defamatory. Albritton's argument that Defendants "introduced" the issue – even if true, which it is not – clearly does not mean that Defendants have had a sufficient opportunity to fully argue the issue.

Indeed, Defendants did not present any briefing on the defamatory *per se* issue in their Motion for Summary Judgment (Docket No. 97), and only presented limited briefing on the issue in their Reply to Plaintiff's 43-page Response to Defendants' Motion for Summary Judgment (Docket No. 125).[3] If Albritton had properly presented his Cross Motion in compliance with the Court's scheduling order and Local Rules, Defendants would have had no less than 30 pages to respond to Albritton's motion and an additional 20 pages to file a surreply in response to his reply – for a total of 50 pages – pursuant to Local Rule CV-7(a)(1). Instead, by improperly embedding the Cross Motion in his Response to Defendants' Motion for Summary Judgment and by violating the dispositive motions deadline, Albritton prevented Defendants from having a full and fair opportunity to present their arguments on the defamatory *per se* issue as well as the other issues raised by Albritton's Cross Motion. Accordingly, Defendants ask that the Court

---

[3] Albritton's claim that the defamatory *per se* issue has been "fully" briefed "multiple times" is clearly false (Response p. 3), as the documents he cites contain either no briefing on the issue (Docket No. 97), constitute only Albritton's briefing on the issue (Docket Nos. 115, 130), or Defendants' limited reply to Albritton's argument (Docket No. 125), or present briefing on the issue in the limited context of a discovery dispute, and not in the context of a dispositive motion (Docket Nos. 74, 76, 78).

exercise its discretion to decline consideration of those issues until they can be properly and fully presented. Alternatively, if the Court wishes to consider the issues, Defendants request that the Court give Defendants additional time and sufficient pages to respond to Albritton's Cross Motion in accordance with this Court's Local Rules.

Finally, the Court should strike Albritton's Cross Motion because it fails to comply with the Court's Local Rule CV-10(a)(2). Albritton's claim that he has satisfied Local Rule CV-10(a)(2) is disingenuous. Local Rule CV-10(a)(2) requires that all filings have a "caption containing ... a statement of the character of the document clearly identifying each included pleading," and directs parties as follows: "do not include a motion and a response ... in the same document." The document containing Albritton's Cross Motion is captioned "Response to Defendants' Motion for Summary Judgment," deceptively giving the impression that Albritton is not seeking a summary judgment of his own. Likewise, the Cross Motion violates Local Rule CV-10(a)(2) by including a cross-motion for summary judgment and a response to Defendants' motion for summary judgment in the same document. If Albritton believes the clear requirements of Local Rule CV-10(a)(2) are "nonsensical," then he should encourage the Court to change them. Until that time, Albritton is bound to comply with Local Rule CV-10(a)(2), and his failure to do so should cause the Court to strike his Cross Motion.

For these reasons and those stated in Defendant's Motion to Strike, Defendants respectfully request that the Court strike Plaintiff's Cross Motion and deny the relief requested therein. Alternatively, in the event the Court denies the Motion to Strike, Defendants request that the Court give Defendants additional time and pages to respond to Albritton's Cross Motion in accordance with this Court's Local Rules.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC., MALLUN YEN
and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By: /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

# CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January, 2009, a true and correct copy of the foregoing was served upon:

| | |
|---|---|
| George L. McWilliams<br>406 Walnut<br>P.O. Box 58<br>Texarkana, Texas 75504-0058<br>*Attorney for Defendant Richard Frenkel* | James A. Holmes<br>605 South Main Street, Suite 203<br>Henderson, Texas 75654<br>*Attorney for Plaintiff Eric Albritton* |
| Patricia L. Peden<br>Law Offices of Patricia L. Peden<br>5901 Christie Avenue<br>Suite 201<br>Emeryville, CA 94608<br>*Attorney for Plaintiff Eric Albritton* | Nicholas H. Patton<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505-5398<br>*Attorney for Plaintiff Eric Albritton* |

/s/ Charles L. Babcock
Charles L. Babcock