IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § § | |
| v. | § § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., RICK FRENKEL, MALLUN YEN & JOHN NOH | § § § | |

**DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE WITH RESPECT TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' <u>MOTION FOR SUMMARY JUDGMENT</u>**

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco"), Richard Frenkel ("Frenkel"), Mallun Yen[1], and John Noh[2] (collectively, "Defendants"), hereby file these Objections to Plaintiff's Evidence in Support of His Sur-Reply to Defendants' Motion for Summary Judgment (the "Sur-Reply") (Docket #130).

It is well established that a party may not sandbag its opponent by producing new arguments and evidence in the last allowed reply where the opposing party has no opportunity to respond. The evidence Albritton attaches to the Sur-Reply should therefore be stricken in its entirety on this basis alone. In addition, the evidence should be stricken because it is hearsay or irrelevant to the claims in this lawsuit. Finally, the Court should strike Albritton's arguments in support of his cross motion because the cross motion was not properly filed.

**A.     The Court should strike the new evidence because it is untimely.**

Defendants hereby object to the Declaration of Eric Albritton (which was not even as an Exhibit to the Sur-Reply, although it was filed with the Sur-Reply and states that it is in support

---

[1] Subject to her Motion to Dismiss.
[2] Subject to his Motion to Dismiss.

of the Sur-Reply), along with Exhibits 1, 2, 5 and 6 to the Sur-Reply,[3] all of which were provided as evidence in support of Plaintiff's Sur-Reply to Defendants' Motion for Summary Judgment.

No party is permitted to present new evidence in summary judgment proceedings where the opposing party does not have an opportunity to respond. *See See Kozak v. Medtronic, Inc.*, No. Civ. A. H-03-4400, 2006 WL 237000 at *4 (S.D. Tex. Jan. 31, 2006) (striking new evidence from the record where the Plaintiff filed evidence in a surreply, thus "'sandbag[ging] Defendants at the last minute' by 'withhold[ing] summary judgment arguments and evidence from Defendants until after Defendants had completed their briefing'"; *KB Home v. Antares Homes, Ltd.*, No. Civ. A. 3-04-CV-1031-L, 2007 WL 1893370 (N.D. Tex. Jan. 25. 2007) (striking new evidence presented in a reply in support of a motion for partial summary judgment rather than further delay the trial of the matter by allowing the opposing party a chance to respond); *U.S. v. $92,203.00*, 537 F.3d 504, 507 at n. 1 (5th Cir. 2008) (refusing to consider new evidence in support of a motion for summary judgment because "a moving party is typically not permitted to submit new evidence after its initial brief unless the nonmoving party has an opportunity to respond"); *Gillaspy v. Dallas Ind. School Dist.*, 278 Fed. Appx. 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs"); *Springs Indus. Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) ("where a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them").

Texas courts do not allow attempts to sandbag the moving party at the last minute by withholding evidence from the opposing party until after the moving party has had its last

---

[3] Exhibits 3 and 4 are already in the summary judgment record, and therefore Defendants do not object to them.

opportunity to file its last response. *Kozak*, 2006 WL 237000 at *4. That is exactly what Plaintiff attempts to do here. Despite Plaintiff's footnote 1 to the Sur-Reply, which states that "all references in this sur-reply are to Albritton's corrected Response" and refers to the Sur-Reply exhibits as "Response Exh.," thus giving the illusion that Plaintiff is citing to evidence that was in his Response to the Motion for Summary Judgment, the Sur-Reply actually attaches new evidence. For example, footnotes 48 and 53 refer to "Response Exh." 3 and 4, yet they actually refer to new evidence attached to the Sur-Reply.

Moreover, this is not a case where Plaintiff discovered new evidence or where new arguments were presented by the Defendants in a reply, thus necessitating additional evidence in the Sur-Reply. The issue of whether Albritton is a public figure, for which Plaintiff attached a new declaration by Albritton (deceptively not referenced as an exhibit to the Sur-Reply), was raised in Defendants' Motion for Summary Judgment.[4] The other issue raised in Albritton's declaration, his alleged mental anguish damages, was also raised in Defendants' Motion for Summary Judgment.[5]

With respect to Exhibit 1, which Plaintiff uses to support his argument that "there was no public debate about the ESN case, Eric Albritton, or any alleged improprieties in the Eastern District of Texas" (notably Plaintiff blatantly mischaracterizes the testimony, which actually says that there was no publicity about the <u>articles</u> at issue in this lawsuit prior to the lawsuit being filed and says nothing about Albritton or the Eastern District of Texas), the issue of a public controversy was raised in Defendants' Motion for Summary Judgment.[6] The definition of a troll, for which Albritton attaches Exhibit 2, could also have been raised in response to Defendants'

---

[4] Motion at pp. 18-24.
[5] Motion at pp. 27-29.
[6] Motion at pp. 18-23.

