# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, | § § § | |
| PLAINTIFF. | § | CIVIL ACTION NO.: 6:08-CV-89 |
| v. | § § § | **JURY TRIAL DEMANDED** |
| (1)CISCO SYSTEMS, INC., (2) RICHARD FRENKEL, (3) MALLUN YEN and (4) JOHN NOH, | § § § § § | |
| DEFENDANTS. | § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE CITED IN <u>RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants CISCO SYSTEMS, INC., RICHARD FRENKEL, MALLUN YEN[1] AND JOHN NOH[2] reply to Plaintiff's Response to Defendants' Objections and Motion to Strike Plaintiff's Evidence cited in Response to Defendants' Motion for Summary Judgment as follows[3]:

The declarations of Sam Baxter, Louis Brucceleri, Otis Carroll and Danny Williams and the deposition testimony of Otis Carroll are not competent summary judgment proof. FED. R. CIV. P. 56(e)(1) requires a declaration to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." It is not the object of Rule 56 "to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 100 S.Ct. 3177, 3188 (1990). "Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 297 (5th Cir. 1997).

Baxter, Brucceleri, Carroll and Williams give conclusory opinions without explaining either the facts upon which such conclusions are based or the analysis completed to reach such opinions. For example, Baxter, Brucceleri, Carroll and Williams fail to state how, why or the alleged extent to which the articles "could" have effected Plaintiff's business and career or why they believe the articles accuse Plaintiff of a crime or what crime the articles accuse him of. Similarly, Plaintiff relies on Carroll's testimony regarding the article, which at that time he had

---

[1] Subject to her Motion to Dismiss.
[2] Subject to his Motion to Dismiss.
[3] Based on Plaintiff's Affidavit concerning a clerical error regarding Exhibit 13, Defendants withdraw their objection to Exhibit 13, although Cisco denies that Cisco knew about the clerical error prior to filing its objections. Plaintiff's own exhibits attached in support of its argument speak for themselves on this issue.

not even read. Exhibit 9, page 9:11 11:15. For these reason alone, the Court should strike the affidavits.

As Plaintiff's Response makes clear, Plaintiff is relying on these witnesses as experts, alleging that they have specialized knowledge as intellectual property lawyers that practice in the Eastern District of Texas. Yet Plaintiff failed to designate any of the witnesses as experts by this Court's expert designation deadline of September 22, 2008. The Court should strike the affidavits for that reason alone. *Spooner v. Jackson*, 251 Fed. Appx. 919, 924 (5th Cir. 2007) (holding that the lower court properly struck a cross-motion for summary judgment because it was untimely pursuant to the scheduling order). Even had these witness been designated as experts, Plaintiff would be required to show (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702. Plaintiff does note even attempt to meet this standard, and therefore the testimony is inadmissible. *Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1319 (9th Cir. 1995). While an expert may rely on his experience in reaching his conclusions, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached . . . and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005), *citing* FED. R. EVID. 702 advisory committee's note.

Plaintiff also fails to show how these statements are relevant to the issues in this lawsuit. Albritton's allegation that "they represent ordinary Patent Tracker Readers" is conclusory and not supported by any evidence.

Plaintiff argues that the testimony given by Albritton in Exhibit 7, page 80:10 – 81:13[4] is not offered for its truth and therefore does not fall squarely within the definition of inadmissible hearsay, yet he cites it as evidence of what the article's readers believed. Response at 2. In the alternative, Plaintiff asserts that the excerpt is admissible under the hearsay exception provided in FED. R. EVID. 803(21). It is not. Rule 803(21) allows trustworthy reputation evidence, "when the topic is such that the facts are likely to have been inquired about and that persons having personal knowledge have disclosed facts which have thus been discussed in the community; and thus the community's conclusion, if any has been formed, is likely to be a trustworthy one." Advisory Committee's Note, *citing* 5 Wigmore § 1580, p. 444. Plaintiff has offered what he contends is Barclay's opinion, without establishing that Barclay is familiar with Plaintiff's reputation. FED. R. EVID. 405. *See Whiting v. U.S.,* 296 F.2d 512, 517-518 (1st Cir. 1961) (police officers' testimony that they had been told by informants that defendant had a reputation as a narcotics vendor was not admissible when there was no showing that the informants knew defendant or came from his area). *See also U.S. v. Trollinger,* 415 F2d 527 (5th Cir. 1969) (character witness incompetent to testify due to lack of foundation where witness had not known the defendant long and had not lived in either of the cities in which the defendant resided.) Albritton's interpretation of Barclay's email is not evidence of reputation and therefore does not fall under the hearsay exception provided by FED R. EVID. 803(21).

More significantly, Albritton misstates the content of Michael Barclay's email to which he refers.[5] Exhibit A. Nothing in the email suggests, as Plaintiff contends, that Barclay "believes, hook, line, and sinker, that [Albritton is] a criminal. . .." Exhibit 7, page 81:8-11.

---

[4] "And in the documents that you've produced, Mr. Babcock, you can see that Mr. Barclay evidently believes, hook, line, and sinker, that I'm a criminal. . .."

[5] "If, as Messrs. Albritton and Ward contend, they filed this complaint at 12:01 a.m. on October 16, then the computer-generated file stamp on the attached should have said October 16, not October 15 as it actually did – at

Nor has Plaintiff laid the proper foundation for Peter J. McAndrews' testimony regarding Plaintiff's "bad name."[6] FED. R. EVID. 405(a). The Court is presented with no more than a conclusory statement.

Plaintiff also seeks to admit double hearsay relayed by McAndrews under the exception provided by FED. R. EVID. 803(21). It doesn't fit. McAndrews relays a conversation with one of his partners, Ed Moss. Moss had asked McAndrews for an explanation of the incident for Moss' client, Nissan, who, "demanded an explanation from him as to who we were representing and why our local counsel had done what they had been alleged to do . . . .[7]" Nissan's inquiry is analogous to the memorandum rejected by the 7th circuit in *U.S. v. Arroyo*. "The statements defendant sought to admit were not related to his character, but rather to a rumor about a specific prior act and others' intent to harm him. McAndrew's hearsay does not establish the '[r]eputation of [defendant's] character among associates or in the community.' FED. R. EVID. 803(21)." 406 F.3d 881, 888.

The second instance relayed by McAndrews provides no evidence concerning Plaintiff's reputation as to character. In fact, Plaintiff isn't mentioned. Plaintiff offers McAndrews' testimony that a lawyer commented "about essentially those yahoos in the Eastern District of Texas who conspire with local counsel. . . ."[8] Clearly, the exception contained within FED. R. EVID. 803(21) is not applicable and this testimony is inadmissible hearsay.

---

least as I understand the way ECF software works. Again, to my understanding, this is regardless of whether or not the docket was set up on October 15. I could be wrong about how the software works, and if I am, please advise."

[6] "They [Eric Albritton and Johnny Ward] have a bad name subsequent to the Troll Tracker fiasco." McAndrews Depo. Page 79:21-25.

[7] McAndrews Depo. Page 89:15 – 90:6.

[8] McAndrews Depo. Page 90:19-21.

The excerpt Plaintiff submits from Michael Charles Smith's testimony[9] is unreliable on its face. Smith admits he is unfamiliar with the specifics of the law, and testifies only to the *possibility* that the allegation in the article could damage one's reputation. Smith's opinion testimony is offered without first establishing Smith's qualifications to provide such testimony, without stating the facts upon which Smith bases his opinion, and without any explanation as to the manner in which Smith reached his opinion. "[A] party may not avoid summary judgment solely on the basis of an expert's opinion that fails to provide specific facts from the record to support its conclusory allegations." *Evers v. General Motors Corp.,* 770 F2d. 984, 986 (11th Cir. 1985). Smith's testimony is incompetent summary judgment evidence. *Thomas v. City of Chattanooga,* 398 F.3d at 432; *Daubert,* 43 F.3d at 1319; *Clark,* 110 F.3d at 297; *Cooper-Shut v. Visteon Auto. Sys.,* 361 F.3d 421, 429 (7th Cir. 2004); *Evans Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). FED. R. EVID. 702.

Richard G. Frenkel's Application to Appear *Pro Hac Vice,* filed on June 16, 2005 in an unrelated case, has no relevance to this action. Despite Plaintiff's allegation that Frenkel should have known by virtue of the notice of electronic filing that the case was "filed" pursuant to the local rules, Plaintiff has admitted that the notice of electronic filing is sent only to the person who files the complaint. Moreover, it is undisputed that the Court's Notice of Electronic filing stated "Filed: 10/15/2007." (Exhibit 12 to Defendants' Motion for Summary Judgment). Exhibit 32 is not proper summary judgment evidence. It is irrelevant. FED. R. EVID. 402.

For these reasons, Defendants respectfully request that the Court strike the improper summary judgment evidence as set forth above and in its Motion to Strike and for such other relief as the Court deems just and proper.

---

[9] Smith Depo. Page 114:16 – 115:10.

**Defendants' Reply to Plaintiff's Response to Defendants' Objections and Motion to Strike Plaintiff's Evidence Cited in Response to Defendants' Motion for Summary Judgment**
-Page 6-

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

    ATTORNEYS FOR DEFENDANT
    CISCO SYSTEMS, INC., MALLUN YEN
    and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By: /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

    ATTORNEY FOR DEFENDANT
    RICK FRENKEL

# CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January, 2009, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff Eric Albritton***

/s/ Charles L. Babcock
Charles L. Babcock