IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | JURY |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

**CISCO SYSTEMS, INC.'S MOTION FOR DISTRICT JUDGE TO
RECONSIDER MAGISTRATE JUDGE'S ORDER DENYING
CISCO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

TO THE HONORABLE DISTRICT JUDGE:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Motion to Reconsider
Magistrate Judge's Order Denying Cisco's Motion to Compel Production of Documents (the
"Order") pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 4 of Appendix B to the Local Rules, Rule
37 of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Eric Albritton ("Albritton") alleges in his disclosures that he seeks mental anguish and
punitive damages,[1] and when he refused to produce **any** documents relating to his mental
anguish, including records of his medical doctors treating him for matters he refused to discuss,
Cisco filed a Motion to Compel. The Magistrate Judge denied the Motion, accepting Albritton's
excuse that since he is not seeking medical expenses or direct economic loss, he is excused from
discovery. This ruling is clearly erroneous and contrary to law. Albritton's medical and
financial records are probative of (1) whether he indeed has suffered mental anguish; (2) the
cause of his alleged mental anguish, including alternative causes; (3) and the nature and extent of

---

[1] *See* Plaintiff's Initial Disclosures, Exhibit B.

1

his mental anguish for purposes of assessing damages. Certainly if Albritton had sued Cisco as the cause of his broken leg yet was not seeking medical expenses, the Court would still require production of his medical documents to show whether his leg was broken, whether the defendant was the cause of the injury or whether there was some other cause, and the nature and extent of the injury for purposes of assessing damages. To deny Cisco this discovery is to deny it powerful, probative evidence in its defense and omits from the record evidence that must be reviewed in the event a damage award is made in this case.

## II. FACTUAL BACKGROUND

Albritton alleges that the Defendants published defamatory statements about him that caused him mental anguish. On March 31, 2008, the then-presiding judge in this lawsuit, Judge Michael H. Schneider, issued an Order for Scheduling Conference ("Order"). A true and correct copy of the Order is attached as Exhibit A. Judge Schneider ordered that within 60 days of the order, the parties must produce all documents that are "relevant to the claims or defenses of any party," and directed the parties to Local Rule CV 26(d) to define "Relevant to the Claim or Defense." (Exhibit A at p. 2). Local Rule CV 26(d) provides that "in evaluating whether a particular piece of information is 'relevant to the claim or defense of any party'," the disclosing party must produce "information that would not support the disclosing parties' contentions," "information that is likely to have an influence on or affect the outcome of a claim or defense," "information that deserves to be considered in the preparation, evaluation or trial of a claim or defense," and "information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense." LR CV26 (d) (1), (3), (4), (5).

Judge Schneider further ruled that in light of this requirement, "requests for production under FED. R. CIV. P. 34 will not be allowed, and the parties are directed to conduct discovery

through the process of disclosures." (Exhibit A at p. 3). Albritton was required to produce all documents that are relevant to his claims and Defendants' defenses on or before May 30, 2008.[2]

Albritton failed to produce any documents related to his claimed damages. On August 26, 2008, counsel for Cisco sent Albritton a letter requesting these documents, but Albritton refused. The parties conducted a meet and confer and Albritton again refused to produce certain documents. Specifically, Albritton refuses to produce the following documents: (1) documents evidencing Eric Albritton's damages; (2) documents evidencing Eric Albritton's mental anguish; (3) a medical authorization for Eric Albritton's medical records; (4) documents evidencing all of Albritton's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters; (5) Eric Albritton and the Albritton Law Firm's tax returns for 2002 through the present; and (6) annual and interim balance sheets, income statements, and statements of cash flows for the Albritton Law Firm for 2002 through the present.

On October 14, 2008, Cisco filed its Motion to Compel. On January 15, 2009, Magistrate Judge Don Bush denied the Motion to Compel, stating that Albritton was not required to produce his medical records or tax returns because Albritton was not seeking medical expenses or economic damages. The Order did not specifically address whether Albritton was required to produce documents evidencing Albritton's damages, Albritton's mental anguish, or Albritton's new matters or clients since October 16, 2007, including engagement letters concerning such clients and matters, which had also been requested and were a subject of the Motion to Compel.

---

[2] The parties agreed to an extension of this deadline.

# III. ARGUMENTS AND AUTHORITIES

Cisco requests that the Court reconsider the Order pursuant to Rule 4 to Appendix B to the Local Rules and 28 U.S.C. § 636(b)(1)(A), which provides that "a judge may reconsider any pretrial matter… where it has been shown that the magistrate's order is clearly erroneous or contrary to law." As set forth below, the Order is clearly erroneous or contrary to law.

## 1. Defendants are entitled to evidence regarding Albritton's alleged mental anguish.

According to the American Psychological Association's report on Stress in America for 2008[3], the top ten causes of stress include money, work, health problems affecting one's family, relationships, personal health concerns, and job stability. Notably, issues related to one's job (money, economy, work, and job stability) occupy four of the top ten causes of stress. Health and relationship issues (health problems affecting the family, family responsibilities, relationships, personal health concerns) also occupy four of the top ten causes of stress. The Order prevents discovery of any of these issues—eight of the ten top causes for mental anguish—and thus deprives Defendants of powerful, probative evidence in its defense.[4]

Texas Courts have historically been hesitant to allow recovery for mental anguish, noting the difficulty of distinguishing "between shades and degrees of emotion," some of which allow for recovery, and others of which do not. *See, e.g., Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (holding that the disruption caused by the flooding of the plaintiff's home disrupted the plaintiff's lives temporarily but that "this type of disruption will not support an inference that compensable mental anguish occurred.") The Texas Supreme Court has acknowledged that "direct evidence of the nature, duration and severity of mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine" is relevant to show mental

---

[3] Exhibit C

[4] Plaintiff refused to answer questions at his deposition on damages but agreed to be re-deposed if Defendants' Motion to Compel is granted. Exhibit D at p. 133, 156.

anguish and "can be readily supplied or procured by the plaintiff." *Id.* For this reason, to recover damages for mental anguish, the plaintiff must show both (1) evidence of compensable mental anguish and (2) evidence to justify the amount awarded. *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996).

Here, Defendants have sought the exact evidence that is relevant and possibly even case dispositive regarding Albritton's claim for mental anguish. Albritton's medical records, which would show whether he met with medical professionals concerning his alleged mental anguish, other factors that could have led to his alleged mental anguish, such as money, health or family issues as discussed above are directly relevant to the nature, duration and severity of his mental anguish. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006), *cert. denied* 456 F.3d 704 (2006); 127 S.Ct. 1828 (2007) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover **any** records of that state")[5]; *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996) *cert. denied*, 519 U.S. 1091 (1997) (holding that evidence of mental anguish "may include corroborating testimony or medical or psychological evidence"); *Montemayor v. Ortiz*, 208 S.W.3d 627, 719 (Tex. App.—Corpus Christi 2006, pet. denied) (noting as a reason for holding that there was insufficient evidence of mental anguish that "[r]emarkably, in this case not one plaintiff presented medical or psychological expert testimony as to the emotional harm that was purportedly suffered.") Mental health information is certainly critical when Plaintiff is seeking mental anguish damages. *See Garrett v. Sprint PCS*, 2002 WL 181364 at *2 (D. Kan. 2002, no pet.) (When a plaintiff seeks damages for mental anguish, "[t]he medical and psychological information sought by... requests for production are relevant as to both causation and the extent

---

[5] The Plaintiff certainly puts his psychological state at issue saying he suffered extreme trauma. Exhibit D at p. 79.

of plaintiff's alleged injuries and damages"); *McCarthy v. Se. Pa. Transp. Auth.*, No. CIV. A. 92-7188, 1993 WL 409858, at *2 (E.D.Pa. Oct. 13, 1993, no pet.) ("the medical records sought by Defendants are relevant and may provide evidence concerning whether marital problems were the source of or contributed to Plaintiff's stress which she attributed to the unlawful conduct of Defendants... When she put her stress at issue in this law suit, however, she abandoned whatever privacy interest she had in keeping these records confidential"). Plaintiff has never denied that he is under the care of a mental health professional. Defendants are entitled to know whether that treatment is unrelated to these two articles and other possible sources of Plaintiff's mental anguish.

Not only is this evidence relevant, it is essential. Texas law provides that when it comes to damages for mental anguish, the jury "cannot simply pick a number and put it in the blank," but rather must provide evidence of fair and reasonable compensation. *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (reversing the award of mental anguish damages because "there is no evidence in this case that Saenz suffered mental anguish or that $250,000 would be fair and reasonable compensation"). "Not only must there be evidence of the existence of compensable mental anguish, there must also be some evidence to justify the amount of the award. We disagree with the court of appeals that 'translating mental anguish into dollars is necessarily an arbitrary process for which the jury is given no guidelines... There must be evidence that the amount is fair and reasonable compensation, just as there must be evidence to support any other jury finding." *Id.*

The Texas Supreme Court has held that an award of mental anguish damages must not be simply a disapprobation of the defendants' conduct, but rather a "fair assessment" of the plaintiff's injury. *Bentley v. Bunton*, 94 S.W.3d 561, 605 (Tex. 2002) (reversing an award of $7

million in mental anguish on the basis there was insufficient evidence that the amount would "fairly and reasonably compensate" the plaintiff for his loss). In doing so, the Court reiterated that "there must be evidence that the amount found is fair and reasonable compensation, just as there must be evidence to support any other jury finding." *Id.* at 606. Allowing Albritton to shield this evidence not only cripples Defendants' defense, but also omits from the record evidence that must be evaluated on appeal. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997) ("concerned with the subjective nature of mental anguish damages, we have admonished courts to closely scrutinize [mental anguish] awards"; evidence is required because it "ensures that fact-finders are provided with adequate details to assess mental anguish claims"); *Saenz*, 925 S.W.2d 607, 614 ("the law requires appellate courts to conduct a meaningful evidentiary review" of the amount of mental anguish damage awards); *Bentley*, 94 S.W.3d at 606-07 (reversing an award of mental anguish damages in a *per se* defamation case where the evidence did not support the amount of the award).

In his Response to the Motion, Albritton relied on *Burrell v. Crown Central Petroleum, Inc*, 177 F.R.D. 376 (Tex. App.—Beaumont 1997) but that case arose under federal, not state, law as here. As the *Burrell* court noted, "if (plaintiffs) had sued under state law tort claims...then their mental conditions would be at issue." 177 F.R.D. at 379. Furthermore, the *Burrell* case was decided under the mandatory disclosure rule and not Rule 26(b)(1) as here. The latter rule permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *See Merrill v. Waffle House, Inc.* 227 F.R.D. 467, 473 (N.D. Tex. 2005) (which distinguished *Burrell* on this basis and followed a long line of cited cases which hold that "medical records are relevant to claims of mental anguish...") Even under *Burrell*, however, medical records are relevant where mental anguish is the crux of the case, as it is here.

Mental anguish (and punitive) damages are the only damages asserted in Plaintiff's disclosures. Unlike the *Burrell* case, Plaintiff's mental anguish claim is not incident to any economic damages, but is rather the crux of his case. Albritton admits he has no economic damages.[6] Instead he claims that, "This has been extremely, extremely traumatic" and he's "not kind of worked up; I'm extremely worked up... I'm sick," he says, "not physically... I'm sick over the fact that those people said these horrible, malicious lies about me."[7]

Under *Burrell*, medical records are relevant to Albritton's claims. "Medical and psychological records often reflect a person's state of mind, the manner in which they perceive a course of events, and external circumstances which may be contributing to the harms complained of in a lawsuit" and "shed light on other contributing causes to plaintiff's mental anguish." *See* 177 F.R.D. at 380, 383 (also stating that "if Plaintiffs seek more than nominal damages for any alleged emotional distress, then Plaintiffs are placing their mental condition at issue in this case, and [the defendant] is entitled to explore any evidence, including Plaintiff's medical records, which may be relevant to such claim.") Cisco has a right to discover these alternative sources of mental anguish and any medical records showing a lack in the plaintiff's routine. *See id.* (alternative source of anguish); *see also Parkway*, 901 S.W.2d at 444 (holding that judicial scrutiny is in order when the plaintiff fails to show a substantial disruption in the plaintiff's routine, and thus impliedly holding that evidence of such a disruption or lack thereof is relevant).

Records of Albritton's personal and business finances are direct evidence of whether his alleged mental anguish disrupted his daily routine because they would show whether Albritton's alleged mental anguish took any toll on his work life and whether his alleged mental anguish was caused by or related to financial distress. According to the American Psychological

---

[6] Exhibit D at pp. 77-78.
[7] Exhibit D at pp. 79, 83-84.

Association's report on Stress in America for 2008, four of the top ten causes of stress are related to one's finances and job.[8] The Order denying Defendants these essential documents is clearly erroneous or contrary to law.

**2. Albritton's argument that he is shielded from discovery because he has alleged *per se* defamation also fails.**

Albritton's argument that he is not required to produce evidence of his mental anguish because the complained-of articles are defamatory *per se* fails for the obvious reason that there has been no finding that the articles are defamatory *per se*. Albritton cannot avoid discovery based on his allegation, just like a defendant may not avoid discovery based on an affirmative defense.

Moreover, even if the Court found that the Articles were defamatory *per se*, Defendants are still entitled to evidence that would show other sources of mental anguish[9] and the proper amount of damages. In *Bentley v. Bunton*, the Texas Supreme Court reversed a damage award where a publication was defamatory *per se* because there was insufficient evidence that the award would "fairly and reasonably compensate" the plaintiff for his loss. *Bentley v. Bunton*, 94 S.W.3d at 605. Rebuttal evidence is therefore relevant and required to show what would fairly and reasonably compensate Albritton for his loss, including that his professional practice has flourished. The Order denying Defendants this essential evidence is clearly erroneous and contrary to law.

Simply put, Albritton should not be permitted to allege mental anguish, yet refuse to produce the most obvious evidence concerning those claims. Accordingly, Defendants respectfully request an order requiring Albritton to produce the following:

---

[8] Exhibit C.

[9] *See* Exhibit C, which notes that the documents requested are directly related to top causes of stress.

- Documents evidencing Eric Albritton's damages;
- Documents evidencing Eric Albritton's mental anguish;
- A medical authorization for Eric Albritton's medical records;
- Documents evidencing all of Albritton's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters;
- Eric Albritton and the Albritton Law Firm's tax returns for 2002 through the present; and
- Annual and interim balance sheets, income statements, and statements of cash flows for the Albritton Law Firm for 2002 through the present.

Defendants also request such further relief to which they may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

Counsel for Cisco has complied with the meet and confer requirement in Local Rule CV-7(h). On August 26, 2008, Charles L. Babcock, attorney in charge for Cisco Systems, Inc., sent a letter to Jamey Holmes, attorney in charge for Eric Albritton requesting the documents at issue in this Motion. On October 1, 2008, Charles L. Babcock, attorney in charge for Cisco Systems, Inc., and Jamey Holmes, attorney in charge for Eric Albritton, spoke via telephone regarding the document requests. Jamey Holmes advised that an agreement to produce the documents at issue could not be reached because it is Plaintiff's position that the requested documents are irrelevant. The parties came to an impasse, leaving an open issue for the court to resolve.

/s/ Charles L. Babcock
Charles L. Babcock

Attorney in Charge for Cisco Systems, Inc.


## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of January, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock