IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON | § |
| | § |
| v. | § |
| | §    C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § |
| RICK FRENKEL, MALLUN YEN & | § |
| JOHN NOH | § |

## DEFENDANTS' SUR-REPLY TO PLAINTIFF'S REPLY REGARDING HIS EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE

TO THE HONORABLE COURT:

In his Reply, Albritton abandons some of his objections and re-argues baseless objections to testimony that contradict his allegations, asking the court to strike even the testimony of his assistant regarding operative facts in this case. Albritton's arguments fail.

**A.   Richard Frenkel's testimony is proper summary judgment evidence.**

With respect to Frenkel's testimony[1] regarding the articles at issue, Albritton now admits that the statements at issue relate to the actual malice inquiry at issue in this case.[2] Albritton tries to narrow the relevancy to "whether Frenkel acted in good faith," but that is not the standard for Constitutional actual malice. The applicable standard is whether the statement was published "with knowledge that it was false or with reckless disregard of whether it was false or not."[3] To show "reckless disregard," the plaintiff must prove that the publisher "entertained serious doubts

---

[1] Paragraphs 9-12 of Exhibit 1 to the Motion for Summary Judgment.

[2] Docket #125 at p. 1, which is incorporated by reference. Actual malice is at issue in this case even if Albritton is found to be a private figure (which Defendants dispute) because Albritton is seeking punitive damages. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974) (holding that punitive damages are not permitted upon less than a showing of actual malice).

[3] *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).

as to the truth of his publication."[4] "An understandable misinterpretation of ambiguous facts does not show actual malice."[5] Even if the presentation of facts is misleading, actual malice cannot be shown unless the plaintiff brings forth evidence that the publisher knew or strongly suspected that the article was misleading at the time of publication. When the defendant's words lend themselves to more than one interpretation, the plaintiff bears the burden of showing that the defendant either knew that the words would convey a defamatory message or had reckless disregard for their effect.[6] Therefore, all of Frenkel's comments about his belief concerning words he used are relevant (in addition to the reasons set forth in the response).

The Texas Supreme Court has granted summary judgment based on almost identical statements by the defendant in a libel case.[7] Yet Albritton argues that these statements "should not be considered for summary judgment purposes." Albritton makes one last effort by trying to change the standard of relevance to dispositive evidence, arguing that because Frenkel's statements are not "dispositive" and therefore not relevant.[8] Whether the statements at issue are dispositive, however, is not the evidentiary standard.[9] Frenkel's testimony concerning the facts surrounding his writing of the publications at issue is admissible for the reasons set forth in G, below.

**B.    The articles regarding the public controversy are admissible.**

With respect to Exhibits 26-38 and 40-41 (articles demonstrating the public controversy and issue of public concern that Frenkel was commenting on), Albritton now abandons his

---

[4] *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); *Hearst Corp. v. Skeen*, 159 S.W.3d 633, 637 (Tex. 2005).
[5] *Freedom Newspapers of Texas v. Cantu*, 168 S.W.3d 847, 855 (Tex. 2005).
[6] *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 162 (Tex. 2004), *cert. denied*, 545 U.S. 1105 (2005).
[7] *See Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex. 1989) (holding that summary judgment was proper where the plaintiff accused the defendant of publishing things, which, if true, would be official misconduct, where the defendant submitted an affidavit stating that they entertained no doubts about the truth of the statements and the plaintiff produced no proof of malice).
[8] Docket No. 125 at p. 1.
[9] FED. R. EVID. 401-402.

baseless authentication and hearsay arguments made in his motion and instead relies on his relevancy objection. However, Albritton fails to cite any authority to overcome the vast authority that has held that such articles, including the articles written after the complained-of articles, are relevant to whether a public controversy or issue of public concern is at issue.[10]

### C. Amie Mathis's testimony is admissible.

Albritton's attempt to misrepresent Mathis's testimony[11] as being hearsay because she "relayed a prior conversation with Shelly Moore" also fails. Albritton would lead the Court to believe that Mathis was testifying about Moore's statements, when in reality she was testifying regarding her own and Albritton's (which Albritton acknowledges is admissible). In the testimony at issue, Mathis testified that she informed Albritton about her first call to the clerk to have the docket changed before she made the third, fourth and fifth calls to the clerks and that Albritton told her to "stay on top of it." This testimony is admissible as an admission by a party opponent because Mathis was acting as Albritton's agent.[12] Her testimony is therefore an admission that Frenkel's statements regarding Albritton's office making calls to the clerk to have the docket changed were true. Mathis's testimony is also not hearsay because she was subject to cross-examination and her statements regarding the conversations were inconsistent with Albritton's claim that Frenkel's statements regarding communications between Albritton's office and the clerks were not true.[13] Finally, there is no indicia that this testimony should not be

---

[10] *See* Docket No. 125 at pp. 15-17, which is incorporated by reference.

[11] Exhibit 4 to the Motion for Summary Judgment at 42:3-18.

[12] *See* FED. R. EVID. 801(d)(2)(D). Albritton has never disputed that Ms. Mathis was his agent or that the call was made in the scope of her employment. In fact, Albritton testified that he appreciated what Mathis had done and fully supports everything she did. *See* Exhibit 2 to the Motion for Summary Judgment, Albritton Deposition at 147:15-17; 54:15-55:12; 147:15-17.

[13] *See* FED. R. EVID. 801(d)(1).

trusted, as it is consistent with the testimony of Albritton, who has confirmed that Mathis called the court, was working on his behalf, and that he supports what she did.[14]

### D. David Maland's testimony is admissible.

Albritton also objects to testimony by David Maland that prior to "adjusting or correcting the filing date" for Albritton, he could not recall ever changing a filing date[15] and an explanation of the events leading up to changing the date.[16] Albritton argues that these statements are inadmissible because they are mixed in with questions from a reporter. However, Defendants are not seeking to admit the questions from the reporter to prove the truth of any matter, but rather to provide context for Maland's own testimony. Therefore, the statements are not hearsay. Moreover, even in the absence of the reporter's questions, Maland's statements of his own state of mind are admissible.[17] The testimony is also admissible for the reasons set forth in G, below.

### E. Cynthia Paar's testimony is admissible.

Albritton also abandons his meritless objections to Paar's testimony that the Electronic Filing System ("ECF") worked like it was supposed to work[18] and that Albritton's office had started filing the complaint before midnight and finished it after midnight (a fact Albritton has not disputed). Instead, Albritton now focuses on Paar's explanation to another clerk that the ECF system did what it was supposed to do when the docket and stamp on the pleading stated that the pleading was filed on October 15.[19] Albritton argues that this testimony is hearsay to the extent offered to prove the truth of the matter stated. However, Paar's statement of what she told the other clerk is not offered to prove the truth of the matter asserted (that she actually told the

---

[14] *See* Exhibit 2 to the Motion for Summary Judgment, Albritton Deposition at 147:15-17; 54:15-55:12; 147:15-17.
[15] Exhibit 3 to the Motion for Summary Judgment at 42:14-24.
[16] Exhibit 3 to the Motion for Summary Judgment at 54:7-25; 56:16-58:25.
[17] FED. R. EVID. 803(1).
[18] Exhibit 9 to the Motion for Summary Judgment at. 7:7-21.
[19] Exhibit 9 to the Motion for Summary Judgment at. 8:2-8, 15-21.

other clerk that), but rather is offered to prove Paar's state of mind (that she believed the system had done what it was supposed to do). Therefore, it is not hearsay. FED. R. EVID. 803(1).

### F. Rhonda LaFitte's testimony is admissible.

Albritton also misleads the Court with respect to LaFitte's testimony, which he characterizes as "Moore's reasons for not agreeing to the request." However, a fair reading of the testimony[20] shows that Lafitte is testifying regarding the clerk's guidelines and her knowledge that prior to Albritton's request, the clerk's office had never been asked to change a complaint date.[21] As the deputy in charge for the Texarkana Division for the clerk of the court, Lafitte is certainly qualified to testify regarding her experience.

### G. The residual exception.

Even to the extent the testimony at issue contains any brief hearsay, as set forth in Defendants' Response to the Motion to Strike, the Court should overrule Albritton's hearsay objections because the clerks' testimony is admissible pursuant to the residual hearsay exception, as set forth in the Motion. FED. R. EVID. 807. Albritton cannot genuinely dispute that the clerks are a reliable– in fact, the best –source of information regarding the procedures for filing a complaint in the Eastern District of Texas and regarding Plaintiff's request to alter the court's docket.

For the foregoing reasons and the reasons set forth in Defendants' Response to the Motion to Strike, the Court should overrule Albritton's objections to Defendants' summary judgment evidence and deny his Motion to Strike in its entirety.

---

[20] Exhibit 13 to the Motion for Summary Judgment at 16:11-24.
[21] *Id.*

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANTS
CISCO SYSTEMS, INC., MALLUN YEN
and JOHN NOH

GEORGE MCWILLIAMS, P.C.

By:  /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of January, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for John Ward, Jr.***

/s/ Charles L. Babcock
——————————————
Charles L. Babcock