IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. RICHARD | § | |
| FRENKEL, MAULLUN YEN and | § | |
| JOHN NOH, | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

Cisco's Reply does not dispute that the three issues for which Albritton seeks summary judgment in his favor are issues of law to be resolved by the Court. Cisco also does not dispute that those issues have been briefed by the parties and are ripe for adjudication. Nor does Cisco offer any reason why those issues should not be resolved on summary judgment, avoiding the need to brief them again for pretrial motions and jury instructions. Yet, Cisco urges this Court to put off resolving the legal issues presented, even where the outcome will be obvious should the Court reject the arguments presented in Cisco's summary judgment motion.

Cisco's opposition boils down to its insistence that the Court is limited to granting summary judgment to Cisco. Although Cisco's motion for summary judgment urges that the issues raised are amenable to summary adjudication, in this motion Cisco argues that if it doesn't win, summary judgment is improper. In other words, the undisputed legal issues at play can only be resolved in Cisco's favor, or not at all. Cisco ignores the law, judicial efficiency and the policy goals served by Rule 56 in an attempt to ensure that if Cisco looses on summary judgment, which is likely, it has another bite at the apple during pretrial. None of the arguments made in the Reply justify that result.

**II.    Argument**

Cisco's Reply argues that its motion should be granted for four reasons: (1) Albritton's cross motions were untimely (2) summary judgment in Albritton's favor cannot be granted absent notice from the Court, (3) Cisco has not had a reasonable opportunity to fully argue the issues presented, and (4) Albritton's cross motions violate Local Rule CV-10(a)(2). As discussed below, none of Cisco's arguments prevent the Court from ruling for Albritton.

    1.   <u>Albritton's Requests Are Not "Untimely" Summary Judgment Motions</u>

Ignoring controlling case law holding that the Court's authority to grant summary judgment in favor of the non-moving party is not constrained by whether the non-moving party timely filed his own motion for summary judgment, Cisco continues to stubbornly argue that Albritton is not entitled to summary judgment because his request was late. Reply at 1-3. The

1

law is clear: Albritton is not required to file a motion for summary judgment before the Court can rule in his favor. *See Exxon Corp. v. St. Paul Fire and Marine Ins. Co*., 129 F.3d 781, 786 (5th Cir. 1997) (upholding court's entry of summary judgment for non-moving party where issue raised was purely legal issue, the moving party had opportunity to brief the issue, and despite the fact that the opposing party had not filed a cross-motion for summary judgment); *Caravan Refrigerated Cargo, Inc. v. Yaquinto*, 864 F.2d 388, 393 (5th Cir. 1989).[1] Undeterred, Cisco continues to argue that Albritton must be punished for his non-existent violation of Rule 16. Not only does Cisco's argument rest on a false application of the law, but it also rests on the false premise that Albritton filed an untimely motion for summary judgment. He did not. Because *Cisco's* motion demonstrated that it cannot prevail on three legal issues—and that on the facts of this case they must be resolved in Albritton's favor—Albritton cross-moved so as to advise the Court, and Cisco, that a ruling for Albritton is appropriate.[2] There is nothing untimely or improper about Albritton's response. *See EEOC v. Allendale Nursing Centre*, 996 F. Supp. 712, 713 (W.D. Mich. 1998) (rejecting motion to strike cross-motion as untimely where it was filed as part of party's summary judgment response).

If summary judgment for Albritton is warranted, as it is here, the Court not only can rule in Albritton's favor irrespective of whether he filed his own motion, but should do so to further the policy considerations served by Federal Rule of Civil Procedure 56 in prompt disposition of cases. *See Exxon*, 129 F.3d at 786*; Caravan Refrigerated Cargo,* 864 F.2d at 393.

---

[1] The Reply ignores the *Exxon* and *Caravan Refrigerated Cargo* cases, offering instead its own case law that is easily distinguishable. Cisco's reliance on *Lozano v. Ocwen Federal Bank*, 489 F.3d 636, 641 (5th Cir. 2007), is misplaced because there the Court held "a district court may not grant summary judgment *sua sponte* on grounds *not requested by the moving party*." *Id*. Cisco's citation to *General Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 788 (5th Cir. 2007) is equally flawed. Not only is that case unpublished and lacking in precedential weight, it is inapposite. The issue presented in *General Retail* was the notice the court is required to give parties before converting a motion to dismiss into a summary judgment motion. *Id*. at 784. Notice in the "conversion to a summary judgment" context is not analogous to the notice needed when a motion for summary judgment is filed. *See Rodriguez v. Pacificare of Tex. Inc*, 980 F.2d 1014, 1021 (5th Cir. Tex. 1993).

[2] For example, Cisco's motion for summary judgment argues that Albritton is a limited-purpose public figure. Albritton's response demonstrates that Cisco cannot meet its burden of proof on that issue and therefore he is a private figure. If Cisco's position is rejected, as Albritton believes it must be, Albritton's private figure argument must prevail. Having resolved the legal argument in the context of Cisco's summary judgment motion, there is no reason why the Court should not resolve that issue in Albritton's favor for the duration of this case.

2. Cisco Has Had Adequate Notice Of Albritton's Request For A *Sua Sponte* Ruling

The Reply argues that this Court cannot *sua sponte* rule in Albritton's favor without prior formal notice from the Court. Reply at 3. In *Exxon*, the Fifth Circuit rejected this approach, finding instead that all that is required is that a party have ample opportunity to present evidence of any disputed issues of material fact. *See* 129 F.3d at 787. Cisco's motion and reply provided ample opportunity for Cisco to present its evidence, and Cisco was motivated to do so since it was the party asking the Court to grant summary judgment. The fact that Cisco argued that there were no material facts precluding summary judgment undermines any assertion by Cisco now that it has been prevented from offering disputed facts into the record. Nor does the Reply identify a single piece of evidence Cisco has been prevented from offering on its behalf.

Moreover, Cisco was on notice that the Court was being asked not only to deny its motion but also to award judgment to Albritton. Albritton's request for judgment in his favor as part of his response to Cisco's motion provides sufficient Rule 56 notice. *See Orix Credit Alliance v. Horten*, 965 F. Supp. 481, 484 (S.D.N.Y. 1997) ("Notice to the moving party of the intention to grant summary judgment in favor of the non-moving party is not required; rather, the court must simply be satisfied that the moving party will not suffer any procedural prejudice resulting from an inadequate opportunity to fully present its case."); *Old Bridge Owners Coop. Corp. v. Township of Old Bridge*, 981 F. Supp. 884, 888 (D.N.J. 1997) (non-moving party's response asking for ruling in its favor sufficient notice). Here, Cisco filed a motion for summary judgment alleging that there were no disputed factual issues and asking the Court to rule on those issues as a matter of law. The same law and facts briefed in connection with Cisco's motion show that Albritton is entitled to summary judgment on those issues. Cisco had adequate notice that the legal issues it presented to the Court would be resolved, and it cannot claim to be surprised because it stands to lose and Albritton stands to win.

3. Cisco Has Had A Full Opportunity To Respond To The Issues Presented

The Reply argues that although Cisco is the moving party and the party shouldering the burden of proof, it has not had a reasonable opportunity to respond to Albritton's cross-motions.

3

Nonsense.  Cisco had significant incentive to put forward any compelling evidence in support of its summary judgment motion since the law prevents the Court from drawing favorable inferences on Cisco's behalf.  Tellingly, neither Cisco's Motion nor its Reply offer the Court any explanation of what additional argument or evidence it would have put in the record had it been given the opportunity to so.  The obvious conclusion is that Cisco has nothing to offer the Court that is not already contained in the parties' voluminous summary judgment briefs.

Cisco moved for a summary judgment ruling that Albritton is a limited purpose public figure.  Cisco argued that issue in both of its summary judgment briefs.  In its opening brief, Cisco offered evidence that Albritton had lobbied Congress and it also asked the Court to take judicial notice of the frequency of Albritton's filing of "troll" patent cases.  After those arguments were routed in Albritton's response, Cisco's Reply dropped any mention of "lobbying" substituting it for reliance on Albritton's publications—all of which are completely irrelevant.  Cisco's late substitution of evidence in an attempt to shore up what is perhaps Cisco's weakest argument demonstrates that it has scoured the record for evidence to support its doomed motion.  On this record, Cisco cannot credibly argue that it didn't have a full and fair opportunity to present its evidence.  It simply has no evidence.  The Reply avoids the public-figure legal issue altogether, and certainly does not seek to convince the Court that there is evidence Cisco has been prevented from introducing into the record.

Cisco also had a full and fair opportunity to bring all of its evidence regarding the fact versus opinion, hyperbole or rhetoric issue.  Cisco affirmatively moved for summary judgment on that issue.  Cisco's opening brief dedicated a considerable number of pages to making its argument.  Albritton's Response explained that the Supreme Court's holding in *Milkovich v. Lorain Journal Co*., 497 U.S. 1 (1990) defeated Cisco's argument.  Cisco's Reply did not address *Milkovich*.  Having taken a complete pass on the key legal opinion at play, Cisco cannot now credibly argue that it had additional legal arguments it was prevented from making.  Nor can Cisco argue that it has additional facts to put in the record because the Court's analysis only

requires consideration of the law and Cisco's defamatory posts. And, again the Reply offers no additional evidence that Cisco would have provided if given more time and pages.

The same holds true for the legal issue of defamation *per se*. Cisco's motion argued that Albritton failed to prove damages. Albritton responded that Cisco's statements are defamatory *per se* and damages are presumed. The Reply admits that Cisco responded to Albritton's argument. Reply at 4. In fact, Cisco dedicated nearly half of the pages it used in reply to address the *per se* issue. *See* D.E. 125 at 3-13. That issue has been repeatedly briefed for the Court notwithstanding Cisco's disingenuous argument that some of those motions were in the context of discovery. This Court ruled in favor of Albritton on the discovery motion, and will have a chance to revisit briefing on the issue yet again in light of Cisco's Motion for Reconsideration of the Court's order. While Cisco protests that it should have been given more pages in which to respond, it is hard to image what is left to be said on that issue. If Cisco really needed more pages, it certainly could have obtained them as Albritton had already agreed to Cisco's request to exceed the page limit for its Reply. And, again, the Reply does not argue Cisco has additional argument or evidence to bring to bear.

    4. <u>The Local Rules Do Not Preclude The Court From Ruling In Albritton's Favor</u>

The Reply argues that Albritton failed to comply with Local Rule CV-10(a)(2). To make its argument, Cisco manufactures "requirements" not present in that rule. Albritton's response sufficiently complies with the actual rule because the caption clearly identifies the nature of the document, there is no confusion as to the relief Albritton seeks, and because Albritton's requests are briefed in direct response to Cisco's motion. But, even if Albritton failed to follow the rule, which only "encourages" counsel to file separate pleadings "whenever possible," that is not a valid basis upon which to strike Albritton's pleading. *See Allendale*, 996 F. Supp. at 713.

**III.** **Conclusion**

For all the foregoing reasons and for those reasons stated in Albritton's response, Cisco's Motion to Strike Plaintiff's Cross-Motion for Summary Judgment (Docket Entry 122) should be DENIED.

Respectfully submitted,

*Nicholas H. Patton*
_____
Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080     (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 30th day of January, 2009.

*Nicholas H. Patton*
_____
Nicholas H. Patton