IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERIC M. ALBRITTON,                          §
                                            §
          Plaintiff                         §
                                            §
v.                                          §          No. 6:08cv00089
                                            §
CISCO SYSTEMS, INC. RICHARD                 §
FRENKEL, MAULLUN YEN and                    §
JOHN NOH,                                   §
                                            §
          Defendants                        §

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS'
EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE**

In reply to its evidentiary objections and motion to strike, Cisco persists in
mischaracterizing Albritton's summary judgment evidence. For example, Cisco erroneously
contends that the declarations of Baxter, Brucceleri, Carroll and Williams are offered as expert
opinion.[1] The third-party declarants are not offered as experts and this issue is not before the
Court on a *Daubert* challenge. The declarants are fact witnesses. They offer testimony that
speaks to at least two issues in dispute: whether the statements are actionable and whether
Albritton suffers reputational harm. Each declarant has personal knowledge of the Troll Tracker
postings at issue because he read the postings. Each declarant has personal knowledge of the
Court's ECF system because he practices in the Eastern District. Each witness has personal
knowledge of the import of an attorney's reputation to a successful career. That the declarants
are lawyers does not morph their testimony into expert opinion. Their perceptions of Frenkel's
statements – as accusing Albritton of a crime – are probative of how ordinary readers interpreted

---

[1]      Though Cisco now apparently surrenders that Michael Smith's testimony regarding the severity of
Frenkel's accusations is competent summary judgment evidence, it persists in its erroneous contention that Smith is
being offered as an expert witness. Like the third-party declarants, Smith is a fact witness that testified on the basis
of his personal knowledge.

and perceived the postings. Their beliefs and understandings of the potential impact of those statements – as damaging to Albritton's business and career – are probative of reputational harm.

In attacking Albritton's testimony about Mr. Barclay, Cisco now resorts to deception. First, Cisco accuses Albritton of mischaracterizing the Barclay e-mail at issue and presents another Barclay e-mail that was not introduced into the litigation until nearly thirty days after Albritton testified. The e-mail at issue in Albritton's disputed testimony is attached as Ex. A to his response. *See* DE# 149. This document was produced on June 12, 2008. Yet Cisco would have the Court believe that on October 27, 2008 Albritton was somehow commenting on a document that he would see until Michael Smith's deposition on November 24, 2008.

Second, Cisco intentionally mischaracterizes Albritton's testimony as hearsay – that is, as an out of court statement offered for its truth. Albritton does not testify to an out of court statement, but rather articulates the inference that must be drawn from the Barclay e-mail for summary judgment purposes. In the e-mail at issue, Barclay asserts that the TT posting is "astonishing," that he heard about the ESN case on Tuesday October 16th, that the original docket was the "correct" one, while the other is "phony," that he attached documents to his e-mail and that the ESN docket was changed. *See* DE# 149, Ex. A. Neither Albritton's testimony about the e-mail nor the e-mail itself is offered for the truth of those out of court statements. Rather, the e-mail, and Albritton's testimony about the e-mail, supports an inference that the Court must make at the summary judgment stage: that Barclay, an attorney and TT reader, believed the accusations against Albritton and that Albritton's reputation was harmed in the legal community.[2]

In a similar vein, Cisco mischaracterizes McAndrews's testimony regarding conversations he's had with law partners about Albritton's reputation. According to McAndrews,

---

[2] Under Fed. R. Evid. 803(21), reputation of a person's character among associates or in the community, is not excluded by the hearsay rule. Albritton testifies that while Barclay and his firm associated him on cases in the past, Barclay appears to now believe that Albritton conspired with the clerk's office to alter documents. *See* DE# 115, Ex. 7 at 80:10 – 81:25. Rather than communicate with Albritton about the ESN issue, Barclay chose to contact the Troll Tracker. *Id*; DE# 149, Ex. A, Frenkel.000012. Because this testimony speaks to Albritton's reputation among associates in the legal community, it would not be excluded by the hearsay rule even it if were an out of court statement offered for the truth of the matter asserted.

his law partner expressed reservations about associating Albritton and Johnny Ward on a matter because he "know[s] that those are the two attorneys that have got a bad name down there." DE# 115, Ex. 15, 79:4 – 25. This testimony speaks directly to Albritton's reputation in the legal community. It is therefore not excluded by the hearsay rule. Fed. R. Evid. 803(21). Likewise, McAndrews' testified about conversations occurring between his law partners and significant clients regarding Albritton's reputation in the legal community. DE# 115, Ex. 15, 89:5 – 91:15. In other words, this testimony conveys that members of the legal community have inquired, investigated and/or discussed the Troll Tracker postings and formed an opinion regarding Albritton's reputation as a result. This is precisely the type of evidence for which Rule 803(21) was drafted.[3],[4]

Finally, Cisco stubbornly maintains its position that Frenkel's *pro hac vice* admission to the Eastern District of Texas has no probative value. In this regard Cisco ignores that Frenkel's knowledge of the local rules and practices – garnered by his *pro hac vice* admission in 2005 – undercuts its arguments that Albritton did something nefarious by (1) filing electronically, (2) not sending the complaint directly to Cisco, and (3) calling the court clerk upon discovering the issue with the ESN filing. Moreover, it ignores that Frenkel is charged with knowledge of the ECF manual and the court's website which direct attorneys to contact the help desk or court clerk when encountering problems with the ECF system.

For the reasons stated herein and in his response to Defendants' objection and motion to strike, Albritton respectfully requests that Defendants objections and motion be denied in full.

---

[3] That the community's opinion was framed by the Troll Tracker's accusations does not, as Cisco suggests, take it outside Rule 803(21)'s coverage or make the reputational testimony akin the IRS Agent's memo in *United States v. Arroyo*, 406 F.3d 881, 887 (7th Cir. 2005).

[4] Though Cisco makes the disingenuous argument that Albritton is not mentioned at DE# 115, Ex. 15, 90:19-21, the Court need only review the larger excerpt from 89:1 – 91:15 to satisfy itself that Albritton's reputation was the subject of the conversations McAndrews recounts.

Respectfully submitted,

*/s/ Nicholas H. Ptton*
Nicholas H. Patton
State Bar No. 15631000
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 2nd day of February, 2009.

*/s/ Nicholas H. Ptton*
Nicholas H. Patton