IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. RICHARD | § | |
| FRENKEL, MAULLUN YEN and | § | |
| JOHN NOH, | § | |
| | § | |
|    Defendant | § | |

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO STRIKE
WITH RESPECT TO PLAINTIFF'S SUR-REPLY TO
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1

Comes now Plaintiff Eric Albritton and files this Response to Defendants' Motion to Strike With Respect to Plaintiff's Sur-Reply to Defendants' Motion for Summary Judgment (Doc. 148). Defendants, in their fifth Motion to Strike to date (see also Doc. 111, 121, 122, and 123,) argue that the evidence presented in Plaintiff's Sur-Reply (Doc. 130) should be stricken because it is outside the scope of the reply brief, is irrelevant and is hearsay. For the reasons set forth below, Plaintiffs move that the Court DENY Defendants' motion in its entirety.

I. **Federal Rule of Civil Procedure 56(c)**

Defendants accuse Albritton of "sandbagging" by presenting new summary judgment evidence in his Sur-Reply and thereby not giving Defendants an opportunity to respond to said evidence. Even assuming for argument's sake that the evidence presented by Albritton is "new," (which as explained below, it is only new in so-far-as it responds to new arguments from Defendants) Albritton has the right, under Federal Rule of Civil Procedure 56(c) to "serve opposing affidavits before the hearing day." No hearing has been set on the Motion for Summary Judgment, and no ruling has yet been entered; therefore, Albritton, as the party opposing the motion is entitled to submit additional affidavits. Even disregarding this clear right to file further evidence in support of its response, Plaintiff demonstrates below that the evidence attached to the Sur-Reply is proper.

II. **New Argument in Reply**

First, the Sur-Reply and its attached evidence are offered in response to newly revealed arguments by Defendants. Defendants argue that Albritton's declaration should be stricken in its entirety (Mot. at 1.); however, Defendants ignore that Albritton's declaration was necessitated by an <u>entirely new argument inserted into Defendants' Reply</u>. Local Rule CV-7(f) specifically provides that, "a party who has filed an opposed motion may serve and file a reply brief **responding to issues raised in the response . . .**" (emphasis added). The Rule goes on to state

1

that, "[a] sur-reply **responding to issues raised in the reply** may be served and filed . . .." Defendants have broken Rule CV-7(f) because its Reply advanced arguments outside of the scope of its original Motion for Summary Judgment and Albritton's Response to that Motion.

In fact, Defendant goes to great lengths to demonstrate that adding a new argument in a reply brief is improper. It is important to note that each case cited by Defendant, excepting one, focuses on prohibiting the ***movant*** (here Defendant) from presenting new evidence in its ***reply***. Following are quotes and cases excerpted from Defendants' Motion to Strike at 2: "It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in ***reply*** briefs." *Gillaspy v. Dallas Ind. School Dist.*, 278 Fed. Appx. 307, 315. (emphasis added.) "[A] ***moving party*** is not typically permitted to submit new evidence after its initial brief unless the nonmoving party has a chance to respond." *U.S. v. $92,203.00*, 537 F.3d 504, 507 at n.1 (5th Cir. 2008) (emphasis added.) With regard to the only case presented by Defendants where a court strikes information asserted in a sur-reply by a non-moving party, the Court specifically stated,

Given that Defendants neither raised new arguments nor presented new evidence in their reply; that Plaintiff waited until the eve of docket call, almost two months after Defendants filed their reply, to file the surreply; that Plaintiff did not obtain leave to file the surreply or offer any explanation as to why the arguments made therein could not have been raised in his response; and that Plaintiff has not opposed Defendants' motion to strike the surreply, the Court concludes that the motion should be granted." <u>Kozak v. Medtronic, Inc., 2006 U.S. Dist. LEXIS 6269 (S.D. Tex. Jan. 31, 2006)</u>.

As Albritton amply demonstrates below, none of the factors taken into consideration by the Court in *Kozak* are present here, and Defendants have presented new arguments in their reply brief, just as their own caselaw and the Local Rules prohibit.

Defendants' Motion for Summary Judgment argued that Eric Albritton is a limited-purpose public figure because he (1) lobbied Congress on the topic of patent reform, and (2) that the court should take judicial notice that Eric is a top filer of Patent "Troll" cases. (Doc. 97 at 23.) Albritton's Response showed that Albritton's so-called lobbying didn't occur until after he

was defamed by Defendants, and therefore is irrelevant to whether or not Albritton was a limited-purpose public figure <u>at the time he was defamed</u>—which is the legal standard. Defendants' Reply dropped any reliance on Albritton's "lobbying" activity. To make up for the loss of that evidence, Defendants' Reply *newly argued* that Albritton was a limited-purpose public figure because he wrote two law journal articles, spoke at seminars, and made one appearance on Court T.V. (Doc. 125 at 17.)

In an attempt to conceal that these are fresh allegations, Defendants attempt to generalize the argument made in the Motion for Summary Judgment stating that, "[t]he issue of whether Albritton is a public figure . . . was raised in Defendant's Motion for Summary Judgment." (Doc. 148 at 3.). Defendants drop of footnote referencing pages 18- 24 of their Motion . However, a reading of those pages reveals that no allegation was made that Albritton was a public figure due to his law journal articles, seminar talks, or his Court T.V. appearance. The bulk of the 6 page argument is dedicated to whether the controversy at issue is a public issue, i.e. whether the volume of patent cases in the Eastern District of Texas is a public issue. Only one paragraph in the six pages is dedicated to whether Albritton had a trivial or tangential role in the controversy, and that paragraph makes absolutely no mention of law journal articles, spoke at seminars, and made one appearance on Court T.V. If the Court were to accept Defendant's misleading argument, it would hold Albritton accountable for reading Defendants' mind. Albritton could in no way respond to the allegations that these actions made him a public figure because he had no idea they were going to be made. Albritton would have no reason to believe these arguments would be made as they are weak and clearly a last ditch attempt to salvage a pivotal element in the argument put forth by Defendants. Without connecting Albritton to the public controversy, he's not a public figure. Defendants' new arguments reek of desperation and fly in the face of Defendants' own caselaw.

That variation of the argument was raised by Defendants for the first time in its Reply. Albritton's Sur-Reply, in complete compliance with Local Rule CV-7 responded to that argument by offering Albritton's declaration, and that declaration makes clear that all of these

3

newly argued activities were in connection with his criminal practice. See Albritton's Sur-reply Doc. 130 (Albritton declaration at paragraphs 6-8.) Defendants necessitated Albritton's declaration by improperly proffering new arguments in its Reply brief. Defendants cannot strike the declaration offered to rebut Defendants' new arguments unless Defendants themselves retract those arguments improperly brought forward in its Reply, hence making the declaration unnecessary.

### III. Albritton's Declaration is Proper

#### A. Paragraph 3 of Albritton's Declaration

Defendants argue that paragraph 3 of Eric's declaration should be stricken because it allegedly contains legal conclusions about the articles at issue in this lawsuit and because it allegedly contains statements not within Albritton's personal knowledge. Neither point has merit.[1]

Regarding the legal conclusion argument, Albritton is entitled to his own conclusion about what message was conveyed by the postings. There is nothing objectionable about giving one's own impression regarding the meaning of the articles. Albritton will testify at trial about what he read the posts to mean. That is proper jury testimony. It is likewise proper declaration testimony on Summary Judgment. Each witness is entitled to his or her own point of view. That is not a basis to strike. The fact that Albritton is the plaintiff goes to the weight of the evidence, not the admissibility. "Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts. . . If reasonable minds might differ on the inferences arising form undisputed facts, then the court should deny summary judgment**.**" *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 548 (5th Cir. 1987) (quoting *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982).

---

[1] Paragraphs 1 & 2 of Albritton's declaration are general background, are foundational, and are not objectionable.

Defendants also argue that Albritton's statement that he filed the ESN case on Oct. 16, 2007 is inadmissible because he wasn't physically present at the filing. (Mot at 4-5.) Albritton's statement is based on first-hand knowledge about the actions taken by his law firm. He has seen the documents, knows what happened, and can and will testify to such.

### B. Paragraph 4 of Albritton's Declaration

Defendants object to Paragraph 4 of Albritton's declaration stating that his statements regarding the message of Frenkel's posts are conclusory. As demonstrated above, Albritton's statement about what the article said and how he understood it is relevant, not hearsay, and is not otherwise objectionable Obviously Albritton knows the statements were false because he they were about his actions. . The fact that Albritton's declaration does not track word for word does not undermine the statement made. And even if it did, that goes to the weight of the evidence, not its admissibility. Paragraph 4 is admissible. Defendants' argument to the contrary is petty.

### C. Paragraph 5 of Albritton's Declaration

Defendants are trying to play a slight of hands by seeking to strike paragraph 5 of Albritton's declaration. (*See* Mot. at 5.) In its Reply to Summary Judgment Briefing, Defendants argued that "the civil cover sheet was indisputably signed on October 15 by Albritton and on its face says "Filed 10/15/2007." (Doc. SJ Reply at 15 fn 73.) Defendants' argument that the Civil Cover Sheet was signed on October 15, 2007 is misleading because he conflates two separate facts to reach a false conclusion. Albritton signed a civil cover sheet on Oct. 15, 2007, but that cover sheet was not filed on October 15th, and the Civil Cover Sheet certainly makes no representations about when the ESN complaint was filed. Rather, that cover sheet was emailed (not filed) to the clerk to open up a shell case. The Civil Cover Sheet was "filed" along with the complaint on Oct. 16th and received the same defective banner information and docket entry as the complaint. Defendants continue to conflate the two events to state that Albritton signed a civil cover sheet on October 15 and that in that cover sheet Albritton represents that he filed the ESN complaint on Oct. 15th. Defendants made this logically broken argument in its Reply. (See Defendants' Reply, Doc. 125 at 15 fn 73). Albritton's Sur-Reply and paragraph 5 of his

5

Declaration were offered to rebut Defendants' Reply argument, and to make clear that Albritton's signing of a civil cover sheet with the October 15th date does not mean that he filed the ESN complaint on Oct. 15th as alleged by Defendants. Paragraph 5 is directly offered in response to the Reply and is therefore proper under Local Rule CV-7. Additionally, this information is relevant as it directly demonstrates the falseness of Defendants' defamatory posts, which must be evaluated by the jury in context and in light of the accusations made collectively by the posts.

### D. Paragraph 10 of Albritton's Declaration

Defendants move to strike paragraph 10, which speaks to Albritton's emotional distress and mental anguish, because it is untimely and irrelevant. To the contrary, Defendants' Reply in support of their Motion for Summary Judgment argues that, "[w]e pause here to note that there is no evidence that the complained of Articles were "obviously hurtful" to Albritton. (Doc. 125 at 6.). Defendants' Reply ignores Albritton's deposition testimony regarding his emotional distress and mental anguish adequately described and clearly pointed out in Albritton's Response. (Doc. 115 at 44.) The Response demonstrated that there is ample evidence of damages to permit this case to go to the jury; Defendants' Reply ignored it and again argued that Albritton can't prove that he has be hurt. In response to this argument, in the Reply (Doc. 125 at 6) Albritton rebutted with paragraph 10. Again, this is proper rebuttal pursuant to Local Rule CV-7; it is admissible, and it is proper record evidence. It is also not a surprise since Albritton has been listed as number one on Plaintiff's Designation of Trial Witnesses filed December 1, 2008. (Doc. 103).

### E. Albritton's Statement Regarding the "Banana Republic"

Defendants next argue that Albritton's declaration statement addressing the use of the term Banana Republic should be stricken. (Doc. 148 at 7). Defendants argue that Albritton said in his deposition that those statements were not "of and concerning" Albritton. Albritton has briefed this issue at length, but includes the information in the declaration as Defendants simply continually refuse to consider that the term was not independent but part of a whole. Albritton said in his deposition—that Defendants continue to ignore—that he believes all of the posts, in

context and when read together—are defamatory of him. This is made even clearer in Albritton's interrogatory response. Defendants' legal "of and concerning" argument is not a legitimate basis upon which to strike evidence supporting Albritton's counter argument or his declaration statement.

## IV. Exhibits

Defendants move to strike the following exhibits to Albritton's Sur-Reply: Exh. 1, 2, 5, and 6. Defendants concede in footnote 3 of its Motion to Strike that Exhibits 3 and 4 had been previously entered into the summary judgment record and were therefore not objectionable.

### A. Exhibit 1

Defendants argue that Frenkel's deposition testimony about lack of public debate (Exhibit 1 to Plaintiff's Sur-Reply) should be stricken because the issue about the public's debate was raised in the Response and this exhibit could have been used in the response. Exhibit 1 is offered in response to the Reply's argument that because Defendants' accusations were posted on a site that discussed issues of public interest, it necessarily follows that the post must discuss a public controversy. (Doc. 125 at 15-17.) By using Frenkel's own words to rebut the argument in the Reply, the Sur-reply addressed Defendants' attempt to turn the public concern standard on his head, and addressed Defendants' offering of the tautology that because Frenkel thought it was worth posting, it must be an issue of public concern. It is entirely proper to do use Frenkel's deposition in this manner. This is not new evidence but record evidence that was in the record before the illogical argument surfaced in the Reply. It is evidence that was elicited by Defendants' lawyers. Defendants round out their argument against Exhibit 1 by arguing that Frenkel's statement that there was no publicity concerning the posts complained of by Albritton until Albritton's lawsuit can only be used to hinder Albritton's damages claim and not to rebut Defendants' argument that there was a public controversy regarding the abuse of the patent system by non-practicing entities in the Eastern District of Texas. Defendants again seek to have their cake and eat it too. The statement, by their own witness, is legitimately in the record and may therefore be considered by the Court and given whatever weight the Court deems

7

proper with regard to evidencing whether a public controversy existed. The evidence in this case shows that no such public controversy exists. *See Snead v. Redland Aggregates Ltd.*, 998 F.2d 1325, 1330 (intellectual property litigation is ordinarily a matter of private concern.)

### B. Exhibit 2

Defendants object to Exhibit 2, a Troll Tracker Blog post showing that the term Patent Troll is not easily defined, claiming that it could have been raised in response to the Summary Judgment, is irrelevant, is hearsay, and is not authenticated. Plaintiff disagrees and demonstrates as follows:

First, Exhibit 2 addresses a new argument made in the Summary Judgment Reply. Defendants' Motion for Summary Judgment argued that Albritton is a limited-purpose public figure because he lobbied Congress on the topic of patent reform, and because (Defendants allege) that he is a top filer of Patent "Troll" cases. Cisco asked that the Court take judicial notice of Albritton as a top filer. Albritton's Response showed that Albritton's so-called lobbying didn't occur until after he was defamed by Defendants, and therefore is irrelevant to whether or not Albritton was a limited-purpose public figure <u>at the time he was defamed</u>—which is the legal standard. Defendants' Reply dropped any reliance on Albritton's "lobbying" activity. To make up for the loss of that evidence, Defendants' new Reply newly argued that Albritton was a limited-purpose public figure because he wrote two law journal articles, spoke at seminars, and made one appearance on Court T.V. That evidence too has been shown to be useless to Defendants because it has nothing to do with patent litigation. So Defendants' whole limited-public figure argument now rests on Defendants' insistence that the Court can take judicial notice of the fact that Albritton is a top filer of patent troll cases. Albritton's response pointed out that Defendants' request for judicial notice is improper. Defendants' Reply expanded on its prior argument. (Doc. 125 at 17 at footnote 3). Albritton's Sur-Reply responded with a fuller explanation of why Defendants' expanded request is inappropriate appropriate under the law. (Doc. 130 at 4 fn 23.)

8

Albritton argued that judicial notice is improper for many reasons, including the fact that the definition of a "troll" case is not self evident. To make that rebuttal point, Albritton cited Exhibit 2 — one of Frenkel's Troll Tracker posts wherein he demonstrates the difficulties with the definition of a "troll" case. The fact that that document "could" have been used in the response is not the test. The document is record evidence used to rebut an expanded argument made in Defendants' Reply. It was not necessary to cite that document in the response because Albritton's Response, pointing out the defect in Defendants' position should have ended the matter—like it did with the lobbying issues. But Defendants persisted in their meritless position, and then expanded upon it. Local Rule CV-7 provides that"[a] sur-reply **responding to issues raised in the reply** may be served and filed . . .." (emphasis added.) The purpose of a sur-reply is to rebut arguments made in the Reply, which this does. The fact that the argument contains references to the record is not *de facto* prohibited. Here, Frenkel's statements are not even being offered as evidence by Albritton. The public figure issue is not his burden of proof—it is Defendants'. Albritton need not present any evidence on that point. The post is being used as <u>argument</u> to show why Defendants' evidence must be rejected and is relevant to the issue for which it is presented - whether judicial notice is proper. The document is authentic as it was produced from discovery provided by Defendants. *See* Docket Entry No. 6 at ¶ 5 (documents produced by a party are presumed to have satisfied the authentication requirements of Fed. R. Evid. 901.) Finally, regarding the hearsay objection, Defendants' objection to the use of its own words speaks volumes about the merit of its judicial notice position. It is not hearsay but the admission of a party opponent and falls outside the hearsay rule.

    C.    **Exhibits 5 and 6**

Defendants argue that Yen's deposition testimony, offered as Exhibit 5 and the Criminal Statue, offered as Exhibit 6 are improper because the issue of Frenkel's criminal accusations was at issue in the Response and could have been raised in the response thereto. Albritton offered Exhibits in his Sur-Reply to Defendants' challenge in its Reply that Albritton has not cited any Federal Law purporting to make his actions criminal. (Doc. 125 at 11.) Although Albritton need

not be guilty or convictable of a crime for Defendants' accusations to be defamatory *per se*, there is little doubt that if he had done what Defendants claimed and had altered governmental documents he would be guilty of a crime. The Reply suggested that there was no record evidence on this fact. When, as both parties know, the fact that there are criminal statues on point has been part of the discovery in this case. Albritton offered Yen's deposition for the limited purpose of rebutting the suggestion in the Reply that Albritton had no evidence on this point. As for Defendants' argument that the statue is not applicable, Albritton directs attention to § 1512(c)(1)and (2) which criminalizes corruptly altering a record for use in an official proceeding as well as several other non-violent acts toward official proceedings and documents.

## CONCLUSION

This is Defendants' third motion to strike suggesting that Defendants are seeking to keep record evidence from the Court so that its Summary Judgment motion is resolved on Defendants' hand-picked evidence. As Albritton has demonstrated, his Sur-Reply and its attachments are relevant, admissible and completely encompassed within Local Rule CV-7.

Finally, with regard to Defendants' request for additional briefing to address the "new evidence" (Doc. 148 at 4.) Albritton requests that no more briefing be allowed. The new arguments raised in Defendants' Reply are the equivalent of a new Motion for Summary Judgment, and Albritton's Sur-Reply are the equivalent of a Response to the "Motion for Summary Judgment." The issues are ripe for adjudication. Additionally briefing is only likely to result in more motions in Defendants' seemingly unlimited arsenal of motions to strike evidence that should be properly considered on summary judgment.

For the foregoing reasons, Albritton requests that Defendants' Motion to Strike be DENIED in its entirety.

Respectfully submitted,

/s/ Nicholas H. Patton
Nicholas H. Patton
State Bar No. 15631000
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 5th day of February, 2009.

/s/ Nicholas H. Patton
Nicholas H. Patton