IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| V. | § | CASE NO. 6:08CV89 |
| | § | |
| CISCO SYSTEMS, INC., ET AL | § | |

**MOTION TO QUASH TRIAL SUBPOENAS TO NON PARTY WITNESSES
BART SHOWALTER, KEVIN MEEK, DOUGLAS KUBEHL, KURT PANKRATZ, AND
JILLIAN POWELL**

TO THE HONORABLE DISTRICT JUDGE:

Bart Showalter ("Showalter"), Kevin Meek ("Meek"), Douglas Kubehl ("Kubehl"), Kurt Pankratz ("Pankratz"), and Jillian Powell ("Powell") respectfully move to quash the trial subpoenas issued which when served would require them in this case to attend trial beginning March 2, 2009, in Tyler, Texas (Exhibits 1-4 attached), and as grounds would show the following:[1]

    1.    Showalter, Meek, Kubehl, and Pankratz are partners in the firm of Baker Botts L.L.P. ("Baker Botts") with offices in Dallas, Texas. Powell is a legal assistant employed by that firm in Dallas. Subpoenas have been issued requiring their attendance at the trial of this case on March 2, 2009, in Tyler, 98 miles from the firm's Dallas office. Showalter is the firm-wide head of Baker Botts' IP Department consisting of 145 lawyers in offices in Texas, Washington, New York, and California. Meek is the deputy department chair. Kubehl and Pankratz are partners in that department. Powell is a legal assistant assigned to the department.

---

[1] Subpoenas have been served on Showalter, Kubehl, Pankratz, and Powell. The process server has been unable to serve Meek because he has been spending substantial time at the Baker Botts Austin office during the last two months.

2. These witnesses were previously noticed and subpoenaed for oral depositions in this case. Mutually convenient times for the depositions were agreed between counsel. After taking the depositions of Kubehl and Pankratz at the Baker Botts Dallas office, and after Baker Botts had produced pursuant to plaintiff's request numerous emails as to which Cisco and plaintiff entered into a limited privilege waiver, counsel for the plaintiff advised at the end of the Pankratz deposition on November 24, 2008, that he did not wish to pursue taking the depositions of Showalter, Meek and Powell. This occurred after Meek had rearranged his travel schedule in order to be available the afternoon of November 24.

3. Powell is currently on maternity leave from the firm, at home taking care of a new born baby born prematurely last month. She was served at her home address in Wylie, Texas. She is not due to return from maternity leave until the week of March 23. Requiring her to come to Tyler for trial would impose a manifest and highly unfair hardship. Who would care for her new born tiny baby while she drives to Tyler, sits in court, and drives back to her home in Wylie over 100 miles from the courthouse?

4. If counsel for the plaintiff did not need the oral depositions of Powell, Showalter, and Meek when they were available for deposition at a convenient time and place (their offices in Dallas), he should not need their testimony at trial. Having voluntarily withdrawn his deposition notices, he should not now be permitted to subpoena them for trial at an inconvenient time and place.

5. Requiring the attendance at trial of these key partners would be burdensome on Baker Botts and the four partners. The few hundred dollars of witness fees and mileage costs tendered with the subpoenas would not begin to compensate for the lost time of these partners.

6. Upon being served with these subpoenas, undersigned counsel for the firm contacted plaintiff's counsel seeking to reach agreement to avoid the filing of this motion and the burden on the firm and the witnesses of complying with the subpoena. Inquiry was made as to what evidence was sought from these witnesses, and no explanation given. Undersigned suggested that counsel for the plaintiff and counsel for Cisco should attempt to work out a stipulation of facts as to any testimony from these witnesses, but that offer was rebuffed. Counsel for the plaintiff refused even to try to work out a stipulation. Undersigned requested an explanation of why counsel for the plaintiff decided not to take the depositions of Showalter, Meek, and Powell when all were present at the firm's offices in Dallas but now they are somehow needed for trial. No explanation was offered. The dialogue between undersigned counsel and counsel for the plaintiff is reflected in email exchanges during the weeks of February 2 and 9 and will be provided if the Court requests documentation. This email dialogue complies with the "meet and confer" requirements of the rules.

WHEREFORE, PREMISES CONSIDERED, Showalter, Meek, Kubehl, Pankratz, and Powell move as follows:

1. That all of the subpoenas issued for them to be in attendance at trial be quashed; or

2. In the alternative, that the subpoenas issued for Showalter, Meek, and Powell be quashed because counsel for the plaintiff previously withdrew his notice and subpoenas for their oral depositions; and that the subpoenas issued for Kubehl and Pankratz be quashed because, with leave of court, their oral deposition testimony can be used without the burden of their attending trial; or

3. In the alternative, that the subpoena issued for Powell be quashed because of the personal hardship of requiring her to attend trial in Tyler; or

4. In the alternative, that plaintiff compensate Baker Botts for the time of any witnesses from the firm who are required to attend trial at the standard billing rates for such witnesses; and

5. For such other relief as the Court in fairness deems appropriate in this situation.

Respectfully submitted,

BAKER BOTTS L.L.P.

By /s/ Joseph D. Cheavens
    Joseph D. Cheavens
    State Bar No. 04170000
    910 Louisiana
    Houston, Texas 77002
    713.229.1250 (telephone)
    713.229.1522 (facsimile)
    joseph.cheavens@bakerbotts.com

ATTORNEYS FOR
BART SHOWALTER, KEVIN MEEK,
DOUGLAS KUBEHL, KURT PANKRATZ, AND
JILLIAN POWELL

## CERTIFICATE OF CONFERENCE

Undersigned counsel has conferred with counsel for the plaintiff to seek his agreement to withdraw these subpoenas, and no agreement was reached.

/s/ Joseph D. Cheavens
Joseph D. Cheavens

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Eastern District of Texas on this, the ___ day of February, 2009, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

/s/ Joseph D. Cheavens
Joseph D. Cheavens