IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ERIC M. ALBRITTON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. RICHARD | § | |
| FRENKEL, MAULLUN YEN and | § | |
| JOHN NOH, | § | |
| | § | |
| Defendant | § | |

## DEFENDANTS' MOTION TO IMPANEL A TWELVE PERSON JURY

Defendants Cisco Systems, Inc. ("Cisco"), Richard Frenkel ("Frenkel"), Mallun Yen ("Yen")[1] and John Noh ("Noh")[2] (collectively, "Defendants") hereby move the Court to impanel a twelve person jury pursuant to Rule 48 of the Federal Rules of Civil Procedure, and respectfully show the Court:

### I. INTRODUCTION

The Court should impanel a twelve-person jury because it is appropriate under established federal law, especially given the Constitutional liberties at stake in this case. Impaneling a twelve-person jury imposes only minimum cost to the Court and no additional costs to the Plaintiff. In fact, if Plaintiff's case had remained in state court where he brought it, Texas law would have required a twelve-person jury. For these reasons and those set forth below, Defendants request that the Court impanel a twelve-person jury to hear this case.

---

[1] Subject to her Motion to Dismiss.
[2] Subject to his Motion to dismiss

**Defendants' Motion to Impanel a Twelve Person Jury**
5435282v.2 132824/00002                Page 1 of 6

## II. ARGUMENTS AND AUTHORITIES

### 1. A twelve-person jury is appropriate under federal law.

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy exceeds twenty dollars, the right of trial by jury shall be preserved..." U.S. CONST. amend. VII. Federal Rule of Civil Procedure 48 provides that "[t]he court shall seat a jury of not fewer than six and not more than twelve members and all jurors shall participate in the verdict unless excused from service by the court pursuant to Rule 47(c)...."

Prior to 1990, the United States District Court for the Eastern District of Texas imposed a default rule that in "all civil actions, except as required by law, the jury shall consist of 6 members...." See *Rideau v. Parkem Indus. Services., Inc.*, 917 F.2d 892 (5th Cir. 1990) (quoting the then existing E.D. Tex. R. 9). However, that rule has since been revoked, and the effective local rules do not impose any default number of jurors for civil cases.

The function of the jury is "to assure the fair and equitable resolution of factual issues." *Colgrove v. Battan*, 413 U.S. 149, 157 (1973). The number of jurors in a civil action proceeding in federal court on the ground of diversity is determined by federal law. *Fletcher v. McCreary Tire and Rubber Co.*, 773 F.2d 666, 668 (5th Cir. 1985). No controlling appellate decisions have determined that it is proper to permit a twelve-person jury in a civil case involving defamation or other causes of action concerning speech protected by the United States Constitution. *See, e.g., Colgrove*, 413 U.S. at 150; *Simler v. Conner*, 372 U.S. 221 (1963) (suit to recover attorneys' fees); *Cooley v. Strickland Transp. Co.*, 459 F.2d 779 (5th Cir. 1972) (wrongful death); *Fletcher*, 773 F.2d at 667 (product defect); *Rideau*, 917 F.2d 892 (personal injury).

## 2. The Court should impanel a twelve-person Jury because of the Constitutional liberties at stake.

The Plaintiff's action for defamation against Defendants invokes substantial constitutional protections, and such constitutional protections will be better preserved by impaneling twelve jurors to hear and decide this case. Both state and federal law impose great restrictions on libel actions, and the benefit of impaneling a twelve member jury greatly outweighs the cost of allowing only a six person panel. The safeguards of the First Amendment were "fashioned to assure unfettered exchange of ideas for the bringing about of political and social changes desired by the people." *New York Times Co. v. Sullivan*, 376 U.S. 245, 269 (1964). Similarly, "[t]hose who won our independence believed... that public discussion is a political duty; and that this should be a fundamental principle of the American government." *Id.* at 270 (quoting *Whitney v. California*, 274 U.S. 357, 375-376 (1927) (Brandeis, J., concurring)). As such, the First Amendment requires sufficient "breathing room" such that proof of mere falsity against a public figure will not suffice to impose liability; proof of actual malice is required. *Id.* at 272, 279-280 (quoting *N.A.A.C.P. v. Button*, 371 U.S. 415, 433 (1963)).

The Founders who believed that the First Amendment required such protections to protect the freedoms of speech and press were also believed to require twelve member juries in all cases at common law. *Colgrove*, 413 U.S. at 157 (citing *Cap. Traction Co. v. Hof*, 174 U.S. 1, 13 (1899); *American Publ'g Co. v. Fisher*, 166 U.S. 464 (1897); *Maxwell v. Dow*, 176 U.S. 581, 586 (1900)). While the Supreme Court no longer requires a federal district court to impanel twelve members of the venire as jurors, Federal Rule of Civil Procedure 48 permits a court to seat between six and twelve jurors. *Colgrove*, 413 U.S. at 158-60; Fed. R. Civ. P. 48.

3. **The Court should impanel a twelve-person jury because a it does not prejudice Plaintiff.**

If this case had remained in state court where Plaintiff brought it, Texas statutory law would require that this action be tried to a jury of twelve, unless the parties stipulated to a lesser number. Tex. Gov't Code § 62.201.

4. **It is proper to impanel a twelve-person jury in a defamation case.**

At least one Federal District Court in Texas has held in a defamation case that it was proper to impanel a twelve person jury. In *Texas Beef Group et. al. v. Oprah Winfrey*, Civil Action No. 2:96-CV-208-J, in the United States District Court for the Northern District of Texas, Amarillo Division, the trial court impaneled a twelve person jury to hear a defamation action.

The Founders certainly thought the freedom of speech was a liberty that deserved strong constitutional protection. Granting Defendant's Motion to Impanel a Twelve Person Jury is consistent with the Founder's perception of how that liberty should be protected. At the same time, it does not prejudice the Plaintiff and imposes only a minimal cost to the Court.

### III. PRAYER

Defendants respectfully pray that this Court grant their Motion to Impanel a Twelve Person Jury and requests all other and further relief to which they may be entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ *Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

GEORGE MCWILLIAMS, P.C.

By:  /s/ George L. McWilliams with permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com
ATTORNEY FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF CONFERNCE

Defendants attempted to reach an agreement regarding this Motion by discussion of the Motion in a telephone conference and a follow-up email on February 16, 2009, but have been advised by counsel for the Plaintiff that the Motion is opposed.

/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of February, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff Eric Albritton*

/s/ Charles L. Babcock
Charles L. Babcock