IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

## DEFENDANTS' PROPOSED JURY CHARGE AND VERDICT FORM

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc., Richard Frenkel, Mallun Yen[1], John Noh[2], hereby file this their Requested Jury Definitions, Instructions, Questions, and Verdict Form and request that the Court charge the jury in conformity with this request.

Defendants reserve the right to present additional proposed jury definitions, instructions, and questions in response to Plaintiffs' proposed jury charge, the evidence presented at trial, or pursuant to the Federal Rules of Civil Procedure.

Defendants also reserve the right to object to any of Plaintiff's claims for which these proposed submissions are made that are not proper as a matter of law, or are not supported by the evidence presented at trial.

---

[1] Subject to her Motion to Dismiss for Lack of Personal Jurisdiction, Docket #37.
[2] Subject to his Motion to Dismiss for Lack of Personal Jurisdiction, Docket #35.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANTS
CISCO SYSTEMS, INC., MALLUN
YEN, AND JOHN NOH

GEORGE MCWILLIAMS, P.C.

      /s/ George L. McWilliams by
By:  permission by Charles L. Babcock
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

# CERTIFICATE OF SERVICE

This is to certify that on this 17th day of February 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff Eric Albritton***

/s/ Charles L. Babcock
Charles L. Babcock

REQUESTED GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.)]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of

common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will

always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.] [3]

Given:_____

Refused:_____

Modified:_____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[3] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2006, § 3.1 (hereafter cited as "Fifth Circuit PJC § __") (modified to omit certain bracketed instructions).

REQUESTED CAUTIONARY INSTRUCTION— DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.[4]

Given:_____

Refused:_____

Modified:_____

Signed this _____ day of _____, 2009.

_____

HONORABLE RICHARD A. SCHELL

---

[4] Fifth Circuit PJC § 2.11.

## REQUESTED CAUTIONARY INSTRUCTION -- BIAS

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[5]

Given: _____

Refused: _____

Modified: _____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[5] Fifth Circuit PJC § 2.13.

## REQUESTED CAUTIONARY INSTRUCTION — CLEAR AND CONVINCING EVIDENCE

"Clear and Convincing Evidence" is evidence that produced in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.[6]

Given:_____

Refused:_____

Modified:_____

      Signed this _____ day of _____, 2009.

 

                 _____
                 HONORABLE RICHARD A. SCHELL

---

[6] Fifth Circuit PJC § 2.14.

## REQUESTED CAUTIONARY INSTRUCTION— BURDEN OF PROOF

In this case ERIC ALBRITTON has the burden of proof on every essential part of his claim. You will be asked to make findings from a "preponderance of the evidence" on all Questions submitted to you, except for Questions Nos. 3 and 4. On these Questions, there is an elevated burden of proof, requiring that the ERIC ALBRITTON establish by "clear and convincing evidence" ERIC ALBRITTON'S entitlement to "yes" answers.

In determining whether any fact has been proved — whether required to be proved by a preponderance of the evidence or required to be proved by clear and convincing evidence — you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[7]

Given:_____

Refused:_____

Modified:_____

Signed this \_\_\_\_ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[7] Fifth Circuit PJC § 2.20.

## REQUESTED CAUTIONARY INSTRUCTION — ON DAMAGES

You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case.[8]

Given:_____

Refused:_____

Modified:_____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

_____
[8] Fifth Circuit PJC §2.22.

GENERAL INSTRUCTIONS REQUESTED DEFINITION

The term "Cisco" is defined in this charge as Defendant Cisco Systems, Inc.

Given:_____

Refused:_____

Modified:_____

    Signed this _____ day of _____, 2009.


                                      _____
                                        HONORABLE RICHARD A. SCHELL

## GENERAL REQUESTED INSTRUCTION — THE COMPLAINED OF STATEMENTS

In answering the questions presented in this charge, you are to consider the "Complained of Statements." The "Complained of Statements" are the statements made in the October 17 and 18, 2007 articles on the "Patent Troll Tracker" blog as they relate or pertain to Eric Albritton:[9]

Given: _____

Refused: _____

Modified: _____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[9] *Fitzgerald v. Panhandle Publishing Co., Inc.,* 228 S.W.2d 499, 506 (Tex. 1950); *Bell Publishing Co. v. Garrett Eng'g Co.,* 170 S.W.2d 197, 206 (Tex. 1943).

REQUESTED QUESTION AND INSTRUCTIONS No: 1 — PUBLICATION

QUESTION 1

Did Defendant(s) publish the Complained of Statements?

"Publish" means to communicate the matter to a person other than Eric Albritton who is capable of understanding its meaning. [10]

Answer "Yes" or "No":

Answer:     Maullun Yen     _____

Answer:     John Noh       _____

Given: _____

Refused: _____

Modified: _____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[10] Texas Pattern Jury Charges - Business, Consumer, Insurance & Employment 2008, §110.2 (hereafter cited as "Texas PJC § __"), *Kelley v. Rinkle,* 532 S.W.2d 947,948(Tex1976), and *AccuBanc Mortgage Corp. v. Drummonds,* 938 S.W.2d 135, 147 (Tex. App. – Fort Worth 1996, writ denied).

## REQUESTED ADDITIONAL INSTRUCTION FOR QUESTION NO. 2

Eric Albritton must prove by a preponderance of the evidence that any challenged statement is factual in nature and is not merely an expression of opinion. A Plaintiff cannot recover on the basis of the publication of an opinion because an opinion cannot be proved true or false. In determining whether the Complained of Statements are factual or an expression of an opinion, you should consider the common usage of the specific language, whether the statement is capable of being objectively proved true or false, and the context in which the statement appears.[11]

If a statement is an opinion or is hyperbole, rhetoric or exaggerated language, even the use of inflammatory, caustic and irritating terms is not defamatory or disparaging.[12]

Do not consider any implied statements from the "Complained of Statements" but instead consider only the actual words in the "Complained of Statements." You shall not consider that the Defendants did not publish any other statements or facts in the Patent Troll Tracker blog, whether or not the omission of any such additional statements or facts might have cast the Plaintiff in a more favorable or balanced light in the "Complained of Statements."[13]

In order for Eric Albritton to recover, the Complained of Statements must be "of and concerning" Eric Albritton. It is not sufficient if the statement simply referred to a group of which Eric Albritton was a member, if a listener would not reasonably understand the statement as referring to any particular member of the group. As the size of a group increases, it becomes less likely that a general statement would reasonably be understood to refer to any one individual or any one business enterprise which is included in the group.[14]

Given: _____

Refused: _____

Modified: _____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[11] *El Paso Times, Inc. v. Kerr*, 706 S.W.2d 797, 798-800 (Tex. App. — El Paso 1986, writ ref'd n.r.e); *A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71, 79-82 (Tex. App. — Fort Worth 1982, writ ref'd n.r.e.).

[12] *Old Dominion Branch No. 496, National Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 284 (1974); *Greenbelt Coop. Publishing Assoc. v. Bresler*, 398 U.S. 6 (1970); *Curtis Publishing Co. v. Birdsong*, 360 F.2d 344, 348 (5th Cir. 1966).

[13] *Green v. CBS*, 286 F.3d 281, 284-85 (5th Cir. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *Cain v. Hearst Corp.*, 878 S.W.2d 577, 582-83 (Tex. 1994).

[14] *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 381 (Tex. App. — Texarkana 1989, no writ); *Dick v. Allen*, 303 S.W.2d 390 (Tex. Civ. App. — Eastland 1957, no writ).

REQUESTED QUESTION AND INSTRUCTION NO. 2 — DEFAMATORY

QUESTION 2

Do you find that the Complained of Statements were defamatory concerning Eric Albritton?

"Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

In deciding whether a statement is defamatory, you must construe the Complained of Statements as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it. [15]

Answer "Yes" or "No":

Answer: _____

Given: _____

Refused: _____

Modified: _____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[15] Texas PJC §110.3, *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000).

## REQUESTED QUESTION NO. 3 AND INSTRUCTION — FALSITY

If you answered Question No. 2 "Yes", then answer Question No. 3. Otherwise, do not answer Question No. 3.

QUESTION 3

Do you find by clear and convincing evidence[16] that the Complained of Statements were false at the time they were made as it related to Eric Albritton?

"False" means that a statement is not literally true or not substantially true. A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.[17]

Answer "Yes" or "No":

Answer: _____

Given: _____

Refused: _____

Modified: _____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[16] *Harte-Hanks Communications v. Connaughton*, 491 U.S. 657 (1989)

[17] Texas PJC § 110.4, *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002) and *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990)

REQUESTED QUESTION NO. 4 AND INSTRUCTIONS — ACTUAL MALICE

If you answered Question No. 3 "Yes", then answer Question No. 4. Otherwise, do not answer Question No. 4.

QUESTION NO. 4

Do you find by clear and convincing evidence that, at the time the Complained of Statements were made,

1.  Defendant(s) knew the statement was false as it related to Eric Albritton, or

2.  Defendant(s) made the statement with a high degree of awareness that it was probably false, to an extent Defendant(s) in fact had serious doubts as to the truth of the statement?

"Clear and convincing evidence" is that measure or degree of proof that will produce in the mind of the jury a firm belief or conviction as to the truth of the allegations sought to be established.[18]

Answer "Yes" or "No" for Richard Frenkel and Cisco, also answer "Yes" or "No" for each person you found published the Complained of Statements in Question No. 1.

Answer:     Richard Frenkel     _____

Answer:     Maullun Yen         _____

Answer:     John Noh            _____

Answer:     Cisco               _____


Given:_____
Refused:_____
Modified:_____


Signed this _____ day of _____, 2009.


_____
HONORABLE RICHARD A. SCHELL

---

[18] Texas PJC § 110.6. *Bentley v. Bunton*, 94 S.W.3d 561, (Tex. 2002) and *Dun & Bradstreet, Inv. v. O'Neil*, 456 S.W.2d 568 (Tex 1998)

REQUESTED QUESTION NO. 5 AND INSTRUCTIONS — PRIVILEGE

If you answered Questions No 4 "Yes" as to any Defendant, then answer Question No. 5. Otherwise, do not answer Question No. 5.

QUESTION NO. 5

Was the publication of the statements privileged?

A publication of a false, defamatory statement is privileged if it is a reasonable and fair comment on or a criticism of an official act of a public official or other matter of public concern published for general information.[19]

Answer "Yes" or "No":

Answer:_____

Given:_____

Refused:_____

Modified:_____

Signed this ____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

_____
[19] Tex. Civ. Prac. & Rem. Code § 73.002(b)(2).

## REQUESTED INSTRUCTION FOR QUESTION NO. 6

You must not award any damages caused by any other acts, events, or circumstances other than the Complained-of Statements in the "Patent Troll Tracker" blog itself.[20]

You are further instructed that in considering damages you may consider:

(a)     all material facts and circumstances surrounding the claim for damages and the defenses to the claim;

(b)     all facts and circumstances under which the publication was made; and

(c)     any correction of the allegedly defamatory matter made and published by the defendant(s).[21]

Given:_____

Refused:_____

Modified:_____

Signed this ____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[20] *Reichner v. Skaggs Drug Center,* 421 F.2d 307, 312 (5th Cir. 1970); *Enterprise Co. v. Taylor,* 142 S.W.2d 280 (Tex.Civ.App. — Beaumont 1940, no writ).

[21] Tex. Civ. Prac. & Rem. Code § 73.003(a).

REQUESTED QUESTION NO. 6 AND INSTRUCTIONS. — DAMAGES

QUESTION NO. 6

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Eric Albritton for its injuries, if any, that were proximately caused by the statements?

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result there from. There may be more than one proximate cause of an event.

Consider the element of damage listed below and none other  Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.[22]

Mental anguish sustained in the past.

Answer:_____

Given:_____
Refused:_____
Modified:_____

Signed this ____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

---

[22] Texas PJC 115.33.

REQUESTED INSTRUCTION FOR QUESTION NO. 8

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered some damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff my not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonably efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.[23]

Given:_____

Refused:_____

Modified:_____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

_____
[23] Fifth Circuit PJC §15.15

REQUESTED QUESTION NO. 8 -- MITIGATION OF DAMAGES

QUESTION NO. 8

Do you find that the Eric Albritton failed to mitigate his damages, if any?

Answer "Yes" or "No":

Answer:_____

Given:_____

Refused:_____

Modified:_____

Signed this ____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

<u>REQUESTED QUESTION NO. 9</u> -- MITIGATION OF DAMAGES

If your answer to Question No. 8 is "Yes," then answer Question 9. Otherwise, do not answer the following question.

QUESTION NO. <u>9</u>

By what amount do you find that Eric Albritton's damages should be reduced as a result of his failure to mitigate?

Answer in Dollars and Cents.

Answer: _____

Given:_____

Refused:_____

Modified:_____

Signed this _____ day of _____, 2009.

_____
HONORABLE RICHARD A. SCHELL

## **CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

_____
Presiding Juror