IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERIC M. ALBRITTON,                §
                                  §
        Plaintiff                 §
                                  §
v.                                §        No. 6:08cv00089
                                  §
CISCO SYSTEMS, INC. RICHARD       §
FRENKEL, MAULLUN YEN and          §
JOHN NOH,                         §
                                  §
        Defendant                 §

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, INTERROGATORIES AND VERDICT FORM

TO THE HONORABLE COURT:

Pursuant to the Court's Order, Plaintiff Eric M. Albritton submits the following proposed jury instructions, interrogatories, and verdict form. In submitting these proposed instructions and questions, Albritton reserves the right to alter, amend, add or delete questions, interrogatories, and the proposed verdict form as necessary to conform to orders that may issue from the Court concerning the various motions currently pending for resolution. Plaintiff also reserves the right to alter, amend, add or delete questions in order to respond to Defendant's proposed instructions and to conform to proof at trial. Subject to and without waiving his right to amend, Albritton proposes the following instructions, interrogatories, and verdict form to be used by the Court to instruct the jury in this case.

Respectfully submitted,

_Nicholas H. Patton_

Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080          (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 17th day of February, 2009.

_Nicholas H. Patton_

Nicholas H. Patton

## I.  Preliminary Instructions[1]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement.  Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the Plaintiff will call witnesses and present evidence.  Then, the Defendants will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[2]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.[3]

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.[4]

Certain testimony may be presented to you through a deposition.[5]  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some

---

[1] Source:  Fifth Circuit Pattern Jury Instruction 1.1 (modified).
[2] Source:  Fifth Circuit Pattern Jury instruction 2.18.
[3] Source:  Fifth Circuit Pattern Jury Instruction 2.19.
[4] Source:  Fifth Circuit Pattern Jury Instruction 3.1 (partial).
[5] Source:  Fifth Circuit Pattern Instruction 2.23 (modified and inserted into Fifth Circuit Pattern Instruction 1.1).

circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read or shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

The parties agree, or stipulate, that Defendant Richard Frenkel was acting within the course and scope of his employment at Cisco at the time he published the accused internet posts. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.[6] Other than that fact or any other stipulated fact that I may later communicate to you, keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper account of this trial or listen to

---

[6] Source: Fifth Circuit Pattern Jury Instruction 2.3 (modified and inserted into Fifth Circuit Pattern Instruction 1.1).

any radio or television newscast concerning it.  Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.  If there is publicity about this trial, you must ignore it and you must decide this case only from the evidence presented in the trial.[7]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

---

[7] Source:  Fifth Circuit Model Jury Instruction 2.6 (modified).

## II. **Final Instructions**

A. General Instructions For Charge:[8]

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous.

Unless I instruct you otherwise, you must answer all questions from a preponderance of the evidence. By this I mean the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of

---

[8] Source: Fifth Circuit Pattern Jury Instruction 3.1 (modified).

common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in the form providing your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

B.  The Parties' Contentions:

Albritton argues that Cisco, Frenkel, Noh and Yen are liable for defamation.  Defamation is the act of injuring a person's reputation by making a false statement.  It can either be a false statement published in writing or it can be a false statement published orally.  To maintain his cause of action, Albritton must prove that Defendants (1) published a false statement; (2) that was defamatory of Albritton; [(3) while acting with negligence[9], regarding the truth of the statements].  Albritton alleges that Defendants published three internet posts containing false and defamatory statements about him. Because the Defendants' statements attack Albritton in his trade and profession, if they are not true, they are defamatory *per se*.[10]  Albritton also alleges that Defendants published false statements about him that created a *per se* defamatory false impression by omitting material facts and suggestively juxtaposing facts in a misleading way.  Albritton asserts he is entitled to general damages for harm caused to him by Defendants' defamation and damages in an amount sufficient to deter Defendants from engaging in this conduct in the future.

Defendants contend that Defendants Noh and Yen did not publish the alleged defamatory statements, the statements were true or substantially true, that Defendants did not act with [negligence or malice][11] and that Albritton has not been harmed as a result of the publication of the accused posts.  Defendants assert that its actions were not undertaken with [negligence or malice] and the award of exemplary damages is not warranted.

---

[9] Because Albritton this is a private/private case (private figure/private subject matter), common law principles apply such that Albritton need not prove fault. *See Snead v. Redland Aggregates*, 998 F.2d 1325, 1334 (5th Cir. Tex. 1993) ("the Constitution imposes no minimum standard of fault in private/private libel cases."); *See* Comments to Texas Pattern Jury Instruction 110.5, citing *Philadelphia News., Inc. v. Hepps*, 475 U.S. 767, 775 (1986) ("When the speech is of purely private concern and the plaintiff is a private figure, as in *Dun & Bradstreet*, the constitutional requirements do not necessarily force any change in at least some of the features of the common-law landscape); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc*., 472 U.S. 749, 761 (1985) (private plaintiff and issue of private concern does not implicate federal constitutional principles); *Leyendecker & Assoc., Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1985) (affirming plaintiff's verdict and applying common law principles to private parties in a purely private concern case without discussion of constitutional issues).  If the Court decides that the statements concerned a matter of public concern, the standard that should be applied here is that of negligence.  *See* Texas Pattern Jury Charge 110.2.

[10] If the Court rules that the accusations against Albritton are not defamatory *per se* as a matter of law, then this sentence should be altered to conform to that ruling.

[11] *See supra* n.10.

C.  Defamatory Meaning: [12]

[**<u>NOTE</u>**:  This instruction is offered conditionally.  If the Court rules as a matter of law that the accusations at issue are defamatory as a matter of law, then this instruction on defamatory meaning is not necessary.[13]  Whether a statement is capable of a defamatory meaning is a threshold question for the Court.  Only when the Court determines that the language is ambiguous or of doubtful meaning should the jury determine the statement's meaning and effect on an ordinary person.[14]  The statements at issue in this case are unsolicited comments on a lawsuit between private parties, and are not an issue of public concern.[15]  A private figure plaintiff (such as Albritton) bringing a cause of action based on defamatory statements that do not involve a matter of public concern enjoys a presumption of falsity.[16]  Therefore, this jury instruction should only be given if the Court rules as a matter of law[17] that Albritton must prove that the accused statements are false]

"Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue or reputation.

In deciding whether a statement is defamatory, you must construe the statements as a whole an in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.

---

[12] Source:  Texas Pattern Jury Instruction 110.3; Tex. Civ. Prac. & Rem. Code § 73.001; *Turner v. KTRK, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000).

[13] *See Musser v. Smith protective Servs., Inc.* 723 S.W.2d 653, 655 (Tex. 1987).

[14] Only if the Court should determine that the accused statements are ambiguous or of doubtful meaning should the jury determine the statement's meaning and effect on an ordinary person.  *See Musser v. Smith protective Servs.*, Inc. 723 S.W.2d 653, 655 (Tex. 1987).

[15] Source: *Snead v. Redland Aggregates*, 998 F.2d 1325, 1330 (5th Cir. Tex. 1993).

[16] *See* Texas Pattern Jury Instruction 110.4, *citing Randall's Food Mkts. V. Johnson*, 891 S.W. 2d 640, 646 (Tex. 1995).

[17] Whether a plaintiff is a public figure is a question of constitutional law to be decided by the court.  *See* Texas Pattern Jury Instruction 110.4, *citing WFAA-TV, Inc. v. McLemore*, 978 S.W. 2d 568, 571 (Tex. 1998).  Whether the subject matter of a publication is a matter of public concern is a question of law for the Court.  *See id., citing Texas Beef Group v. Winfrey*, 11 F. Supp.2d 858, 862 (N.D. Tex. 1998).

D. Employer Responsibility:[18]

      An employer is responsible for the acts of its officers, agents, or employees that are done within the scope of their authority delegated to them by the employer.

---

[18] *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007).

E.  Corporate Bias:[19]

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

---

[19] Source:  Fifth Circuit Pattern Instruction 2.13 (modified).

F.   Instructions on Deliberations:[20]

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

---

[20] Source:  Fifth Circuit Pattern Instruction 2.12 (modified).

## PROPOSED SPECIFIC INSTRUCTIONS AND INTERROGATORIES

A.  Defamation *Per Se*:

[**NOTE**:  Whether a statement is defamatory *per se* is a question of law for the court.  That issue has been raised in the context of the summary judgment motions before the Court.  Therefore, Albritton offers alternative instructions.  The first proposal instructs the jury that the statements are defamatory *per se* and will be followed by the instruction and question for *Per Se* Defamatory Impression (currently identified as Instruction B and Question 2). The second proposed instruction and Question 1 are conditionally offered in the event that the Court does not rule that the statements are defamatory *per se* as a matter of law.  In that case, the jury should be instructed in accordance with the second proposal and directed to answer Question 1.]

1.  Defamation *per se* as a matter of law:

In this case, I instruct you that Defendants' statements tend to injure Albritton in his occupation or profession or accuse him of criminal, unethical, or immoral conduct, and are therefore defamatory *per se* as a matter of law.  What this means is that unless you find that the statements are true or substantially true, you must presume that Albritton has been defamed and injured.

2.  Defamation *per se* to be determined by the jury:

Albritton contends that Defendants statements are "defamatory *per se*." Defamation *per se* means an untrue statement that tends to affect a person injuriously in his business, occupation, or office; or imputes to that person illegal or immoral conduct.[21]  In this case, you must decide whether Albritton has proven by a preponderance of the evidence that Defendants' accusations accuse him of criminal, unethical or immoral conduct, an offense for which he could be disbarred as an attorney, or tend to injure him in his occupation and profession.

**Question 1**:

Do you find the accused statements to be *per se* defamatory of Eric Albritton?

YES _____

NO  _____

Go to next question.

---

[21] Source:  Adapted from the Defamation *per se* instruction given by this Court in *Fiber Sys. Int'l v. Roehrs*, No. 4:04-CV-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 15.

B. *Per Se* Defamatory Impression:[22]

Albritton alleges that Cisco's statements create a false and *per se* defamatory impression. One may defame a person where all the statements in a publication may be true when read in isolation, but the publication conveys a substantially false and *per se* defamatory impression by omitting material facts or suggestively juxtaposing true facts.[23]

"False" means that the impression created, if any, is not literally true or not substantially true. An impression is not "substantially true" if, in the mind of the average person, the gist of the impression is more damaging to the person affected by it than a literally true impression should have been.

An impression that is "defamatory *per se*" leaves an ordinary person with an impression that injures a person in his business, occupation, or office; or imputes to that person illegal or immoral conduct.[24]

In deciding whether an impression is defamatory *per se*, you must construe the statements as a whole, and not merely the individual statements contained in those articles, in light of the surrounding circumstances based on how a person of ordinary intelligence would perceive them.

## Question 2:

Do you find that the accused statements created a false and *per se* defamatory impression of Eric Albritton?

YES _____

NO _____

Go to the next question.

---

[22] Texas Pattern Jury Instruction 110.9 (modified).

[23] *See Fiber Sys. Int'l v. Roehrs,* 470 F.3d 1150, (5th Cir. 2006); *Turner v. KTRK*, 38 S.W.3d 103, 113-14 (Tex. 2000) (cited in comments to Texas Pattern Jury Instruction 110.9.

[24] Source: Adapted from the Defamation *per se* instruction given by this Court in *Fiber Sys. Int'l v. Roehrs*, No. 4:04-CV-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 15.

If your answer Question 1 or 2 is "YES," then answer the following question. Otherwise, do not answer any additional questions.

C. Truth Or Falsity:

[**NOTE:** Albritton is not required to prove that the statements made in the accused publications are false. Albritton is a private figure. The statements at issue are unsolicited comment on a lawsuit between private parties, and are not an issue of public concern.[25] A private figure plaintiff bringing a cause of action based on defamatory statements that do not involve a matter of public concern enjoys a presumption of falsity.[26]

1. Truth As An Affirmative Defense:[27]
   [to be used if Albritton is a private figure and the accused statements do not involve a matter of general public concern]

Truth is a defense to defamation. A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of it is no more damaging to the person affected by it than a literally true statement would have been.

You are instructed that Defendants bear the burden to prove truth or substantial truth by a preponderance of the evidence.

2. Truth As A Part Of Plaintiff's *Prima Facie* Case:[28]
   [The following jury instruction is submitted conditionally, and should only be given if the Court rules as a matter of law[29] that Albritton must prove that the accused statements are false].

Albritton must prove by a preponderance of the evidence that the statements contained in the accused internet posts are false. A statement is "false" if that statement is not literally true or not substantially true. A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.

---

[25] Source: *Snead v. Redland Aggregates*, 998 F.2d 1325, 1330 (5th Cir. Tex. 1993).
[26] *See* Texas Pattern Jury Instruction 110.4 (modified), *citing Randall's Food Mkts. V. Johnson*, 891 S.W. 2d 640, 646 (Tex. 1995).
[27] *See* Texas Pattern Jury Instruction 110.8 (modified).
[28] Source: Texas Pattern Jury Instruction 110.4 (modified); *Bentley v. Bunton*, 94 S.W.3d 561, 587 (Tex. 2002) (preponderance of the evidence standard).
[29] Whether a plaintiff is a public figure is a question of constitutional law to be decided by the court. *See* Texas Pattern Jury Instruction 110.4, *citing WFAA-TV, Inc. v. McLemore*, 978 S.W. 2d 568, 571 (Tex. 1998). Whether the subject matter of a publication is a matter of public concern is a question of law for the Court. *See id., citing Texas Beef Group v. Winfrey*, 11 F. Supp.2d 858, 862 (N.D. Tex. 1998).

**<u>Question 3:</u>**

Do you find that the accused statements were true or substantially true as they relate to Eric Albritton at the time they were made?

A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.

YES _____

NO _____

Go to the next question.

If your answer Question 3 is "No", then answer the following question.  Otherwise, do not answer any additional questions.

D.  Publish:

Defendants Cisco and Frenkel admit publishing the articles at issue in the case.  You must decide whether Defendants Yen and Noh published the statements at issue in this case.

"Publish" means intentionally or negligently to communicate the matter to a person other than Eric Albritton who is capable of understanding its meaning.

**<u>Question 4</u>:**

Did Defendant Yen publish the accused statements?

YES _____

NO _____

Did Defendant Noh publish accused statements?

YES _____

NO _____

Go to the next question.

E.  Common Plan:[30]

Anyone who commands, directs, advises, encourages, procures, controls, aids, or abets a wrongful act by another, is regarded by the law as being just as responsible for the wrongful act as the one who actually committed it.  Those who pursue a common plan or design to commit a tortious act, actually take part in it or further it by cooperation or request, or lend aid to the wrongdoer, or ratifies or adopt his act are also liable for the tortious act.

**Question 5:**

Is Defendant Yen liable for the defamatory statementss?

YES _____

NO  _____

Is Defendant Noh liable for the defamatory statementss?

YES _____

NO  _____

Go to the next question.

---

[30] Sources:  *Stein v. Meachum*, 748 S.W. 2d 516, 518-19 (Tex. App.—Dallas 1988, no writ); *Clayton v. Richards*, 47 S.W.3d 149, 154 (Tex. App.—Texarkana 2001, pet. Denied); *Wolshen v. State Farm Lloyds*, 2008 U.S. Dist. LEXIS 68647, at *8-13 (N.D. Tex. Sept. 2, 2008).

F. Fault:[31]

[**NOTE**:  The following instructions and questions on fault are submitted conditionally, and in the alternative.  The standard of fault in this case depends on a number of legal issues to be resolved by the Court. There are three possible levels of fault, depending on the Court's rulings.

   (1) If the Court determines that Albritton is a private figure and that Cisco's statements concern a private matter, then common law principles apply.[32]
   (2) If the Court determines that Albritton is a private figure, but that Cisco's statements were made in the context of a matter of public concern, then Albritton must prove that Cisco acted with negligence.[33]
   (3) If the Court finds that Albritton is a public figure, then Albritton must prove Cisco acted with actual malice.

Albritton believes that the proper standard is provided by common law principles and therefore conditionally offers the negligence and malice instructions below].

   1.  Common Law Fault:[34]

   No culpable mental state is required for a finding of defamation.  Whether the defendants intended to say or print the defamatory words is not an element of the Plaintiff's cause of action. The law assumes the words were intended because they were used unless the Defendant proves a legal excuse justifying its statements.[35]

   2.  Negligence:

   [Albritton offers this instruction conditionally. The defamatory statements were not made in the context of a matter of public concern. For this reason Albritton need not prove malice.  But if the Court should find otherwise, the following instruction should be given.]

---

[31] Source:  Texas Pattern Jury Instruction 110.5 and associated comment.

[32] *See Snead v. Redland Aggregates*, 998 F.2d 1325, 1334 (5th Cir. Tex. 1993) ("the Constitution imposes no minimum standard of fault in private/private libel cases."); *See* Comments to Texas Pattern Jury Instruction 110.5, citing *Philadelphia News., Inc. v. Hepps*, 475 U.S. 767, 775 (1986) ("When the speech is of purely private concern and the plaintiff is a private figure, as in *Dun & Bradstreet*, the constitutional requirements do not necessarily force any change in at least some of the features of the common-law landscape); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc*., 472 U.S. 749, 761 (1985) (private plaintiff and issue of private concern does not implicate federal constitutional principles); *Leyendecker & Assoc., Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1985) (affirming plaintiff's verdict and applying common law principles to private parties in a purely private concern case without discussion of constitutional issues).

[33] *See* Texas Pattern Jury Instruction 110.5 and comment citing cases (modified).

[34] Source:  Comments to Texas Pattern Jury Instruction 110.5; *Peshak v. Greer*, 13 S.W.3d 421, 425-426 (Tex. App. Corpus Christi 2000); *Willis v. Kimmel*, 2007 Tex. App. LEXIS 4426 (Tex. App. Corpus Christi June 7, 2007). In this private/private case, there is no need to instruct or query the jury on fault prior to its consideration of exemplary damages.

[35] Presumed damages are available in cases of libel *per se* without any showing of fault on the part of the defendant. *Snead v. Redland Aggregates*, 998 F.2d 1325, 1334 (5th Cir. Tex. 1993).

To find Defendants liable for defamation, Albritton must prove by a preponderance of the evidence that Defendants published the defamatory statements when they knew, or should have known, in the exercise of ordinary care, that the statements made in the accused posts were false and had the potential to be defamatory.[36]

If you decide that the accused posts created a false and defamatory impression, then you must decide whether Defendants knew or should have known, in the exercise of ordinary care, that the impression created by those posts was false and had the potential to be defamatory.[37]

"Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

3.  Actual Malice Standard:

[Albritton offers this instruction conditionally. Because he is a private figure, he need not prove actual malice. But if the Court should rule that Albritton is a public figure, then the following actual malice instruction should be given]

Albritton is required to prove by clear and convincing evidence that at the time Defendants made the statements in question: (1) they knew they were false as it related to Eric Albritton, OR (2) Defendants made the statements with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of those statements.[38] Evidence that Defendants purposefully avoided the truth can be evidence of actual malice.[39] Additionally, while you cannot base your finding solely on evidence of Defendants ill motive toward Albritton, you may consider any such evidence of motive in determining whether Defendants acted with actual malice.[40]

If you decide that the accused posts created a false and defamatory impression, then you must decide by clear and convincing evidence whether Defendants knew at the time Frenkel published the accused internet posts that Defendants knew or strongly suspected that those posts presented a substantially false and defamatory impression.[41]

"Strongly suspected" means had a high degree of awareness.

"Clear and convincing evidence" is that measure of degree of proof that will produce in the mind of the jury a firm belief or conviction as to the truth of the allegations sought to be established. This involves a greater degree of persuasion than is necessary to meet the

---

[36] Source: Texas Pattern Jury Instruction 110.5 (modified).
[37] Source: Texas Pattern Jury Instruction 110.10 (modified).
[38] Source: Texas Pattern Jury Instruction 110.6 (modified).
[39] *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 (1989).
[40] *See Harte Hanks,* 491 U.S. at 668.
[41] Source: Texas Pattern Jury Instruction 110.11 (modified).

preponderance of the evidence standard; however, proof to an absolute certainty is not required.[42]

## Question 6:[43]

Did the Defendants know or should they have known, in the exercise of ordinary care that the accused statements were false and had the potential to be defamatory.

Defendant Cisco:

YES _____

NO _____

Defendant Frenkel:

YES _____

NO _____

Defendant Yen:

YES _____

NO _____

Defendant Noh:

YES _____

NO _____

Go to the next question.

---

[42] Source: Fifth Circuit Pattern Instruction 2.14 (modified).
[43] These interrogatories are conditionally offered and assume a negligence standard. If the Court determines that common law standards apply, these interrogatories should be deleted. *See supra* n.10. If the Court determines that an actual malice standard applies, the interrogatories should be modified to that standard of fault.

G. Compensatory Damages:[44]

If you have determined that Albritton was defamed, you must determine the damages, if any, to which he is entitled. You should not interpret the fact that I have given instructions about Albritton's damages as an indication in any way that I believe that Albritton should, or should not, be awarded damages. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Albritton is entitled to recover money from the Defendants.

If you find that one or more Defendants are liable to Albritton, you must determine an amount that is fair to compensate for the elements of damage you are instructed to consider. These damages are called compensatory damages. The purpose of compensatory damages is to make Albritton whole—that is, to compensate Albritton for the damage that he has suffered.

In a defamation *per se* case, the law presumes that a defamatory statement caused injury and no proof of actual injury is required. Although the law presumes injury, the amount of the damages that a party should be made to pay to compensate for those injuries, if any, is left for your determination. You may award such damages that you believe will be fair compensation for the elements of Albritton's damages you are instructed to consider, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, Albritton is not required to prove damages with mathematical precision. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

As to Plaintiff's claims, you should consider only the following elements of damages: (1) loss of reputation; and (2) mental anguish. You should consider these elements of damages and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. "Loss of reputation" means the injury to a person's good name and reputation. "Mental anguish" means more than mere disappointment, anger, or embarrassment, although it may include all of these.

---

[44] Source: Instruction given by this Court in *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 22-23.

**<u>Question 7:</u>**[45]

What sum of money, if paid now in cash, would fairly and reasonably compensate Eric Albritton for his injuries, if any, that were proximately caused by the accused statements: Consider the elements of damages listed below and none other.

Injury to Albritton's reputation sustained in the past.

Answer:_____

Injury to reputation that, in reasonable probability, Albritton will sustain in the future.

Answer:_____

Mental anguish sustained in the past.

Answer:_____

Mental anguish that, in reasonable probability, Albritton will sustain in the future.

Answer:_____

Go to next question.

---

[45] Damages questions taken from Texas Pattern Jury Charge 115.33 (damages instructions for general damages).

If you entered an award of damages in previous question, then go to the next question.  If not, then do not answer any additional questions.

H.  Malice:

For purposes of this question, "malice" means:

      a.     a  specific intent by the person who made the statement to cause substantial injury; or

      b.     when viewed objectively from the standpoint of the publisher, the statement involved an extreme risk of potential harm and the publisher made the statement with a conscious indifference for the rights, safety or welfare of others.[46]

"Malice" may be proven by demonstrating ill will, spite or vengeance on the part of the person making the statement. Malice may be inferred from the fact that a statement was made with such utter recklessness as to indicate a disregard of the consequences.[47]

[**NOTE** – Because this is a private/private case, Albritton need not demonstrate actual malice to recovery exemplary damages.  However, if the Court determines that this is not a private/private case, the jury should be instructed on the actual malice standard as follows: Defendants made the statements in question:  (1) they knew they were false as it related to Eric Albritton, OR (2) Defendants made the statements with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of those statements.[48]  Evidence that Defendants purposefully avoided the truth can be evidence of actual malice.[49]  Additionally, while you cannot base your finding solely on evidence of Defendants ill motive toward Albritton, you may consider any such evidence of motive in determining whether Defendants acted with actual malice.[50]][51]

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegation sought to be established.[52]

---

[46] Source:  *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 25.

[47] Source:  *Snead v. Redland Aggregates*, 998 F.2d 1325, 1333 (5th Cir. Tex. 1993).

[48] Source:  Texas Pattern Jury Instruction 110.6 (modified).

[49] *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 (1989).

[50] *See Harte Hanks,* 491 U.S. at 668.

[51] Because Albritton is a private figure, he need not establish "actual malice" to secure exemplary damages. "Although the Constitution imposes no standard of fault in private/private cases, Texas law requires the defendant to act with common law malice to justify a punitive damage award." *Snead v. Redland Aggregates*, 998 F.2d 1325, 1335 (5th Cir. 1993) (citing *Leyendecker*, 683 S.W.2d at 375).

[52] Source:  *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 25.

## Question 8:

Do you find by clear and convincing evidence that the following Defendants published the accused statements with malice?[53]


Defendant Cisco:

          YES _____

          NO _____

Defendant Frenkel:

          YES _____

          NO _____

Defendant Yen:

          YES _____

          NO _____

Defendant Noh:

          YES _____

          NO _____


Go to the next question.

---

[53] These interrogatories assume this is a private/private case. If the Court rules otherwise, they should be modified to reflect the actual malice standard.

If you answered YES to any part of Question 8, read the following instruction and answer Question 9. Otherwise, do not answer any additional questions.

I.  Exemplary Damages:

If you find that a Defendant is liable for Albritton's injuries, you must award Albritton the compensatory damages to which he is entitled. You also may award him exemplary damages.[54]

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.  You may award exemplary damages if Albritton has proven, by clear and convincing evidence that a Defendants acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others.[55]

In making any award of exemplary damages, you should consider that the purpose of exemplary damages is to punish a person for shocking conduct, and to deter the person and others from engaging in similar conduct in the future.[56]  The law does not require you to award exemplary damages, however, if you decide to award exemplary damages, you must use sound reason in setting the amount of the damages.

Factors to consider in awarding exemplary damages, if any, are—

a.  The nature of the wrong
b.  The character of the conduct involved
c.  The degree of culpability of Defendants
d.  The situation and sensibilities of the parties concerned.
e.  The extent to which Defendants have engaged in this type of conduct before[57]
f.  The extent to which such conduct offends a public sense of justice and propriety.
g.  The next worth of the Defendants

Exemplary damages can be assessed against Cisco Systems, Inc., as a principal because of an act by its agent Frenkel because Cisco has admitted that Frenkel was acting in the scope of his employment with Cisco.  Exemplary damages can be assessed against Defendant Cisco as a principal because of an act by Yen and Noh, but only if:

a.  Cisco authorized the doing and the manner of the act, or
b.  Yen or Noh were employed in a managerial capacity and was acting within the scope of her or his employment, or

---

[54] Source:  Fifth Circuit Pattern Instruction 15.13 (modified).
[55] Source:  *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 27.
[56] Source:  *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 27 (modified).
[57] *See BMW of N. Am. v. Gore*, 517 U.S. 559, 577 (1996) (repeated misconduct is more reprehensible than an individual instance of malfeasance and is relevant to the determination of exemplary damages).

c. Cisco, or a manager of Cisco's, ratified or approved the act.

## Question 9:

What, if any, amount of exemplary damages should be awarded to Albritton from the following Defendants:

Answer for only those Defendants that you answered YES to Question 8.

Defendant Cisco     Answer:_____

Defendant Frenkel    Answer:_____

Defendant Yen     Answer:_____

Defendant Noh     Answer:_____

Please continue to the Verdict Form.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 6:08cv00089** |
| | § | |
| **CISCO SYSTEMS, INC. RICHARD** | § | |
| **FRENKEL, MAULLUN YEN and** | § | |
| **JOHN NOH,** | § | |
| | § | |
| **Defendant** | § | |

# <u>VERDICT FORM</u>

We the jury, hereby certify that the answers containing in the foregoing Jury Instructions and Interrogatories constitutes our Verdict, that our Verdict is unanimous, and the Verdict was reached by our own free will and not the result of duress or undue influence.

SO SAY WE ALL.

Dated at Tyler, Texas, on this _____ day of _____, 2009.


_____

Jury Foreperson