*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*TYLER DIVISION*

| | |
|---|---|
| **ERIC M. ALBRITTON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | NO. 6:08-CV-00089 |
| (1) CISCO SYSTEMS, INC., § | |
| (2) RICHARD FRENKEL, a/k/a § | |
| "TROLL TRACKER," § | |
| (3) JOHN NOH and § | |
| (4) MALLUN YEN, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S MOTIONS *IN LIMINE*

### I.    INTRODUCTION

Plaintiff Eric M. Albritton hereby moves this Court for an order *in limine* instructing counsel for Defendants Cisco Systems, Inc., Richard Frenkel, Mallun Yen and John Noh ("Cisco" or "Defendants") and all witnesses called by or on behalf of Cisco, to refrain from making any mention before the jury or prospective jurors, in any manner whatsoever, of any of the matters discussed below.

The matters addressed herein are inadmissible for any purpose given these timely and proper objections by Albritton. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would unfairly prejudice the jury, and sustaining objections to such questions, comments, or offers would not cure the resulting prejudice, but rather reinforce the prejudicial impact of such matters on the jurors.

Therefore Albritton respectfully requests that his motions *in limine* be GRANTED. For any motion that the Court does not grant, Albritton requests that Defendants be ordered to approach the bench and explain the relevancy of those statements before introducing evidence, testimony, or argument in front of the jury.

## II. ARGUMENT

**Motion *in Limine* No. 1: Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument Or Other Comments Regarding The Fact That Albritton Represents Accused Or Convicted Murderers, Rapists, Child Molesters Or Others That Have Been Accused Or Convicted Of Similarly Disturbing Crimes.**

During Albritton's deposition, opposing counsel made inquiry into the irrelevant and highly prejudicial matter of crimes that certain of Albritton's clients were accused or convicted. *See* Ex. 1, Albritton Dep. at 136:19 – 137:25. This evidence is not probative of any fact in issue. FED. R. EVID. 401, 402. Alternatively, any limited probative value that the matters may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues and delay. FED. R. EVID. 403.

Although evidence, testimony, attorney argument or other comments about Albritton's representation of clients in criminal cases would be objectionable at trial, his counsel could not cure the resulting confusion and prejudice after the fact. Accordingly, this Court should exclude all evidence, testimony, or argument regarding that topic as irrelevant, and unduly prejudicial to Albritton.

**Motion *in Limine* No. 2: Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument Or Other Comments Regarding Albritton's Medical Records, Personal And/Or Firm Financial Records Or Expected Income.**

The Court has ruled that Albritton's medical records and both his personal and firm financial records are irrelevant and need not be produced in discovery. *See* DE# 143 (Judge Bush's ruling) and related briefing at DE#s 74, 78 & 184. Defendants should be precluded from offering, evidence, testimony, or attorney argument related to Albritton's medical records, financial history or expected income or his medical and financial records those records – including those records were the subject of a discovery dispute. Defendants should also be precluded from offering, evidence, testimony, or attorney argument regarding Defendants'

requests for medical and financial records, and Albritton's failure to produce those documents to Defendants. Such evidence is not probative of any fact in issue. FED. R. EVID. 401, 402.

Alternatively, any limited probative value that the matters may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues and delay in that the evidence can only be used by Cisco to suggest to the jury that Albritton is a successful attorney not entitled to damages stemming from Cisco's tortious conduct. FED. R. EVID. 403.

**Motion *in Limine* No. 3: Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument Or Other Comments Related To Statements Or Comments Made By Albritton's Attorneys To The Press About This Case.**

Throughout this litigation, Defendants have seized every opportunity to report to the Court on statements attributed to Albritton's lawyers in the press. Any question, statement or suggestion related to comments to the press about this case would be improper. Not only were the comments made long after the accused statements at issue were made and therefore are not probative of the facts at the time Cisco defamed Albritton, they are not probative of any fact in dispute. FED. R. EVID. 401, 402. Some of the statements cited by Cisco were not even made by Albritton. Cisco cannot be permitted to confuse the issues in dispute with reference to statements that are unrelated to the issues fact questions the jury must decide. Any probative value such evidence may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues and delay. FED. R. EVID. 403.

**Motion *in* Limine No. 4: Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument Or Other Comments Referring To The Optional Document Header Or Banner As A "File Stamp."**

This Court should preclude Defendants from referring to the optional document header or banner across the top of documents filed in the ESN v. Cisco case as a "file stamp." The document header or banner that appears on the top of filed documents is an automatically

generated optional feature that users can turn on or off according to preference. The electronic document stamp used in filings in the Eastern District of Texas is the computer-encrypted stamp that records the date and time a document is received by the Court. In this case, the parties dispute whether the computer-encrypted electronic document stamp is the official record of the date and time the ESN complaint was received by the Court, and there will be extensive testimony on that issue at trial. It is important to the jury's comprehension of the evidence that they understand that the banner (or header) and the electronic document stamp are too different things, irrespective of which parties' evidence they chose to credit.

Federal Rule of Evidence 403 permits the Court to exclude evidence where it is outweighed by danger of confusing the issues, misleading the jury, and unfairly prejudicing a party. FED. R. EVID. 403. To be clear, Albritton is not seeking to exclude evidence of the banner or header, only to prevent Defendants from using the misleading and confusing words "file stamp" to refer to the banner. There is no reason why Defendants need to call the banner a "file stamp" and the misleading and confusing use of those words is substantially outweighed by any probative value, particularly here were no evidence is being excluded. If defendants seek to convince the jury the banner or header on some of the ESN documents contained a 10/15/07 date, there are ways to do this without the use of the phrase "file stamp." *See AMTRAK v. Transwood, Inc.*, Civil Action No. 99-0487, 2001 U.S. Dist. LEXIS 13701, 3-4 (E.D. La. Aug. 27, 2001) (granting motion *in limine* restricting language used at trial because evidence could be offered in a less prejudicial manner).

**Motion *in Limine* No. 5: Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument or Other Comments Regarding Mr. Babcock's Representation Of Oprah Winfrey (Or Any Other High Profile Clients), His Purported Expertise In First Amendment Law, Or Any Other Puffery.**

Evidence regarding opposing counsel's legal experience, high profile clients, or specific area of expertise is irrelevant because such evidence does not make the facts at issue more or less probable. *See* FED. R. EVID. 401, 402. There is no probative value in naming Mr. Babcock's previous clients, and any testimony regarding legal expertise should be provided by a properly qualified and admitted expert witness testifying from the witness stand.

Even if the information were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice to Albritton, confusion of the issues, and delay. *See* FED. R. EVID. 403. Oprah Winfrey is one of the most powerful, wealthy, and influential women in the U.S., and allowing Defendants' counsel to associate himself with her would cause serious, substantial, and unfair prejudice.

Although evidence and comments about Mr. Babcock's clients and his purported legal expertise would be objectionable at trial, Defendant's counsel could not cure the resulting confusion and prejudice after the fact. Defendants should therefore be precluded from introducing evidence, testimony, or argument that relates either directly or indirectly to Mr. Babcock's representation of Oprah Winfrey, other celebrities, or of his purported expertise on First Amendment law in the presence of the jury or prospective jurors.

**Motion *in Limine* No. 6: Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument Or Other Comments Referring To Albritton As A Top Filer Of Patent "Troll" Cases Or Patent Cases Involving Non-Practicing Entities, That He Met With Public Officials To Discuss Patent Venue Reform Legislation, Or That He Holds Himself Out As An Expert In Patent Litigation In The Eastern District Of Texas.**

Defendants' Motion for Summary Judgment argued that the Court should make the legal determination that Albritton is a limited-purpose public figure because he met with members of Congress to discuss patent venue reform and because the Court could take judicial notice of the fact that Albritton is a top filer of patent "troll" cases in the Eastern District of Texas.

Additionally, Cisco has recently indicated that it will argue to the jury that Albritton holds himself out as an expert in patent litigation in the Eastern District of Texas.  While Cisco's allegations may be relevant to whether or not Albritton is a private or public figure, that issue is undeniably an *issue of law* that must be resolved by the Court.  *See Trotter v. Jack Anderson Enters. Inc*., 818 F.2d 431, 433 (5th Cir. 1987) ("Whether an individual is a public figure is a matter of law for the court to decide.").  Those alleged facts are not relevant to any *fact* issue before the jury and therefore should be excluded.

Rule 402 of the Federal Rules of Evidence expressly mandates that "[e]vidence which is not relevant is not admissible."  FED. R. EVID. 402.  Evidence is only relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  FED. R. EVID. 401.  Here, whether or not Albritton has thrust himself into the public limelight in no way makes it more likely or less likely that the accusations made by Cisco about Albritton are false and defamatory.  Accordingly, evidence, testimony, and attorney argument regarding Albritton's public profile cannot be admitted at trial and all related references must be excluded as irrelevant.

Even if Albritton's alleged public activities were somehow found to be loosely related to any jury issue in this case (which they are not), evidence of and comments on those issues would still be subject to exclusion.  Relevant evidence still may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  FED. R. EVID. 403.  Here, Defendants' references to Albritton's meetings with public officials, representation of clients Defendants refer to as "trolls" or his intellectual property practice can serve no legitimate purpose but to try to improperly persuade the jury that Albritton should not be compensated for Cisco's defamation.  Indeed, Cisco's sole motivation for introducing this evidence would be to bias jurors against Albritton and to distract the jury from the subject matter of this litigation.

Although this evidence would be objectionable at trial, Albritton's counsel could not cure the resulting confusion and prejudice after the fact. Defendants should therefore be precluded from introducing evidence, testimony, or argument that relates either directly or indirectly to Albritton as a "top filer" of patent "troll" cases or patent cases involving non-practicing entities, that he met with public officials to discuss patent venue reform legislation, or that he allegedly holds himself out as an expert in patent litigation in the Eastern District of Texas in the presence of the jury or prospective jurors.

**Motion *in Limine* No. 7: Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument Or Other Comments Concerning Any Alleged Bad Acts Or Improper Conduct On Behalf Of Albritton Without First Approaching The Bench.**

Throughout this case, Cisco's accusations about Albritton have been a moving target. Cisco has questioned Albritton about his professional representation of clients who were accused or convicted of crimes. Cisco has sought a complete medical waiver permitting it to rummage through all of Albritton's medical files. It has sought his client lists and confidential business information. It is impossible to guess as to what irrelevant and highly prejudicial evidence Cisco will try to put in front of the jury at trial. Thus, Albritton asks that before Cisco offer evidence, testimony, or testimony that would negatively reflect on Albritton's character, it first approach the bench so that the Court can make a ruling before the jury hears Cisco's proffered evidence.

Although the type of highly-prejudicial evidence would be objectionable at trial, Albritton's counsel could not cure the resulting prejudice after the fact. Defendants should therefore be precluded from introducing evidence, testimony, or argument that either directly or indirectly attacks Albritton's character until it has given the Court and Albritton the opportunity to evaluate the prejudicial nature of the proffered evidence, testimony, or argument.

**Motion *in Limine* No. 8**:  Defendants Should Be Precluded From Offering Evidence, Testimony, Attorney Argument Or Other Comments Concerning The Filing, Contents, And Rulings On Any Motion *in Limine*.

This Court should preclude Defendants from making any reference in front of the jury to the effect that Albritton filed any motion *in limine*, or the contents of any such motion, or this Court's rulings thereon.  Such information is not only irrelevant to any issues to be tried, but would be unduly prejudicial and as such should be excluded pursuant to FED. R. EVID. 403.

Respectfully submitted,

/s/ Nicholas H. Patton
Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080     (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 18th day of February, 2009.

*Nicholas H. Patton*

Nicholas H. Patton