## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ERIC M. ALBRITTON, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | No. 6:08cv00089 |
| § | |
| CISCO SYSTEMS, INC. RICHARD § | |
| FRENKEL, MAULLUN YEN and § | |
| JOHN NOH, § | |
| § | |
| Defendant § | |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE COURT

Pursuant to the Court's order, Plaintiff, Eric Albritton, respectfully asserts the following objections to Defendants' proposed jury instructions. *See* DE #187. Plaintiff respectfully requests the Court adopt his proposed jury instructions in favor of Defendants'.

I.      Plaintiff objects generally to Defendants' proposed jury instructions to the extent they differ from the instructions and questions contained in Plaintiff's proposal. *See* DE# 188.

II.     Plaintiff asserts the following specific objections:

      A.      <u>Clear and Convincing Evidence Instruction – DE# 187, p. 9:</u>

Plaintiff objects to the instruction on clear and convincing evidence because it should be given only in the context of the exemplary damages issue as presented in Plaintiff's proposed jury instructions. *See* DE# 188, p. 25-25. As presented in Defendants' proposal, the instruction lacks context and conflicts with the general instructions on burden of proof (DE# 187, p. 4) and the cautionary instruction on burden of proof (DE# 187, p. 10).

B.  Burden of Proof Instruction – DE# 187, p. 10:

Plaintiff objects to the instruction because it is limited to Albritton when Defendants also have a burden of proof with regard to their affirmative defense of truth/substantial truth.[1] The instruction is duplicative of the general instruction on burden of proof. Plaintiff's proposal makes a more accurate and logical presentation of the applicable burdens of proof.

C.  The Complained of Statements – DE# 187, p. 13:

Plaintiff objects to the term "complained of statements" as used in Defendants' proposed instructions and requests the Court identify the three blog entries at issue as "the accused statements" or "the accused blog entries" as set forth in his proposed instructions.

D.  Publication Question – DE# 187, p.14:

Plaintiff objects to the publication question Defendants propose. While there is no dispute that the accused statements were published, Cisco contends that Yen and Noh did not, themselves, publish the statements. Plaintiff objects the order of Defendants' liability questions. The jury should be asked first whether the accused statements are defamatory per se (unless the Court makes this determination as a matter of law), then whether the statements are substantially true. Only then is it appropriate to ask the jury to determine whether Yen and Noh independently published the statements and/or whether they engaged in a common plan to publish the accused statements. *See* Plaintiff's proposed instructions DE# 188, p. 13-18.

E.  Requested Additional Instruction for Question 2 – DE# 187, p. 15:

Plaintiff objects to the first additional instruction related to opinion, hyperbole and rhetoric because that is a legal issue for the Court's determination. The question of whether a

---

[1] Because Albritton is a private figure, truth is an affirmative defense for which Cisco bears the burden of proof. *See Gateway Logistics Group, Inc. v. Dangerous Goods Mgmt. Australia*, Civ. No. H-05-2742, 2008 U.S. Dist. LEXIS 34246, at *16-17 (S.D. Tex. Apr. 25, 2008) ("[i]f the plaintiff is a private person or entity, truth is an affirmative defense to a defamation claim.").

2

statement is an assertion of fact or opinion is a question of law. *Shaw v. Palmer*, 197 S.W.3d 854, 857 (Tex. App.—Dallas 2006, pet. denied) (citing) *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989)). Moreover, the accused blog entries contain verifiable statements of fact about Albritton. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990); *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 553 F. Supp.2d 680, 688-89 (N.D. Tex. S008); *Bentley v. Bunton*, 94 S.W.3d 561, 584 (Tex. 2002).

Plaintiff objects to the second additional instruction to consider <u>only</u> the words contained in the accused statements. Albritton contends that the accused statements are both defamatory *per se*, and that the accused statements convey a substantially false and *per se* defamatory impression by <u>omitting</u> material facts and/or suggestively juxtaposing true facts. *See Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000). Under Texas law, *if the Court determines it is appropriate to submit the question of defamatory meaning*, the jury should be instructed to consider the accused statements as a whole and in light of the surrounding circumstances based on how a person of ordinary intelligence would perceive them. The surrounding circumstances are the setting in which the alleged slanderous statement is spoken, consisting of the context of the statement and the common meaning attached to the statement *Fiber Sys. v. Roehrs*, 470 F.3d 1150, 1163 (5th Cir. 2006). Cisco's requested instruction would likely confuse the jury as to the scope of its inquiry.

Finally, Plaintiff objects to the last sentence of the third additional instruction.

F.   <u>Defamatory Instruction – DE# 187, p. 16:</u>

Plaintiff objects to the defamation instruction. Plaintiff's alleges the accused statements are per se defamatory because they tend to injure him in his profession or occupation and accuse him of illegal unethical or immoral conduct. If Court finds it necessary to submit the defamation

3

per se question to the jury, the jury should be instructed and queried in accordance with Plaintiff's proposed instructions. *See* DE# 188, p. 13-14.

G. <u>Falsity Question – DE# 187, p. 17:</u>

Plaintiff objects to the falsity question because it improperly places the burden of falsity on Albritton and improperly elevates the burden to the clear and convincing standard. Albritton is not required to prove that the statements made in the accused publications are false. Albritton is a private figure. The statements at issue are unsolicited comment on a lawsuit between private parties, and are not an issue of public concern.[2] A private figure plaintiff bringing a cause of action based on defamatory statements that do not involve a matter of public concern enjoys a presumption of falsity.[3] The jury should be instructed and queried on Defendants' affirmative defense as set forth in Plaintiff's proposal. DE# 188, p. 15-16; Se Tex PJC 110.8.

H. <u>Actual Malice Question – DE# 187, p. 18:</u>

Plaintiff object to Defendants' actual malice question and instruction. Because this is a "private/private" case, common law principles apply.[4] Accordingly, the jury should be instructed and queried on common law malice as set forth in Plaintiff's proposed instructions. DE# 188, p. 24-25 in the context of exemplary damages. Defendants failed to submit proposed instructions or

---

[2] *Snead v. Redland Aggregates*, 998 F.2d 1325, 1330 (5th Cir. Tex. 1993).
[3] *See* Texas Pattern Jury Instruction 110.4 (modified), *citing Randall's Food Mkts. V. Johnson*, 891 S.W. 2d 640, 646 (Tex. 1995).
[4] Because Albritton this is a private/private case (private figure/private subject matter), common law principles apply such that Albritton need not prove fault. *See Snead v. Redland Aggregates*, 998 F.2d 1325, 1334 (5th Cir. Tex. 1993) ("the Constitution imposes no minimum standard of fault in private/private libel cases."); *See* Comments to Texas Pattern Jury Instruction 110.5, citing *Philadelphia News., Inc. v. Hepps*, 475 U.S. 767, 775 (1986) ("When the speech is of purely private concern and the plaintiff is a private figure, as in *Dun & Bradstreet*, the constitutional requirements do not necessarily force any change in at least some of the features of the common-law landscape); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 761 (1985) (private plaintiff and issue of private concern does not implicate federal constitutional principles); *Leyendecker & Assoc., Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1985) (affirming plaintiff's verdict and applying common law principles to private parties in a purely private concern case without discussion of constitutional issues). If the Court decides that the statements concerned a matter of public concern, the standard that should be applied here is that of negligence. *See* Texas Pattern Jury Charge 110.2.

questions on exemplary damages, yet ask the Court to commit error by including an actual malice question. The jury should be instructed and queried on common law malice and exemplary damages as set forth in DE# 188, p. 24-27.

I.       Privilege Instruction and Question – DE# 187, p. 19:

Plaintiff objects to Defendants' proposed instruction and question on privilege. The accused statements do not qualify as fair and reasonable comment or criticism of an official act of a public official or other matter of public concern published for general information. Tex. Civ. Prac. & Rem. Code Ann. §73.002(b)(2).

J.       Requested Instruction for Question No. 6 – DE# 187, p. 20:

Plaintiff objects to the requested instruction because the matters identified were not specially pleaded as required by Tex. Civ. Prac. & Rem. Code Ann. § 73.003(a). The jury should be instructed on damages in the fashion set forth in Plaintiff's proposal at DE# 188, p. 22-23.

K.      Damages Question – DE# 187, p. 21:

Plaintiff objects to Defendants' proposed damages question and instruction because it references only mental anguish sustained in the past. Plaintiff seeks recovery of mental anguish in the past and future as well as damages for injury to his reputation in past and future. Moreover, because Albritton's claims defamation per se, those elements of damages are presumed to have been caused by the defamatory statements. Accordingly, the jury need not be instructed or queried on proximate cause. *See Fiber Sys Int'l v. Roehrs*, 4:04CV355-MHS, DE# 144 at 22-24 (Judge Schneider's damages instructions and questions in *per se* action).

> In a defamation *per se*, the law presumes that a person's reputation has been injured thereby. *Leyendecker & Associates, Inc. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984). And he may recover "general" damages, such as for mental anguish, without proof of injury. *Id*. Thus under normal circumstances in a case of defamation per se, there need be no inquiry in the charge about whether there was

5

a defamation or about "proximate cause" and injury (or the jury may be instructed to so find).

*Fox v. Parker*, 98 S.W.3d 713, 726 (Tex. App. Waco 2003). The jury should be instructed in the fashion set forth in Plaintiff's proposal. DE# 188, p. 22-23.

    L.    <u>Requested Instruction and Questions on Mitigation – DE #187, p. 22-24:</u>

Plaintiff objects to Defendants' proposed instructions and questions on mitigation of damages. Albritton claims damages for statements that are defamatory *per se*. His damages are presumed under Texas law and may not be rebutted. *Mustang Ath. Corp. v. Monroe*, 137 S.W.3d 336, 338 (Tex.App.—Beaumont, 2004, no pet. h.) (treating the presumption of damages as irrebuttable) ("The Supreme Court of Texas has not held that presumption is rebuttable.").Defendants cite no authority that Albritton is required to mitigate damages that are presumed because Texas law recognizes they are so likely to cause injuries and damages that are the most difficult to prove. *See Bentley v. Bunton,* 94 S.W.3d 561, 604 (Tex. 2002)("Our law presumes that statements that are defamatory *per se* injure the victim's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish."). No instructions or questions on mitigation should be submitted to the jury.

        Respectfully submitted,

        */s/ Nicholas H. Patton*
        Nicholas H. Patton
        SBN: 15631000
        PATTON, TIDWELL & SCHROEDER, LLP
        4605 Texas Boulevard
        P. O. Box 5398
        Texarkana, Texas 7550505398
        (903) 792-7080    (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of February, 2009.

/s/ Nicholas H. Patton
Nicholas H. Patton