IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., | § | JURY |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | § | |

**CISCO SYSTEMS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO
CISCO'S MOTION FOR DISTRICT JUDGE TO
RECONSIDER MAGISTRATE JUDGE'S ORDER DENYING
CISCO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**[1]

---

[1] Cisco incorporates by reference its Motion to Compel and associated briefing. (Docket Nos. 55, 76)

1

TO THE HONORABLE DISTRICT JUDGE:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Reply to Plaintiff's Response to Cisco's Motion for District Judge to Reconsider Magistrate Judge's Order Denying Cisco's Motion to Compel Production of Documents (the "Order").

**1.      The proper legal standard is "contrary to law."  (Reply to p. 3 of the Response).**

Albritton cites to no legal support for his argument that 28 U.S.C. § 636(b)(1)(A) sets an "exceptionally high standard" and repeatedly refers to the wrong legal standard.  Relevancy is a legal issue that is reviewed under the "contrary to law" standard; only factual determinations are reviewed under the "clearly erroneous" standard.  *See* § 636(b)(1)(A); *Allread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993); *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) ("When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions"); *see also Peck v. Tegtemeyer*, 834 F.Supp. 903, 906 (5th Cir. 1992) ("the district judge may reverse the magistrate judge's order... if the factual findings are clearly erroneous or **legal conclusions are contrary to law**.")(emphasis added).  Albritton ignores this standard altogether.

A determination is "contrary to law" if the magistrate judge erred in some respect in his legal conclusions or misinterpreted or misapplied applicable law.  *Smith*, 154 F.R.D. at 665; *Martinez v. Porta*, 2006 WL 3289187 (N.D. Tex. 2006).  Because relevance is a legal issue, the applicable standard here is whether the Magistrate Judge erred in some respect in his legal conclusions or misinterpreted or misapplied applicable law.

**2.      Defendants are entitled to evidence regarding the extent and amount of Albritton's alleged mental anguish and alternative sources of his alleged mental anguish. (Reply to Response at pp. 5-13).**

Plaintiff's initial disclosure on damages, which has never been amended or supplemented, provides that "Plaintiff seeks **only** an appropriate award of damages for his **mental anguish** and punitive damages…" (Exhibit A) (emphasis added). Thus, there is no doubt that his mental condition is at issue, and thus his medical records are relevant and should be provided as set forth in the Motion. *See Merrill v. Waffle House, Inc.* 227 F.R.D. 467, 473 (N.D. Tex. 2005) (following a long line of cited cases which hold that "medical records are relevant to claims of mental anguish…"); *see also* Local Rule CV-34 ("Where the party's physical or mental condition is at issue in the case, that party shall provide to the opposing party's counsel either the party's medical records or a signed authorization so that records of health care providers which are relevant to injuries and damages claimed may be obtained.")

Nonetheless, Albritton argues that evidence concerning Albritton's alleged mental anguish is not relevant because he "seeks only general damages that are presumed under Texas law." Albritton attempts to claim that no evidence is necessary because mental anguish damages are presumed. This fails for several reasons.

First, there has been no finding in this case that the articles are defamatory *per se*, which Defendants dispute. Therefore, it cannot be the basis for Albritton to withhold relevant discovery. For this reason, the Order is contrary to law.

Second, there had been no finding that Albritton is entitled to presumed damages even if the Court found that the articles are defamatory *per se*. Albritton must prove actual malice in order to obtain a presumption of damages (which he cannot do) even if he was found to be a private figure (he is a limited-purpose public figure). *See Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 775 (1986) ("even a private-figure plaintiff was required to show actual

malice in order to recover presumed or punitive damages.") For this reason alone, the Order is contrary to law.

Even if Albritton was entitled to presumed damages, Defendants are entitled to evidence relating to the amount of damages. Even in cases of presumed damages, the jury may award $1. The Texas Supreme Court is clear that evidence of the extent of presumed damages is not only relevant but that "the First Amendment requires appellate review of amounts awarded for non-economic damages in defamation cases to ensure that any recovery only compensates the plaintiff for actual injuries and is not a disguised disapproval of the defendant." *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002) (reversing the award of general damages for insufficient evidence); *see also Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (reversing the award of mental anguish damages for insufficient evidence). Claims for mental anguish **require** proof of (1) evidence of compensable mental anguish and (2) evidence to justify the amount awarded. *Id.* Allowing Albritton to shield this evidence cripples Defendants' defense and omits from the record evidence that must be evaluated on appeal. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997) ("concerned with the subjective nature of mental anguish damages, we have admonished courts to closely scrutinize [mental anguish] awards"); *Id.*; *Bentley*, 94 S.W.3d at 606-07. Therefore, the Order is contrary to law.

The other legally fatal flaw to the Magistrate Judge's ruling and Albritton's argument is that it is premised on the question of what evidence Albritton must show, **not** the question of **what is relevant.** The FED. R. CIV. P. and the court's Order require Albritton to disclose all **relevant** documents, not just the documents that support his case. Relevance is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

4

evidence." FED. R. EVID. 401. Certainly, the fact that Albritton's work life has not suffered because of his alleged mental anguish is relevant to the extent of his damages because it makes it less probable that he suffered mental anguish. And certainly other events that may have caused Albritton's mental anguish, such as medical issues, make it less probable that his alleged mental anguish was caused by Defendants. Therefore, the Magistrate Judge's Order is contrary to law.

Albritton argues that because the articles were defamatory *per se*, "there is no need or requirement that Albritton introduce specific evidence in support of these damages." But Albritton cites **no** support for the implication that **Defendants** are not entitled to evidence that would show the **extent** or **amount** of those damages. Albritton argues that Albritton can offer the testimony **he needs** with respect to mental anguish and that "the law does not require Albritton to prove a negative."[2]

But this is not the relevance standard. As the Motion set forth, Defendants are entitled to discovery regarding the top causes of stress where Albritton is claiming that Defendants caused his mental anguish.[3] For these reasons, the Order is contrary to law.

Plaintiff's reliance on *Burrell* is misplaced for the reasons stated in the Motion. *See also Merrill v. Waffle House, Inc.* 227 F.R.D. 467, 473 (N.D. Tex. 2005) (which distinguished *Burrell* and followed a long line of cited cases which hold that "medical records are relevant to claims of mental anguish...") Albritton cannot claim that his "only" damages are "mental anguish and punitive damages" and yet claim that mental anguish is not the "crux" of his case under *Burrell* (where the crux of the case was a physical injury). *Id.* Moreover, the distinction for claims

---

[2] Albritton disingenuously argues that Cisco raises Albritton's personal and business finances for the first time as relevant evidence with respect to Albritton's mental anguish claim. This issue was clearly raised in the Motion to Compel. (*See* Docket No. 55 at p. 4). Albritton admits that he discussed this issue in his Sur-Reply to the Motion. (Response at p. 12).

[3] Albritton's allegation that the report speaks in terms of "stress" and not "mental anguish" is disingenuous. This defies common sense and the Fifth Circuit's use of "mental anguish" and "anguish or stress" synonymously. *See E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 402 (5th Cir. 2002).

5

arising under federal vs. state law, as described in *Burrell*, involved the nature of the underlying action (as a tort action rather than, as in *Burrell*, a federal statutory claim), not application of the federal rules, as Albritton alleges. *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 379 (E.D. Tex. 1997). Albritton strains to distinguish *Merrill* by claiming that he is entitled to presumed damages, but that argument fails for the reasons stated above.

**3.    Discovery on these matters is neither duplicative nor harassing. (Reply to Response at pp. 13-14).**

Discovery on these matters is not duplicative because Albritton has refused discovery on all of these issues.[4] Plaintiff has admitted that the standard with respect to tax returns is that the information is not available elsewhere. (Docket No. 69 at p. 7). Albritton refused all discovery regarding his finances and medical issues, so the requested documents are the only sources of this evidence. Nor do the Federal Rules require defendants to simply rely on the plaintiff's allegations of damage or causation as Albritton alleges. FED. R. CIV. P. 26(b)(1).

Albritton's claim that these requests are harassing or to embarrass Albritton also fails. Albritton made his mental condition the crux of his case when he claimed mental anguish and punitive damages in this case. Albritton doesn't even say what is harassing about the discovery at issue, instead referring to Albritton's deposition. Albritton chose to put his mental condition at issue in this lawsuit by suing the Defendants. He cannot use his mental state as both a sword and a shield. To deny Cisco this discovery is to deny it powerful, probative evidence in its defense, to omit from the record evidence that must be reviewed in the event a damage award is made in this case, and is contrary to law.

For these reasons and the reasons set forth in the Motion, Defendants request the relief set forth in the Motion and such further relief to which they may be justly entitled.

---

[4] Notably, Albritton cites to no evidence regarding any of these issues in his argument that the documents would be duplicative

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
     Charles L. Babcock
     Federal Bar No.: 10982
     Email: cbabcock@jw.com
     Crystal J. Parker
     Federal Bar No.: 621142
     Email: cparker@jw.com
     1401 McKinney
     Suite 1900
     Houston, Texas 77010
     (713) 752-4200
     (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of February, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for John Ward, Jr.***

    /s/ Charles L. Babcock
    Charles L. Babcock

5438025v.1