IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | C.A. No. 6:08cv89 |
| VS. | § | JUDGE SCHELL |
| | § | JURY |
| CISCO SYSTEMS, INC., | § | |
| RICK FRENKEL, MALLUN YEN & | § | |
| JOHN NOH | | |

**MOTION BY DAVID MALAND, SHELLEY MOORE, CYNTHIA PAAR, RHONDA LAFITTE, DAVID PROVINES, PEGGY THOMPSON, FAYE THOMPSON, AND RACHEL WILSON TO QUASH TRIAL SUBPOENAS**

To the Honorable Judge of Said Court:

Now come movants David Maland, Shelley Moore, Cynthia Paar, Rhonda Lafitte, David Provines, Peggy Thompson, Faye Thompson, and Rachel Wilson (hereinafter collectively "Movants"), by and through the United States Attorney's Office for the Eastern District of Texas, and hereby make the following motion:

### I. ISSUE PRESENTED

Parties who seek testimony of employees of the United States District Clerk's office must comply with the Subpoena Regulations Adopted by the Judicial Conference, and independent of this subpoenas for trial testimony are subject to restrictions based upon undue burden and requiring non-party witnesses to travel over 100 miles at substantial expense. The Movants are employees of the District Clerk's office who have been subpoenaed for trial testimony by Plaintiff and Defendants in this case, but whose testimony has not been authorized under the Judicial Conference regulations, and who will be unduly burdened by compliance with the subpoenas. Further, much or all of the

testimony sought has by information and belief been provided by deposition. Should the Court quash the subpoenas?

## II. RELEVANT FACTUAL BACKGROUND TO THE MOTION

Movants are non-parties to this case requesting that the Court quash subpoenas for trial testimony. The subpoenas that are the subject of this motion were served by counsel for Eric Albritton and by counsel for Cisco Systems, Inc. and Richard Frenkel. *See* notices of trial subpoenas, Docket Nos. 171, 172, 174, 175, 177, 178, 182 (Albritton subpoenas); Docket Nos. 155-160, 162, 163 (Cisco Systems/Frenkel subpoenas); Declaration of David Maland, Exhibit 1.[1] Each of the Movants is a full-time employee of the District Clerk's Office for the United States District Court of the Eastern District of Texas. *See* Maland Declaration, attached to this Motion as Exhibit 1. Neither the United States nor any of the Movants are parties to this lawsuit.

By way of factual background, in September of 2008 attorneys for Defendants Cisco Systems, Inc. served subpoenas for deposition testimony and production of documents on each Movants Maland, Provines, Peggy Thompson, Wilson, Lafitte, and Moore. *See* Subpoenas for deposition testimony, Docket Nos. 43, 44, 47, 48, 49, 50. After receiving the subpoenas, Counsel for the Administrative Office of the United States Courts sent a letter to counsel for Cisco Systems, Inc., noting that the subpoenas requested testimony of employees of the United States courts, and that in light of this the party requesting the deposition testimony was required to comply with regulations promulgated by the Judicial Conference of the United States Courts that controlled the access to information such as testimony of court employees. *See* Letter from Bret Saxe to Charles

---

[1] It does not appear that Albritton filed a notice of trial subpoena for Movant David Maland, but Maland did receive a trial subpoena issued by Albritton's counsel.

Babcock and George McWilliams dated October 27, 2008, with attached Judicial Conference Regulations, attached to this motion as Exhibit 2. Counsel for Cisco Systems sent a written request for testimony to David Maland, who is designated by the Judicial Conference Touhy regulations as the deciding officer over the issue of the scope of testimony to be authorized. *See* October 28, 2008 Request for Testimony and Records of District Court Clerks, attached to this motion as Exhibit 3 (without exhibits). David Maland then sent a response letter to counsel for Cisco Systems, declining to provide the testimony in light of the short notice from the date of the request for testimony to the scheduled date for the depositions (October 31, 2008). *See* Maland letter dated October 29, 2008, attached to this Motion as Exhibit 4. Counsel for Cisco Systems then sent a reply letter, addressed to Assistant U.S. Attorneys with the U.S. Attorney's Office for the Eastern District of Texas. *See* letter from Charles Babcock and George McWilliams, dated October 30, 2008, attached to this motion as Exhibit 5. David Maland subsequently authorized limited testimony by the subpoenaed witnesses, to be given by deposition on November 3, 2008. *See* David Maland Letter dated October 31, 2008, attached to this Motion as Exhibit 6. Notably, Movant Maland also authorized the testimony of Faye Thompson and Cindy Paar, who had not originally been subpoenaed for testimony, in a voluntary attempt to provide all relevant testimony and information on one date during the depositions.

The depositions of the Movants took place on November 3, 2008 at the United States Courthouse in Tyler, Texas. *See* Deposition Excerpts, Exhibits 7.a.-7.h.; Maland Declaration, Exhibit 1. Counsel present at the depositions included Charles Babcock and Crystal Parker for the Defendants Cisco Systems, George McWilliams for Defendant Frenkel, and James Holmes for Plaintiff Albritton. *Id*. Each of the counsel had opportunity to ask questions and there were no

restrictions on the time the witnesses were available for testimony. The witnesses appeared in Tyler for the depositions but their locations of residence and work station varied, as follows:

| Witness Name | Location of Clerk's Office Employed |
|---|---|
| David Maland | Tyler, Texas |
| Shelley Moore | Texarkana, Texas |
| Cynthia Paar | Tyler, Texas |
| Rhonda Lafitte | Texarkana, Texas |
| David Provines | Tyler, Texas |
| Peggy Thompson | Tyler, Texas |
| Faye Thompson | Plano, Texas |
| Rachel Wilson | Tyler, Texas |

*See* Maland Declaration, Exhibit 1. Additionally, Movants Moore, Lafitte and Faye Thompson had to travel to Tyler for the depositions and the Clerk's Office incurred expense The monetary cost of their travel (noted below) does not include the loss of work to the United States Courts for the Movants, who were required to sit in the hallway until their depositions were completed and could not perform their work duties during that period of time or during the time that they were traveling to and from the depositions. Further, each of the Movants was required after the depositions to review their deposition transcripts for necessary changes and corrections.

### III. THE TESTIMONY SOUGHT HAS NOT BEEN AUTHORIZED UNDER THE JUDICIAL CONFERENCE'S TOUHY REGULATIONS

The Court should quash the subpoenas because the testimony has not been authorized by David Maland, as the deciding officer under the Judicial Conference Touhy regulations.

A. No Authorization for Testimony Sought by Cisco Systems/Frenkel Subpoenas

In addition to the above, Movant David Maland received a request for testimony from counsel for Defendants Cisco Systems and Frenkel for trial testimony of the eight Movants. *See* Cisco System's January 29, 2009 request for testimony, attached to this motion as Exhibit 8. Subpoenas were separately served on the Movants by counsel for Plaintiff Albritton and counsel for the defendants. *See* Plaintiff's Subpoenas, Docket Nos. 171, 172, 174, 175, 177, 178, 182; Defendant's Subpoenas, Docket Nos. 155-160, 162, 163; Maland Declaration, Exhibit 1. In response to Defendant's request for trial testimony Movant Maland sent a letter by email to Defendants' counsel on February 18, 2009 noting that the persons subpoenaed had previously testified by deposition and requesting further detail on what testimony was sought beyond that received in the depositions. *See* Maland Letter to Cisco Systems/Frenkel Counsel dated February 18, 2009, attached as Exhibit 9. Maland then declined to authorize the testimony in light of the controlling provisions of the Judicial Conference Touhy regulations. *See* David Maland letter to Cisco Systems and Frenkel's counsel dated February 23, 2009, attached to this motion as Exhibit 10. On February 25, 2009 counsel for Cisco Systems and Frenkel sent another letter stating that they were still seeking the testimony of the eight witnesses and that other information had come to light making the depositions insufficient, along with other arguments about why the clerk's office employees should comply with the subpoenas. *See* letter from Cisco Systems and Frenkel's counsel, attached as Exhibit 11.

B.     No Authorization for Testimony Sought by Albritton Subpoenas

In addition to the above David Maland sent via email a request to counsel for Plaintiff Albritton that they provide a written request for testimony in accordance with the Judicial Conference Touhy regulations. *See* Maland emailed Letter to Nick Patton, attached as Exhibit 12

(without attached Judicial Conference regulations). Counsel for Albritton responded by email, stating that "In response to your letter we will be asking questions about issues which were raised in deposition, with one additional topic. We would like to ask Rhonda Lafitte about a conversation she had with Jillian Powell, a paralegal at Baker Botts, during the mid October time frame." *See* Email from Nick Patton to David Maland dated February 22, 2009, attached to this motion as Exhibit 13. In response to this email, District Clerk David Maland, as the deciding official under the Judicial Conference Touhy regulations, determined that the requested testimony would not be authorized and so notified counsel by email. *See* emailed letter from David Maland to Albritton's counsel dated February 23, 2009, attached as Exhibit 14 (without Judicial Conference Regulations).

C.   Bases for the Denial of the Requests for Testimony

There are multiple proper bases for the denial of the requests for testimony under the Judicial Conference Touhy regulations. The individuals subpoenaed are employees of the United States Courts, and as such their testimony must be requested by following federal regulations (known as "Touhy regulations" after United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951)). *See* Subpoena Regulations Adopted by Judicial Conference, attached to this Motion as Exhibit 2 (attachment to Saxe letter). Section 5 of the regulations states that "Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations." *Id*. The method for requesting testimony by an employee of the United States Courts is set forth in Section 6 of the Touhy regulations, "Contents and timeliness of a request," which states that:

> (a) The request for testimony or production of records shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an

> explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means. This explanation shall contain sufficient information for the determining officer designated in section 7(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced. Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

Regulations, Sec. 6, Exhibit 2. The regulations apply when a party seeks testimony of an employee of the federal judicial branch "relating to any official information acquired by any such individual as part of that individual's performance of official duties" in all pretrial and trial proceedings before a court. Regulations, Sec.1.(a) (quoted), Sec. 3.(c) (defining "legal proceedings"), Exhibit 2. When a request for testimony is made and the persons whose testimony is sought are employees of the clerk's office (as here), the official who determines whether testimony will be authorized is the head of that office, here the United States District Clerk, Dave Maland. Regulations, Sec. 7.(b)(3). The regulations in turn provide a set of 16 factors for the determining officer to consider when reviewing any request for testimony. Regulations, Sec. 8., Exhibit 2. As shown below, both the policies and the enumerated factors in the Touhy regulations support a denial of the testimony sought.

As an initial matter, the written request for testimony submitted by counsel for Plaintiff Albritton did not provide sufficient information under Section 6 of the Touhy regulations. As noted above the movants were subpoenaed previously appeared for and provided deposition testimony in Tyler in November of 2008 in response to the request for testimony by Cisco Systems and Defendant Frenkel, and this videotaped testimony is now a source for the information sought the written request. The request does note that testimony will be sought from Movant Rhonda Lafitte "about a conversation she had with Jillian Powell, a paralegal at Baker Botts, during the mid October time

frame" but the request does not describe how this information is relevant to the legal proceedings or why it is not otherwise available. *See* Judicial Conference Regulations, Sec. 6.(a), Exhibit 2.

In regard to the Cisco Systems/Frenkel request for trial testimony, this request is almost identical to that provided by these entities for the deposition testimony of the Movants. *See* Cisco Systems/Frenkel Request for Testimony dated October 28, 2008, attached as Exhibit 3; Cisco Systems/Frenkel Request for Testimony dated January 29, 2009, attached as Exhibit 8. Further, little information was provided by Plaintiff or Defendants about why the deposition testimony was not sufficient for use at the trial, as opposed to requiring the Movants to come live to testify.

In addition to the above, the purposes of the Judicial Conference Touhy regulations include to "(1) conserve the time of federal judicial personnel for conducting official business; (2) minimize the involvement of the federal judiciary in issues unrelated to its mission; [and] (3) maintain the impartiality of the federal judiciary in disputes between private litigants." *See* Subpoena Regulations Adopted by Judicial Conference, Section 1.(b), Exhibit 2. Also, the regulations provide that any authorization of testimony requires that the time for providing testimony must be "reasonably fixed so as to avoid substantial interference with the performance of official duties by federal judicial personnel." *Id*. at Sec. 5.(b). Movant Maland correctly noted in his denial letters that the authorization of the trial testimony that Plaintiff and Defendants seek would not comply with these general purposes of the regulations, but would instead unnecessarily consume the time of the clerk's office staff, would involve the staff in issues unrelated to the mission of the office, and would interfere with the performance of the clerk's office duties, especially in light of the prior deposition testimony by these witnesses. *See* Maland February 23, 2009 Letter to Albritton Counsel, Exhibit 14; Maland February 23, 2009 Letter to Cisco Systems and Frenkel counsel, Exhibit 10.

In addition to the above the Judicial Conference regulations provide multiple factors that the deciding official is required to consider in authorizing testimony, including:

> (1) The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission. (2) Whether the testimony or production of records would assist the federal judiciary in the performance of official duties. . . . (4) Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules. (5) Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege. . . . (7) Whether the request meets the requirements of these regulations. . . . (13) Whether the request seeks testimony, records or documents available from other sources.

Subpoena Regulations, Sec. 8.(a), attached as Exhibit 2. Movant Maland as the deciding official correctly noted in denying the requests that it appears that the requests would unnecessarily consume scarce judicial resources, would not assist the judiciary, is unduly burdensome under Fed. R. Civ. P. 45, and seeks information available from the prior videotaped depositions and potentially from documents that were made exhibits at the depositions of these witnesses. *See* Maland Letter to Albritton counsel, Exhibit 14; Maland Letter to Cisco Systems and Frenkel counsel, Exhibit 10.

In light of the above, because the testimony has not been authorized the Court should quash the subpoenas seeking Movant's testimony.

### IV. THE TESTIMONY SOUGHT IMPOSES AN UNDUE BURDEN, IS NOT NECESSARY, AND REQUESTS INFORMATION THAT IS OTHERWISE PROTECTED

In addition to the above, the Court should quash the subpoenas because they seek information that subjects the witnesses to undue burden and they require travel by witnesses more than 100 miles

from the Tyler[2] courthouse. Fed. R. Civ. P. 45. Further, the subpoenas seek information already in control of the parties via video depositions taken in November of 2008 and increase costs and expense to the Government without need or justification.

A.      The Subpoenas Impose Undue Burden on the Witnesses

The Court should quash the subpoenas served on the Movants because it subjects these witnesses to undue burden. As the parties issuing the subpoenas, the Plaintiff and Defendants are required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Further, the Court is required by Fed. R. Civ. P. 45(c)(3)(A)(iv) to quash a subpoena when it "subjects a person to undue burden." The subpoenas at issue state that all of the clerk's office witnesses are to appear at 9:00 a.m. on March 2, 2009 to testify at trial. *See* notices of trial subpoenas, Docket Nos. 171, 172, 174, 175, 177, 178, 182 (Albritton subpoenas); Docket Nos. 155-160, 162, 163 (Cisco Systems/Frenkel subpoenas); Declaration of David Maland, Exhibit 1. In this case, there will be undue burden on all of the Movants, as they will be required to miss work to appear and testify, and as the deputy clerks from Texarkana (Shelley Moore and Rhonda Lafitte) and Plano (Faye Thompson) will be required to drive in more than 100 miles to the Tyler courthouse for their testimony. Moore, Lafitte and Faye Thompson may also be required to stay overnight away from their homes until they are called to present their trial testimony.

The Court should also note that the information sought from these persons is that related to

---

[2] The subpoenas for trial testimony all require the presence of the Movants at the Tyler federal courthouse on Monday, March 2, 2009. The docket sheet for this case, however, indicates that the only court proceeding set on Monday, March 2, 2009 is a pretrial conference at the Plano federal courthouse. *See* docket entry number 193.

their employment with the District Clerk's office, and gathered during that employment. Thus, the Court should also consider the burden that such requests for testimony place upon the Movants' employer and its operations. This will include eight employees, including two of the deputy clerks in Texarkana, one of the deputy clerks in the Plano courthouse, three of the deputy clerks in Tyler, along with the District Clerk (David Maland) and the Chief Deputy District Clerk (David Provines) suspending any work to attend a trial and provide testimony. *See* Maland Declaration, Exhibit 1. Further, the Clerk's Office has already incurred expenses to cover the travel costs of the out-of-town clerks (Faye Thompson, Rhonda Lafitte and Shelley Moore), including the following:

- Shelley Moore: Hotel expense: $75.78; Meal expense: $11.60; Mileage expense: $163.60

- Rhonda Lafitte: Mileage expense: $117.00; Meal expense: $10.73

- Faye N. Thompson: Mileage expense: $154.44; Meal expense: $19.00

*See* Maland Declaration, Exhibit 1. By statute federal employees are barred from being reimbursed these types of expenses when they appear as witnesses (see *id*.) and therefore the Clerk's Office must bear the expense. Further expenses will be incurred by the Clerk's Office if the subpoenas are not quashed, as these three witnesses will have to travel back to Tyler to repeat the testimony that they gave during their depositions.

B.     Witnesses Moore, Lafitte and Faye Thompson will have to Travel More than 100 Miles for the Trial

In addition to the above, the Court should quash the subpoenas served on witnesses Shelley Moore, Rhonda Lafitte and Faye Thompson because they will have to travel more than 100 miles to attend the trial. *See* Fed. R. Civ. P. 45(c)(3)(B)(iii) (providing that a court is permitted to quash

a subpoena if it will cause "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." As noted above, each of these witnesses work at courthouses that are located more than 100 miles distance in travel from the Tyler federal courthouse. *See* David Maland Declaration (noting offices of employment for the Movants).

C.     The Information Sought has Already been Provided by Video Deposition

Overlaying all of the above is the fact that the District Clerk and the deputy clerks went through the exercise of subpoenas, a Touhy request and analysis, providing videotaped deposition testimony, and reviewing those depositions for corrections in the fall of 2008. The subpoenas seek to recall these same witnesses and again impinge on a non-party to provide employees at its own expense and loss of employee time and productivity when the same information is available from videotaped deposition testimony. It should be noted in this regard that Albritton, Cisco Systems, Inc. and Defendant Frenkel have listed each of the Movants as witnesses at trial, and further have specifically designated excerpts of videotaped deposition testimony for each of these witnesses. The only exception to this is Movant Peggy Thompson, who was listed as a trial witness by both parties but for whom Defendants did not list any deposition excerpts. Further, the Court should in particular note that neither the Movants, the Clerk's Office nor any United States agency is a party to this case. The Clerk's Office is an entity of the Judicial Branch of the government, and the operations and funding of that office as well as the time and schedule of the Movants will be unnecessarily impacted by the subpoenas if the subpoenas are not quashed.

Wherefore, premises considered, because the testimony sought has not been authorized under the Judicial Conference Touhy regulations, and because the subpoenas impose an undue burden upon the Movants, would require three of them to travel more than 100 miles at substantial expense, and

because the testimony is already available to the parties, the Court should quash the subpoenas issued for Movants' testimony.

Respectfully submitted,

REBECCA A. GREGORY
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

/s/
By: THOMAS E. GIBSON
Assistant United States Attorney
Texas Bar No. 07875450
Email: Tom.Gibson@usdoj.gov

Robert Wells
Texas State Bar No. 24033327
Assistant United States Attorney

110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1436
Email: robert.wells3@usdoj.gov

ATTORNEYS FOR THE MOVANTS IN THEIR OFFICIAL CAPACITIES

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2009, I electronically served a copy of this document, its exhibits and the proposed order on the attorneys of record by use of the Court's CM/ECF system.

/s/
Thomas E. Gibson

**CERTIFICATE OF CONFERENCE:**

The undersigned counsel has complied with the meet and confer requirements of Local Rule CV-7(h) and counsel for the Plaintiff Albritton and for Cisco Systems, Inc. have stated that they oppose the motion. The personal conferences required by Local Rule CV-7(h) were conducted on February 25, 2009 by telephone conference, and were between the undersigned and Crystal Parker (counsel for Cisco Systems) and separately the undersigned and Nick Patton and Patricia Peden (counsel for Albritton). No agreement could be reached because we were not able to agree whether any of the subpoenas would be withdrawn voluntarily, and the counsel for the parties issuing the subpoenas still seek the trial testimony of the Movants. Discussions on the issues raised in this motion have conclusively resulted in an impasse, leaving this issue for the Court to resolve.

/s/
Thomas E. Gibson
