IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| **CISCO SYSTEMS, INC. RICHARD** | § | |
| **FRENKEL, MAULLUN YEN and** | § | |
| **JOHN NOH,** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH TRIAL SUBPOENAS
TO NON-PARTY WITNESSES BART SHOWALTER, KEVIN MEEK,
DOUGLAS KUBEHL, KURT PANKRATZ, AND JILLIAN POWELL**

## I. INTRODUCTION

Comes now Plaintiff and files this Response to Motion to Quash Trial Subpoenas of Non-Party Witnesses Bart Showalter, Kevin Meek, Douglas Kubehl, Kurt Pankraz, and Jillian Powell. (Doc. 169.) Movants petitioned this court to quash duly served subpoenas because their law firm will endure alleged hardship and because they could have had their depositions taken at an earlier date. Movants have failed to meet their burden of proof under Rule 45 to quash a subpoena, and Plaintiff therefore moves the Court to DENY the motion for the reasons set forth below.

## II. LEGAL STANDARD

"Upon timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). A movant claiming that a subpoena is unduly burdensome, "has burden of proof and must meet the

heavy burden of establishing that compliance with subpoena would be unreasonable and oppressive." *Williams v City of Dallas*, 178 FRD 103, 109 (1998, ND Tex); aff'd 200 F3d 814 (5th Cir. 1999) (internal citations omitted). The Court must evaluate the facts of each case to determine whether a subpoena is unduly burdensome. *Id*. As demonstrated below, Movants have not met their burden to establish that testifying before the Court in the trial of the above referenced matter would be unreasonable or oppressive.

## III. ANALYSIS

### A. No Evidence of Undue Burden

In an effort to avoid attending trial and offering testimony, Showalter, Meek, Kubehl, Pankratz, and Powell, (hereinafter referred to as "Movants") begin their motion by emphasizing the position that each subpoenaed person holds at the Baker Botts law firm. Showalter is the "firm-wide head of Baker Botts' IP Department consisting of 145 lawyers in offices in Texas, Washington, New York, and California. Meek is the deputy department chair. Kubehl and Pankratz are partners in that department. Powell is a legal assistant assigned to the department." (Doc. 169 at 1.) However, Movants have pointed to no authority providing that a person who ranks in the hierarchy at a law firm is immune from testifying at trial. Movants should actually be in a better position to understand the importance of live testimony at trial and the integrity of a subpoena. Certainly, high powered attorneys at Baker Botts must leave the office to attend court in their own cases, yet Movants argue that, "[r]equiring the attendance at trial of these key partners would be burdensome on Baker Botts and the four partners." (Doc. 169 at 2.) Movants refer to an imprecise, amorphous burden on a non-human entity, and that is wholly insufficient to give rise to quashing trial subpoenas. In fact, the goal of Fed. R. Civ. P. 45 is to prevent inconvenience to flesh-and-blood human beings who are asked to testify, not the legal entity for

whom those human beings work. *MGM Studios, Inc. v Grokster, Ltd*. (2003, DC Del) 218 FRD 423. Even if the Court were to consider any "hardship" that might befall Baker Botts should the four partners be required to obey the subpoena, they have given the Court no basis for such hardship. Simply stating that the absence of the four partners causes hardship does not suffice. Movants have not provided any insight into what effect the absence will have or how that absence would be any different than a day in court for one of its own clients, a sick day, or a vacation day. This absence of evidence is likely due to the fact that being absent from work for one day of trial testimony will have little effect on Baker Botts or its employees at all. Excluding for the moment, Ms. Powell, whose situation is addressed below, Movants have provided no reason that attending trial in Tyler would cause them undue burden.

### B. Statutory Compensation is Adequate

Movants suggest to the Court that they should be compensated at a rate above the statutory allowance and commensurate with their normal hourly billing rate. Such a request is unsupported. 28 U.S.C. §1821(b) does not differentiate between a subpoenaed witness who earns no wage, who earns minimum wage, or who earns hundreds of dollars an hour. "Generally, any witness, including an expert witness, is entitled to compensation for his testimony during trial or at a deposition in the amount established by 28 U.S.C. § 1821(b)." *Haslett v. Texas Indus.,* 1999 U.S. Dist. LEXIS 9358, 3-4 (N.D. Tex. May 20, 1999) citing Fed. R. Civ. P. 30(a) and 45(b)(1) and *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987). Even if Movants were experts, which they are not, they would only be entitled to fees above the statutory amount if they were retained by a party to give testimony. Movants' argument finds no support in the law and seeks to use status at a law firm as a means to elevate Movants above the everyday witness. Moreover, being paid only the

statutory witness fee under 28 U.S.C. §1821(b) does not impose an undue burden on a subpoenaed person. *See Irons v. Karceski,* 74 F.3d 1262, 1264 (D.C. Cir. 1995.)

## C. Whether Movants Were or Could Have Been Deposed is Irrelevant

Movants make much of the fact that they could have been deposed before trial. Depositions are a means of discovery and are not a substitution for trial testimony. Attorneys are entitled and are in fact duty bound to make strategic decisions on behalf of their clients. Plaintiff's counsels' decision to subpoena Movants as live witnesses is both a strategic and necessary decision. A legitimate strategy call is to forgo asking certain questions of witnesses who can be subpoenaed to trial. Movants cannot use the fact that they have been deposed to avoid appearance at trial. Adopting such a rule would require a party to make a decision between taking a deposition and having the witness testify at trial. The law doesn't require a party to make that choice. Albritton is entitled to live testimony at trial.

Live witness testimony is preferred by Courts and the Federal Rules. "At trial, the witnesses' testimony must be taken in open court . . .." Fed. R. Civ. P. 43(a). Plaintiffs should be permitted to proffer Showalter, Pankratz, Powell, Meek, and Kubehl as live witnesses in open court so as to provide the jury and the Court an opportunity to experience their testimony directly. Defendants will have the opportunity to cross-examine the witnesses, and the jury will be able to observe their appearance, demeanor, and veracity. "Rule 43(a) presupposes that a witness will be physically present in the courtroom to give testimony orally. The Advisory Committee drafted Rule 43(a) to combat the practice in equity of presenting juries with edited depositions of witnesses' testimony." *Murphy v. Tivoli Enterprises*, 953 F.2d 354, 359 (8th Cir. 1992); Citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2408, at 331 (1991). "The federal rules strongly favor the testimony of live witnesses wherever possible,

so that the jury may observe the demeanor of the witness to determine the witness's veracity."
*Id.* citing 5 Moore's Federal Practice para. 43.03 (1990).

        **D.**        **Ms. Powell's Hardship**

Plaintiff does not dispute that Ms. Powell has demonstrated a genuine hardship. Plaintiff is sympathetic to the fact that Ms. Powell must care for her prematurely born infant. As noted by Movants, however, Ms. Powell will be returning to work from maternity leave on March 23, 2009. If Ms. Powell is able to return to work, she should be able to testify at trial. Plaintiff would respectfully request that the Court consider Ms. Powell's scheduling difficulty when setting the trial dates. A setting in late March would allow the parties to remain on the Court's March docket, and the setting would coincide with Ms. Powell's return to work after her maternity leave. Ms. Powell is an extremely important witness for Plaintiff. She will provide unique testimony necessary for Plaintiff's presentation of his case. Plaintiff would not have subpoenaed Ms. Powell to testify if her testimony were not necessary and important, and Plaintiff is content to commence trial after March 23rd so as to avoid any undue hardship on Ms. Powell or her infant.

        **IV.**        **CONCLUSION**

As demonstrated above, with the possible exception of Ms. Powell, Movants have failed to meet the heavy burden of demonstrating that the subpoenas issued to them are unduly burdensome. Plaintiff respectfully requests that the trial be set for late March in correspondence with Ms. Powell's return from maternity leave and that all Movants be compelled to comply with their subpoenas.

Respectfully submitted,

_Nicholas H. Patton_ (signature)

Nicholas H. Patton
Texas Bar No.: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080         (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 26th day of February, 2009.

_Nicholas H. Patton_ (signature)

Nicholas H. Patton