# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 6:08-CV-00089 |
| (1) CISCO SYSTEMS, INC., (2) RICHARD | § | |
| FRENKEL, (3) MALLUN YEN and | § | |
| (4) JOHN NOH, | § | |
| | § | |
|    Defendants. | § | |

## PLAINTIFF'S SUR-REPLY TO DEFENDANTS' <u>MOTION FOR RECONSIDERATION</u>

**I. Introduction**:

Cisco's motion doesn't seek "reconsideration" at all but instead asks the Court for a "do-over," insisting on *de novo* review and introducing new argument not in the record below. Cisco's shifting-sands arguments cannot serve to overturn Judge Bush's Order.

First, the reply newly argues that Magistrate Judge Bush's order is not entitled to deference. Cisco builds upon that false premise to argue the same relevance arguments that were rejected by Judge Bush. The reply also substitutes Cisco's failed arguments below with new arguments never presented to Judge Bush. For example, Cisco continues to rely on the *Stress in America* Report that was not argued in its original motion. Cisco offers no justification for introducing new documents and arguments in its motion for reconsideration.

The reply also intentionally ignores the full scope of the issues presented to Judge Bush. Cisco seeks to reframe the issues as narrowly addressing a legal determination of relevance. But, relevancy is determined in light of the allegations and facts at issue in the case. Here, because Albritton has expressly disavowed recovery of any damages for lost income or medical expenses, Judge Bush correctly determined that the documents Cisco seeks are of marginal relevance. Moreover, the issues before Judge Bush required him to weigh Cisco's marginal (at best) showing of relevance against important privacy concerns. Judge Bush rightly determined that any "marginal" relevance was "far outweighed" by privacy considerations. *See* D.E. 143.

**I. Legal Argument:**

A. Magistrate Judge Bush's Order Is Entitled To Deference

The reply begins by arguing that the proper standard of review for Magistrate Bush's Order is the "contrary to law" standard. *See* Reply at 2. Although the reply does not come out and specifically say so, Cisco seeks *de novo* review of Judge Bush's Order.

Cisco's recitation of the law is misleadingly narrow. When, as here, the magistrate judge is called upon to rule on that "vast area of choice" that exists in applying fact to law, his order is

reviewed for abuse of discretion.  *See Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994); *Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095-D, 2004 U.S. Dist. LEXIS 10817, at *10-12 (N.D. Tex Mar. 23, 2004); *see also Citicorp v. Interbank Card Assoc.*, 478 F. Supp. 756, 765 (S.D.N.Y. 1979) ("In resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused.").  "An abuse of discretion exists only when there is definite and firm conviction that the court below committed ***clear error*** of judgment in the conclusion it reached upon a weighing of the relevant factors."  *Smith*, 154 F.R.D. at 665 (emphasis added).  A District Court may not disturb a magistrate judge's determination on a nondispositive matter merely because it could have been decided differently.  *See Martinez v. Porta,* 2006 U.S. Dist. LEXIS 82057, at * 5 (N.D. Tex. Nov. 1, 2006).

The reply takes Albritton to task for failing to address the "contrary to law" prong of Cisco's argument.  *See* Reply at 2.  But Cisco's opening brief stated four times that the applicable standard was "clearly erroneous and contrary to law." *See* D.E. 152 at 1, 2, 9.  In reply, Cisco for the first time specifically identifies its reliance on the "contrary to law" standard. *See* D.E. 200 at 2-6.  Cisco's belated argument is improper.  *See Librado,* 2004 U.S. Dist. LEXIS 10817, at *13 (a party challenging a magistrate judge's order, at a minimum, must identify the ruling being challenged, specify the standard of review, and explain why the decision is reversible under that standard.).  In any event, Cisco's reliance on the "contrary to law" standard of review is not supported by the law.[1]

   B.  Magistrate Judge Bush Did Not Clearly Error in Denying Cisco's Motion

The record in this case supports the Magistrate Judge's Order.  Judge Bush was presented

---

[1] The cases cited by Cisco for the proposition that the "contrary to law" standard applies are inapposite. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) clearly holds that a magistrate judge's order applying fact to law should be upheld unless clearly erroneous.  In *Allread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993), the Court reviewed the district court's use of a legal test under the contrary to law standard but reviewed the application of the facts to the law under a clearly erroneous standard.  *Id.* at 1434.  In *Peck v. Tegtmeyer*, 834 F. Supp. 903, 907 (W.D. Va. 1992), the court was reviewing a magistrate judge's report and recommendation on a dispositive motion, which, unlike a non-dispositive discovery motion, requires *de novo* consideration. *Martinez v. Porta*, 2006 U.S. Dist. LEXIS 82057 (N.D. Tex. Nov. 1, 2006) applies a combined "clearly erroneous and contrary to law" standard of review.

with a fact-based motion to compel. Cisco argued that the documents it sought were relevant to issues in this case. Albritton demonstrated that his medical records and financial records were not relevant. Albritton explained that under Texas law he could recover general and/or specific damages. General damages include damages to Albritton's reputation and mental anguish. Specific damages include lost income and medical expenses. Because—as Albritton has ***repeatedly*** told Cisco—he is not seeking damages for lost income or medical expenses, the tax returns and medical records Cisco seeks are not relevant. Judge Bush was correct in denying Cisco's motion.

In reply Cisco insists that Judge Bush's Order is contrary to law for five reasons. Each one can be dismissed in turn.

First, Cisco argues that because there has been no finding in this case that the articles are defamatory *per se*, Albritton cannot refuse to produce documents on that basis. *See* Reply at 3. Cisco misses the point. Because Cisco's accusations are *per se* defamatory, Albritton is entitled to presumed damages upon proof at trial. But, even if the jury were to rule against him on the *per se* issue, if it finds that Cisco's accusations are defamatory, Albritton can recover damages in an amount proven at trial. Albritton can recover general damages in this case based on his testimony alone. *See Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 (5th Cir. 2000) (plaintiff's testimony alone is sufficient proof of mental anguish damages). Albritton's trial testimony will be limited to general damages. He will not offer testimony regarding lost profits or medical expenses. For that reason, the tax returns and medical history Cisco seeks are not relevant. Judge Bush so held and Cisco has not shown his ruling to be clearly erroneous.

Second, Cisco argues that Albritton must prove actual malice in order to recover presumed damages. *See* Reply at 3. Cisco previously responded to Albritton's defamation *per se* case law by arguing that Cisco had a right to rebut the *per se* presumption. The reply has substituted Cisco's unwinnable "*per se* damages are rebuttable" argument with a new "required

malice" argument raised for the first time in its reply. Cisco's new argument cannot serve to overturn Judge Bush's Order. In any event, Cisco's new argument is no more meritorious than its first. Albritton is not required to prove "actual malice" to recover presumed damages because the accused articles involve unsolicited comment on a private intellectual property dispute between private parties, and therefore do not implicate issues of general public concern. *See Snead v. Redland Aggregates Ltd.*, 998 F.2d 1325, 1330 (5th Cir. 1993). Consequently, the First Amendment principles argued by Cisco do not apply. *See id*; *see also Dun & Bradstreet v Greenmoss Builders*, 472 U.S. 749, 762 (1985). Even if Cisco were correct—and it's not—the applicability of the actual malice standard goes to the issue of fault and has nothing to do with whether the documents Cisco seeks are relevant.

Third, Cisco argues that it is entitled to Albritton's medical history and financial records because the First Amendment demands appellate review of the sufficiency of Albritton's damages evidence. *See* Reply at 4. Cisco continues to confuse relevancy with appellate review. In the cases cited by Cisco, the appellate court was tasked with reviewing the record for sufficiency of the evidence after trial. Judge Bush had a different task. He was asked to determine whether the documents Cisco seeks are sufficiently relevant to compel their production over Albritton's legitimate right to privacy. Because Albritton will offer no evidence of lost profits or medical expenses at trial, Judge Bush was not erroneous in finding that any marginal relevance of those documents is far outweighed by privacy concerns.

Fourth, Cisco argues that Judge Bush's Order contains a "legally fatal flaw" because his ruling is based on a determination of what Albritton must show at trial, not the question of what is relevant. *See* Reply at 4. But relevancy is assessed in light of the issues to be presented at trial. Here, because Albritton is not seeking lost profits or medical expenses, those elements of damages are not at issue and are not relevant.

Fifth, Cisco argues that it is entitled to discovery regarding other factors that may cause

4

Albritton stress. *See* Reply at 5. The *Stress in America* Report and Cisco's argument based on that report were not before Judge Bush and are not properly considered by this Court. In any event, Cisco's argument that it should be permitted to undertake a fishing expedition into Albritton's private records to see if there "may" be evidence of "additional stress" factors is of the same marginal relevance that Judge Bush found insufficient to warrant production of Albritton's private and personal files.

    C.   Cisco Failed To Show Compelling Need For Albritton's Private Documents

Magistrate Judge Bush was required to consider Cisco's relevance arguments in light of the countervailing considerations set forth in Fed. R. Civ. P. 26(b). Cisco demanded that Albritton sign a general medical release, giving it unfettered access to Albritton's entire medical history. Cisco also demanded that Albritton turn over his tax returns and sensitive client information for every year since 2002. Judge Bush was not clearly erroneous in concluding that Cisco's relevance arguments were far too tenuous to demonstrate the type of "compelling need" required to compel production of Albritton's most private and sensitive records. *See* D.E. 143*; see also Walker v. Rent-A-Center*, 2006 U.S. Dist. LEXIS 72232, at *7 (E.D. Tex. 2006).

## II. Conclusion

For all the foregoing reasons and those addressed in D.E. Nos. 74, 78, and 184 Cisco's motion should be DENIED.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
State Bar No. 15631000
nickpatton@texarkanalaw.com
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 6th day of March, 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton