IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. RICHARD | § | |
| FRENKEL, MAULLUN YEN and | § | |
| JOHN NOH, | § | |
|     Defendant | § | |

### **PLAINTIFF'S RESPONSE TO CISCO'S [SECOND] MOTION FOR ENTRY OF NON-WAIVER ORDER**

On February 17th and again on February 26th, Cisco filed almost identical motions for entry of a non-waiver order as to *unidentified* documents *allegedly* protected by the attorney-client privilege or the work product doctrine, pursuant to FRE 502. (*See* Docket Nos. 186 and 208.). Eric Albritton opposed Cisco's original motion (*see* Docket No. 223) and likewise opposes this motion.[1]

There is no basis for entering a non-waiver order under Rule 502. Rule 502 is designed to address the ramifications of *inadvertent* disclosure of privileged documents. Under Rule 502, the Court may enter an order that any privileged documents that were *inadvertently* disclosed retain their privileged nature in that court. Such an order is designed to foreclose a litigant in a different forum from arguing that the inadvertent disclosure constituted a waiver in the other forum (such as a state court).

Here, Cisco *deliberately* produced *allegedly* "privileged" documents—a fact that Cisco conceded in its February 17th motion for entry of a non-waiver order (*see* Docket No. 186). Yet

---

[1] Albritton incorporates by reference the arguments made in his Response to Cisco's first motion, Docket No. 223.

1

Cisco argues that such documents should still be considered privileged because the parties so agreed. As evidence of this agreement, Cisco attaches to its motion as Exhibit A a letter agreement between the parties' counsel. However, that agreement does *not* say that documents deliberately produced can still be considered privileged. Rather, the agreement provides that each party could produce whatever "privileged" documents it wished without effectuating a subject matter waiver as to *other, non-produced* privileged documents:

> "The parties agree that their production of documents does not constitute a subject matter or other waiver of privilege or work product protection *as to other documents or information*, and further the parties agree that they will not argue waiver of privilege or work product protection *of other documents or information* based on documents produced."

*See* Exhibit A to Cisco's Motion (emphasis added). Cisco's mischaracterization of this agreement flies in the face of both the language of the agreement itself and of the most fundamental and defining characteristic of any privilege: confidentiality.

Moreover, any privilege that Cisco claims has been waived by its affirmative use of the documents at issue. After Cisco produced the "privileged" documents, it affirmatively relied on those documents for use in its defense. (*See* Docket No. 223, Attachment C (Declaration of Rick Frenkel in support of Cisco's Motion for Summary Judgment at ¶ 8 asserting a good faith reliance on advice of counsel); Attachment D (Frenkel Depo. at 71:13-72:21, Rule 30(b)(6) testimony stating that Cisco's reliance on advice of counsel is evidence of lack of malice); and Attachment E (docket entry No. 189 at 263, 265-274, Cisco's exhibit list demonstrating that it plans to use "privileged" documents affirmatively at trial)). Cisco's decision to affirmatively rely on advice it received from counsel to defend itself in this case means that, even if Cisco could still claim intentionally disclosed documents are privileged (and it cannot), it waived any remaining protection it could possibly assert with respect to those documents. *See Conkling v.*

2

*Turner*, 883 F.2d 431, 434 (5th Cir. 1989); *United States v. Wells*, 600 F.2d 498, 501-502 (5th Cir. 1979); *Wells v. Liddy*, 37 Fed. Appx. 53, 67 (4th Cir. 2002).

Why doth Cisco protest so much? Cisco is presently defending meritless privilege objections it made in response to interrogatories served in the matter of *John Ward, Jr. v. Cisco Systems, Inc.* et al.*,* pending before Judge Hendren in the Western District of Arkansas. There (as here), Cisco has asserted a "reliance on counsel" defense to refute actual malice, but refuses to answer interrogatories that seek the factual basis of that defense and others. Cisco's "at issue" waiver has been briefed and is ripe for Judge Hendren's consideration. Cisco wants this Court to bless some ***unspecified*** and ***unreviewed*** documents as "privileged" in the hope that such a benediction will sway Judge Hendren to rule in Cisco's favor in the Ward case. This Court should refrain from entering an order that may impact Judge Hendren's ability to rule on the issues pending before him.

Regardless of Cisco's motives, the order requested here cannot issue in light of the purpose of Rule 502 and the fact of Cisco's deliberate production of documents. The ship of privilege has sailed. It cannot come back, no matter how many times Cisco shouts from the dock. Cisco's motions should be denied.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton (SBN 15631000)
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)
nickpatton@texarkanalaw.com

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510-268-8033

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic service on this 13th day of March 2009.

*/s/ Nicholas H. Patton*
Nicholas H. Patton