# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 6:08cv00089** |
| | § | |
| **CISCO SYSTEMS, INC. and RICHARD FRENKEL** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

## JOINT PROPOSED JURY INSTRUCTIONS, INTERROGATORIES AND VERDICT FORM

TO THE HONORABLE COURT:

Pursuant to the Court's Order, the parties submit the following proposed jury instructions, interrogatories, and verdict form. In those instances where the parties are unable to agree, competing instructions and questions are provided for the Court's consideration. In submitting these proposals the parties reserve the right to modify them as necessary to conform to orders that may issue from the Court and to conform to proof at trial. Subject to and without waiving their right to amend, the parties propose the following instructions, interrogatories, and verdict form to be used by the Court to instruct the jury in this case.

1

5480178v.1

5484997v.3

5487766v.1

Dockets.Justia.com

Respectfully submitted,



Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080          (903) 792-8233 (fax)

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)


ATTORNEYS FOR PLAINTIFF

Respectfully submitted,


JACKSON WALKER L.L.P.


 /s/
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com


2

1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

GEORGE MCWILLIAMS, P.C.

BY: /s/ _____

George L. McWilliams
Texas Bar No: 13877000
George L. McWilliams, P.C.
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
(903) 277-0098
(870) 773-2967—Fax
Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

5480178v.1

5484997v.3

5487766v.1

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day 14th of April, 2009.

_____
Nicholas H. Patton

5480178v.1

5484997v.3

5487766v.1

## Preliminary Instructions[1]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the Plaintiff will call witnesses and present evidence. Then, the Defendants will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the Plaintiff may be permitted to present rebuttal evidence.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[2]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.[3]

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he

---

[1] Fifth Circuit Pattern Jury Instruction 1.1 (modified).
[2] Fifth Circuit Pattern Jury Instruction 2.18.
[3] Fifth Circuit Pattern Jury Instruction 2.19.

5480178v.1

5484997v.3

5487766v.1

testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.[4]

Certain testimony may be presented to you through a deposition.[5] A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read or shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

---

[4] Fifth Circuit Pattern Jury Instruction 3.1 (partial).
[5] Fifth Circuit Pattern Instruction 2.23 (modified and inserted into Fifth Circuit Pattern Instruction 1.1).

5480178v.1

5484997v.3

5487766v.1

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it. Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial. If there is publicity about this trial, you must ignore it and you must decide this case only from the evidence presented in the trial.[6]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

## The Parties' Contentions:

### Plaintiff's Contentions

Albritton contends that in three internet blog posts dated October 17, 2007 and October 18, 2007 (one of which was posted on October 19, 2007), Defendants Cisco and Frenkel made statements about Eric Albritton that are false and defamatory. Albritton contends that the articles published by Defendants accused him of conspiring with the Eastern District of Texas court clerk to alter governmental records to create subject matter jurisdiction where none otherwise existed to benefit his client at Cisco's expense. Albritton contends that the articles accuse him of engaging in criminal and unethical conduct and are defamatory *per se*. Albritton also contends that the accused articles accuse him of criminal and unethical conduct by omitting or juxtaposing material facts, which convey a substantially false and defamatory impression of Albritton.

Albritton contends that the statements made in Defendants' articles are false statements of fact that are not true and are not substantially true. Instead, Albritton contends that the statements contained in the accused articles are false and that they create a false and defamatory impression of him. He asserts that Defendants' statements tend to injury him in his trade or profession as an attorney at law. Albritton contends that Defendants' statements are not privileged.

Albritton contends that Defendant Cisco is liable for Frenkel's posts because Cisco has admitted that Frenkel acted within the course and scope of his employment at Cisco when he posted the articles about Albritton. Albritton contends that other Cisco employees, including

---

[6] Fifth Circuit Model Jury Instruction 2.6 (modified).

5480178v.1

5484997v.3

5487766v.1

Mallun Yen and John Noh directed, advised, encouraged, ratified, adopted, and aided and abetted Cisco and Frenkel's tortious conduct.

Albritton contends that he has been damaged by the Defendants' false and defamatory allegations about him and that Albritton is entitled to recover damages from Defendants. Albritton says that he had a right to respond to Defendants' public accusations about him and doing so did not contribute to the harm caused by Defendants accusations that had already been widely disseminated on the internet. Albritton also contends that Defendants acted with malice and their conduct collectively and individually merits the award of punitive damages.

Defendants' Contentions

Richard Frenkel and Cisco contend that there was nothing false or defamatory about the complained-of articles and that they did not accuse Plaintiff of engaging in criminal or unethical conduct. Frenkel and Cisco contend that the articles did not injure Plaintiff's reputation generally nor his reputation in his trade or profession as an attorney at law and that he has suffered no damages at all. Frenkel and Cisco also contend that the statements Plaintiff complains about are not libelous because they are opinion, hyperbole, or exaggerated language.

Richard Frenkel and Cisco contend that the complained-of articles are not libelous or defamatory *per se.* Furthermore, Frenkel and Cisco contend that the complained-of statements are substantially true. To the extent the statements were not true, Frenkel and Cisco believed the statements were true, and they did not know that the complained-of statements were false as they related to Albritton, nor did they make the statements with a high degree of awareness that they were probably false. Frenkel and Cisco further contend that they did not have any intent to harm Plaintiff and were not negligent in publishing the articles. Cisco and Frenkel further assert that the Plaintiff has suffered no compensable damage. They claim that even if the Plaintiff has suffered damages, the Plaintiff failed to mitigate his damages, if any, and that his own acts and those of his agents contributed to those damages, including the dissemination of the complained-of articles. Finally, Defendants say that they took actions to mitigate the Plaintiff's damages, if any.

Cisco and Richard Frenkel allege that Mallun Yen and John Noh's conduct was not actionable and would further show that the Court has ruled as a matter of law that Yen and Noh are not liable to Plaintiff. Accordingly, Cisco also cannot be liable or responsible for the acts of Yen and Noh.

5480178v.1

5484997v.3

5487766v.1

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

5480178v.1

5484997v.3

5487766v.1

# Final Instructions

### General Instructions For Charge:[7]

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist you in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

Unless I instruct you otherwise, you must answer all questions from a preponderance of the evidence.  By this I mean the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or

---

[7] Fifth Circuit Pattern Jury Instruction 3.1 (modified).

5480178v.1

5484997v.3

5487766v.1

simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

An employer is generally responsible for the acts of its officers, agents, or employees that are done within the scope of their authority delegated to them by the employer.[8]

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[9]

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in the form providing your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either

---

[8] *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007).
[9] Fifth Circuit Pattern Instruction 2.13 (modified).

5480178v.1

5484997v.3

5487766v.1

in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

<u>Duty to Deliberate</u>

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.[10]

---

[10] Fifth Circuit PJC § 2.11.

5480178v.1

5484997v.3

5487766v.1

<u>Instructions on Deliberations:</u>[11]

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

---

[11] Fifth Circuit Pattern Instruction 2.12 (modified).

5480178v.1

5484997v.3

5487766v.1

_Defendants' Proposed Instruction Regarding Anonymity:_  In answering these questions, you may not consider that the Articles at Issue were originally written anonymously.[12]

_Plaintiff's Proposed Instruction Regarding Anonymity:_

No instruction should be given.

---

[12] _See McIntyre v. Ohio Elections Commission_, 514 U.S. 334, 341 (1995).

14

<u>"Cisco"</u>

The term "Cisco" is defined in this charge as Defendant Cisco Systems, Inc.

5480178v.1

5484997v.3

5487766v.1

<u>The Articles at Issue</u>

*Plaintiff's proposal*

In answering the questions presented in this charge, you are to consider the "Articles at Issue." The Articles at Issue are three entries posted to the Patent Troll Tracker blog. The "Articles at Issue" are an October 17, 2007 entry, an original October 18, 2007 entry and a revised October 18, 2007 entry.

*Defendants' proposal*

In answering the questions presented in this charge, you are to consider the "Articles at Issue." The "Articles at Issue" are the statements published in the October 17 and 18, 2007 articles on the "Patent Troll Tracker" blog as they relate or pertain to Eric Albritton.[13]

---

[13] *Fitzgerald v. Panhandle Publishing Co., Inc.,* 228 S.W.2d 499, 506 (Tex. 1950); *Bell Publishing Co. v. Garrett Eng'g Co*., 170 S.W.2d 197, 206 (Tex. 1943); *New York Times Co. v. Sullivan*, 376 U.S. 254, 288 (1964); *Rosenblatt v. Baer*, 383 U.S. 75, 81 (1966).

## Proposed Specific Instructions and Interrogatories

Libel *Per Se*

*Plaintiff's proposal*

Defamation or libel *per se* means an untrue statement that tends to affect a person injuriously in his business, occupation, or office; or imputes to that person illegal or immoral conduct.[14]  In this case, you must decide whether Albritton has proven by a preponderance of the evidence that Defendants' accusations accuse him of criminal, unethical or immoral conduct, an offense for which he could be disbarred as an attorney, or tend to injure him in his occupation and profession.

To de defamatory, the articles must contain statements of fact. Whether a publication is a statement of fact or an expression of opinion depends on its "verifiability" and the context in which it was made.  If a statement can be interpreted as a making a false assertion of fact, it is not an opinion.  A statement is considered to be an opinion when, upon consideration of the entire context in which it was made, it cannot be objectively verified.  It is immaterial whether the statement was intended as opinion, if the statement at issue can be determined true or false as a factual matter, it is not an opinion.[15]

In determining whether the statements at issue are fact or opinion you may consider whether the statements make assertions of fact that are capable of being verified.  You may also consider whether the speaker purported to verify the facts, claimed that the applicable law supported his statements, claimed to have records to support his statements, claimed to have evidence not disclosed others, and whether the speaker continues to maintain that his factual statements are true.[16]

A statement is rhetoric or hyperbole when it is made with the sort of loose, figurative, or hyperbolic language which would negate the impression that the writer was making serious accusations.[17]

To be defamatory concerning Eric Albritton, the articles must be "of and concerning" Eric Albritton—that is that the articles at issue must refer to some ascertained or ascertainable person and that person must be Eric Albritton.  However, it is not necessary that Albritton be specifically named in the articles.  Even if Albritton is not expressly named, he may satisfy his

---

[14] Adapted from the Defamation *per se* instruction given by this Court in *Fiber Sys. Int'l v. Roehrs*, No. 4:04-CV-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 15.

[15] *See Gateway Logistics Group, Inc. v. Dangerous Goods Mgmt. Austl. Pty*, Ltd, 2008 U.S. Dist. LEXIS 34246, 31-32 (S.D. Tex. Apr. 25, 2008), citing *Bentley v. Bunton*, 94 S.W.3d 561, 579, 583 (Tex. 2002) (citations omitted).

[16] *See Bentley v. Bunton*, 94 S.W.3d 561, 579, 583 (Tex. 2002).

[17] *Milkovich v. Lorrain Journal Co.*, 497 U.S. 1, 21 (1990).

5480178v.1

5484997v.3

5487766v.1

burden on the "of and concerning" element if persons acquainted with Albritton would understand the publication to refer to him.[18]

In answering the following questions, do not consider statements that you find are opinion, hyperbole, rhetoric or are not "of and concerning" Eric Albritton.

*Defendants' proposal*

"Libel *per se*" means that the statements were so obviously and unambiguously hurtful to reputation and apparent from the face of the written words in and of themselves. In addition, to be libel *per se*, the statements must unambiguously and falsely charge Albritton with a crime or injure him in his profession or occupation.[19]

In determining whether the Articles at Issue are libel *per se*, do not consider any implied statements from the Articles at Issue but instead consider the actual words in the Articles at Issue and construe them as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive them.[20]  You shall not consider that the Defendants did not publish any other statements or facts in the Patent Troll Tracker blog, whether or not the omission of any such additional statements or facts might have cast Albritton in a more favorable or balanced light in the Articles at Issue.[21]

In order for you to find that a statement is defamatory, Albritton must prove by a preponderance of the evidence that any challenged statement is factual in nature and is not merely an expression of opinion.  A Plaintiff cannot recover on the basis of the publication of an opinion because an opinion cannot be proved true or false.  In determining whether the Articles at Issue are factual or an expression of an opinion, you should consider the common usage of the specific language, whether the statement is capable of being objectively proved true or false, and the context in which the statement appears.[22]

---

[18] *See Kinetic Concepts, Inc. v. Bluesky Med. Corp*., 2005 U.S. Dist. LEXIS 32213 (W.D. Tex. Nov. 1, 2005) *Cox Tex. Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 433 (Tex. App. Austin 2007) *Newspapers, Inc. v. Matthews*, 161 Tex. 284, 339 S.W.2d 890, 893 (Tex. 1960).

[19] *Moore v. Waldrop,* 166 S.W.3d 380, 386 (Tex. App.—Waco 2005, no pet.); *Fiber Systems Intern., Inc v. Roehers*, 470 F. 3d 1150, 1166 (5th Cir. 2006); *Alianz v. Hoyt*, 105 S.W. 3d 330, 345 (Tex. App. – Corpus Christi 2003, no pet.); *Clark v. Jenkins*, 248 S.W. 3d 418, 437 (Tex. App. – Amarillo 2008, pet. denied).

[20] *Moore v. Waldrop,* 166 S.W.3d 380, 385-86 (Tex. App.—Waco 2005, no pet.);  *Montgomery Ward & Co. v. Peaster,* 178 S.W.2d 302, 305 (Tex. App.--Eastland 1944, no writ).

[21] *Green v. CBS*, 286 F.3d 281, 284-85 (5th Cir. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *Cain v. Hearst Corp*., 878 S.W.2d 577, 582-83 (Tex. 1994).

[22] *El Paso Times, Inc. v. Kerr*, 706 S.W.2d 797, 798-800 (Tex. App. — El Paso 1986, writ ref'd n.r.e); *A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71, 79-82 (Tex. App. — Fort Worth 1982, writ ref'd n.r.e.).

5480178v.1

5484997v.3

5487766v.1

If a statement is an opinion or is hyperbole, rhetoric or exaggerated language, even the use of inflammatory, caustic and irritating terms is not defamatory.[23]

In order for you to find that the statement was defamatory concerning Albritton, the Articles at Issue must be "of and concerning" Albritton. "Of and concerning" means that the listener would reasonably understand the statement as referring to Albritton. It is not sufficient if the statement simply referred to a group of which Albritton was a member if a listener would not reasonably understand the statement as referring to him.[24]

---

[23] *Old Dominion Branch No. 496, National Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 284 (1974); *Greenbelt Coop. Publishing Assoc. v. Bresler,* 398 U.S. 6 (1970); *Curtis Publishing Co. v. Birdsong*, 360 F.2d 344, 348 (5th Cir. 1966).
[24] *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377, 381 (Tex. App. — Texarkana 1989, no writ); *Dick v. Allen*, 303 S.W.2d 390 (Tex. Civ. App.— Eastland 1957, no writ).

## Question 1:

*Agreed question:*

Do you find that the Articles at Issue were libel *per se* concerning Eric Albritton?

  In deciding whether a statement is libel *per se*, you must construe the statement as a whole in light of the surrounding circumstances based on how a person of ordinary intelligence would perceive it.[25]

  YES _____

  NO _____

---

[25] Texas PJC 110.3.

5480178v.1

5484997v.3

5487766v.1

Defamatory Meaning:

<u>*Agreed instruction*</u> [26]

"Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue or reputation.

In deciding whether a statement is defamatory, you must construe the statements as a whole an in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.

<u>*Defendants' proposed additional instruction*</u>

In order for you to find that a statement is defamatory, Albritton must prove by a preponderance of the evidence that any challenged statement is factual in nature and is not merely an expression of opinion. A Plaintiff cannot recover on the basis of the publication of an opinion because an opinion cannot be proved true or false. In determining whether the Articles at Issue are factual or an expression of an opinion, you should consider the common usage of the specific language, whether the statement is capable of being objectively proved true or false, and the context in which the statement appears. [27]

If a statement is an opinion or is hyperbole, rhetoric or exaggerated language, even the use of inflammatory, caustic and irritating terms is not defamatory. [28]

In order for you to find that the statement was defamatory concerning Eric Albritton, the Articles at Issue must be "of and concerning" Eric Albritton. It is not sufficient if the statement simply referred to a group of which Eric Albritton was a member, if a listener would not reasonably understand the statement as referring to any particular member of the group. [29]

Do not consider any implied statements from the "Articles at Issue," but instead consider the actual words in the "Articles at Issue" and construe them as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive them. You shall not consider that the Defendants did not publish any other statements or facts in the Patent Troll

---

[26] Texas Pattern Jury Instruction 110.3; Tex. Civ. Prac. & Rem. Code § 73.001; *Turner v. KTRK, Inc*., 38 S.W.3d 103, 115 (Tex. 2000).
[27] *El Paso Times, Inc. v. Kerr*, 706 S.W.2d 797, 798-800 (Tex. App. — El Paso 1986, writ ref'd n.r.e); *A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71, 79-82 (Tex. App. — Fort Worth 1982, writ ref'd n.r.e.).
[28] *Old Dominion Branch No. 496, National Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 284 (1974); *Greenbelt Coop. Publishing Assoc. v. Bresler,* 398 U.S. 6 (1970); *Curtis Publishing Co. v. Birdsong*, 360 F.2d 344, 348 (5th Cir. 1966).
[29] *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377, 381 (Tex. App. — Texarkana 1989, no writ); *Dick v. Allen*, 303 S.W.2d 390 (Tex. Civ. App.— Eastland 1957, no writ).

Tracker blog, whether or not the omission of any such additional statements or facts might have cast the Plaintiff in a more favorable or balanced light in the Articles at Issue.[30]

## Question 2

### *Agreed question*

Do you find the Articles at Issue were defamatory concerning Eric Albritton?

YES _____

NO _____

---

[30] *Green v. CBS*, 286 F.3d 281, 284-85 (5th Cir. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *Cain v. Hearst Corp.*, 878 S.W.2d 577, 582-83 (Tex. 1994).

5480178v.1

5484997v.3

5487766v.1

If you answered "YES" to Question 1 or 2, answer Question 3. Otherwise, proceed to Question 4.

Truth or Falsity

*Plaintiff's proposal*

Truth – An Affirmative Defense:[31]

Truth is a defense to defamation. A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of it is no more damaging to the person affected by it than a literally true statement would have been.

You are instructed that Defendants bear the burden to prove truth or substantial truth by a preponderance of the evidence.

*Defendants' proposal*

A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of it is no more damaging to the person affected by it than a literally true statement would have been.

In connection with this question, you are instructed that Defendants bear the burden to prove truth or substantial truth by a preponderance of the evidence.[32]

**Question 3:**

*Plaintiff's proposal*

Do you find that the Articles at Issue were substantially true at the time they were posted as they related to Eric Albritton?

YES _____

NO _____

_____

[31] *See* Texas Pattern Jury Instruction 110.8 (modified).
[32] Texas Pattern Jury Instruction 110.8 (not modified).

23

5480178v.1

5484997v.3

5487766v.1

*Defendants' proposal*

Do you find that the Articles at Issue were materially false as they relate to Albritton?[33]

"False" means that a statement is not literally true and not substantially true. A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.[34]

In making this determination, consider only the statements that you have found to be defamatory of Albritton.

Answer "Yes" or "No":

Answer: _____

---

[33] Texas PJC § 110.4 (modified to include "material" falsity); *Masson v. New Yorker Magazine*, 501 U.S. 496, 517 (1991).

[34] Texas PJC § 110.4;  *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002) and *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990).

<u>*Per Se* Defamatory Impression</u>:

> ### <u>*Plaintiff's proposal*</u> [35]

One may defame a person where all the statements in a publication may be true when read in isolation, but the publication conveys a substantially false and *per se* defamatory impression by omitting material facts or suggestively juxtaposing true facts. [36]

"False" means that the impression created, if any, is not literally true or not substantially true. An impression is not "substantially true" if, in the mind of the average person, the gist of the impression is more damaging to the person affected by it than a literally true impression should have been.

An impression that is "defamatory *per se*" leaves an ordinary person with an impression that injures a person's reputation in his business, occupation, or office; or imputes to that person illegal or immoral conduct. [37]

In deciding whether an impression is defamatory *per se*, you must construe the Articles at Issue as a whole, and not merely the individual statements contained in them, in light of the surrounding circumstances based on how a person of ordinary intelligence would perceive them.

> ### <u>*Defendants' proposal*</u>

No instruction should be given.

---

[35] Texas Pattern Jury Instruction 110.9 (modified).
[36] *See Fiber Sys. Int'l v. Roehrs,* 470 F.3d 1150, (5th Cir. 2006); *Turner v. KTRK*, 38 S.W.3d 103, 113-14 (Tex. 2000) (cited in comments to Texas Pattern Jury Instruction 110.9).
[37] Adapted from the Defamation *per se* instruction given by this Court in *Fiber Sys. Int'l v. Roehrs*, No. 4:04-CV-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 15.

5480178v.1

5484997v.3

5487766v.1

**Question 4:**

*Plaintiff's proposal*

Did the Articles at Issue as a whole and not merely individual statements contained in them, either by omitting material facts or suggestively juxtaposing facts in a misleading way, create the substantially false and defamatory *per se* impression that Eric Albritton engaged in criminal conduct, unethical conduct, or conduct that would tend to injure Albritton in his office, profession or occupation?

YES _____

NO _____

*Defendants' proposal*

No question should be given.

5480178v.1

5484997v.3

5487766v.1

Defamatory Impression

*Plaintiff's proposal* [38]

One may defame a person where all the statements in a publication may be true when read in isolation, but the publication conveys a substantially false and defamatory impression by omitting material facts or suggestively juxtaposing true facts. [39]

"False" means that the impression created, if any, is not literally true or not substantially true. An impression is not "substantially true" if, in the mind of the average person, the gist of the impression is more damaging to the person affected by it than a literally true impression should have been.

"Defamatory" means that an ordinary person would be left with an impression that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

In deciding whether an impression is defamatory, you must construe the Articles at Issue as a whole, and not merely the individual statements contained in them, in light of the surrounding circumstances based on how a person of ordinary intelligence would perceive them.

*Defendants' proposal*

A "false" impression means that the impression created, if any, is not literally true and not substantially true. An impression is not "substantially true" if, in the mind of the average person, the gist of the impression is more damaging to the person affected by it than a literally true impression should have been.

In order for you to find that a statement is defamatory, Albritton must prove by a preponderance of the evidence that any challenged statement is factual in nature and is not merely an expression of opinion. A Plaintiff cannot recover on the basis of the publication of an opinion because an opinion cannot be proved true or false. In determining whether the Articles at Issue are factual or an expression of an opinion, you should consider the common usage of the specific language, whether the statement is capable of being objectively proved true or false, and the context in which the statement appears. [40]

---

[38] Texas Pattern Jury Instruction 110.9 (modified).
[39] *Turner v. KTRK*, 38 S.W.3d 103, 113-14 (Tex. 2000) (cited in comments to Texas Pattern Jury Instruction 110.9).
[40] *El Paso Times, Inc. v. Kerr*, 706 S.W.2d 797, 798-800 (Tex. App. — El Paso 1986, writ ref'd n.r.e); *A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71, 79-82 (Tex. App. — Fort Worth 1982, writ ref'd n.r.e.).

5480178v.1

5484997v.3

5487766v.1

If a statement is an opinion or is hyperbole, rhetoric or exaggerated language, even the use of inflammatory, caustic and irritating terms is not defamatory.[41]

In order for you to find that the statement was defamatory concerning Albritton, the Articles at Issue must be "of and concerning" Albritton. "Of and concerning" means that the listener would reasonably understand the statement as referring to Albritton. It is not sufficient if the statement simply referred to a group of which Albritton was a member if a listener would not reasonably understand the statement as referring to him.

---

[41] *Old Dominion Branch No. 496, National Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 284 (1974); *Greenbelt Coop. Publishing Assoc. v. Bresler,* 398 U.S. 6 (1970); *Curtis Publishing Co. v. Birdsong*, 360 F.2d 344, 348 (5th Cir. 1966).

5480178v.1

5484997v.3

5487766v.1

**<u>Question 5:</u>**

*<u>Plaintiff's proposal</u>*

Did the Articles at Issue as a whole and not merely individual statements contained in them, either by omitting material facts or suggestively juxtaposing facts in a misleading way, create the substantially false and defamatory impression that Eric Albritton engaged in criminal conduct, unethical conduct, or conduct that would tend to injure Albritton in his office, profession or occupation?[42]

YES _____

NO _____

*<u>Defendants' proposal</u>*

Did the articles as a whole, and not merely individual statements contained in it, either by omitting material facts or suggestively juxtaposing facts in a misleading way, create a substantially false and defamatory impression?[43]

YES _____

NO _____

---

[42] Texas PJC 110.9.
[43] Texas PJC 110.9

29

5480178v.1

5484997v.3

5487766v.1

Fault


If your answer to Question 1 or 2 is "Yes," and your answer to Question 3 is "No," then answer the following question. Otherwise, proceed to Question 7.

**Question 6**:

*Plaintiff's proposal*

Did the Defendants know or should they have known, in the exercise of ordinary care that the Articles at Issue were false and had the potential to be defamatory? [44]


> "Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Defendant Cisco:

        YES _____


        NO _____


Defendant Frenkel:

        YES _____


        NO _____

---

[44] Texas Pattern Jury Instruction 110.5.

5480178v.1

5484997v.3

5487766v.1

*Defendants' proposal*

Do you find that, at the time the Articles at Issue were published,[45] Defendants knew or should have known, in the exercise of ordinary care, that the Articles at Issue were materially false[46] and would warn a reasonable person of their defamatory potential?[47]

"Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.[48]

Cisco

YES _____

NO _____

Richard Frenkel

YES _____

NO _____

---

[45] Texas PJC § 110.5 (revised); *Scripps Texas Newspapers, L.P. v. Belelcazar*, 99 S.W.3d 829, 837 (Tex. App.--Corpus Christi, 2003, pet. denied) (citing Restatement (Second of Torts § 580B cmnt. g. (1977)) (emphasis added).
[46] *Masson v. New Yorker Magazine*, 501 U.S. 496, 517 (1991).
[47] *Foster*, 541 S.W.2d at 819-20; *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 348-50 (1974).
[48] Texas PJC § 110.5.

5480178v.1

5484997v.3

5487766v.1

If your answer to Question 4 or 5 is "Yes," then answer the following question. Otherwise, proceed to Question 8.

### **Question 7**

*Plaintiff's proposal*

Did the Defendants know or should they have known, in the exercise of ordinary care, that the impression created by the Articles at Issue was false and had the potential to be defamatory?[49]

> "Ordinary care" concerning the truth of the impression and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Defendant Cisco:

YES _____

NO _____

Defendant Frenkel:

YES _____

NO _____

---

[49] Texas Pattern Jury Instruction 110.10

5480178v.1

5484997v.3

5487766v.1

*Defendants' proposal for Question 7*

**Question 7:**

Do you find that, at the time the Articles at Issue were published, Defendants knew or should have known, in the exercise of ordinary care, that the impression created by the Articles at issue was materially false and would warn a reasonable person of its defamatory potential?

"Ordinary care" concerning the truth of the impression and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.[50]

Cisco

        YES _____

        NO _____

Richard Frenkel

        YES _____

        NO _____

---

[50] Texas PJC 110.10; *Foster v. Laredo Newspapaers, Inc.*, 541 S.W.2d 809 (Tex. 1976); *Dannenbaum v. Brummerhop*, 840 S.W.2d 624, 633 (Tex. App.—Houston[14th Dist.], writ denied); *Masson v. New Yorker Magazine*, 501 U.S. 496, 517 (1991) (material falsity).

5480178v.1

5484997v.3

5487766v.1

Compensatory Damages

*Plaintiff's proposal*[51]

   If you have determined that Albritton was defamed, you must determine the damages, if any, to which he is entitled. You should not interpret the fact that I have given instructions about Albritton's damages as an indication in any way that I believe that Albritton should, or should not, be awarded damages. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Albritton is entitled to recover money from the Defendants.

   If you find that one or more Defendants are liable to Albritton, you must determine an amount, if any, that is fair to compensate for the elements of damage you are instructed to consider. These damages are called compensatory damages. The purpose of compensatory damages is to make Albritton whole—that is, to compensate Albritton for the damage that he has suffered. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party. You may award an amount that you believe will be fair compensation, no more and no less.

   If you find the Articles at Issue to be defamatory *per se* (by answering "Yes" to 1 or 4), you are instructed that Albritton is entitled to presumed damages, though the amount is in your discretion. You must award at least nominal damages, and such further damages, if any, that were proximately caused by the Articles at Issue.[52]

   If you find the Articles at Issue to be defamatory (by answering "Yes" to 2 or 5), you may award such damages, if any, that were proximately caused by the Articles at Issue.

   "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act complained of must be such that a person using reasonable care would have foreseen that the event, or some similar event, might reasonably result there from. There may be more than one proximate cause of an event.[53]

---

[51] Adapted from Instruction given by this Court in *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 22-23.
[52] *Texas Disposal Sys. Landfill, Inc. v. Waste Mgmt Holdgs., Inc*., 219 S.W.3d 563, 584 n.22 (Tex. App.—Austin 2007, pet denied) (collecting cases and quoting this instruction from 24-2 Texas Court's Charge Rptr. No. 99-2-22 (Lexis 2002).
[53] Texas Pattern Jury Instruction 100.9 (modified)

5480178v.1

5484997v.3

5487766v.1

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, Albritton is not required to prove damages with mathematical precision. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

"Loss of reputation" means the injury to a person's good name and reputation.[54]

"Mental anguish" means more than mere disappointment, anger, or embarrassment, although it may include all of these.[55] It must cause a substantial disruption in daily routine.[56]

An injured party must exercise reasonable care to minimize its damages, if the damages can be avoided with only slight expense and reasonable effort.[57] If you find that Albritton was defamed and suffered damages, Defendants bear the burden of proving lack of diligence on the part of the Plaintiff and the amount by which the damages were increased by Plaintiff's failure to mitigate.[58] In answering this question do not include any amount of damages that Defendants' have proven, by a preponderance of the evidence, that Albritton could have avoided through the exercise of reasonable care.


*Defendants' proposal*

If you have determined that Albritton was defamed, you must determine the damages, if any, to which he is entitled. You should not interpret the fact that I have given instructions about Albritton's damages as an indication in any way that I believe that Albritton should, or should not, be awarded damages. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Albritton is entitled to recover money from the Defendants.

If you find that one or more Defendants are liable to Albritton, you must determine an amount, if any, that is fair to compensate for the elements of damage you are instructed to

---

[54] Instruction given by this Court in *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 23.

[55] *Id.*

[56] *Bentley v. Bunton*, 94 S.W.3d at 606.

[57] *Herrera v. United States*, 2005 U.S. Dist. LEXIS 3198 (W.D. Tex. Feb. 23, 2005) (citing *Harris County v. Smoker*, 934 S.W.2d 714, 721 (Tex. App. Houston 1st Dist. 1996)).

[58] *Id.*

5480178v.1

5484997v.3

5487766v.1

consider. These damages are called compensatory damages. The purpose of compensatory damages is to make Albritton whole—that is, to compensate Albritton for the damage that he has suffered.

If you found that this is a libel *per se* case, the law presumes that a defamatory statement caused injury and no proof of actual injury suffered in the past is required.[59] However, the amount of the damages that a party should be made to pay to compensate for those injuries, if any, is left for your determination. You may award such damages that you believe will be fair compensation for the elements of Albritton's damages you are instructed to consider and none other, no more and no less. You may award nominal damages if you determine that the libel *per se* statements have not caused substantial harm to Albritton.[60] Nominal damages are damages of at least one dollar.[61] You may choose to award no damages.[62] Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all the plaintiff's damage to his reputation *[this should be removed if the Court finds that Albritton may not recover for injury to his reputation]* or caused by his mental anguish, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.[63]

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, Albritton is not required to prove damages with mathematical precision. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

As to Plaintiff's claims, you should consider only the following elements of damages: (1) loss of reputation [this should be removed if the Court finds that Albritton did not properly

---

[59] *See* Comments to Texas PJC 115.33, p. 328; *Express Publishing Co. v. Hormuth*, 5 S.W.2d 1025, 1027 (Tex. App.—El Paso 1928, writ denied).

[60] *Texas Disposal Systems Landfill, Inc. v. Waste Management Holdings, Inc.*, 219 S.W.3d 563, 584 n. 22 (Tex. App.—Austin 2007, pet. denied) (citing Restatement (Second) of Torts § 620 cmt. a-b.)

[61] *Snead v. Redlands Aggregates Ltd.*, 998 F.2d 1325, 1335 (5ᵗʰ Cir. 1993).

[62] *Id*,; *Coors Co. v. Rodriguez*, 780 S.W.2d 477, 488 (Tex. App.—Corpus Christi 1989, writ denied).

[63] Fifth Circuit PJC § 15.2 (modified).

5480178v.1

5484997v.3

5487766v.1

disclose this element of damages]; and (2) mental anguish. You should consider these elements of damages and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. You may only award damages that Plaintiff shows were proximately caused by the Articles at issue. "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission the Articles at Issue must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[64]

You must not award any damages caused by any other acts, events, or circumstances other than the statements in the "Patent Troll Tracker" blog itself.[65] Even if the statements have been determined to constitute libel *per se*, you may not award damages for other losses such as lost profits, loss of clients, incurred costs, lost time value,[66] or recovery of medical or health care expenses.[67] In fact, Albritton has specifically disclaimed such damages in this case.

You are further instructed that in considering damages you may consider:

(a)    all material facts and circumstances surrounding the claim for damages and the defenses to the claim;

(b)    all facts and circumstances under which the libelous publication was made; and

(c)    any public apology, correction, or retraction of the libelous matter made and published by the defendant(s).[68]

 "Loss of reputation" means the injury to a person's good name and reputation.

"Mental anguish" means intense pain of body or mind or a high degree of mental suffering.[69] It means something more than mere disappointment, anger, or embarrassment.[70] It must cause a substantial disruption in daily routine.[71]

---

[64] Texas PJC 100.9.

[65] *Reichner v. Skaggs Drug Center,* 421 F.2d 307, 312 (5th Cir. 1970); *Enterprise Co. v. Taylor,* 142 S.W.2d 280 (Tex.Civ.App. — Beaumont 1940, no writ).

[66] *See Peshak v. Greer,* 13 S.W.3d 421, 427 (Tex.App.-Corpus Christi 2000, no pet.); *Ryder Truck Rentals, Inc. v. Latham,* 593 S.W.2d 334, 337 (Tex.Civ.App.-El Paso 1979, writ ref'd n.r.e.); *see also Fox v. Parker,* 98 S.W.3d 713, 726-27 (Tex.App.-Waco 2003, pet. denied); *Knox v. Taylor,* 992 S.W.2d 40, 60-63 (Tex.App.-Houston [14th Dist.] 1999, no pet.); Restatement (Second) of Torts § 622 (1977)

[67] TEX. CIV. PRAC. & REM. § 41.0105.

[68] TEX. CIV. PRAC. & REM. CODE § 73.003(a).

[70] Fifth Circuit PJC § 15.2 (modified); *Bentley v. Bunton*, 94 S.W.3d 561, 606 (Tex. 2002).

5480178v.1

5484997v.3

5487766v.1

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.[72]

If you find Cisco or Richard Frenkel are liable and Albritton has sustained damages, Albritton may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence Albritton unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.[73]

You are the sole judge of whether Albritton acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendants have the burden of proving the damages which Albritton could have mitigated. In deciding whether to reduce Albritton's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendants have satisfied their burden of proving that Albritton's conduct was not reasonable.[74]

---

[71] *Bentley v. Bunton*, 94 S.W.3d at 606.

[72] Fifth Circuit PJC § 15.15.
[73] Fifth Circuit PJC § 15.15.
[74] Fifth Circuit PJC § 15.15 (modified to include the names of the parties).

5480178v.1

5484997v.3

5487766v.1

## Question 8

*Agreed question*[75]

What sum of money, if paid now in cash, would fairly and reasonably compensate Eric Albritton for his injuries, if any, that were proximately caused by the Articles at Issue:

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.[76]

Answer separately in dollars and cents for damages, if any.[77]

Injury to Eric Albritton's reputation sustained in the past.

Answer:_____

Injury to reputation that, in reasonable probability, Eric Albritton will sustain in the future.

Answer:_____

Mental anguish Eric Albritton sustained in the past.

Answer:_____

Mental anguish that, in reasonable probability, Eric Albritton will sustain in the future.

Answer:_____

If you entered an award of damages in the previous question, Answer Question 9. Otherwise proceed to the verdict form.

---

[75]

[76] Texas PJC 115.33.

[77] Texas PJC 115.33.

5480178v.1

5484997v.3

5487766v.1

Malice

## **Question 9**

*Plaintiff's proposal*

Do you find by clear and convincing evidence that the harm to Eric Albritton resulted from malice?[78]

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Frenkel or Cisco to cause substantial injury or harm to Eric Albritton.[79]

YES _____

NO _____

*Defendants' proposal*

Do you find by clear and convincing evidence that the harm to Albritton resulted from malice?[80]

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegation sought to be established.[81]

"Malice" means a specific intent by Defendants to cause substantial injury or harm to Albritton.[82]

_____

[78] Texas PJC 115.36B.
[79] Tex. Civ. Prac. Rem. Code Ann §41.001(7).
[80] Texas PJC 115.36B.
[81] Texas PJC 115.36B.
[82] Texas PJC 115.36B.

5480178v.1

5484997v.3

5487766v.1

In determining malice, you may not consider that the Articles at Issue were originally written anonymously.[83]

You are further instructed that malice may be attributable to Cisco because of an act by Richard Frenkel if, but only if:

1. Cisco authorized the doing and manner of the act by Richard Frenkel; or

2. Cisco ratified or approved Richard Frenkel's act.[84]

You may not attribute any act by Mallun Yen or John Noh to Cisco because the Court has found that their conduct is not actionable as a matter of law.[85]

Richard Frenkel:

YES _____

NO  _____

Cisco:

YES _____

NO  _____

---

[83] *See McIntyre v. Ohio Elections Commission*, 514 U.S. 334, 341 (1995).

[84] Texas PJC 115.38A; *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997) (citing RESTATEMENT OF TORTS § 909 (1939) and *Purvis v. Prattco, Inc.*, 595 S.W.2d 103, 104 (Tex. 1980) (setting forth these same factors and citing section 909 of the Restatement (Second) of Torts, which is unchanged from the original Restatement of Torts)).

[85] *Anderson v. City of Dallas*, 2005 WL 1540162 at *6 (Tex. App.--Dallas 2005, no pet.).

5480178v.1

5484997v.3

5487766v.1

<u>Attributing Malice to Cisco</u>:

If you answered "Yes" to Question 9, answer Question 10. Otherwise, proceed to the verdict form.

**<u>Question 10</u>**

*<u>Plaintiff's proposed question</u>*

Were the Articles at Issue authorized, ratified or approved by the management of Cisco?[86]

YES _____

NO _____

*<u>Defendants' proposed question</u>*

No question should be given.

**Question 11**

*<u>Defendants' proposal</u>:*

*<u>Constitutional "Actual Malice"</u>.*

Do you find by clear and convincing evidence that, at the time the Articles at Issue were published,

1.      Defendant(s) knew the statement was false as it related to Albritton, or

2.      Defendant(s) made the statement with a high degree of awareness that it was probably false, to an extent Defendant(s) in fact had serious doubts as to the truth of the statement?

---

[86] Jury Charge used in *Turner v. Dolcefino and KTRK, Television, Inc.*, C.A. 92-32914, 165th Judicial Dist., Harris County, Texas.

5480178v.1

5484997v.3

5487766v.1

"Clear and convincing evidence" is that measure or degree of proof that will produce in the mind of the jury a firm belief or conviction as to the truth of the allegations sought to be established.[87]

Cisco

      YES _____

      NO _____

Richard Frenkel

      YES _____

      NO _____

*Plaintiff's proposal*

No instruction or question should be given.

---

[87] Texas PJC § 110.6. *Bentley v. Bunton*, 94 S.W.3d 561, (Tex. 2002) and *Dun & Bradstreet, Inv. v. O'Neil*, 456 S.W.2d 568 (Tex 1998); *Gertz*, 418 U.S. at 350; *Bagley v. Iowa Beef Processors*, 797 F.2d 632, 644 (1986).

5480178v.1

5484997v.3

5487766v.1

*Plaintiff's proposal*

If you answered "YES" to Question 9, read the following instruction and answer Question 11. Otherwise, proceed to the verdict form.

*Defendants' proposal*

If you answered "YES" to Question 9 and 11, read the following instruction and answer Question 12. Otherwise, proceed to the verdict form.

Exemplary Damages

*Plaintiffs' proposal*

If you find that a Defendant is liable for Albritton's injuries, you must award Albritton the compensatory damages to which he is entitled. You also may award him exemplary damages.[88]

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.[89]

In making any award of exemplary damages, you should consider that the purpose of exemplary damages is to punish a person for shocking conduct, and to deter the person and others from engaging in similar conduct in the future.[90] The law does not require you to award exemplary damages, however, if you decide to award exemplary damages, you must use sound reason in setting the amount of the damages.

Factors to consider in awarding exemplary damages, if any, are:

a. The nature of the wrong

b. The character of the conduct involved

c. The degree of culpability of Defendants

d. The situation and sensibilities of the parties concerned.

---

[88] Fifth Circuit Pattern Instruction 15.13 (modified).
[89] Texas PJC 115.37.
[90] *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 27 (modified).

5480178v.1

5484997v.3

5487766v.1

e. The extent to which Defendants have engaged in this type of conduct before[91]

f. The extent to which such conduct offends a public sense of justice and propriety.

g. The net worth of the Defendants[92]


*Defendants' proposal*

If you find that a Defendant is liable for Albritton's injuries, you must award Albritton the compensatory damages to which he is entitled. You also may award him exemplary damages.[93]

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory damages. Exemplary damages are neither economic nor noneconomic damages. Exemplary damages include punitive damages.[94]

In making any award of exemplary damages, you should consider that the purpose of exemplary damages is to punish a person for shocking conduct, and to deter the person and others from engaging in similar conduct in the future.[95] The law does not require you to award exemplary damages, however, if you decide to award exemplary damages, you must use sound reason in setting the amount of the damages.

Factors to consider in awarding exemplary damages, if any, are:

a. The nature of the wrong

b. The character of the conduct involved

c. The degree of culpability of Defendants

d. The situation and sensibilities of the parties concerned.

---

[91] *See BMW of N. Am. v. Gore*, 517 U.S. 559, 577 (1996).
[92] Texas PCJ 115.37.
[93] Fifth Circuit Pattern Instruction 15.13 (modified).
[94] Tex. Civ. Prac. & Rem. Code §§ 41.001(5); 41.010 (2008).
[95] *Fiber Sys. Int'l v. Roehrs*, No. 4:04-cv-00355-MHS (E.D. Tex. 2005), Docket Entry No. 140 at page 27 (modified).

5480178v.1

5484997v.3

5487766v.1

e.     The extent to which such conduct offends a public sense of justice and propriety.[96]

---

[96] Texas PCJ 115.37.

5480178v.1

5484997v.3

5487766v.1

*Plaintiff's proposal*

## Question 11

What sum of money, if any, if paid now in cash, should be assessed against the following Defendants and awarded to Eric Albritton for the conduct found in response to Question 9?

Answer in dollars and cents, if any, for each Defendant you find acted with malice.

Defendant Cisco                           Answer:_____

Defendant Frenkel                         Answer:_____

*Defendants' proposal*

## Question 12

What sum of money, if any if paid now in cash, should be assessed against Cisco and Frenkel and awarded to Albritton as exemplary damages, if any, for the conduct found in Questions 9 and 11?

Answer in dollars and cents, if any.

Cisco                                     Answer:_____

Richard Frenkel                           Answer:_____

5480178v.1

5484997v.3

5487766v.1

Please continue to the Verdict Form.

5480178v.1

5484997v.3

5487766v.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 6:08cv00089** |
| | § | |
| **CISCO SYSTEMS, INC. RICHARD** | § | |
| **FRENKEL, MAULLUN YEN and** | § | |
| **JOHN NOH,** | § | |
| | § | |
| **Defendant** | § | |

## VERDICT FORM

We the jury, hereby certify that the answers containing in the foregoing Jury Instructions and Interrogatories constitutes our Verdict, that our Verdict is unanimous, and the Verdict was reached by our own free will and not the result of duress or undue influence.

SO SAY WE ALL.

Dated at _____, Texas, on this _____ day of _____, 2009.

_____

Jury Foreperson

5480178v.1

5484997v.3

5487766v.1