# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § § | |
| Plaintiff | § § | |
| v. | § § | No. 6:08cv00089 |
| | § | JURY |
| CISCO SYSTEMS, INC. RICHARD FRENKEL | § § § | |
| Defendant | § § | |

## DEFENDANTS' OBJECTIONS TO PORTIONS OF THE JOINT PRE-TRIAL ORDER

Defendants Cisco Systems, Inc. ("Cisco") and Richard Frenkel (collectively, "Defendants") hereby file these Objections to the Joint Pre-Trial Order and respectfully show the Court:

## I. INTRODUCTION

Defendants object to portions of the Pretrial Order because Plaintiff seeks to sue on a third Patent Troll Tracker article, an October 19, 2007 post which deleted some language (the "banana republic" phrase and others) from the October 18 article even though Plaintiff never pleaded the October 19 article. Also, Defendants object to all references to the juxtaposition or omission theory of liability because Plaintiff did not plead it and refused discovery on the theory. Specifically, Defendants object to the following:

- All references to the October 19 post because (1) Plaintiff did not plead defamation with respect to the October 19 post which revised the October 18, 2007 article; (2) Plaintiff did not timely reveal this claim in discovery; and (3) the claim, if allowed, is barred by the statute of limitations;

- Plaintiff's allegations in the Pretrial Order that the articles convey a false impression by omitting or juxtaposing material facts because (1) Defendants did not plead this theory of liability; (2) Plaintiff refused discovery, resulting in an order precluding Plaintiff from advancing a new theory; (3) Plaintiff has never

pleaded nor disclosed any viable claim for defamation by omission or juxtaposition; and (4) defamation *per se* by impression has never been recognized under Texas law.

- Plaintiff's allegations in the Pretrial Order that the Plaintiff has suffered damage to his reputation because (1) Plaintiff disclaimed harm to his reputation in his disclosures; and (2) Plaintiff refused discovery regarding his reputation.

Defendants attempted to come to an agreement with respect to numerous issues concerning the Pretrial Order in multiple emails and in an approximately 3 hour and 45 minute phone conversation on February 16, 2009, and discussed many of these issues on several occasions since that time, but the parties could not come to an agreement regarding many issues in the Joint Pretrial Order, thus necessitating this Motion.

## II. OBJECTIONS

### 1. Defendants' objections to all references to the October 19 post, which revised the October 18 article.

Defendants object to Plaintiff's reference to "three internet posts" and to all references to claims that the "revised October 18, 2007 post" is defamatory because (1) Plaintiff did not plead a claim for defamation with respect to the October 19, 2007 article; (2) Plaintiff never revealed this theory in discovery; and (3) if allowed, the claim is barred by the statute of limitations.

In his Complaint, Plaintiff alleges very specifically the October 17 and October 18 articles attached to the Complaint as Exhibit A. The Complaint does not attach or otherwise refer to the amended October 19, 2007 article (which is a revised version of the October 18 article). Because Plaintiff failed to plead defamation with respect to the October 19 article, Plaintiff is foreclosed from now claiming that the article is defamatory. Consideration of a new publication after the close of discovery and just before trial would prejudice Defendants because of the lack of discovery on this issue and the inability to file motions with respect to the new claim. The only discovery conducted on this article has been on Defendants' defense that the

October 19 article mitigated Plaintiff's damages. Despite Defendants' mitigation argument, Plaintiff never amended his pleadings to allege that the October 19 article defamed him. Because the matter was not plead, Plaintiff should not be permitted to argue it at trial. *See* FED. R. CIV. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (requiring that a plaintiff's pleading "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (citations omitted).

Second, Plaintiff did not timely disclose the October 19 article in discovery and therefore is precluded from now claiming that it is defamatory. FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless"); *see also* FED. R. CIV. P. 16(f), 26(e). Plaintiff did not complain about the October 19 article until <u>after</u> the discovery cut-off and deadline for motions requiring a hearing. This omission is neither substantially justified nor harmless and therefore should be excluded. FED. R. CIV. P. 37(c)(1). Defendants would be prejudiced by the raising of this issue so late in this litigation.

Finally, even if Plaintiff was not barred from raising the new defamation claim in the Pretrial Order for his failure to plead or disclose the theory, Plaintiff's new claim with respect to the October 19 article is barred by the one-year statute of limitation. TEX. CIV. PRAC. & REM. CODE § 16.002(a).

2. **Defendants' objections to all allegations of false impression by omitting or juxtaposing material facts.**

Defendants object to Plaintiff's allegations in the Pretrial Order that the articles convey a false impression by omitting or juxtaposing material facts because (1) Defendants did not plead this theory of liability; (2) Plaintiff refused discovery, resulting in an order precluding Plaintiff

from advancing a new theory; (3) Plaintiff has never pleaded nor disclosed any viable claim for defamation by omission or juxtaposition; and (4) defamation *per se* by impression has never been recognized under Texas law.

The theory of defamation by implication was adopted in Texas in *Turner v. KTRK*. 38 S.W.3d 103, 114 (Tex. 2000). In that case, the Texas Supreme Court held that a television broadcast could be false by implication in two circumstances: (i) "omitting material facts" or (ii) "misleadingly juxtaposing events." *Turner*, 38 S.W.3d at 114. Defendants' newly raised allegations of false impression by omitting or juxtaposing material facts are not proper at trial because this theory was not plead. In *Turner*, the Court held that the theory had been plead because the pleadings alleged that the "gist of the broadcast is substantially false and defamatory" and thus "make clear that Turner intended to rely on the theory that the broadcast as a whole falsely defamed him, and that he regarded libel by implication as a separate theory." *Id.* at 113.

In stark opposition to *Turner*, Plaintiff did not plead defamation by omission or juxtaposition or make clear that he was relying on any theory other than a general defamation claim.

Moreover, Defendants would be prejudiced by Plaintiff's use of this new theory at trial, especially given Plaintiff's refusal to reveal this theory during discovery as set forth below. The theory of omission or juxtaposition is not the same as the theory that a statement is defamatory when read in context. *See id.* While Plaintiff argued in motions that statements in the October 17 and 18 articles were defamatory when read in context (although Plaintiff refused to identify which specific statements were defamatory), Plaintiff did not give Defendants notice of his new claim of omitting material facts and of misleadingly juxtaposing events until after the discovery

period had ended and the Magistrate Judge ordered Plaintiff to comply with discovery.

Second, Plaintiff refused discovery regarding this issue and thus is prohibited from raising this new issue. After Plaintiff refused to respond to Defendant's interrogatories requesting that Plaintiff identify the statements he contends are defamatory, Defendants filed a Motion to Compel Plaintiff's Interrogatory Responses. (Docket No. 88). After the discovery cut-off and deadline for motions requiring a hearing had ended, Defendants filed an Amended Motion to Compel, requesting that the court limit Plaintiff to the allegations in his pleading since Defendants could no longer seek discovery regarding the allegations. (Docket No. 104). On January 15, 2009, the Magistrate Judge denied the original Motion to Compel as moot and granted the Amended Motion to Compel (Docket No. 144). Although the Court did not specifically address the issue of pleading new theories, the Order cannot be read as permitting Plaintiff to benefit from his refusal to comply with discovery by permitting him to raise new theories of recovery after the discovery cut-off that had never been plead. Nor did the Order provide Defendants any means of conducting discovery from Plaintiff regarding any new theories. Therefore, the Court should not permit Plaintiff to allege new theories. *See* FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f).

Moreover, even when Plaintiff amended his interrogatory responses on January 22, 2009, five weeks before the Final Pretrial Conference was originally set, he never alleged any legally viable theory of defamation by omission or juxtaposition. The January 22, 2009 interrogatory responses do not state any claims that qualify for defamatory impression by omitting material facts or juxtaposing facts in a misleading way under Texas law. The Fifth Circuit has held that when the "gist" of the article is true and the "broadcast as a whole did not misrepresent the story," even though the "inclusion of more facts may have resulted in a more balanced

broadcast," the story does not qualify as defamatory by omitting material facts or juxtaposing facts in a misleading way. *Green v. CBS, Inc.*, 286 F.3d 281 (5th Cir. 2002) ("Given that CBS accurately reported facts, albeit not all of the facts, whether or not the story painted [the plaintiff] in an attractive light is irrelevant.")

The interrogatory responses do no more than argue Plaintiff's interpretations of the statements in the case; they do not set forth an actionable omission of material facts or juxtaposition of facts in a misleading way. *See id.* In *Turner*, the Court held the broadcaster had omitted a material fact, for instance, when it claimed that "Despite the signs of something fishy, Sylvester Turner began the legal effort to get millions in insurance money released and get a mutual friend, Dwight Thomas, appointed as administrator over the estate," suggesting over that Turner abused his position by handpicking his friend when in fact Thomas was named in the will as executor. *Id.* Plaintiff's interrogatories do not set forth any omission or juxtapositions that qualify under this standard. Because Plaintiff has not presented a viable theory of defamation by omission or juxtaposition, references to the theory should be stricken from the Pretrial Order. (Notably, if this theory had been plead or disclosed in a timely manner, this should have been the subject of a motion for summary judgment.)

Finally, Plaintiff's jury charge raises for the first time to Defendants that Plaintiff does not intend to argue defamation by omission or juxtaposition as recognized in *Turner*, but rather defamation *per se* by omission or juxtaposition. (See Plaintiff's Proposed Jury Charge at Docket No. 188). Plaintiff has acknowledged that he is relying exclusively on defamation *per se* and presumed damages, presumably because he has no evidence of damages. (See Docket No. 188; Docket No. 74 at p. 4-5; Docket No. 184 at p. 2).

Defendants object to all references to defamatory impression by omission or

juxtaposition because Plaintiff did not plead or disclose defamation *per se* by omission or juxtaposition until he submitted his charge. More importantly, the legal theory itself has never been recognized under Texas law. Texas law has expressly rejected any attempts to introduce extrinsic evidence to show defamation *per se*. *See Bingham v. Southwestern Bell Yellow Pages, Inc.*, 2008 WL 163551 at * 4 (Tex. App.—Fort Worth 2008, no pet.) (holding that it was improper to consider what may be *inferred* by the complained of statements rather than what the defendant explicitly said); *Moore v. Waldrop*, 166 S.W.3d 380, 386 (Tex. App.—Waco, 2005, no pet.); *Montgomery Ward & Co. v. Peaster*, 178 S.W.2d 302, 305 (Tex. App.—Eastland, 1944, no writ); *Southwestern Bell Yellow Pages, Inc. v. Thomas*, 2006 WL 217665 (Tex. App.—Dallas 2006, no pet.).

The very definition of defamation *per se* is that the statement is defamatory "in and of itself" and therefore precludes the use of innuendo or extrinsic evidence. *Moore*, 166 S.W.3d at 386. "Innuendo should never be considered when interpreting slander *per se*... it will require no extrinsic evidence to clarify its meaning. It will stand alone." *Id.* It has long been the law in Texas that "words which are libelous *per se* do not need an innuendo, and conversely, words which need an innuendo are not libelous *per se*." *Montgomery Ward & Co*, 178 S.W.2d at 305. Instead, to be defamatory *per se*, the printed words must be "in and of themselves... so obviously hurtful to the person aggrieved by them that they require no proof of injury" *Thomas*, 2006 WL 217665 at *2.

The Fifth Circuit has also recognized that "if the statement is ambiguous or cannot be fully understood without the use of extrinsic evidence, the statement is not defamatory *per se*, and extrinsic evidence can be considered only under a defamation per quod theory." *Fiber Systems International, Inc. v. Roehrs*, 470 F.3d 1150, 1163, 1166 (5th Cir. 2006) (noting that it

was not relying on extrinsic evidence in finding the statements spoken by the defendant to be defamatory *per se*).

Because Texas law does not recognize defamation *per se* by omission or juxtaposition, the Court should strike all references to defamation by impression, omission or juxtaposition from the Pretrial Order. (Indeed, this is a perfect example of an instance where Defendants should have been provided an opportunity to file a Motion for Summary Judgment, had Plaintiff timely pleaded this theory.)

### 3. Defendants' objections to all allegations of damage to Plaintiff's reputation.

Defendants object to Plaintiff's allegations in the Pretrial Order that the Plaintiff has suffered damage to his reputation because (1) Plaintiff did not disclose damages to his reputation; and (2) Plaintiff refused discovery regarding his reputation. On June 2, 2007, Plaintiff served his initial disclosures. With respect to damages, the initial disclosures stated that "Plaintiff does not seek any economic damages. Plaintiff seeks only an award of damages for his mental anguish and punitive damages sufficient to deter Defendants from future misconduct." (Exhibit A). Plaintiff has never amended his damages disclosure.

In Plaintiff's deposition, he confirmed that he was only seeking damages for mental anguish and punitive damages.

> Q: The damage disclosure that your lawyer made [...] (as read): Plaintiff does not seek any economic damages... Plaintiff seeks only an appropriate award of damages for his mental anguish and punitive damages sufficient to deter defendants from further misconduct. The amounts of these awards are soundly in the discretion of the jury.
>
> A: Yes, sir.

Deposition of Eric Albritton, page 75, lines 11-21, Exhibit B.

Defendants relied on this reputation and raised the issue on several occasions. Despite

Defendants' notification that Plaintiff had not disclosed damage to his reputation, Plaintiff never amended his disclosures nor produced any evidence of any damages other than mental anguish in discovery whatsoever and repeatedly refused Defendants' discovery on this issue.

Plaintiff has specifically refused to produce <u>any</u> documents regarding his reputation, stating that such evidence is irrelevant.[1] (*See, e.g.*, Docket No. 74 at pp. 2-5). On October 14, 2008, Defendants moved to compel production of documents relating to any claim of reputational harm. (Docket No. 55). Plaintiff again refused to produce any documents relating to reputational harm on relevance grounds. (*See* Response to Motion to Compel Production of Documents, Docket No. 74).[2] Plaintiff should not be permitted to refuse to disclose reputational damages and avoid the production of documents related to his reputation, then argue to the jury that his reputation has been harmed. *See* FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f). Therefore, Plaintiff should not be permitted to claim reputational damages in the Pretrial Order.

## IV. CONCLUSION AND PRAYER

For the reasons stated above, Defendants respectfully request that the court strike in the Pretrial Order: (1) all references to the October 19 post; (2) Plaintiff's allegations in the Pretrial Order that the articles convey a false impression by omitting or juxtaposing material facts; and (3) Plaintiff's allegations in the Pretrial Order that the Plaintiff has suffered damage to his reputation.

---

[1] Plaintiff also refused to produce evidence regarding other sources of his mental anguish, which is the subject of Defendants' Motion to Compel Production of Documents, Defendants' Reply to Plaintiff's Response to Defendants' Motion to Compel Production of Documents, and Defendants' Motion to Reconsider Magistrate Judge's Order Denying Motion to Compel.

[2] The Magistrate Judge denied the Motion to Compel, and a Motion for Reconsideration is pending.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ *Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

GEORGE MCWILLIAMS, P.C.

By:  */s/ George L. McWilliams with permission by Charles L. Babcock*
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

## CERTIFICATE OF CONFERENCE

Defendants attempted to come to an agreement with respect to numerous issues concerning the Pretrial Order in multiple emails and in an approximately 3 hour and 45 minute phone conversation on February 16, 2009, but the parties could not come to an agreement regarding many issues in the Joint Pretrial Order, thus necessitating this Motion.

/s/ *Charles L. Babcock*
Charles L. Babcock

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of April, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
***Attorney for Defendant Richard Frenkel***

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
***Attorney for Plaintiff Eric Albritton***

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
***Attorney for Plaintiff Eric Albritton***

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
***Attorney for Plaintiff Eric Albritton***

/s/ *Charles L. Babcock*
Charles L. Babcock