**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. and RICHARD | § | |
| FRENKEL | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTIONS TO PORTIONS OF THE JOINT PRE-TRIAL ORDER**

Plaintiff, Eric Albritton, respectfully provides this response to Defendant' objections to portions of the joint pre-trial order and respectfully requests that each and every of Defendants' objections be overruled.

I.     **Introduction**

In an unyielding effort to mischaracterize the pleadings, discovery, this Court's prior rulings and law applicable to this matter, Cisco objects to portions of the parties' pre-trial order and requests that the Court strike certain of Plaintiff's contentions. Cisco uses this latest filing as yet another vehicle to retread the same issues that it has already raised in at least three prior pleadings.  The objections are nothing more than yet another desperate attempt keep evidence from the jury. This latest effort to mischaracterize the record is as misguided as those that precede it.

Remarkably, Cisco objects to and seeks to strike matters contained in "Plaintiff's Contentions" and in the parties' joint recitation of "Contested Issues of Fact." That Cisco does not agree with Plaintiff's contentions goes without saying. That the 126 factual matters

enumerated in the joint pre-trial order are "contested," is expressly stated in the document. That Cisco persists in mischaracterizing the record in an attempt to limit Albritton's case is inexcusable. While Plaintiff is hesitant to participate in Cisco's campaign to inundate the Court with repetitive briefing, out of an abundance of caution and in light of Local Rule CV 7(d), Plaintiff responds to Cisco's redundant objections as follows.

A.   **Albritton Timely Plead and Disclosed that the Revised October 18th Posting is at Issue**

Defendants object to the inclusion of what they refer to as "the October 19, 2007" posting as unplead, undisclosed and barred by limitations. As demonstrated in prior briefing, these objections are without merit. First, there is no October 19th Troll Tracker article. Once again Defendants attempt to mislead the Court in this regard. Frenkel posted three separate articles that serve as the basis of Plaintiff's defamation cause of action: one dated October 17, 2007 and two dated October 18, 2007. The second October 18th article is an amended version of the original October 18th article. The amended October 18th article was posted by Frenkel on October 19th. Frenkel did not change the date of the revised article to reflect the date he actually posted it, and that article has at all times shown an October 18, 2007 date. The second October 18th article has been referred to by the parties by many names, including referring to the October 18th article as containing two different versions, referring to both versions collectively as the October 18th article, referring to it as the "amended" or "revised" October 18 article, or referring to it as the article posted by Frenkel on October 19th. To be clear, it is the second version of the October 18th article that defendants seek to exclude.

Cisco's insistence that Albritton did not plead and did not disclose the revised October 18, 2007 post during discovery is demonstrably false. *See* Plaintiff's Response and Sur-reply to Defendants' Motions *in Limine* No. 5 (D.E. 202 at 12-13 and D.E. 229 at 6-7) and Plaintiff's Briefing and Argument in Support of his Proposed Jury Instructions (D.E. 250 at 3, 6, 12). The article in question is pleaded in Plaintiff's complaint, which refers to the accused articles by date and specifically identifies Frenkel's amended post. *See* Ex.1, DE. 17 at ¶ 20 ("Frenkel amended

his post to delete the comments concerning the "Banana Republic of East Texas," but did not withdraw his allegation that Albritton engaged in a crime until the blog was taken off line in February 2008 . . . ").  Defendants' assertions that the amended October 18th article must be attached to the complaint or be excluded from the case wholly ignores the notice pleading standard that applies in this case.  Cisco ignores the requirement that "[p]leadings must be construed so as to do justice."  *See* Fed. R. Civ. P. 8 (e).  In this case, justice requires that evidence of the revised October 18th post be permitted because that evidence was pleaded, has been the subject of pleadings, motion practice, summary judgment briefing, deposition testimony and interrogatory responses.[1]

The second version of the October 18 article was also included in Plaintiff's interrogatory responses.  *See* Ex. 2 at 5-6, 8-9, 11-12, 14-15, 17-18, 23, 27, 30; D.E. 202 at 12-13; D.E. 229 at 6-7.  Likewise, the second version of the October 18th article was addressed in the summary judgment briefing in this case. During discovery, Cisco deposed Albritton and asked questions about the second version of the October 18, 2007 post.  *See* Ex. 3 (Albritton Depo. at 72:18-74:6).  Likewise, in deposition Albritton's counsel asked Frenkel several questions about the second version of the October 18th article.  *See* Ex. 4 (Frenkel Depo. at 106:6-112:19).  There is nothing late, surprising or new about the second version of the revised October 18th article that Defendants seek to exclude. Defendants' objection should be overruled.

Finally, Cisco's belated statute of limitations argument is equally without merit because the revised October 18th posting is specifically identified in Albritton's complaint. *See* Ex. 1, DE 17 at ¶20.

**B.**      **Albritton is entitled to offer evidence on his defamatory impression theories**

Defendants persist in their misguided effort to strike Plaintiff's allegations and evidence that the articles at issue are defamatory because they omit material facts and misleadingly

---

[1]      Even if the Court somehow concluded that the revised October 18th post was not plead, as discussed below, there can be no genuine dispute that the issue has been the subject of discovery and that Cisco has had fair notice of the issue. Under such circumstances, complaints can be amended to conform to evidence of record at any time, even after the close of evidence, if necessary.

juxtapose other facts. In keeping with their "we'd rather strike the evidence than address it" theme, Defendants argue that Albritton should be precluded from making this argument to the jury because (1) he did not plead a defamatory impression theory, (2) the Court entered an Order precluding this theory, (3) Albritton's interrogatory responses omitted facts regarding this theory of liability, and (4) *per se* defamatory impression is not a recognized theory of liability. Defendants are wrong on all fronts.

Albritton's complaint is more than sufficient to allow evidence of the false and defamatory impression of the accused articles. Federal Rule of Civil Procedure 8 requires only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Defamation by omission or juxtaposition is subsumed in the cause of action for defamation. *See Turner v. KTRK TV, Inc*., 38 S.W.3d 103, 115 (Tex. 2000) ("a plaintiff can bring a claim for defamation when discrete facts, literally or substantially true, are published in such a way that they create a substantially false and defamatory impression by omitting material facts or juxtaposing facts in a misleading way.") (emphasis added). Cisco would have the Court require more than notice pleading in this case. There is no basis in the law for requiring a heightened pleading standard in a defamation case, and Cisco has cited none.

Cisco also ignores the requirement that "[p]leadings must be construed so as to do justice." *See* Fed. R. Civ. P. 8 (e). In this case, justice requires that evidence of the false defamatory impression created by the accused posts be permitted because that evidence has been the subject of motion practice, summary judgment briefing, deposition testimony and interrogatory responses. Even if the Court were to determine that Rule 8 requires more specificity, in circumstances where the parties have effectively litigated an issue by consent, complaints can be amended to conform to evidence of record at any time, even after the close of evidence.

Defendants next seek to prevent the jury from deciding whether the articles at issue create a false and defamatory impression by claiming that Albritton refused to provide discovery,

resulting in an order precluding Albritton from raising the issue at trial. Defendants misstate the facts and the Court's ruling. First, Albritton did not refuse to provide discovery. Defendants filed a motion to compel before meeting and conferring with Albritton, not once, but twice. *See* D.E. 116 at 2-3. Both times Albritton agreed to provide amended interrogatory responses, but Defendants filed their motion anyway. *Id.* Then, before Albritton had an opportunity to respond to Defendants' first motion to compel, Defendants amended their motion to drop their demand for amended interrogatory responses, asking instead that the Court limit Albritton's cause of action to the information provided in his complaint. *See* D.E. 127 at 2 (arguing that Plaintiff should be limited to statements made in his notice-pleading complaint). Although the Court granted Cisco's motion to compel, Judge Bush <u>did not grant</u> Cisco the preclusive relief Cisco sought. Rather, Judge Bush agreed with Albritton that a sanction-type order was not warranted. Judge Bush ordered Albritton to provide amended responses (which would not have been required if Cisco had prevailed on limiting Albritton's case) and then gave Cisco relief in the form of an opportunity to produce additional evidence. *See* Ex. 5, D.E. 144. Albritton served amended responses and Cisco produced additional documents. End of story. Cisco's argument distorts the record. Judge Bush also expressly ruled that no additional briefing on this issue would be permitted. *See* Ex. 5, D.E. 144. Undeterred, this objection asks for the same relief that Cisco sought from Judge Bush, and he denied. Judge Bush's prior Order and his ruling that no additional argument on this issue will be permitted should be respected as law of the case.

Finally, Cisco argues that the jury should not be instructed on *per se* defamatory impression because Albritton failed to plead or disclose a viable claim of defamation by omission or juxtaposition. The baselessness of Cisco's argument can easily be shown by review of Albritton's Complaint and his interrogatory responses. Albritton took Judge Bush's admonishment to fully respond to Cisco's interrogatories to heart, and he provided a detailed thirty-page response to Cisco's interrogatories. Although Cisco's interrogatories can be literally read to require only that Albritton identify Cisco's affirmative false and defamatory statements, Albritton also specifically stated that he was claiming that Defendants' post created a false and

defamatory impression and he included facts that were omitted and misleading.  The following are some examples from Albritton's interrogatory responses:

- The October 18, 2007 post is titled "ESN convinces EDTX Court Clerk to Alter Documents To Try to Manufacture Subject Matter Jurisdiction Where None Existed.". . . "That statement [] gives the **defamatory impression** that Albritton engaged in criminal, unethical or improper conduct in his business and profession to create subject matter jurisdiction where none existed to benefit his client at Cisco's expense."  *See* Ex. 2 (Albritton's Rog Responses) at 3-4.
- The use of the words "conspiracy," "tons of proof" and allegations that "witnesses" and "subpoenas" would be necessary give the **false and defamatory impression** of criminal activity.  *See* Ex. 2 (Albritton's Rog Responses) at 4.
- "The October 18, 2007 post also stated that 'You can't change history, and it's outrageous that the Eastern District of Texas is apparently, wittingly or unwittingly, conspiring with a non-practicing entity to try to manufacture subject matter jurisdiction.' That statement is false.  That statement [] gives the **defamatory impression** that Albritton engaged in criminal, unethical or improper conduct in his business and profession to . . . perpetrate a fraud on the unsuspecting clerk's office to achieve his nefarious purpose."  *See* Ex. 2 ( Albritton's Rog Responses) at 5.
- "The revised October 18, 2007 post also added the following statement:  'Even if this was a 'mistake,' which I can't see how it could be, given that someone emailed me a printout of the docket from Monday showing this case, the proper course of action should be a motion to correct the docket.'  The statement creates the **defamatory impression** that the correction of the docket in the ESN case could not have been as a result of an error or an honest mistake, but was as previously stated, part of a conspiracy, unethical conduct, or improper conduct undertaken by Albritton.  Frenkel omitted from this post the fact that Albritton and ESN claimed that the dated on the docket entry was the result of an error in the court's software.  Had Frenkel included that information, the revised Oct. 18th post would have portrayed a far different meaning to the reader than Frenkel's continuing assertions of criminal and unethical conduct."  *See* Ex. 2 (Albritton's Rog Responses) at 6.
- "The revised October 18, 2007 post also stated that a motion to correct the docket should have been filed. . . . The revised post **omitted the fact** that no such motion is required under the local rules.  Instead, Frenkel's inclusion of this statement further reinforced his accusations that Albritton engaged in a course of conduct that was criminal, unethical, improper, corrupt, and in violation of the local rules that he is required to follow as an officer of the court."  *See* Ex. 2 ( Albritton's Rog Responses) at 6.

The examples above are from Albritton's response to Cisco's Interrogatory No. 1.  There are twenty-one more pages of responses that identify misleading and omitted facts contained in the accused posts. Cisco contends that Albritton's interrogatory responses fail to state a claim for defamation by false impression because they fail to set forth an actionable theory of recovery.

Again, Cisco is wrong. Albritton's interrogatory responses specifically identified statements in Cisco's posts that omitted relevant facts and statements that created a false and defamatory impression. *See* Ex. 2. Albritton's interrogatory responses provide more detail than did the complaint in *Turner v. KTRK Television, Inc.*, wherein the Court upheld a finding of defamation by false impression. *See* D.E. 229 at Ex. A at 5. It is not surprising that Cisco disagrees, but that factual dispute is not properly decided on an objection to a pre-trial order or motion *in limine*. It is a fact issue for the jury. Thus, Cisco's objection should be overruled.

Moreover, Cisco's insistence that Albritton failed to disclose a viable theory of defamation by impression lacks credibility. In *Turner v. KTRK*, the Texas Supreme Court held "that a plaintiff can bring <u>a claim for defamation</u> when discrete facts, literally or substantially true, are published in such a way that they create a substantially false and defamatory impression by omitting material facts or juxtaposing facts in a misleading way." 38 S.W.3d 103, 115 (Tex. 2000) (emphasis added). *Turner* imposes no heightened pleading standard for defamation actions and does not support Defendants' contention that Albritton is required to specifically and separately plead defamation by impression as a separate and distinct theory. Likewise, neither *Turner* nor any other authority Defendants rely upon stands for the proposition that one cannot be *per se* defamed by impression. To confuse this issue, Defendants rely on inapposite authorities that prohibit extrinsic evidence to support a finding of defamation *per se*. Plaintiff agrees that when one must resort to extrinsic evidence—such as innuendo, the aid of inducements, colloquialisms, and explanatory circumstances—to determine the meaning of an accused statement, a *per se* finding is compromised. *Moore v. Waldrop*, 166 S.W.3d 380, 386 (Tex. App.—Waco, 2005 no pet.). However here, where there is no need to resort to innuendo, because the text of the posts (not extrinsic evidence) leave an ordinary reader with a false impression that tends to injure Albritton in his profession or that he engaged in criminal or

unethical conduct, that impression is defamatory *per se* under Texas law.[2] Defendants have cited no authority to the contrary and the result is supported by common sense application of established Texas jurisprudence.[3] The jury should decide the issue of whether the posts leave an ordinary reader with an impression that is *per se* defamatory of Albritton.

### C.     Albritton is Entitled to General Damages – Including Reputational Damages

Cisco's final objection is grounded in its incorrect position that Albritton is not entitled to recover reputational damages—an established category of general damages—because he failed to compute them in disclosures or produce documents demonstrating harm to his reputation. This objection is just a new spin on Cisco's Motion *in Limine* No. 1 in which Cisco contended that it was unaware that Albritton claimed reputational damages until the parties negotiated the pre-trial order. That claim, as well as this newly packaged version of it, is plainly refuted by the record, which includes the specific allegations of reputational harm in Albritton's Complaint (Ex. 1, D.E. 17 at ¶¶ 9, 33, 37, 39, 40 & 44), the allegations that the articles at issue are libelous *per se* that entitle Albritton to presumed general damages of mental anguish and harm to reputation[4] (Ex. 1, D.E. 17 at ¶¶ 33 & 34), Albritton's deposition testimony that claims harm to his reputation and the associated damages that are presumed under the law (Ex. 3, Albritton Dep. 75:22 – 79:3) and the extensive briefing on summary judgment and Cisco's motion to compel,

---

[2]     *See id.* at 384 (explaining that statements are slanderous *per se* if they (1) impute the commission of a crime; (2) impute contraction of a loathsome disease; (3) cause injury to person's office, business or profession; or (4) impute sexual misconduct).

[3]     When the actionable statements injure the plaintiff in his office, profession or occupation, *Knox v. Taylor,* 992 S.W.2d 40, 50 (Tex. App. – Houston [14th Dist.] 1999, no pet.), or charge him with the commission of a crime, *Leyendecker & Assocs., Inc. v. Wechter,* 683 S.W.2d 369,374 (Tex. 1984), they are defamatory *per se. See e.g., Texas Disposal Sys. Landfill, Inc. v.Waste Mgmt. Holdings, Inc.,* 219 S.W.3d 563, 581(Tex. App – Austin 2007, pet. denied). A statement is not libelous *per se* if the reader must resort to extrinsic evidence to determine the meaning of the statement; that is, if the reader must resort to innuendo, colloquialism or explanatory meaning to determine whether the statement is defamatory. *Moore v. Waldrop,* 166 S.W.3d 380, 386 (Tex. App.—Waco, 2005 no pet.). A plaintiff may recover for defamation where the accused statement, viewed in its entirety in light of the surrounding circumstances, creates a false and defamatory impression in the mind of the reader. *Turner v. KTRK,* 38 S.W.3d 103, 115 (Tex. 2000). At trial, the jury must determine whether the articles leave an ordinary reader with the false and defamatory impression that Albritton engaged in criminal or unethical conduct in his prosecution of the ESN case— that is, whether the articles at issue create an impression that is defamatory *per se* of Albritton.

[4]     *Peshak v. Greer*, 13 S.W.3d 421, 427-28 (Tex.App.—Corpus Christ, 2000 no pet.).

where both parties extensively discussed Albritton's claim for reputational damages. *See e.g.* D.E. 55 at pp. 1, 3, 5 & 6; D.E. 76 at pp. 2;  D.E. 74 at pp. 1, 4, 5, & 8; D.E. 78 at pp. 3, 5 & 6; D.E. 97 at pp. 2 & 10; D.E. 115 at pp. 13, 21, 23, 43 & 44; D.E. 125 at p. 6; D.E. 6, 11, 14 & 15.

Cisco's "computation of damages" argument fails because Albritton is not required to compute the general damages he seeks.  Albritton's claimed damages are not the type of damages that give rise to the type of documentary evidence or expert opinion one would rely upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages.  *See Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (damages that are vague and are generally considered a fact issue for the jury may not be amenable to the kind of calculation disclosure contemplated by [Rule 26(a)(1)(A)(iii)].); *see also Crocker v. Sky View Christian Acad.*, 2009 U.S. Dist. LEXIS 1116, at *7-8 (D. Nev. Jan. 8, 2009) (distinguishing general damages, for which a computation is not feasible at the time initial disclosures are required, from specific damages for lost income and medical expenses, which require a computation under Rule 26 (but are not asserted in this case)); *Santos v. Farmers Ins. Exch.*, 2008 U.S. Dist. LEXIS 56630, at *4 ( E.D. Mich. July 24, 2008) (same).  Here, Albritton seeks non-economic damages, which are not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii). *See Williams*, 218 F.3d at 486 n.3.  Albritton may properly establish his damages through his testimony at trial, even in the absence of a Rule 26 compilation of damages.  *See Crocker*, 2009 U.S. Dist. LEXIS 1116, at *7-8, *citing Williams*, 218 F.3d at 486 n.3.

Cisco's "computation" argument also fails because Texas law recognizes that the general damages that Albritton seeks are difficult to quantify and not susceptible to ready computation. *See e.g. Peshak v. Greer*, 13 S.W.3d 421, 427 (Tex. App. Corpus Christi 2000, no pet.) ("The amount of general damages is very difficult to determine, and the jury is given wide discretion in its estimation of them."). For that reason, they are presumed in cases of *per se* defamation. "If the statement is slander *per se*, no independent proof of damage to the plaintiff's reputation or of mental anguish is required, as the slander itself gives rise to a presumption of these damages." *Moore v. Waldrop*, 166 S.W.3d 380, (Tex.App—Waco 2005, no pet.) (citing *Mustang Athletic*

*Corp. v. Monroe*, 137 S.W.3d 336, 339 (Tex.App.—Beaumont 2004, no pet.) (citing *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 374, (Tex. 1984) (op. on reh'g))).

Moreover, Cisco fails to show that Rule 37(c) sanctions are warranted. Courts in this Circuit have consistently held that employing a discovery sanction to limit a party's cause of action is a draconian remedy that should be used only in cases of bad faith discovery abuse or where a party blatantly violates a court order requiring production. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1381 (5th Cir. 1994). That is not the situation here. Albritton testified during deposition that his reputation has been harmed, but that he cannot attribute a dollar figure to those damages. His testimony is consistent with the damages theories in this case. Albritton has hid nothing from Cisco.

Cisco has not been harmed by Albritton's Rule 26(a)(1)(A)(iii) disclosure. The term "harmless" is included in Fed. R. Civ. P. 37 to cover the situation where a fact known to all parties is inadvertently omitted from a Rule 26(a)(1)(A) disclosure. There is no legitimate argument that Cisco was harmed by Albritton's Rule 26 disclosure. Albritton's Complaint put Cisco on notice that he claimed damage to his reputation. Cisco asked Albritton about harm to his reputation during his deposition. *See* Ex. 3 (Albritton Depo) Cisco deposed at least five other fact witnesses about Albritton's reputation. Albritton's claimed reputational damages have been briefed to this Court in Cisco's Motion to Compel, Cisco's Motion for Reconsideration of its Motion to Compel, and Cisco's Motion for Summary Judgment. Cisco is intimately familiar with Plaintiff's claimed damages. Therefore, its objection should be overruled. *See Williams*, 218 F.3d at 487, *Crocker*, 2009 U.S. Dist. LEXIS 1116, at 6-7; *Santos*, 2008 U.S. Dist. LEXIS 56630, at *4-5.

Nor does Cisco's insistence that Albritton failed to produce documents requested by Cisco justify the sanction Cisco seeks. Albritton's refusal to produce the documents about which Cisco complains was substantially justified as demonstrated by Judge Bush's Order denying Cisco's Motion to Compel those documents. *See* Ex. 6, D.E. No. 143. As the Court is fully aware from reading the multiple briefs Cisco has filed on this point, Albritton did not provide

discovery regarding lost profits or medical expenses because he is not claiming those damages in this case. During discovery, Cisco insisted on irrelevant, overly broad and harassing discovery from Albritton. Albritton objected. Cisco brought a motion to compel, making the same arguments its makes here. Magistrate Judge Bush denied Cisco's motion. Albritton's refusal to produce the documents for which Cisco complains is substantially justified for the same reasons that Magistrate Judge Bush found persuasive in denying Cisco's motion. Cisco's briefing of the same tired argument is meritless. No sanction is warranted on these facts and Cisco's objection should be overruled.

**II.    Conclusion**

For the reasons stated herein and in the briefing on these same issues, Plaintiff respectfully requests that Defendants' objections to portions of the pre-trial order be overruled.

Respectfully submitted,

Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080 / (903) 792-8233 *(Fax)*

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of May, 2009.

_____
Nicholas H. Patton