IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | |
| CISCO SYSTEMS, INC. RICHARD | § | |
| FRENKEL, MAULLUN YEN and | § | |
| JOHN NOH, | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1**

Dockets.Justia.com

## I.      Introduction

Albritton respectfully requests that the Court reconsider its Order granting Defendants'
Motion *in Limine* No. 1 because he believes that the briefing on this issue was confusing, the
result of which may have led the Court to commit reversible error.

## II.      Discussion

The Court has discretion under Rule 59 to reconsider its *in limine* Order.  *See Torregano
v. Cross*, 2008 U.S. Dist. LEXIS 47965, at *4-5 (E.D. La. June 21, 2008), *citing Lavespere v.
Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  Reconsideration is
permitted when necessary to correct a clear error of law or to prevent manifest injustice.  *See
Torregano*, 2008 U.S. Dist. LEXIS, at *5.

Defendants' motion asked the Court for a Rule 37 sanction foreclosing Albritton from
introducing evidence of damages not included in his Rule 26 computation of damages.  Although
Cisco's motion appears to seek general relief—much the same way as one would file a motion
seeking to exclude all opinions not set forth in an expert report—the true purpose of Defendants'
motion was to eliminate Plaintiff's reputational damages.  By casting a wide net and scouring the
record in search of a technical foul, Defendants hoped to exclude damages it has long known are
claimed in this case.  Cisco's motion rested on three arguments:  (1) Plaintiff's reputational
damages were not included in the computation of damages section of his initial disclosures; (2)
Cisco did not know Albritton was going to prove reputational damages; and (3) it was prejudiced
by Albritton's refusal to produce documents regarding his financial health. *See* D.E. 191 at 1-3.

The Court granted Defendants' motion finding that "Plaintiff's unamended initial
disclosures explicitly limit recovery to damages for mental anguish and punitive damages." *See*
D.E. 258 at 1.  However, Albritton's reputational damages are not subject to the initial
disclosures at issue and Albritton is entitled to reputational damages as a matter of law.

Plaintiff believes the Court should reconsider its ruling for the following reasons.

First, this is defamation *per se* case. In *per se* cases, harm to reputation is presumed and
failure to instruct the jury on reputational damages is reversible error.  *See Tex. Disposal Sys.*

*Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 582-585 (Tex. App. Austin 2007). *See* Exh. 1.

Second, the computation of damages provision Defendants rely upon does not apply to the reputational damages at issue in this case. *See Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000).

Third, even if the Court were to find that Plaintiff's initial disclosures are technically deficient, that alone does not warrant such a serious exclusionary sanction. Fed.R.Civ.P. 37(c).

### A. Plaintiff Is Entitled To Reputational Damages As A Matter Of Law

Albritton has pleaded that Defendants' statements are defamatory *per se*. In a *per se* case, failure to instruct the jury on presumed damages is reversible error. *See Tex. Disposal Sys.*, 219 S.W.3d at 583-585 (where there is some evidence in the record upon which a reasonable juror could find that the statements were false and understood by the recipient to be defamatory *per se*, the trial court erred in refusing to submit an instruction about presumed damages).[1]

Texas law recognizes that general reputational damages are difficult to quantify and not susceptible to ready computation. *See e.g. Peshak v. Greer*, 13 S.W.3d 421, 427 (Tex. App. Corpus Christi 2000, no pet.) ("The amount of general damages is very difficult to determine, and the jury is given wide discretion in its estimation of them."). For that reason, they are presumed in cases of *per se* defamation. "If the statement is slander *per se*, no independent proof of damage to the plaintiff's reputation or of mental anguish is required, as the slander itself gives rise to a presumption of these damages." *Moore v. Waldrop*, 166 S.W.3d 380, (Tex.App—Waco 2005, no pet.) (citing *Mustang Athletic Corp. v. Monroe*, 137 S.W.3d 336, 339 (Tex.App.—Beaumont 2004, no pet.)).

The Court has already ruled that defamation *per se* will be resolved by the jury. *See* D.E. 217 at 8. If the jury finds that the posts are defamatory *per se*, harm to Albritton's reputation is

---

[1] In this case, Cisco's counsel, Mr. Babcock, represented the Defendants at trial. Defendants successfully convinced the trial court to keep the issue of presumed damages from the jury, leading the Court to reversible error. *See Tex. Disposal.*, 219 S.W.3d at 573.

presumed and the jury must award some amount of reputational damages to Albritton.[2]  *See Tex. Disposal Sys.*, 219 S.W.3d at 584-585.  Thus, the Court's ruling excluding reputational damages is likely reversible error.  *See id.*

## B.  Albritton Was Not Required To Calculate His Reputational Damages

Cisco sought to eliminate Albritton's right to presumed recovery upon a *per se* finding because he failed to identify reputational damages in the computation section of his initial disclosures. To be clear, Cisco's argument is based only on the computation of damages section of Plaintiff's initial disclosures.[3]  Other parts of Plaintiff's disclosures identified reputational fact witnesses who were later deposed by Cisco.

Cisco's "computation of damages" argument fails because Albritton is not required to calculate the general damages he seeks. Albritton's claimed damages are not the type of damages that give rise to the type of documentary evidence or expert opinion one would rely upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages. *See Williams*, 218 F.3d at 486 n.3 (damages that are vague and are generally considered a fact issue for the jury may not be amenable to the kind of calculation disclosure contemplated by [Rule 26(a)(1)(A)(iii)].; *see also Crocker v. Sky View Christian Acad.*, 2009 U.S. Dist. LEXIS 1116, at *7-8 (D. Nev. Jan. 8, 2009) (distinguishing general damages, for which a computation is not feasible at the time initial disclosures are required, from specific damages for lost income and medical expenses, which require a computation under Rule 26 but are not asserted in this case); *Santos v. Farmers Ins. Exch.*, 2008 U.S. Dist. LEXIS 56630, at *4 (E.D. Mich. July 24, 2008) (same). Here, Albritton seeks non-economic general damages, which are not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii). *See Williams*, 218 F.3d at 486 n.3.

The Court may exclude Plaintiff's ability to offer a <u>computation</u> of his reputational damages at trial.  However, Plaintiff's failure to disclose a computation of damages cannot be the basis upon which to exclude presumed damages, the calculation of which is entrusted to the jury.

---

[2] *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002) (in defamation *per se* cases, Plaintiff is entitled to recover actual damages for injury to his reputation and for mental anguish as a matter of law).

[3] Although Albritton's disclosures may not have been perfect, they do not rise to the level of a failure to disclose his damages.  *Henry's Marine Serv. v. Fireman's Fund Ins.*, 2006 U.S. App. LEXIS 12770, at *28 (5th Cir. 2006).

**C.  Exclusion As A Rule 37 Sanction Is Not Warranted**

Because a computation of reputational damages is not required, it cannot be the basis of a Rule 37 exclusionary sanction.  But, even if the Court found otherwise, Albritton's technical violation is an insufficient basis upon which to exclude half of his claimed damages at trial.

Rule 37 provides that if a party fails to produce information required by Rule 26(a) or (e), the party is not allowed to use that information at trial, unless the failure was "substantially justified or is harmless." The term "harmless" is included in Rule 37 to cover the situation where a fact known to all parties is inadvertently omitted from a Rule 26(a)(1)(A) disclosure.  In determining whether failure to disclose evidence is harmless, the Court's discretion is to be guided by four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence in; (3) the possibility of curing any prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the evidence. *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563-564 (5th Cir. 2004).

The importance of evidence of the harm to Albritton's reputation weighs heavily against granting Cisco's motion. There is no doubt that the evidence that the Court has excluded is important to Plaintiff's case which is, at its core, a claim that his good name was tarnished by Defendants.  Cisco's motion seeks to exclude one of two categories of compensatory damages sought by Albritton.  Cisco understands the importance of reputational evidence, which is why Mr. Babcock stated during the pretrial hearing that Cisco was not interested in mediating this case after the Court excluded Plaintiff's reputational damages.  The Court's Order is overly harsh when the importance of the evidence is compared to the alleged discovery foul committed.

Cisco has not been harmed by Albritton's Rule 26(a)(1)(A)(iii) disclosure.[4] Cisco's motion argued that Defendants did not learn until the pretrial order that Albritton was going to prove reputational damages. *See* D.E. 191 at 2.  Cisco's argument is not credible. Albritton made

---

[4] Cisco's motion argues it was prejudiced by not being permitted to depose Albritton's clients.  *See* D.E. 191 at 3. Cisco's argument lacks merit.  First, Cisco never asked to depose Albritton's clients. Second, even if it had that testimony would have been irrelevant and inadmissible because Albritton is not claiming specific damages. Moreover, given the Court's Orders denying Cisco other irrelevant and harassing discovery it is unlikely that the Court would have permitted Cisco to start deposing Plaintiff' clients to discover information about his finances.

4

specific allegations of reputational harm in his Complaint, repeatedly stating that the articles at issue are libelous *per se*, entitling him to presumed general damages of mental anguish and harm to <u>reputation</u>. *See* Exh. 2 at ¶¶ 9, 33, 37, 39, 40 & 44. During deposition, Albritton testified that he believes his reputation has been harmed and he was claiming damages that are presumed under the law, although he could not attribute a dollar figure to those damages. *See* Exh. 3. Cisco deposed at least <u>six</u> fact witnesses about the harm to Albritton's reputation. *See* Exh. 4. Cisco brought a motion to compel wherein it candidly admitted that Albritton pleaded and claimed damages to his reputation. *See* Exh. 5. The parties filed multiple briefs in connection with Cisco's motion to compel, which specifically addressed Albritton's reputational damages. *See* Exh. 6. In resolving Cisco's motion, Magistrate Judge Bush specifically found that "Albritton is seeking damage to his professional reputation, but seeks no direct economic losses." *See* Exh. 7. Albritton's reputational damages were briefed again in connection with Cisco's motion for reconsideration. *See* Exh. 8. Reputational damages were also briefed during summary judgment. *See* Exh. 9 On this record, Cisco cannot credibly contend that it was surprised at pretrial by Albritton's claim to reputational damages.

Nor does Cisco's insistence that Albritton's refusal to produce his tax returns justify the sanction Cisco seeks. Albritton's refusal to produce the documents about which Cisco complains was substantially justified as demonstrated by Judge Bush's Order denying Cisco's Motion to Compel.[5] *See* Exh. 7. Cisco cannot morph its failed motion into a motion for sanctions

Plaintiff will be prejudiced if the damages the law presumes in his favor are excluded. In comparison, the omissions Cisco complains of are harmless and substantially justified.

### III. Conclusion

Plaintiff respectfully requests that Cisco's Motion *in Limine* No. 1 be DENIED.

---

[5] Albritton did not provide discovery regarding lost profits because he is not claiming those damages in this case. During discovery, Cisco insisted on irrelevant, overly broad and harassing discovery from Albritton. Albritton objected. Cisco brought a motion to compel. Magistrate Judge Bush denied Cisco's motion. Although Judge Bush clearly understood that Albritton was claiming reputational damages, and expressly stated so in his Order, he correctly ruled that because Albritton was seeking only general presumed damages, Cisco was not entitled to Albritton's most private records. *See* Exh. 7. This Court denied Cisco's Motion for Reconsideration. *See* Exh. 10. Neither of the Court's rulings was based on any alleged failure by Albritton to claim reputational damages.

Respectfully submitted,

_Nicholas H. Patton_

Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard – P.O. Box5398
Texarkana, Texas 7550505398
(903) 792-7080

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
California Bar No. 206440
5901 Christie Ave., Suite 201
Emeryville, California 94608
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 18th day of May, 2009.

_Nicholas H. Patton_

Nicholas H. Patton