IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § § § | |
| v. | § § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC. and RICK FRENKEL | § § § | JURY |

**CISCO SYSTEMS, INC.'S MOTION TO RECONSIDER ORDER DENYING**
**CISCO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

TO THE HONORABLE DISTRICT JUDGE:

Defendant Cisco Systems, Inc. ("Cisco") hereby files this Motion to Reconsider Order Denying Cisco's Motion to Compel Production of Documents (the "Motion") pursuant to the Court's order dated May 8, 2009.

## I.    INTRODUCTION

This Court granted Cisco's Motion in Limine No. 1, holding that Eric Albritton is bound by his unamended disclosure which explicitly does not seek damages for injury to reputation. Accordingly, Plaintiff is not permitted to introduce evidence of damages other than mental anguish and punitive damages. At the hearing on May 11, 2009, the Court said it would entertain Plaintiff's request to reconsider such ruling.

This Court was certainly correct in its ruling on the Motion in Limine. The Motion in Limine was well briefed and correctly decided, and there is no reason to alter that sound decision. However, in the unlikely event the Court changes its ruling, Cisco would be entitled to evidence regarding Albritton's reputation, which he has steadfastly refused to provide in discovery. Albritton alleges in the Pretrial Order that "Defendants' statements tend to injure him in his trade or profession as an attorney." (Docket No. 189 at p. 3). Yet he has refused to produce a single document relating to his "profession as an attorney." On the other hand, if the Court denies Plaintiff's motion for reconsideration, which it should, then this Motion is entirely moot.

## II.    FACTUAL BACKGROUND

On March 31, 2008, the then-presiding judge in this lawsuit, Judge Michael H. Schneider, ordered that within 60 days of the order, the parties must produce all documents that are "relevant to the claims or defenses of any party," and directed the parties to Local Rule CV 26(d)

1

to define "Relevant to the Claim or Defense" (Exhibit A at p. 2) and that "requests for production under FED. R. CIV. P. 34 will not be allowed..." (Exhibit A at p. 3).

Despite several requests by Cisco, Albritton failed to produce any documents related to reputational harm. Specifically, Albritton refuses to produce the following documents, which are relevant to his mental anguish and reputational damage claims: (1) documents evidencing Albritton's damages; (2) documents evidencing Albritton's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters; (3) Albritton and the Albritton Law Firm's tax returns for 2002 through the present; and (4) annual and interim balance sheets, income statements, and statements of cash flows for the Albritton Law Firm for 2002 through the present. (*See* Letter requesting documents, Exhibit B).

On January 15, 2009, Magistrate Judge Don Bush denied Cisco's Motion to Compel, stating that Albritton was not required to produce his medical records or tax returns because Albritton was not seeking medical expenses or economic damages. The Order did not specifically address whether Albritton was required to produce documents evidencing Albritton's damages, Albritton's mental anguish, or Albritton's new matters or clients since October 16, 2007, including engagement letters concerning such clients and matters, which had also been requested and were also the subject of the Motion to Compel.

It is frequently the case that Plaintiffs who, as here, have **not** suffered damages will try to shield their financial information from discovery, which is the very reason why the Defendants seek it, that is, to show that the Plaintiff's **business reputation** was **not** harmed. The fact finder is certainly entitled to hear that the Plaintiff made more money in the year following the alleged defamation than in the years preceding it (and how much) and that he filed more lawsuits, attracted more clients, and had more financial success than before these alleged defamatory

internet articles which hardly anybody read. To deprive Cisco this discovery is to deny it powerful, probative evidence in its defense of a claim of reputational injury.

### III. DEFENDANTS ARE ENTITLED TO EVIDENCE REGARDING ALBRITTON'S ALLEGED REPUTATIONAL DAMAGES

In the unlikely event the Court permits Albritton to offer evidence of reputational harm even though he refused to disclose evidence of such harm, Cisco requests that the Court reconsider its denial of Cisco's Motion.

The United States Supreme Court limits defamation Plaintiffs seeking recovery for reputational damage to "actual injury." *Gertz v. Welch*, 418 U.S. 323, 348-49 (1974) (holding that the state's interest "extends no further than compensating for actual injury.") *Gertz* also held that "all awards must be supported by competent evidence concerning the injury." *Id.* at 350. *Gertz* therefore does not permit Albritton to conceal evidence that is pertinent to the alleged "actual injury" to his reputation, and Cisco is thus entitled to discover evidence that Albritton has not indeed suffered any actual injury to his reputation.[1]

Texas law plainly recognizes a defamation defendant's right to challenge the plaintiff's damage claims. Texas law has long permitted evidence to rebut the plaintiff's claim of reputational damages. *See Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 517 (Tex. App.—Tyler 1988, writ dismissed) (noting that Texas has long permitted evidence of the plaintiff's prior reputation to mitigate damages); *McBride v. New Braunfels Herald-Zeitung*, 894 S.W.2d 6, 10 (Tex. App.—Austin 1994, writ denied). Further, the Texas libel statute provides that "[t]o determine the extent and source of actual damages, the defendant in a libel action may give evidence of the following matters... (1) all material facts surrounding the claim for damages

---

[1] Even in a libel *per se* case, which this matter is not, a jury "may choose not to award presumed damages" even if the fact finder finds that the plaintiff's reputation was damaged. *Snead v. Redlands Aggregates Ltd.*, 998 F.2d 1325, 1331 (5th Cir. 1993).

and defenses to that claim..." TEX. CIV. PRAC. & REM. § 73.003. Indeed, in this case Cisco specifically plead in its answer the defense that "Plaintiff has not suffered any actual, special, consequential or other damages" (Answer at ¶49) and that "Plaintiff's actual damages and exemplary damages were mitigated pursuant to § 73.003 of the Texas Civil Practice & Remedies Code" (Answer at ¶52). Cisco should therefore be entitled to discover evidence to show that Albritton has not suffered the damages he alleges.

In this case, Albritton alleges that the statements at issue are libel and libel *per se* because they "tend to injure him in his trade or profession as an attorney." (Docket No. 189 at p. 3). Yet he has refused to produce a single document relating to his profession as an attorney. A critical component to alleged damage to a person's trade or profession is some effect on the plaintiff's finances "as an attorney." Certainly evidence of the financial condition of an attorney's practice is relevant to his claim that his "profession as an attorney" has been injured. Beyond Plaintiff's case putting the issue directly in play, the very definition of libel in Texas includes financial injury as a part of the definition of libel. *See* TEX. CIV. PRAC. & REM. CODE § 73.001 (defining libel as "defamation expressed in written or other graphic form that tends to ... injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury.")

Nor may Albritton shield from discovery probative evidence because his allegation that the complained-of articles are libel *per se* fails for the obvious reason that there has been no finding that the articles are libel *per se*. Albritton cannot avoid discovery based on his allegation, just like a defendant may not avoid discovery based on an affirmative defense.

Nor can Albritton avoid production of his tax returns, which are relevant to his business reputation, because they would show whether his business has been negatively affected, where

4

he has failed to produce any evidence concerning his income. Indeed, Albritton refused to testify regarding his finances (Exhibit C at 132-34) and has refused to produce any other, less sensitive evidence of his income, such as interim balance sheets, income statements, statements of cash flow, and new matters or clients. Similarly, Albritton would not say whether his case load has increased or decreased in the past year. (Exhibit C at 134). Thus, because Plaintiff's pleadings, Plaintiff's theory of his case, Texas statutory and case law all have placed in issue alleged injury in his "profession as an attorney," there is compelling need for this evidence—it is not obtainable from any source. Cisco is therefore entitled to the tax returns. *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (after the party seeking discovery of tax returns shows their relevance, "the burden shifts to the party opposing production to show that other sources exist from which the information contained in the tax returns may be readily obtained.") Even if the Court finds that his tax returns are not discoverable, the Court should allow discovery of Albritton's other financial documents and information concerning his cases.

Simply put, Albritton should not be permitted to allege reputational damage, yet refuse to produce the most obvious evidence that would show whether he has suffered an "actual injury" to his reputation. To hold differently is clearly erroneous and contrary to law. Accordingly, Defendants respectfully request an order requiring Albritton to produce the following:

- Documents evidencing Eric Albritton's damages;
- Documents evidencing all of Albritton's new matters or clients since October 16, 2007, including but not limited to engagement letters concerning such clients and matters;
- Eric Albritton and the Albritton Law Firm's tax returns for 2002 through the present; and
- Annual and interim balance sheets, income statements, and statements of cash flows for the Albritton Law Firm for 2002 through the present.

Defendants also request such further relief to which they may be justly entitled.

5513306v.2

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

Counsel for Cisco has complied with the meet and confer requirement in Local Rule CV-7(h). On August 26, 2008, Charles L. Babcock, attorney in charge for Cisco Systems, Inc., sent a letter to Jamey Holmes, attorney in charge for Eric Albritton requesting the documents at issue in this Motion. On October 1, 2008, Charles L. Babcock, attorney in charge for Cisco Systems, Inc., and Jamey Holmes, attorney in charge for Eric Albritton, spoke via telephone regarding the document requests. Jamey Holmes advised that an agreement to produce the documents at issue could not be reached because it is Plaintiff's position that the requested documents are irrelevant. The parties came to an impasse, leaving an open issue for the court to resolve.

/s/ Charles L. Babcock
Charles L. Babcock
Attorney in Charge for Cisco Systems, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of May, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock