IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § | |
| | § | |
| | § | |
| v. | § | |
| | § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC. and | § | JURY |
| RICK FRENKEL | § | |

**CISCO SYSTEMS, INC.'S RESPONSE TO PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING
<u>DEFENDANTS' MOTION IN LIMINE NO. 1</u>**

TO THE HONORABLE DISTRICT JUDGE:

Rule 26 requires that "a party must, without awaiting a discovery request, provide… a <u>computation</u> of each <u>category</u> of damages claimed by the disclosing party…" FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added). In Albritton's own words from his unamended disclosure: "Plaintiff seeks **only** an appropriate award of damages for his **mental anguish** and **punitive damages** sufficient to deter Defendants from future misconduct."[1] For more than 11 months this disclosure has never been amended. This Court correctly ruled that Albritton may not introduce evidence of reputational damages because "Plaintiff's unamended initial disclosures explicitly limit recovery to damages for mental anguish and punitive damages."[2] Albritton cannot show "clear error" or "manifest injustice" (which is his burden[3]) to warrant a change in that well reasoned decision.[4] It would be error now to permit Albritton to claim reputational damages where he specifically disclaimed them in his disclosures. *See CQ, Inc. v. TXU Mining Co., L.P.*, 2009 WL 941498 at *9 (5th Cir. 2009) (affirming the granting of a motion in limine excluding damages that were not disclosed under Rule 26) (Exhibit B). The Motion should be denied.

First, Texas law on presumed damages does not show "clear error" or "manifest injustice" where, as here, the party has affirmatively disclaimed a "category" of such damages. *Id.* (noting Rule 26 requires disclosure of the "various categories of damages.")

Second, Albritton cannot show "clear error" or "manifest injustice" by mischaracterizing his disclosures. Albritton had two failures. One, he wholly failed to disclose a category of

---

[1] Exhibit A (emphasis added).
[2] Docket No. 258.
[3] Plaintiff only alleges "clear error of law or manifest injustice" as the basis for the Motion. (Motion at p. 1).
[4] A motion for reconsideration is "not a vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment but instead has a narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," *Baldwin v. Layton*, 300 F. Appx. 321, 323-24 (5th Cir.2008), which is what Albritton seeks to do here.

1

5516974v.2

damages: reputational damage.[5] Second, he also independently failed to offer a computation of such undisclosed damages[6] as he now admits.[7] Albritton sought "only" mental anguish and punitive damages; he never disclosed the category of reputational damages. Thus, Albritton cannot show "clear error" or "manifest injustice" because this Court correctly held that reputational damages were precluded and rejected the same arguments raised again.[8]

1. **The doctrine of presumed damages is irrelevant to Motion in Limine No. 1**

Whether Albritton would have been entitled to an instruction on presumed reputational damages if he had properly disclosed them is irrelevant; he failed to disclose reputational damages and refused discovery relating to them. Texas law is clear that a libel plaintiff "may waive injury to reputation as one of the elements of damage to be considered by the jury," whether the libel is *per se* or not. *Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 516 (Tex. App.—Tyler 1987, writ dismissed w.o.j.); *Outlet Co. v. International Sec. Group, Inc.*, 693 S.W.2d 621, 624 (Tex. App.—San Antonio 1985, writ refused n.r.e.). Indeed, in *Outlet*, the Court of Appeals affirmed a motion in limine excluding testimony regarding character or reputation because the plaintiff had waived, as Albritton "explicitly" did here, reputational damages. *Id*. Albritton therefore cannot show "clear error" or "manifest injustice."

Albritton is in error when he alleges that the jury "must" award reputational damages despite Albritton's failure to disclose any such "category" of damages. Indeed, the cases cited by Albritton did not involve a party who failed to disclose an element or "category" of damages. Despite Albritton's unsupported allegations and as *CQ, Inc.* makes clear, the Court properly granted Cisco's motion in limine excluding reputational damages. *CQ, Inc.*, 2009 WL 941498 at

---

[5] This was the subject of Cisco's Motion in Limine No. 2, which the Court.
[6] Exhibit A ("Plaintiff seeks only an appropriate award of damages for his mental anguish and punitive damages.")
[7] Motion at p. 3.
[8] *Baldwin*, 300 F. Appx. at 323-24.

*9. Moreover, this Court has refused Albritton's request to find the publication at issue libel *per se* (Cisco contends that it is not). Even if it was libel *per se*, the jury would be free to award no damages[9] or under Plaintiff's reasoning, a trifling $1.[10]

## 2. Case law regarding computation of damages is irrelevant to Motion in Limine No. 1

Albritton claims that his failure was simply to provide a <u>computation</u> of alleged reputational damages. He is plainly wrong. Rule 26 requires that the "category" of damages and a computation for those categories be disclosed. It is undisputed that Albritton did neither as to reputational damages. The Court's ruling on Motion in Limine No. 1 was <u>not</u> limited to Albritton's failure to provide a computation of damages[11], but also the failure to disclose that he sustained any reputational damages. Below is Plaintiff's **entire** damages disclosure, which has never been amended or supplemented:

### *COMPUTATION OF ANY CATEGORY OF DAMAGES*

1. Plaintiff does not seek any economic damages. Plaintiff seeks **only** an appropriate award of damages for his **mental anguish** and **punitive damages** sufficient to deter Defendants from future misconduct. The amounts of these awards are soundly in the discretion of the jury.

Plaintiff's cases relating to calculation of damages cannot hide that Albritton failed to disclose reputational damages as a <u>category</u> of damages. *See CQ, Inc.*, 2009 WL 941498 at *9. The Court correctly took Albritton at his word for the entire year the case has been pending—as did Cisco—and the <u>only</u> elements he sought are mental anguish and punitive damages.

## 3. Albritton cannot show that the order was "clear error" or "manifest injustice"

---

[9] *See Snead v. Redland Aggregates, Ltd.*, 998 F.2d 1325, 1331 (5th Cir. 1993) ("Even if the factfinder finds that the plaintiff's reputation was damaged, however, it may choose not to award presumed damages"); *Adolph Coors v. Rodriguez*, 780 S.W.2d 477, 488 (Tex.App.—Corpus Christi 1989, writ denied) ("[L]ibel per se... does not require the jury actually to find any amount of damages"); *Swate v. Schiffers*, 975 S.W.2d 70 (Tex.App.--San Antonio 1998, pet. denied).

[10] *Texas Disp. Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 584 (Tex. App.—Austin 2007, pet. denied).

[11] That was the subject of Motion in Limine No. 2.

As the Court properly held, Albritton is not entitled to introduce evidence of reputational harm because he failed to disclose the "category" and "computation" in his Rule 26 disclosures. FED. R. CIV. PRO. 37(c)(1) ("If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information... to supply evidence... at trial"). The only way to escape this consequence is to show that the failure was "substantially justified or is harmless." *Id.* The failure is not excusable where, as here, Albritton has offered no justification for his failure to amend his disclosures and the harm to Cisco is clear because of the close of discovery and proximity to trial. *See CQ, Inc.*, 2009 WL 941498 at *9 (evidence was properly excluded where "CQ has not offered any justification for its failure to disclose" and "given the advanced stage of the litigation, permitting the new evidence would not have been harmless.") Albritton has not shown justification or lack of harm in his response to the Motion in Limine, and he certainly cannot show that the Court's decision was "clear error" or "manifest injustice." *See id.* However, the effect of the ruling on him is irrelevant.[12] *Id.* (rejecting argument that exclusion of undisclosed damage category, though "clearly important to CQ," was an abuse of discretion).

Also irrelevant is Albritton's references to his pleading. At issue is a discovery obligation, not a pleading failure. Moreover, although Albritton alleged reputational harm he did not state that he was claiming reputational damages in his Complaint.[13] Texas law is clear that one can claim reputational harm yet seek no reputational damages. *Finklea*, 742 S.W.2d at 516. Here, Albritton disclaimed reputational damages as a category of damages in his disclosures.

---

[12] The Court's ruling does not change anything because now and throughout the case, Albritton was "only" claiming mental anguish and punitive damages. Moreover, there is no evidence of reputational damages. Nor does the ruling change Cisco's mediation position, contrary to Albritton's assertion, for these same reasons. Counsel for Cisco never claimed that the Court's ruling changed its mediation position.

[13] Motion at p. 5; Docket No. 17 (The Complaint also alleges other elements of harm that Albritton is not seeking damages for, such as "financial injury").

Nor did Albritton state in his deposition that he was seeking reputational damages.[14] Even when asked about reputational damages at his deposition, he never asserted reputational damages, only vaguely asserting his reputation was harmed. Cisco expressly advised Albritton in his deposition and in motions that his disclosure did not allege reputational damage, yet Albritton has never amended his damage disclosure.

Nor did Albritton produce witnesses to testify to harm to his reputation contrary to his claims.[15] Every one of the witnesses identified by Albritton in the Motion testified that they had **no** personal knowledge of any harm to Albritton's reputation.[16] None of these witnesses made Albritton's failure to disclose the category of reputational damages "substantially justified or harmless"; instead they confirmed the obvious: Albritton sustained no reputational damages.

Finally, Cisco will certainly be harmed if Albritton is permitted now to allege reputational damages since Cisco has been deprived of discovery relating to that claim, including discovery of Albritton's clients. The close of discovery and proximity to trial alone shows sufficient harm to warrant the exclusion. *CQ, Inc.*, 2009 WL 941498 at *9. As the Court correctly held, Plaintiff foreclosed his right to claim reputational damages by failing to disclose them. It would be error now to permit Albritton to allege the very damages he disclaimed in his disclosures, after all discovery and motion deadlines have passed and the parties are preparing for trial. *See CQ, Inc.*, 2009 WL 941498; *Edmonds v. Beneficial Mississippi, Inc.*, 212 Fed. Appx. 334, 338 (5th Cir. 2007) (affirming trial court's order excluding evidence that plaintiff failed to disclose).[17] The Court should deny the Motion.

---

[14] Motion at p. 5.
[15] Motion at p. 5.
[16] Exhibit C, Smith Deposition at 12:14-13:1, DeRieux Deposition at 8:15-10:4, Carroll Deposition at 6:4-7:21, Brucceleri Deposition at 21:5-22:5, Williams Deposition at 9:18-11:1, McAndrews Deposition at 81:5-9.
[17] *See also 24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F.Supp. 2d 305, 317-18 (S.D.N.Y. 2008) (precluding evidence on plaintiff's damages theory under Rule 37(c) because plaintiff failed to disclose existence of

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of May, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for John Ward, Jr.*

/s/ Charles L. Babcock
Charles L. Babcock

---

such damages or evidence of such damages); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) (affirming exclusion of lost profits theory of damages that was first introduced in a proposed pre-trial order).

5516974v.2      6