# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 6:08-CV-00089 |
| (1) CISCO SYSTEMS, INC., | § | |
| (2) RICHARD FRENKEL, a/k/a | § | |
| "TROLL TRACKER," | § | |
| (3) JOHN NOH and | § | |
| (4) MALLUN YEN, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO RECONSIDER ORDER DENYING CISCO'S MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS

## I. Introduction:

Cisco's "me too" motion argues that it if the Court grants Albritton's motion for reconsideration, it must also give Cisco some relief.[1] Cisco's proposed compromise conflates two distinct damages issues in an attempt to make it appear that the relief Albritton seeks is tied to the relief Cisco seeks. It is not. Both parties' motions for reconsideration concern damages, but Cisco's motion addresses damages not at issue in this case. Here, Albritton has limited his damages to *general* damages, including harm to reputation and mental anguish. Albritton's motion for reconsideration must be granted because he is seeking general damages under a theory of libel *per se*, which the law requires be submitted to the jury.[2] Cisco's motion for reconsideration must be denied because the documents it seeks can only possibly be relevant to specific lost profit damages, which Albritton has repeatedly stated he is not seeking to recover.

Albritton has already voluntarily given Defendant the compromise it demands by disclaiming recovery of specific damages, including lost profits. Because Albritton is not seeking to recover specific damages, his financial documents are not relevant. Moreover, Cisco has demanded Albritton's personal tax returns from as far back as 2002 and a complete medical waiver—the most private and intrusive discovery imaginable—all to rebut damages that are not at issue. When the Court weighs the lack of relevance with the overreaching and intrusive discovery Cisco demands, it should *again* reach the same conclusion as did Magistrate Judge Bush and deny (for the third time) Cisco's request for Albritton's private financial records.

## II. Legal Argument:

The documents Cisco seeks are not relevant to Albritton's claim for damages. Under Texas law, compensatory damages allowable for defamation are divided into two categories: general and specific. *See Peshak v. Greer*, 13 S.W.3d 421, 427 (Tex. App. Corpus Christi 2000).

---

[1] The Court gave the parties permission to file one motion for reconsideration. Plaintiff does not believe that Cisco complied with the spirit of the Court's Order which agreed to reconsider its *pretrial* rulings. Plaintiff does not believe the Court contemplated a motion for *re-reconsideration* aimed at reopening *discovery* and granting Cisco "further relief," which means taking additional depositions. *See* Motion at 5.

[2] The Court has already made that finding in this case. *See* D.E. 217 (summary judgment order) at 12.

1

General damages include compensation for "injury to character or reputation" and "mental anguish." *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002). A plaintiff may also elect to recover additional specific, "special damages" that flow from the libel including loss of earning capacity, *Peshak,* 13 S.W.3d at 427, loss of past and future income, *Shearson Lehman Hutton, Inc. v. Tucker,* 806 S.W.2d 914, 922 (Tex. App. – Corpus Christi 1991, writ dism'd), and loss of employment, *Houston Belt & Terminal Ry. v. Wherry,* 548 S.W.2d 743, 753 (Tex. App. Houston [1st Dist.] 1976, writ ref'd n.r.e.). Albritton has repeatedly told Cisco that he is ***not seeking specific damages***, lost-profit damages or any "special damages" in this case.[3]

Undeterred, Cisco brought a Motion to Compel. Magistrate Judge Bush denied Cisco's motion.[4] *See* D.E. 143. Judge Bush clearly understood the difference between the two types of damages that Cisco disingenuously links together in its motion. Judge Bush acknowledged that Albritton was seeking reputational damages but found that the documents Cisco seeks are not relevant (or are minimally relevant) because they concern only economic damages not claimed by Albritton. This Court affirmed Judge Bush's Order, finding that because Albritton "concedes that he is not seeking a loss of income" the documents Cisco seeks are not relevant. *See* D.E. 254. Now Cisco mischaracterizes the Court's Orders to suggest that it did not rule on all of the documents Cisco sought from Albritton. *See* Motion at 2. Cisco is mistaken. In the underlying motion and in Cisco's first motion for reconsideration, the parties extensively briefed the same issues raised here, including all the overly broad and sensitive documents Cisco sought from Albritton. *See* D.E. Nos. 55, 74, 76, 78, 152, 184, 200 & 224. Cisco's motion was denied in its ***entirety***. *See* D.E. 143. The Court understood that Albritton relinquished his claim to economic damages, concluded that the relevance of the documents that Cisco seeks is minimal (at best), and correctly ruled that Cisco's request implicated serious privacy considerations that overrode

---

[3] Cisco argues that Albritton is trying to shield documents from discovery because he has suffered no damages. *See* Motion at 2. Because Albritton is ***not** claiming specific lost profit* damages, he did not produce privileged and personal documents that are only relevant to special damages.

[4] Judge Bush denied Cisco's motion because the documents were not relevant to general damages. The Court's Order was not premised on a finding of defamation *per se*. The Court's Order applies whether or not the jury finds defamation *per se* because in either case Albritton will be limited to recovering general damages.

Cisco's tenuous claims of relevance. *See* D.E. 143; D.E. 254. Nothing in Cisco's motion for re-reconsideration undermines the Court's two prior Orders.

Cisco's motion for re-reconsideration makes five general arguments that are no different than those it has already argued twice and lost.

First, Cisco argues that that the Supreme Court's holding in *Gertz v. Welch*, 418 U.S. 323, 348-49 (1974)[5] requires that Albritton produce the documents Cisco seeks because Albritton is required to prove "actual injury." *See* Motion at 3. Far from undermining Plaintiff's position, *Gertz* supports Plaintiff's argument as demonstrated in the following passage:

> "suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. . .[T]here need be no evidence which assigns an actual dollar value to the jury."

*Id.* at 349. Albritton need not prove that he suffered economic losses to prevail at trial or to recover damages as a result of Defendants' tortious conduct, and he has not sought to do so here.

Second, Cisco argues that it has been denied any discovery regarding Albritton's reputation. *See* Motion at 1, 4-5. Cisco ignores the six reputational witnesses it deposed and the depositions that it took of Albritton and his wife wherein Cisco asked questions aimed at demonstrating that Albritton's reputation had not been harmed. Cisco has had ample discovery on that point. To the extent that Cisco complains because it does not have financial information for Albritton's law practice, those documents are not relevant because Albritton has not sought lost-profit damages. Moreover, Cisco cannot obtain Albritton's tax returns unless it demonstrates a "compelling need" for those documents; a showing Cisco has not and cannot make. *See Walker v. Rent-a-Center, Inc.*, No 5:02-cv-3, 2006 U.S. Dist. LEXIS 72232, at *4 (E.D. Tex. Oct. 3, 2006), attached hereto as Exh. 1. Cisco's relevance argument is far too tenuous to warrant production of Albritton's privileged tax returns, sensitive financial data, and documents disclosing his confidential and proprietary business information. Not only are lost profits not at issue in this case, but increases or decreases in Albritton's revenue can result for a

---

[5] *Gertz* held that states may define the applicable standard of fault necessary to support damages. 418 U.S. at 347.

myriad of reasons unrelated to Cisco's libelous posts. Thus, Albritton's tax returns and related financial information will provide no additional relevant information.[6]

Even if Cisco were allowed to introduce evidence of Albritton's business success it can obtain the minimal evidence its needs from other, less harassing sources. If Cisco seeks to introduce irrelevant evidence that Albritton's income has not declined in the years following the Troll Tracker posts, it need only ask Albritton that question when he testifies at trial. Albritton has already told Cisco that he cannot identify any lost employment or income attributable to Defendants' conduct.[7] Albritton offered to stipulate to that fact, but Cisco refused his offer. To the extent Cisco needs a list of cases for which Albritton serves as counsel, it has it. Cisco has a list of cases in which Albritton has made an appearance and it produced that list in this case. Thus, it has the information it claims it can only get by forcing Albritton to produce his proprietary and trade secret client lists. Information about cases where Albritton has not made a public appearance implicate attorney-client privileged information to which Cisco is not entitled, especially where, as here, Cisco cannot demonstrate relevance or need.

Third, Cisco argues that if the jury were to find the articles *per se* defamatory, Cisco is entitled to rebut the presumed harm to Albritton's reputation. *See* Motion at 2-4. Cisco's argument mirrors one made (and lost) before Judge Bush wherein Cisco attempted to use the exceedingly rare "libel proof plaintiff" doctrine as a hook by which to create a relevance argument. *See* D.E. 78 at 2-3. Albritton cited cases demonstrating that Cisco was wrong and that there is no right to rebut presumed damages. *See id.* Contrary to Cisco's argument, the presumption of presumed reputational damages is not rebuttable. *See Mustang Ath. Corp. v. Monroe*, 137 S.W.3d 336, 338 (Tex. App. Beaumont 2004, no pet.). In arguing to the contrary now, Cisco's has jettisoned the libel-proof plaintiff cases it cited to Judge Bush (which were not

---

[6] Cisco's citation to *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) does nothing to support its argument. *LeGrand* concerns broad ***post-judgment discovery*** under Fed. R. Civ. P. 69(a) but it does not address pre-trial discovery under Fed. R. Civ. P. 26. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 n.2 (N.D. Tex. 2005) (finding that the holding in *LeGrand* is limited to post-judgment discovery).
[7] What Albritton makes is not probative evidence of any issue in this case. Any documents obtained by Cisco would likely be inadmissible under Fed. R. Evid. 403.

credible) for new citations[8] to that argue the same lost cause. Nothing raised in Cisco's motion for re-reconsideration or in its new cases undermines the Court's prior Orders. *See* Motion at 3.

Fourth, Cisco argues it must have Albritton's financial documents so that it can argue to the jury that it should award him zero damages. Cisco cites *Snead v. Redlands Aggregates Ltd.*, 998 F.2d 1325, 1331 (5th Cir. 1993) in support of its position. Cisco's argument is demonstratively wrong. If the jury finds that the Troll Tracker's accusations are defamatory *per se*, harm to Albritton's reputation is presumed and the jury must award at least nominal general damages. *See Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 584, n. 22 (Tex. App. Austin 2007) (expressly holding that if *Snead* can be read to permit zero presumed damages, it is wrong).[9] Even if the jury were to reject Plaintiff's *per se* defamation claim the documents Cisco seeks are not relevant to Albritton's claim for *general* damages that can be proven at trial through his testimony alone.[10] None of the issues to be resolved by the jury will turn the general damages at issue in this case into specific damages that are not.

Fifth, Cisco argues that because it has pleaded mitigation pursuant to § 73.003 of the Tex. Civ. Prac. & Rem. Code, it is entitled to documents showing Albritton has not "suffered the damages he alleges." *See* Motion at 4. Again, because Albritton does not seek to recover lost profit or other special damages, Cisco need not introduce evidence showing mitigation of those unclaimed damages. Cisco's citation to Tex. Civ. Prac. Rem. Code §73.001 does nothing to change that result. That section defines what statements may be defamatory. *See id.* It does not, as insinuated by Cisco, control what damages are recoverable upon a finding of defamation.

### III.   Conclusion:

Albritton respectfully requests that Cisco's motion for re-reconsideration be DENIED.

---

[8] Cisco cites *Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 517 (Tex. App.—Tyler 1988, writ dismissed) and *McBride v. New Braunfels Herald-Zeitung*, 894 S.W.2d 6, 10 (Tex. App.—Austin 1994, writ denied). Those cases involved the "libel proof plaintiff" doctrine and do not apply in this case where there is no evidence that Albritton has engaged in criminal behavior in the past. *See McBride*, 894 S.W.2d at 10. The only time Albritton has ever been accused of a crime was by Defendants in this case.

[9] In the *Texas Disposal* case, Cisco's counsel, Mr. Babcock, represented the Defendants at trial and on appeal and undoubtedly knows that the *Texas Disposal* Court specifically distinguished *Snead* on this point.

[10] Albritton need only offer his own testimony at trial to prove his damages. *See Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 (5th Cir. 2000); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

5

Respectfully submitted,

_____
Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard – P.O. Box5398
Texarkana, Texas 7550505398
(903) 792-7080

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
California Bar No. 206440
5901 Christie Ave., Suite 201
Emeryville, California 94608
Telephone: 510.268.8033

James A. Holmes
Texas Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, P.C.
635 South Main, Suite 203
Henderson, Texas 75654
903.657.2800 / 903.657.2855 (Fax)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 26th day of May, 2009.

_____
Nicholas H. Patton