IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERIC M. ALBRITTON           §
                                       §

V.                            §         CASE NO. 6:08CV89
                                       §

CISCO SYSTEMS, INC., ET AL    §

## MOTION TO QUASH TRIAL SUBPOENAS TO NON PARTY WITNESSES
## BART SHOWALTER, KURT PANKRATZ, AND JILLIAN POWELL

TO THE HONORABLE DISTRICT JUDGE:

Bart Showalter ("Showalter"), Kurt Pankratz ("Pankratz"), and Jillian Powell ("Powell") respectfully move to quash the trial subpoenas issued which would require them to attend trial in this case beginning September 14, 2009, in Tyler, Texas (Exhibits 1-3 attached), and as grounds would show the following:

1.      Showalter and Pankratz are partners in the firm of Baker Botts L.L.P. ("Baker Botts") with offices in Dallas, Texas. Powell is a legal assistant employed by that firm in Dallas. Subpoenas have been issued requiring their attendance at the trial of this case on September 14, 2009, in Tyler, 98 miles from the firm's Dallas office. Showalter is the firm-wide head of Baker Botts' IP Department consisting of approximately 145 lawyers in offices in Texas, Washington, New York, and California. Pankratz is a partner in that department. Powell is a legal assistant assigned to the department.

2.      These witnesses were previously noticed and subpoenaed for oral depositions in this case. Mutually convenient times for the depositions were agreed between counsel. After taking the depositions of Doug Kubehl (another Dallas based Baker Botts IP partner) and Pankratz at the Baker Botts Dallas office, and after Baker Botts had produced pursuant to plaintiff's request numerous emails as to which Cisco and plaintiff entered into a

Dockets.Justia.com

limited privilege waiver, counsel for the plaintiff advised at the end of the Pankratz deposition on November 24, 2008, that he did not wish to pursue taking the depositions of Showalter and Powell. Months later, counsel for the plaintiff did pursue the taking of Powell's deposition in the related Ward v. Cisco case pending in federal court in Arkansas.

3.    Powell is currently nursing a six month old baby. Requiring her to come to Tyler for trial would impose a manifest and highly unfair hardship. Consider the logistical and emotional issues posed by her and her baby having to drive to Tyler (from her home in Wylie more than 100 miles from the Tyler courthouse) with a nursing child, wait at Court to be called as a witness while having to care for her baby, having her on the witness stand when the child might well need to be nursed, and then driving back to home in Wylie with a nursing child. Such hardships need not be imposed on Powell and her child. As noted above, counsel for Albritton in this case took Powell's deposition in the Ward v. Cisco case, a case raising issues of fact and law identical to this case. Counsel for Cisco has advised that he does not object to the use in this case of Powell's deposition taken in Ward v. Cisco. Thus, in balancing the equities between the hardship to Powell and her baby against plaintiff's claimed need for Powell's testimony, the Court can strike a balance that gives plaintiff the testimony without imposing a hardship on Powell and her baby.

4.    As to Showalter, if counsel for the plaintiff did not need his oral deposition when Showalter was available for deposition at a convenient time and place, he should not need his testimony at trial. Having voluntarily withdrawn his deposition notices last Fall, he should not now be permitted to subpoena Showalter for trial at an inconvenient time and place. Requiring his attendance at trial would be burdensome on Baker Botts and Showalter. Showalter has significant ongoing responsibilities for administering a large department in the law

firm, and he maintains an active practice for clients of the firm. The few hundred dollars of witness fees and mileage costs tendered with the subpoena would not begin to compensate for the lost time of this key partner.

5.	As to Pankratz, he like Showalter is a busy lawyer whose practice requires him to travel frequently. During the week following the scheduled beginning of trial, he is scheduled to be in California. His deposition has been taken in this case. Counsel for Cisco will not object to the use of his deposition at trial as trial testimony. There is no reason to inconvenience Pankratz and burden the firm with requiring him to come to Tyler to testify when his testimony by deposition is available.

6.	Upon the service of these subpoenas, undersigned counsel for the firm and the witnesses contacted plaintiff's counsel seeking to reach agreement to avoid the filing of this motion and the burden on the firm and the witnesses of complying with the subpoena. Inquiry was made as to what evidence was sought from these witnesses, and no explanation given. Undersigned requested an explanation of why counsel for the plaintiff decided not to take the deposition of Showalter when he was available to be deposed at the firm's offices in Dallas but now is somehow needed for trial. No explanation was offered. Previously, when these witnesses were subpoened for trial in April, undersigned counsel offered to attempt to work out a stipulation of facts which would be developed from these witnesses in any trial testimony, but counsel for plaintiff refused to attempt to work out such a stipulation. The dialogue between undersigned counsel and counsel for the plaintiff is reflected in email exchanges during the weeks of February 2 and 9 and in July and will be provided if the Court requests documentation of these efforts to seek an accommodation. This email dialogue complies with the "meet and confer" requirements of the rules.

WHEREFORE, PREMISES CONSIDERED, Showalter, Pankratz, and Powell move as follows:

1.      That all of the subpoenas issued for them to be in attendance at trial be quashed; or

2.      In the alternative, that the subpoenas issued for Showalter and Powell be quashed because counsel for the plaintiff previously withdrew his notice and subpoenas for their oral depositions in this case; and that the subpoenas issued for Powell and Pankratz be quashed because, with leave of court, their oral deposition testimony can be used without the burden of their attending trial; or

3.      In the alternative, that the subpoena issued for Powell be quashed because of the personal hardship of requiring her to attend trial in Tyler; or

4.      In the alternative, that plaintiff compensate Baker Botts for the time of any witnesses from the firm who are required to attend trial at the standard billing rates for such witnesses; and

5.      For such other relief as the Court in fairness deems appropriate in this situation.

Respectfully submitted,

BAKER BOTTS L.L.P.


By /s/ Joseph D. Cheavens
      Joseph D. Cheavens
      State Bar No. 04170000
      910 Louisiana
      Houston, Texas 77002
      713.229.1250 (telephone)
      713.229.1522 (facsimile)
      joseph.cheavens@bakerbotts.com

      ATTORNEYS FOR
      BART SHOWALTER, KURT PANKRATZ, AND
      JILLIAN POWELL


## CERTIFICATE OF CONFERENCE

Undersigned counsel has conferred with counsel for the plaintiff to seek his agreement to withdraw these subpoenas, and no agreement was reached.


      /s/ Joseph D. Cheavens
      Joseph D. Cheavens


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Eastern District of Texas on this, the 21st day of July, 2009, which provides for service on counsel of record in accordance with the electronic filing protocols in place.


      /s/ Joseph D. Cheavens
      Joseph D. Cheavens