IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:08-CV-89 |
| | § | |
| CISCO SYSTEMS, INC. and | § | |
| RICHARD FRENKEL, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO QUASH TRIAL SUBPOENAS TO NON-PARTY WITNESSES BART SHOWALTER, KURT PANKRATZ AND JILLIAN POWELL**

Pending before the court is a "Motion to Quash Trial Subpoenas to Non-Party Witnesses Bart Showalter, Kurt Pankratz and Jillian Powell" (docket entry #272) filed on July 21, 2009. Having considered the motion and the Plaintiff's response in opposition thereto, the court finds that the motion should be **DENIED**.

Bart Showalter ("Showalter") and Kurt Pankratz ("Pankratz") are partners at the law firm of Baker Botts L.L.P. Both Showalter and Pankratz indicate that as busy attorneys, attendance at the trial of this cause would be an inconvenience. Further, since Pankratz's deposition was taken in this case, Pankratz argues that he should not be required to appear at trial. The court finds Showalter and Pankratz's arguments to lack merit. The court is unaware of any authority for the proposition that mere inconvenience, which falls short of "undue burden" under FED. R. CIV. P. 45(c)(3)(A)(iv), is grounds to excuse a witness from testifying in person at trial where that witness is within subpoena range. Accordingly, as to Showalter and Pankratz, the motion to quash is denied.

Jillian Powell ("Powell") is a legal assistant at the law firm of Baker Botts L.L.P. Powell

argues that she should not be required to appear at the trial of this cause because she was deposed in the related lawsuit, *Ward v. Cisco Systems, Inc.*, 4:08-cv-4022, currently pending in the United States District Court for the Western District of Arkansas.  Additionally, Powell is currently nursing a six month old baby and would be inconvenienced if she was required to appear at the trial of this cause.  While the court is sympathetic to Powell's concerns, it is the court's understanding that Powell has returned to work.  If Powell is able to return to work, she should be able to appear as a witness.  As such, Powell shall appear at trial.  Based on the foregoing, the "Motion to Quash Trial Subpoenas to Non-Party Witnesses Bart Showalter, Kurt Pankratz and Jillian Powell" (docket entry #272) is **DENIED**.

    IT IS SO ORDERED.

    **SIGNED this the 14th day of August, 2009.**

    _____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE