# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ERIC M. ALBRITTON,** | § | |
| | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | No. 6:08cv00089 |
| | § | |
| **CISCO SYSTEMS, INC. and RICHARD FRENKEL** | § | |
| | § | |
| | § | |
|     **Defendant** | § | |

## AMENDED JOINT FINAL PRE-TRIAL ORDER

This case came before the Court at a pre-trial conference pursuant to the Court's Amended Scheduling Order, after which the Court ordered the parties to amend the Joint Final Pre-Trial Order to be consistent with the Court's rulings. While the Court has ruled on most of the issues in the initial Joint Final Pre-Trial Order, some issues remain. For those matters, the parties' positions are separately indicated below:

**A.   COUNSEL FOR THE PARTIES**

Plaintiff:

Nicholas H. Patton (SBN 15631000)
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

James A. Holmes (SBN 00784290)
The Law Offices of James Holmes, P.C.
605 South Main, Suite 203
Henderson, TX 75657
903.657.2800 / 903.657.2855 (Fax)

Patricia L. Peden
Law Office of Patricia L. Peden
1316 67th Street
Emeryville, California 94608
Telephone: 510-268-8033

Defendants:

Charles L. Babcock
Federal Bar No. 10982
Crystal Parker
Federal Bar No. 621142

George McWilliams
TX Bar No. 13877000
George L. McWilliams, P.C.
406 Walnut

| 1401 McKinney | P.O. Box 5398 |
| Suite 1900 | Texarkana, TX 75504-0058 |
| Houston, Texas 77010 | 903.277.0098 / 870.773.2967 (Fax) |
| 713.752.4200 / 713.752.4221 (Fax) | |

**B.  STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332, in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Defendants Cisco and Frenkel are subject to personal jurisdiction in this Court.

**C.  NATURE OF ACTION**

This case presents a cause of action for defamation.

**D.  CONTENTIONS OF THE PARTIES**

**Plaintiff's Contentions**

Albritton contends that in three internet blog posts dated October 17, 2007 and October 18, 2007 (one of which was posted on October 19, 2007), Defendants Cisco and Frenkel published statements about Eric Albritton that are false and defamatory.  Albritton contends that other Cisco employees, including Mallun Yen and John Noh, were acting as agents of Cisco with respect to the publication of the articles at issue and that they directed, advised, encouraged, ratified, adopted and aided and abetted Defendants' tortious conduct.  Albritton contends that the articles published by Defendants accused him of conspiring with the Eastern District of Texas court clerk to alter governmental records to create subject matter jurisdiction where none otherwise existed to benefit his client at Cisco's expense.  Albritton contends that the articles accuse him of engaging in criminal and unethical conduct and are defamatory *per se*.  Albritton also contends that the articles at issue accuse him of criminal and unethical conduct by omitting or juxtaposing material facts, which conveying a substantially false and *per se* defamatory impression of Albritton.

Albritton contends that the statements made in Defendants' articles are false statements of fact that are not true and are not substantially true.  Instead, Albritton contends that the

statements contained in the articles at issue are false and that they create a false and defamatory impression of him. He asserts that Defendants' statements tend to injury him in his trade or profession as an attorney at law. Albritton contends that Defendants acted with [insert the required degree of fault (common law or negligence)][1] in defaming him and that Defendants' statements are not privileged.

Albritton contends that Defendant Cisco is liable for Frenkel's posts because Cisco has admitted that Frenkel acted within the course and scope of his employment at Cisco when he posted the articles about Albritton. Albritton contends that Defendants Yen and Noh are liable for defamation because they each individually disseminated the articles and because they acted in concert with Defendants Cisco and Frenkel by directing, advising, encouraging, ratifying, adopting, and aiding and abetting Cisco and Frenkel's tortious conduct.

Albritton contends that he has been damaged by the Defendants' false and defamatory allegations about him and that Albritton is entitled to recover damages from Defendants in an amount to be determined by proof at trial. Albritton says that he had a right to respond to Defendants' public accusations about him and doing so did not contribute to the harm caused by Defendants accusations that had already been publically disseminated. Albritton contends that defendants' mitigation of damages defense is improper where the damages at issue do not include reputational harm but instead have been limited by the Court to mental anguish damages. Albritton also contends that Defendants have neither properly disclosed nor produced evidence of their failure-to-mitigate theory. Albritton also contends that Defendants acted with malice and their conduct collectively and individually merits the award of punitive damages.[2]

---

1 Albritton contends that because he is a private figure and the articles at issue concern a matter of private concern, the Constitution imposes no minimum standard of fault in this case. Albritton contends that the Court's Order found both that Albritton is a private figure and that the articles at issue are not a matter of public concern. Alternatively, Albritton contends that because the court has already ruled that he is a private figure, the applicable standard of fault is negligence.

2 Albritton contends that because he is a private figure and the articles at issue are a matter of private concern the Constitution imposes no restrictions on his damages.

**Defendants' Contentions**

Defendants contend that there was nothing false or defamatory about the articles and that they did not accuse Plaintiff of engaging in criminal or unethical conduct. Defendants contend that the articles did not injure Plaintiff in his trade or profession as an attorney at law and that he has suffered no damages at all. Further, Defendants Yen and Noh say they had nothing to do with the writing, editing or publishing of the articles as the articles were solely written and published by Frenkel. Moreover, Defendants contend that the Court has already found as a matter of law, by summary judgment ruling, that Yen and Noh's actions are not actionable by Plaintiff and that they have no liability to Plaintiff.[3]

Defendants contend that the articles at issue were published without negligence and without "actual malice" that is, none of the Defendants published anything they knew to be false nor did they, in fact, entertain any serious doubt about the truth of the articles.[4] The Defendants assert that the Plaintiff has suffered no compensable mental anguish and is not entitled to punitive damages. The Defendants say that Plaintiff failed to mitigate his damages, if any, and that his own acts caused or contributed to his damages, if any. Finally, Defendants say that there are factors mitigating plaintiff's damages, if any, and that the articles are privileged.

**E. STIPULATIONS AND UNCONTESTED FACTS**

1. Plaintiff Albritton is an attorney who has been licensed to practice law since November 4, 1994.
2. Throughout his professional career, Albritton has enjoyed a sterling reputation for ethical and responsible legal representation of his clients.
3. Albritton's law license has never been suspended or revoked for any reason.

---

[3] Defendants contend that the Court has already ruled that Noh and Yen's conduct is not actionable and that under Texas law, if the underlying claim against the defendant fails, the vicarious liability claim also fails with respect to that defendant. Plaintiff disagrees.

[4] Defendants contend that the Court has not ruled on whether the articles at issue are about a matter of public concern. Defendants further contend that the articles at issue do involve a matter of public concern.

4. Defendant Frenkel was employed by Cisco as one of its Directors, Intellectual Property—Consumer & Emerging Technologies.

5. Frenkel is no longer employed at Cisco.

6. Frenkel published the Troll Tracker Blog.

7. On October 17, 2007 Richard Frenkel published the internet post or article attached as Ex. A to this Pretrial Order.

8. On October 18, 2007 Richard Frenkel published the internet post or article attached as Ex. B to this Pretrial Order.

9. On October 19, 2007 Richard Frenkel published the internet post or article (an amended version of the October 18, 2007 post or article) attached as Ex. C to this Pretrial Order.

10. Frenkel posted the October 17 and both versions of the October 18 articles or posts while operating within the course and scope of his employment at Cisco.

11. On November 7, 2007 Richard Frenkel published the internet post or article attached as Ex. D to this Pretrial Order.

12. Defendant Mallun Yen is employed by Cisco as Vice President, Worldwide Intellectual Property.

13. Mallun Yen has been employed by Cisco at all times between the dates of October 15, 2007 and March 6, 2008.

14. Mallun Yen is still employed by Cisco.

15. Defendant John Noh was employed by Cisco as one of Cisco's Senior Public Relations Managers.

16. John Noh was employed by Cisco at all times between the dates of October 15, 2007 and March 6, 2008.

17. John Noh is no longer employed at Cisco.

18. Albritton and others filed a patent infringement suit against Cisco on behalf of ESN, LLC.

19. The patent asserted by ESN against Cisco issued on October 16, 2007.

20. ESN sued Cisco for patent infringement

21. Eric Albritton, Peter McAndrews and John Ward, Jr. were counsel for ESN in the ESN v. Cisco Litigation.

22. Cisco was served a copy of the ESN complaint and the ESN Amended Complaint.[5] The Notice of Electronic Filing of the Complaint contains the words "entered on 10/16/2007 at 0:01 AM CDT" and "Filed 10/15/07."

23. Cisco filed a declaratory judgment action in the District of Connecticut on October 16, 2007 at 11:32 a.m. Eastern.

24. Albritton assisted ESN in filing an Amended Complaint, which was only changed to state that it was attaching the patent as an exhibit.

25. Albritton is not claiming lost wages or economic damages as a result of the articles at issue.[6]

26. Cisco has been a plaintiff in cases filed in the Eastern District of Texas, including a case it filed against Huawei Technologies Co. Ltd.

## F.     PREVIOUS STIPULATIONS OF UNCONTESTED FACTS

In the parties' prior pretrial order, Plaintiff stipulated to facts that Plaintiff believes are no longer relevant in light of the Court's pretrial ruling eliminating Plaintiff's right to recover reputational damages. Defendants disagree, believing the following facts may be relevant to Plaintiff's mental anguish damages. Those facts are as follows:

1. Plaintiff Albritton has developed a successful law practice, including representation of clients in intellectual property disputes in the Eastern District of Texas.

2. Albritton's family thinks no differently of him because of the Articles.

---

[5] Defendants agree not to not to dispute this at trial but do not agree that the evidence supports this stipulation. Further, Defendants enter into this stipulation with respect to this case only and not any other case.
[6] Albritton does not intend this stipulation of fact to mean that he has not incurred damages, a fact he cannot know. Rather, Albritton is not seeking to recover in this case damages for lost wages or economic damages.

3. Since the Articles were published, Albritton has been appointed to the Local Rules Committee by Judge Davis in the Eastern District of Texas.

4. Eric Albritton is currently a member of the Inns of Court in the Eastern District of Texas.

## G.  CONTESTED ISSUES OF FACT AND LAW

### Contested Issues of Fact

1. Were the articles at issue or any statement therein statements of fact as opposed to opinion, rhetoric or hyperbole?

2. Were the articles at issue defamatory?

3. Were the articles at issue or any statements therein defamatory per se?

4. Were the articles at issue or any statements therein defamatory or defamatory per se by creating a false and defamatory impression by juxtaposition or omission?

5. Were the articles at issue or any statement therein of and concerning Albritton?

6. Were the articles at issue or any statements therein substantially true or materially false?[7]

7. Did the Defendants publish the articles at issue with the requisite degree of fault?

8. Whether or not the alleged conduct by Cisco's employees is attributable to Cisco for purposes of determining fault

9. Did Albritton suffer compensable mental anguish proximately caused by the articles at issue and if so, how much?[8]

10. Is Albritton entitled to recover punitive damages, and if so, how much?[9]

---

[7] Plaintiff contends that Defendants must prove that the statements at issue are false, and there is no need to show material falsity. Defendants contend that the Plaintiff must prove that the statements at issue are materially false.
[8] Plaintiff contends that he is also entitled as a matter of law to submit the issue of reputational damages to the jury. Plaintiff understands the Court has already ruled on this issue and includes this footnote to preserve the issue for appeal.
[9] Defendants contend that Plaintiff is only entitled to punitive damages upon a finding of Chapter 41 "malice" and Constitutional actual malice. Plaintiff's disagree and contend that constitutional actual malice is not required.

11. Whether or not the alleged conduct by Cisco's employees is attributable to Cisco for purposes of punitive damages.

12. Whether or not Defendants acted with fraud[10], malice, or gross misconduct under Chapter 41 of the Texas Civil Practices and Remedies Code in publishing the articles at issue.

13. Are the articles at issue or any statements therein privileged, and if so has Cisco acted with the requisite degree of intent to waive any such privilege?[11]

14. Is Albritton required to mitigate his damages and if so did he fail to mitigate his alleged damages, if any?[12]

**Contested Issues of Law**

1. Is Albritton is a private or public figure.[13] Are the articles at issue a matter of private or public concern?[14]

2. Are Defendants entitled to First Amendment protection?

3. Do Defendants bear the burden of proving the articles at issues are true or substantially true or does the Plaintiff bear the burden of proving material falsity?

4. What is the applicable standard of fault: common law principles, negligence, or actual malice? Is the jury entitled to consider whether Cisco employees, including Mallun Yen and John Noh, were acting as agents of Cisco with respect to the publication of the articles at issue when determining the issue of Cisco's fault?

---

10 Defendants contend that Plaintiff is not entitled to submit the issue of fraud to the jury for purposes of damages because it has never been plead or alleged and Defendants have had no opportunity to conduct discovery of any alleged fraud.
11 Defendants contend that Plaintiff is not entitled to argue waiver of privilege because it has not been plead and because Defendants have had no opportunity to conduct discovery regarding any alleged waiver.
12 Plaintiff contends that Defendants have not adequately pleaded mitigation.
13 Cisco contends that Albritton is a public figure but respects the Court's order. This issue is included for appellate purposes only.
14 Plaintiff disputes that this issue of law is contested. Plaintiff believes the Court already ruled in this Summary Judgment Order that the articles at issue involve a matter of private concern. Defendants disagree.

4. Are the articles at issue per se defamatory?[15]

5. Should the liability theory of per se defamatory impression by omission or juxtaposing of material facts be permitted?

6. Do Defendants bear the burden of proving the articles at issue are true or substantially true or does the Plaintiff bear the burden of proving falsity, and does that burden include proving material falsity? Is some of the language in the articles at issue actionable as verifiable false statements of fact or is some of the language at issue is nonactionable rhetoric, hyperbole or opinion?[16]

7. Were the statements at issue invited by Plaintiff?[17]

8. Is Plaintiff entitled to presumed damages?[18]

9. Whether or not the Court erred in finding that Albritton is not entitled to presumed reputational damages if the jury finds defamation per se.[19]

10. Are punitive damages available for the violation of a statute?[20]

11. Is any award of punitive damages capped under Texas law?

12. Whether or not the award of damages (actual and/or punitive) is Constitutional or Unconstitutional under the United States Constitution or the Texas Constitution. Whether or not the single publication rule applies with respect to publication and damages.

13. Whether Defendants have sufficiently disclosed and produced evidence of their failure-to-mitigate theory, and whether they are entitled to raise that defense at trial.

14. Whether or not Plaintiff's damages, if any, are mitigated by factors under § 73.003 of the Texas Civil Practices and Remedies Code?

---

15 The court has decided to give this issue to the jury for resolution. This is presented to preserve this issue for appeal.
16 This is presented to preserve this issue for appeal.
17 Plaintiff objects to this statement of contested law as lacking the specificity required to put Plaintiff on notice of Defendants' claims.
18 This is included here for purposes of the appellate record.
19 See *id.*
20 Plaintiff objects to this statement of contested law as lacking the specificity required to put Plaintiff on notice of defendants' claims.

To the extent any issue of law should be an issue of fact, it should be so considered, and to the extent any issue of fact should be an issue of law, it should be so considered.

**H.      LIST OF EXHIBITS**

1. Plaintiff's First Amended Exhibit List is attached as Ex. E. Those exhibits for which Plaintiff requests a ruling in advance of trial are identified in Ex. E. For the remaining exhibits, Plaintiff will ask the Court for a ruling prior to using them at trial. Plaintiff's First Amended Exhibit List includes Defendants' remaining objections to Plaintiff's exhibits after the parties conducted a meet and confer to reduce objections to exhibits

2. Defendant's First Amended Exhibit List is attached as Ex. F. Those exhibits for which Defendant requests a ruling in advance of trial are identified in Ex. F. For the remaining exhibits, Defendant will ask the Court for a ruling prior to using them at trial. Defendants' First Amended Exhibit List includes Plaintiff's remaining objections to Plaintiff's exhibits after the parties conducted a meet and confer to reduce objections to exhibits.

**I.       LIST OF DEPOSITION DESIGNATIONS**

1. Plaintiff's Witness List and Deposition Designations, including cross designations, are attached as Ex. G. Those designations for which Plaintiff requests a ruling in advance of trial are identified in Ex. G. For the remaining designations, Plaintiff will ask the Court for a ruling prior to using them at trial.

2. Defendants' Objections to Plaintiff's Deposition Designations are attached as Exhibit H. Those objections for which Defendants request a ruling in advance of trial are identified in Exhibit H.

3. Defendants' Witness List and Deposition Designations, including cross designations, are attached as Ex. I. Defendants do not request a ruling in advance of trial regarding any of these designations.

4. Plaintiff's Objections to Defendants' Deposition Designation are attached as Exhibit J.

**J.      LIST OF ANY PENDING MOTIONS**

   Defendants believe there is one motion pending before the Court.

   1.   Motion to Strike Portions of Joint Pre-Trial Order (DE # _____253) (The only issue that remains is Defendants' motion to strike the claim for defamation by omission or juxtaposition *per se* because the other issues have been addressed in connection with other motions that have been ruled on by the Court.

        Plaintiff believes that Defendants' Motion to Strike the Portions of Joint Pre-Trial Order D.E. 253 is moot, and that any outstanding issues can be addressed in the context of the charge to the jury.

**J.      PROBABLE LENGTH OF TRIAL**

   The probable length of trial is 18 hours per side.

**K.      MANAGEMENT CONFERENCE LIMITATIONS**

   The court's scheduling order provides that documents produced by a party under disclosure requirements or any other method of discovery in this case are presumed to have satisfied the authentication requirement of Fed. R. Evid. 901. *See* Docket Entry No. 6 at 5.

**L.      CERTIFICATIONS**

   The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

   1.   Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

   2.   Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

   4.   Each exhibit in the List of Exhibits herein:
        a. Is in existence;
        b. Is numbered; and
        c. Has been disclosed and shown to opposing counsel.

APPROVED AS TO FORM AND SUBSTANCE:

*/s/ Nicholas H. Patton*
Attorneys for Plaintiffs

*/s/ Charles L. Babcock*
Attorney for Defendants

This Joint Final Pre-Trial Order is hereby approved this _____ day of _____, 2009.