IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC M. ALBRITTON | § § § | |
| v. | § § | C. A. NO. 6:08-CV-00089 |
| CISCO SYSTEMS, INC., and RICK FRENKEL | § § § | JURY |

## CISCO SYSTEM INC., MARK CHANDER AND MALLUN YEN'S MOTION FOR PROTECTION AND TO QUASH TRIAL SUBPOENAS OF MARK CHANDLER AND MALLUN YEN

TO THE HONORABLE COURT:

Defendant Cisco Systems, Inc. and Movants Mark Chandler and Mallun Yen[1] present this Motion for Protection and Motion to Quash the Trial Subpoenas of Mark Chandler and Mallun Yen and would show the Court as follows:

## INTRODUCTION

Cisco, Mark Chandler (Cisco's Senior Vice President and General Counsel) ("Chandler") and Mallun Yen (Cisco's Vice President of Worldwide Intellectual Property) ("Yen") seek relief from subpoenas purporting to require Chandler and Yen to testify at trial. The subpoenas should be quashed for each of the following four independent reasons.

First, Rule 45 requires service of a subpoena by "delivering a copy to the person named." FED. R. CIV. P. 45(b). Neither Chandler nor Yen were personally served with a copy of the subpoena. Instead, Albritton left the subpoenas with a receptionist at Cisco's offices in California. Thus, the unserved subpoenas are simply invalid.

---

[1] Mallun Yen maintains her previous position that she is not subject to personal jurisdiction in this Court, and she does not waive that position in making this motion. Similarly, Mark Chandler does not waive the right to object to personal jurisdiction in filing this motion.

Second, Rule 45 requires that the subpoena include "the mileage allowed by law." FED. R. CIV. P. 45(b)(1). Albritton did not even attempt to comply with this requirement and did not tender any amount for mileage. Thus, the subpoenas are null.

Third, Albritton's delivery of the subpoenas to a Cisco receptionist in California is not one of the four places authorized by the Federal Rules for service of a subpoena. Indeed, under Rule 45(b)(2), neither Chandler nor Yen are subject to subpoena in California for a trial in this district court in Texas. Movants are well beyond the subpoena range.

Fourth, even if Chandler and Yen had been personally served, had been paid the required mileage amount with the subpoena, and were within the subpoena range, which they were not and are not, the subpoenas would subject Chandler and Yen to undue burden because neither Chandler nor Yen have unique knowledge in this case. Moreover, even if Chandler or Yen had any admissible testimony, Albritton may present their testimony to the jury by videotaped deposition, which he has already designated for use at trial. For these reasons, the Subpoenas should be quashed.

## FACTUAL BACKGROUND

Albritton makes no allegations concerning Chandler in his Complaint. (Docket No. 17). In November, 2008, Albritton deposed Chandler in California. Chandler testified that he did not even know that Frenkel was the author of the articles at issue until January or February of 2008, shortly before Albritton filed this lawsuit. (Exhibit A-1 at 18:21-19:12). Chandler has no unique knowledge about Albritton's claims. Indeed, Albritton spent the majority of Chandler's deposition asking about Cisco's position on patent reform, not about the Articles at issue and Albritton's claim against Frenkel or Cisco.

Albritton also deposed Yen in California. Yen did not write, edit or even see the articles at issue before they were published and did not distribute them to anyone outside of Cisco. (Exhibit B at ¶5). On February 27, 2009, this Court granted summary judgment in favor of Yen. (Docket No. 217, pp. 12-13). Although Yen had some communication with Frenkel before the Articles were written and knew that Frenkel was the author of the Articles, Yen does not have unique personal knowledge needed by Albritton to prove his claims. In any event, Albritton has both Chandler and Yen's depositions available for use at trial.[2]

On August 12, 2009, Albritton delivered subpoenas addressed to Chandler and Yen (the "Subpoenas"), to the receptionist at one of Cisco's offices in California. (The Subpoenas are attached as Exhibit C). The Subpoenas were not personally served on either Chandler or Yen. (Chandler Declaration, Exhibit A at ¶3; Yen Declaration, Exhibit B at ¶3). The Subpoenas purport to require Chandler and Yen to testify at trial on September 14, 2009, in Tyler, Texas, more than 1,700 miles away from their homes and workplace. Although the Subpoenas contained the required witness fee, Albritton did not tender any amount for mileage, also a requirement for a valid subpoena. (Exhibit A at ¶3; Exhibit B at ¶3).

## THE COURT SHOULD QUASH THE SUBPOENAS

The Court should quash the Subpoenas because Albritton failed to properly serve the Subpoenas personally on each witness and failed to tender the mileage fee required by Rule 45. Further, Albritton failed to serve the Subpoenas in one of the four places authorized by Rule 45(b)(2). Indeed, both witnesses are simply beyond the subpoena range. Finally, even if service had been proper, and it was not, the Court should quash the Subpoenas because they subject Chandler and Yen to undue burden. FED. R. CIV. P. 45(b)(3)(iv).

---

[2] Subject to any appropriate objections, of course.

1. **Albritton failed to personally serve Chandler and Yen.**

Federal Rule of Civil Procedure 45 requires <u>personal</u> service of a subpoena. The Rule provides that "[s]erving a subpoena requires delivering a copy to the named person…" FED. R. CIV. P. 45(b)(1). The Subpoenas are invalid because Albritton failed to personally serve Chandler and Yen. (Exhibit A at ¶3; Exhibit B at ¶3). Failure to personally serve the Subpoenas renders them a nullity. *See* FED. R. CIV. P. 45(b)(1); *In Re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (holding that "rule indicates that proper service requires… personal service…"); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (holding service of subpoena "on plaintiff's counsel, as opposed to plaintiff himself, renders such service a nullity" because personal service is required); *Omikoshi Japanese Rest. v. Scottsdale Ins. Co.*, No. 08-3657, 2008 WL 4829583 (E.D. La. Nov. 5, 2008) (holding that a subpoena that was not personally served was improper); 9 James Wm. Moore *et al*, Moore's *Federal Practice*, § 14.21[1] (3d ed. 2009) ("personal service of a subpoena is required."). Therefore, because the Subpoenas were not personally delivered to Chandler and Yen, the Court should quash the Subpoenas. *Id.*

2. **Albritton failed to tender the mileage fee required by Rule 45(b)(1)**

Furthermore, and independently, the Subpoenas are improper because Albritton failed to tender mileage as required by Rule 45(b)(1) contemporaneously with the Subpoenas. *See* FED. R. CIV. P. ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering… the mileage allowed by law.") Albritton did not tender any mileage to Chandler or Yen simultaneously with the Subpoenas. (Exhibit A at ¶3; Exhibit B at ¶3). The Fifth Circuit and indeed this Court (by referral to Magistrate Judge Bush) have held that the mileage fee must be tendered with the subpoena. *See In re Dennis*, 330 F.3d 696, 704-5 (5th Cir. 2003) (noting that "[t]he plain meaning of Rule 45(b)(1) requires the

MOTION FOR PROTECTION AND TO QUASH TRIAL SUBPOENAS OF MARK CHANDLER AND MALLUN YEN
5586599v.4

-PAGE 4 of 14-

simultaneous tendering of ... the reasonably estimated mileage" and holding that the district court did not abuse its discretion in quashing a subpoena because of the failure to pay mileage, which "plainly violates rule 45(b)(1)"); *Carroll v. Variety Children's Hosp.*, No. 4:07-MC-033, 2007 WL 2446553 at *1-2 (E.D. Tex. Aug. 23, 2007) (holding that failure to tender the mileage fee and witness attendance fee "requires this Court to find that the subpoena was served in a procedurally deficient manner warranting the Court in quashing the subpoena.") This case is even more compelling than *In re Dennis* because the witness in *Dennis* lived just a few miles away and the mileage may have been as little as $5, while here Chandler and Yen would be required to travel from California and would likely be required to stay overnight for several days. Because the Subpoenas were not accompanied with the mileage fee, mandated by Rule 45(b)(1), "the subpoena[s]" were "not properly served." *Dennis*, 330 F.3d at 705. Accordingly, the Court should quash the Subpoenas. Id.

### 3. Chandler or Yen are Beyond The Subpoena Range authorized by Rule 45.

Additionally, and independently, Albritton failed to serve Chandler and Yen in one of the four locations where a subpoena may validly be personally served. Fed. R. Civ. P. 45(b)(2). That rule provides that "a subpoena may be served at any place:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides."

*Id.*[3]

To compel a person to attend trial, "the person must be served with a subpoena in one of the places listed in Rule 45(b)(2)..." *Id.* None of the four places authorized in the Rule -- quoted above -- would include Cisco's offices in California. See Fed.R.Civ.P. 45(b)(2). Plainly, the delivery of the Subpoenas in California is not "within the district of the issuing (this) court;" is not "outside the district but within 100 miles of the place specified for the ... trial..."; is not "within the state (Texas) of the issuing court;" and this Court has not authorized a subpoena "on motion and for good cause," nor is there "a federal statute" that "so provides." See Fed.R.Civ.P. 45(b)(2)(A-D). In short, Chandler and Yen simply are beyond the subpoena range for a trial. *Id.* Accordingly, the purported service under Rule 45(b)(2) was improper, and the Court should therefore quash the Subpoenas. *Maryland Marine, Inc. v. United States*, No. H-07-3030, 2008 WL 2944877, at *6 (S.D. Tex. July 23, 2008).

And, as to Chandler, there is no basis for asserting that his status as an officer of Cisco commands a different result.[4] Although there is a disagreement among the courts, this Court has held that officers or employees of a defendant may not be subpoenaed if they could not be served in accordance with Rule 45(b)(2). *Lindloff v. Schenectady Intern.*, 950 F.Supp. 183, 185 (E.D.Tex. 1996)(Schell, C.J.) ("Federal Rule of Civil Procedure 45(b)(2) sets a 100 mile limit on the court's subpoena power over witnesses outside the district. Consequently, any of Defendant's officers or employees who are outside the Eastern District and who might be unwilling to appear at trial would have to be within a 100 mile radius of the Beaumont federal courthouse in order to be compelled to appear."). Other recent federal district court decisions have also held that Rule

---

[3] Subject to Rule 45(c)(3)(A)(ii), which does not expand or broaden the four permitted locations where a subpoena may be served.

[4] Yen is not an officer of Cisco. (Yen Declaration, Exhibit B at ¶2).

45(c)(3)(A)(ii) does not expand the scope of the territorial limits in Rule 45(b)(2). *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 215-18 (E.D. La. 2008) (holding that "[n]othing in [Rule 45(c)(3)(A)(ii)] affirmatively expands the geographical scope of where the Court may issue subpoenas. It spells out only the conditions under which the court *must* quash a subpoena.").

Thus, the service requirement of the four specified places in Rule 45(b)(2) must be met, irrespective of whether the witness is a party or the officer of a party. *Id.* This more recent view is the better reasoned law on this issue and has been accepted by more courts that have addressed the issue. *Id.*; *See, e.g., Maryland Marine*, 2008 WL 2944877; *Jamsports and Entm't, LLC v. Paradama Prods., Inc.*, No. 02C2298, 2005 WL 14917 at *1 (N.D. Ill. Jan. 3, 2005) (quashing deposition of officer and holding that "Rule 45(c)(3)(A) does not confer authority for service of a subpoena; it confers authority to quash or modify a subpoena. It provides an exception to Rule 45(b)(2), not an addition to that Rule."); *Mazloum v. District of Columbia Metro. Police Dep't*, 248 F.R.D. 725, 727-28 (D.C. 2008) (holding that the 100-mile limitation applies to parties and officers of parties and that "Rule 45(c)(3(A)(ii) functions as a *limitation* on the scope of Rule 45(b)(2)(B) rather than an expansion of authority"); *Lyman v. St. Jude Medical S.C., Inc.*, 580 F.Supp.2d 719, 733-34 (E.D. Wis. 2008) (quashing a subpoena of officer and holding that the requirements of 45(b)(2) must be met and that 45(c)(3)(A)(ii) is a limitation, not an expansion, of the service rule); *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 557-60 (N.D. Ala. 2009) (quashing the deposition of officer and holding that the requirements of 45(b)(2) must be met); *Johnson v. Land O'Lakes, Inc.* 181 F.R.D. 388, 396-97 (N.D. Iowa 1998) (quashing a subpoena of the defendant's vice president because he was not served within 100 miles of the site of the trial and holding that "Rule 45(c)(3)(A)(ii) simply does not extend the range of this court's subpoena power").

Judge Sarah Vance's recent, comprehensive opinion in *Big Lots*, 251 F.R.D. at 215-19, thoroughly analyzed the rule, existing case law, rule-making history and leading commentary on the geographic and territorial limits of the subpoena power, interplay between these two sections, and the language of the two sections themselves. Judge Vance held that the language of the statute compels the interpretation that 45(c)(3)(A)(ii) does not expand the geographic scope of 45(b)(2). *Id.* In *Big Lots*, the Court granted motions to quash and rejected the notion that Rule 45(c)(3)(A)(ii) expanded the subpoena power beyond that authorized in Rule 45(b)(2) for officers or parties. *Id.* at 216-17. The court reasoned that "nothing in the language of Rule 45(b)(2) itself provides for service at any *place* other than those locations specified in the rule itself." *Id.* at 216. The Court also noted that the language in Rule 45(b)(2) stating that it is subject to the quashing provisions of Rule 45(c)(3)(A)(ii) is a <u>limitation</u>, not an expansion of Rule 45(b)(2): "To read the 'subject to Rule 45(c)(3)(A)(ii)' clause as *expanding* the territorial reach of where a party or party officer may be served with a trial subpoena ignores the ordinary meaning of the phrase 'subject to.' The phrase 'subject to' ordinarily operates to limit a power or right, not expand it." *Id.* at 216; *See also Chao*, 255 F.R.D. at 559. The Court further explained that it would be "exceedingly odd" that Congress would alter the subpoena laws to create a nationwide subpoena range within the heading "Protecting a Person Subject to a Subpoena," especially considering that Congress has provided for additional places for service of subpoenas with "unmistakable clarity" in other specific contexts such as the federal antitrust statute, the National Service Life Insurance Act and the Federal Rules of Criminal Procedure. *Big Lots*, 251 F.R.D. at 218. Indeed, the only way to read the two provisions harmoniously in a way that gives effect to both provisions is to interpret Rule 45(c)(3)(A)(ii) as a limitation of, not

an expansion of, Rule 45(b)(2). *Id.* (noting this is the construction required by Fifth Circuit precedent).

Recently, Judge Lee H. Rosenthal[5] in *Maryland Marine*, 2008 WL 2944877 at *5-6 followed the reasoning of Judge Vance in *Big Lots*. Judge Rosenthal noted that Rule 45(b)(2) provides the four locations for proper service and that Rule 45(c)(3)(A)(ii) "does not alter the requirements for proper service of a subpoena." *Id.* at *5 (citations omitted).

Therefore, even though Chandler is an officer of Cisco, he must still be served in one of the places authorized by Rule 45(b)(2). It is undisputed he was not. And because Yen is not an officer of Cisco, there can be no dispute that she is beyond subpoena range. For these reasons, service on Chandler and Yen was improper, and therefore the subpoenas should be quashed.

**4.     The Subpoenas should be quashed on grounds of undue burden.**

Even if the Subpoenas had been <u>personally</u> and properly <u>served</u>, and they were not, the Court should quash the Subpoenas because they impose an undue burden on Chandler and Yen. Indeed, a court "must" quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(b)(3)(iv).

Courts have long recognized that subpoenas for depositions of officers impose too great a burden "when the proposed deponent is . . . a very high corporate officer unlikely to have personal familiarity with the facts of the case." 8 Charles Alan Wright, Arthur R. Miller, & Richard Marcus, *Federal Practice & Procedure* § 2037, at 500-502 (2d ed. 1994) (citing cases). As one district court put it, "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or "apex" of corporate management has observed that such

---

[5] Judge Rosenthal is a member of the Judicial Conference Discovery Rules Advisory Committee that drafts amendments to the Federal Rules of Civil Procedure.

discovery creates a tremendous potential for abuse or harassment." *Celerity v. Ultra Clean Holding*, No. C05-4374, 2007 WL 205067 at *3 (N.D. Cal. Jan. 25, 2007) (citations omitted). A high-ranking executive of a large company is "a singularly unique and important individual who can be easily subjected to unwarranted harassment and abuse. He has a right to be protected, and the courts have a duty to recognize his vulnerability." *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985); *see also Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 102 (S.D.N.Y. 1997).

The Fifth Circuit, recognizing the burdensome nature of these requests, has affirmed orders prohibiting depositions of high-ranking individuals. *See, e.g., Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming protective order that quashed plaintiff's request for the deposition of the president of defendant in which defendant asserted that the president "was extremely busy and did not have any direct knowledge of the fact," and the plaintiff could not show why the president's testimony was needed). Other federal circuits have agreed. See e.g. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679, 681-82 (7th Cir. 2002) (affirming district court's order refusing to compel the deposition of defendant's officer because it was overly burdensome given in light of the fact that the witness was "a high-ranking executive at a multinational corporation" and plaintiff had not shown that he could not obtain the discovery through other means).

Although the above cases concerned depositions, the principle applies with even greater force here for trial because Chandler and Yen have been requested to appear more than 1,700 miles from their homes and workplace (Exhibit A-1 at p. 10; Exhibit B at ¶2), whereas depositions traditionally take place near the deponent's home or workplace. *See Salter*, 593 F.2d at 651-52 ("It is well settled that '[T]he deposition of a corporation by its agents and

officers should ordinarily be taken at its principal place of business'"). This is especially true here, where the travel distance is so great, trial that is expected to last at least a week, Yen and Chandler are not necessary witnesses, and their deposition testimony is available for use at trial. *See, e.g., Richardson v. Arco Chem. Co.*, No. 95-6185, 1996 WL 529999 at *2 (E.D. Pa. Sept. 19, 1996) (quashing the trial subpoena of the president of the defendant company because "he had no personal knowledge of the events leading to her discharge..." and therefore "no legitimate purpose would be served by offering him as a witness at trial," especially when his deposition was available). As set forth above, Chandler is the General Counsel of Cisco, Exhibit A at ¶2). Attending trial would place an "undue burden" on Chandler because Mr. Chandler has meetings scheduled in Belgium, France and Italy, including a speaking engagement, through September 16, he is chairing a Practicing Law Institute Forum in New York on September 16, and he is scheduled to attend a dinner in Washington that evening. (Exhibit A at ¶6). He also has scheduled a senior leadership meeting at Cisco's San Jose headquarters during the week of September 21, where he will not have been present since prior to Labor Day. (Exhibit A at ¶6). Given this intensive travel schedule for Cisco, traveling to Texas for trial will be extremely burdensome.

Likewise, Yen would also be unduly burdened by the requirement that she travel to Texas. (Exhibit B at ¶6). During the week of September 14 and September 25, she has a number of long-scheduled business meetings in California that include a large number of participants and cannot be rescheduled. She is also called upon regularly to manage matters on a real-time basis. Further, the subpoena would interfere with Yen's family obligations, including caring for two young children and carpooling obligations. (Exhibit B at ¶6).

This burden is even more pronounced in this case because there are no countervailing reasons requiring Yen or Chandler's attendance; they have no unique knowledge of the facts. Yen's involvement was so attenuated that this Court has granted summary judgment on Albritton's claim against Yen. (Docket No. 217 at p. 13). Yen did not write, edit or review the articles at issue prior to their publication on the Patent Troll Tracker, and she did not forward the articles or otherwise circulate them to any other person outside of Cisco. (Exhibit B at ¶5.)

Finally, even if Chandler or Yen had any relevant testimony, Albritton may offer their videotaped depositions and avoid altogether the burden of appearing at trial. *See* FED. R. CIV. P. 32(a)(4); *Richardson v. Arco Chemical Co.*, Ca. No. 95-6185, 1996 WL 529999 at *2 (E.D. Pa. 1996) (quashing the deposition of president of the defendant company when he had no relevant knowledge but noting that even if his testimony was relevant, the plaintiff could offer the deposition testimony); *Big Lots*, 251 F.R.D. at 215-18 (noting defendant could present the video deposition of nine out-of-state plaintiffs whom it had attempted to subpoena); *Land O' Lakes*, 181 F.R.D. at 397 (holding that officers of the party who were outside the subpoena range could be presented by deposition). Indeed, Albritton recognizes this fact because he has designated portions of the depositions of Chandler and Yen. (Docket Number 189-6).

## CONCLUSION

For the reasons set forth above, Cisco, Chandler and Yen request that the Court quash the Subpoenas of Chandler and Yen and grant Cisco and movants such other and further relief as the Court finds necessary.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ *Charles L. Babcock*
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 24th and 25th, counsel for Defendant conferred with Patricia Peden regarding the merits of the foregoing Motion. Counsel for Defendant contacted Ms. Peden numerous times by email and phone and advised that the motion would be filed on August 25. Defendant was advised that Plaintiff believes the witnesses were properly served. This motion is therefore presented to the Court for a determination.

Certified this 25th day of August, 2009.

/s/ *Charles L. Babcock*
Charles L. Babcock

MOTION FOR PROTECTION AND TO QUASH TRIAL SUBPOENAS OF MARK CHANDLER AND MALLUN YEN
5586599v.4

-PAGE 13 of 14-

# CERTIFICATE OF SERVICE

This is to certify that on this 25th day of August, 2009, a true and correct copy of the foregoing was served upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff Eric Albritton*

/s/ Charles L. Babcock
Charles L. Babcock