Motion, as the article itself used the term (besides being irrelevant). Similarly, Albritton's allegation that Frenkel accused him of a crime was at issue in the Motion for Summary Judgment[7] and was the central theme of Albritton's Response. Therefore, Albritton's citation to Exhibit 5 is not a response to a new argument.

Given the proximity to trial, the proper remedy is to strike the evidence. *See KB Homes*, 2007 WL 1893370. As in *KB Homes*, the Court has already moved the trial date to accommodate Defendants' request for additional time to respond to the summary judgment motion. *See id.* The final pretrial conference in this matter is set for March 2, 2008. To avoid any further delay and prevent the injustice of having Plaintiff "sandbag" Defendants at the last minute, the Court should strike the new evidence. *See id.*

In the alternative, the Court should grant Defendants an opportunity to file a response to the Sur-Reply to address the new evidence and arguments related to that evidence. *See Spring Ind.*, 137 F.R.D. at 240 (allowing additional briefing after new evidence was presented in a reply brief); *Simmons v. T-Mobile USA, Inc.*, No. Civ. A. H-06-1820, No. 2006 WL 3447684 (S.D. Tex. Nov. 22, 2006) (granting permission to file a sur-reply where reply raised new evidence).

**B.     The Court should strike hearsay and irrelevant evidence.**

Defendants move to strike the affidavit of Eric Albritton. Defendants object to the statements made in paragraph 3 because they contain legal conclusions about the articles at issue in this lawsuit. The articles speak for themselves, and Albritton cannot create a fact issue by putting his spin on the articles at issue. Moreover, Albritton's statement that he filed the ESN lawsuit on October 16, 2007 is inadmissible because he has testified unequivocally that he was

---

[7] Motion at pp. 14-18.

not there when the pleading was filed and therefore has no personal knowledge concerning when it was filed.[8]

Albritton's self-serving statements in paragraph 4 are also conclusory and irrelevant because they don't track the language of the article. The articles do not state that Albritton "conspire[d] with the Eastern District of Texas clerk's office to alter the filing date of the ESN complaint in order to create subject matter jurisdiction where none existed" or that he "deceive[d] the Eastern District of Texas clerk's office into unwittingly altering the filing dates of the ESN complaint in order to create subject matter jurisdiction to benefit [his] client at Cisco's expense." Therefore, his statements regarding the veracity of these statements are irrelevant.

Albritton's arguments in paragraph 5 are also irrelevant. Albritton admits that he signed the civil cover sheet,[9] and that the civil cover sheet on the ECF system clearly stated: "Filed: 10/15/07."[10] Albritton cannot create a fact issue by attempting to confuse the sentence to make it appear false. Moreover, because stating that ESN signed a "Civil Cover sheet stating that the complaint had been filed on October 15" has no defamatory meaning, Albritton's statements are irrelevant.

Albritton's self-serving and conclusory statements about his "emotional distress" and that he "will offer testimony during trial concerning these damages" are conclusory and legally insufficient as summary judgment evidence. It is at this Court's discretion, not Albritton's, to determine whether he has presented enough evidence of mental anguish to offer such testimony at trial. *Principal Mut. Life Ins. Co. v. Toranto*, No. 3:95-CV-2841-R, 1997 WL 279751 at *7

---

[8] Albritton Deposition at 27:4-23 (attached as Exhibit A).
[9] Albritton Deposition at 100:9-10 (attached as Exhibit A).
[10] Albritton Exhibit 19 (attached as Exhibit B)

(N.D. Tex. May 15, 1997) (granting summary judgment on the issue of mental anguish because "[the plaintiff's] statement of intent to prove such damages in the future is insufficient to defeat summary judgment").

Texas courts have repeatedly held that such statements that the plaintiff has suffered severe emotional distress, shame, embarrassment, humiliation, mental pain and anguish are not sufficient evidence. *See Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 861 (Tex. 1999) ("Simply because a plaintiff says he or she suffered mental anguish does not constitute evidence of the nature, duration, and severity of any mental anguish sufficient to show a substantial disruption of one's daily routine"); *Kawecki v. Int'l Bank of Commerce*, No. 14-01-01025-CV, 2003 WL 21782345 at *6 (Tex. App.—Houston [14th Dist] July. 31, 2003, no pet.) (affirming summary judgment in favor of the defendant where "none of the summary judgment evidence gave specific details of the [plaintiff's] mental anguish attributable to [the defendant]… It did not establish a substantial disruption in their daily routine, or other evidence of a high degree of mental pain and distress that is 'more than mere worry, anxiety, vexation, embarrassment, or anger'"); *Gonzalez v. Temple-Inland Mortg. Corp.*, 28 S.W.3d 622, 626 (Tex. App.—San Antonio 2000, no pet.) (affirming summary judgment where the plaintiff's affidavits were conclusory and did not provide details of the nature, duration, and severity of the mental anguish but rather stated that their daily routine was substantially disrupted as a result of "mental sensations of painful emotions, in the forms of grief, indignation, stress, fear, loss of sleep, depression and duress"); *Hernandez v. Maxwell GII, Ltd.*, No. 04-07-00744-CV, 2008 WL 4595025 at *3 (Tex. App.—San Antonio Oct. 15, 2008, no pet.) (affirming summary judgment where the plaintiff's affidavit stated that he and his wife suffered "extreme mental anguish that

resulted in, among other things, loss of sleep" but there was no evidence of the nature, duration, or severity of the mental anguish).

For these reasons, paragraph 10 of Albritton's declaration is irrelevant and should be stricken from the record.

Statements in Frenkel's affidavit[11] that discuss his use of the word "banana republic" are also irrelevant because Albritton admits that the statement was not of and concerning him.[12] The Court should therefore strike this testimony.

Frenkel's testimony that there was no publicity concerning the articles Albritton complains of until Albritton attached the articles to his complaint in this lawsuit, while relevant to Albritton's damages, is not relevant to whether there was a public controversy (the abuse of the patent system by non-practicing entities in the Eastern District of Texas) or the matter of public concern (the integrity of the court's electronic filing system and the clerk's stewardship of that system), as the articles were just one of many articles commenting on these public issues. Therefore, the Court should strike this testimony for the limited use of evidence regarding the issue of public controversy or public concern.

Exhibit 2 to the Sur-Reply is hearsay, is also not properly authenticated or identified, and is irrelevant.

---

[11] Exhibit A to the Sur-Reply at pp. 27-28.

[12] One of the constitutionally compelled requirements of a claim for defamation is that the defamatory statement be "of and concerning" the plaintiff. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 288 (1964). The plaintiff must produce evidence showing that "the attack was read as specifically directed at the plaintiff." *Rosenblatt v. Baer*, 383 U.S. 75, 81 (1966). Albritton cannot show that the "banana republic" comment was directed to him and has even admitted that the Banana Republic comment was not about him. When asked at his deposition whether he contended that "that phrase is defamatory of you?" His answer was "No" although he added a rambling explanation. (Exhibit 2 to the Motion, Albritton Deposition at 69:17-19). Albritton later testified the banana republic statement was taken out of the Article "within a day or so," and thus "Cisco thought it was okay to say ugly things about Eric Albritton, but not about the judges." (Exhibit 2 to the Motion, Albritton Deposition at 72:18-73:7). Albritton's complaint unequivocally states that the "banana republic" comment refers to the court, stating that Frenkel "referred to the United States District Court for the Eastern District of Texas as the 'Banana Republic of East Texas.'" (Complaint at ¶26, Docket #17).

Exhibit 5, excerpts from Mallun Yen's deposition, concerning a federal criminal statute and Exhibit 6, a copy of the statute, are also irrelevant. Albritton did not even argue that this statute applied in his response to the Motion for Summary Judgment. Notably, the statute and testimony have no relevance to this lawsuit, as there is no allegation that Frenkel accused Albritton of attempting to kill another person or using physical force (§ 1512(a)), using intimidation, threats or corrupt persuasion (§ 1512(b)), corruption (§ 1512(c)), or harassment (§ 1512(d)). Therefore, the testimony and statute are irrelevant and should be stricken from the summary record.

C. **The Court should strike Albritton's argument in support of his cross-motion for summary judgment.**

Although the caption for the Sur-Reply deceptively states that it is only a Sur-Reply to Defendants' Motion for Summary Judgment, like Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff also argues his own cross motion.[13] For the reasons stated in the Motion to Strike Cross-Motion for Summary Judgment,[14] the Court should also strike the arguments in support of Plaintiff's "cross-motion," which was filed after this Court's motion deadline without leave to file. In the alternative and to the extent the Court allows the cross motion despite its tardy filing, Defendants request additional time to respond to the cross motion, as well as all replies thereto.

---

[13] *See* footnote 4 and p. 15, asking that "the Court grant his Cross-Motions for Summary Judgment"
[14] Docket # 122.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANTS
CISCO SYSTEMS, INC., MALLUN YEN
and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By:  /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of January, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock