IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC ALBRITTON, <br> PLAINTIFF. <br><br> v. <br><br> CISCO SYSTEMS, INC. AND <br> RICHARD FRENKEL, <br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO.: 6:08-CV-89 <br><br> **JURY TRIAL DEMANDED** |

**CISCO SYSTEM, INC.'S RESPONSE TO MICHAEL SMITH'S
MOTION TO QUASH TRIAL SUBPOENA**

TO THE HONORABLE COURT:

Cisco Systems, Inc. ("Cisco") hereby responds to Michael Smith's Motion to Quash Trial Subpoena (the "Subpoena") and would show the Court as follows:

**FACTUAL BACKGROUND**

Eric Albritton ("Albritton") alleges that Richard Frenkel ("Frenkel") and Cisco (through Frenkel) published certain allegedly defamatory articles (the "Articles"). The Articles at issue were written by Frenkel in October of 2007 in a web log ("blog") he maintained called the Patent Troll Tracker.

Cisco seeks trial testimony from witness Michael Smith that relates to important events at issue in this lawsuit. Smith corresponded with Frenkel and others around the time that the Articles were written and expressed questions and concerns about the filing issue that Frenkel wrote about in the Articles. Judge Bush recently sustained Plaintiff's objections to Smith's correspondence (which correspondence was on Cisco's exhibit list) on hearsay grounds. Accordingly, Defendants have an important need to examine Smith about this critical

5603997v.3

correspondence live at trial, subject to cross examination. It is also important to have Mr. smith's responses and demeanor evaluated by the jury.

Both Albritton and Cisco disclosed Smith as a person with knowledge of the facts. Indeed, Cisco specifically indicated in its disclosures that Smith corresponded with Frenkel concerning the filing at issue in the Articles. (Exhibit A). Although Smith was deposed in this case for discovery purposes, Cisco certainly did not exhaust its cross examination of Smith because Cisco expected to call Smith as a witness live at trial. And indeed Smith does not dispute that he was validly served with a subpoena and is well within the subpoena range of this Court. Moreover, because Smith is within the subpoena range and therefore is not "unavailable" under Rule 32, resort to his deposition would not be appropriate. Indeed, realizing this fact, neither Cisco nor Albritton have made depositions designations for Smith.

Smith argues that the Court should quash it because it imposes an undue burden due to alleged conflicting trial settings. After the filing of the Motion to Quash, Smith has advised counsel that the trial setting referenced in his original motion for September 21, 2009 (along with the jury selection on September 16) has been reset. (Exhibit B). Therefore, Smith's only remaining conflict is a trial in Marshal, Texas, that is set to begin on September 14, 2009 in *Crane Co. and Dixie-Narco Inc. v. Samdenvendo America, Inc., et al*, Cause No. 2-07-cv-42 (the "Crane Case"). This inconvenience, if any, is not sufficient to warrant quashing the subpoena of an important witness in this case.

### ARGUMENT AND AUTHORITIES

The Court should deny Smith's Motion to Quash because Smith is an important witness and he simply is not being subject to undue burden. Rule 43 of the Federal Rules of Civil Procedure provides that "at trial, the witnesses' testimony must be taken in open court unless a

federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise..." Smith relies upon Rule 45(c)(3)(A)(iv) to quash his subpoena, which this Court has held requires the witness under subpoena to meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591 (E.D. Tex. 2003). Smith has failed meet this "heavy burden" of showing that the subpoena is "unreasonable and oppressive," and Cisco is therefore entitled to his live testimony at trial.

Because one of Smith's conflicts has disappeared, Smith's only argument to meet his "heavy burden" is that he represents a defendant in the Crane Case, in which trial is set to begin on September 14 at 9:00 a.m. While Cisco is certainly sympathetic to Smith's situation, his testimony at trial in this case is important and should be required. Moreover, Smith's Motion to Quash does not meet the heavy burden of establishing that testifying would be unreasonable and oppressive. It is likely that Smith's testimony here will not in fact conflict with the Crane Case at all. According to the Court's records concerning the Crane Case, Smith is not lead counsel in the Crane Case and is one of <u>nine</u> lawyers representing Sandenvendo America, Inc. Therefore, the other eight lawyers for Sandenvendo should be able to sufficiently represent the interests of Smith's client during the short time he is needed to testify. Finally, according to the Joint Pretrial Order in the Crane Case (Docket No. 286), trial in that case is only expected to last five days. Accordingly, since this Court will adjourn on Friday, September 18, and because Smith is being called by the Defendants in their case, it is likely that Smith will not be called to testify until trial in the Crane Case is completed. Accordingly, there may indeed be no conflict with Smith's schedule at all. Moreover, Cisco expects Smith's testimony to be efficient and not last

very long, and therefore any inconvenience would be minor. An order quashing the subpoena, especially when it is far from clear whether there would even be a conflict, would be premature.

It is simply not undue burden for Smith to testify under these circumstances. Indeed, this Court previously held in this lawsuit with respect to the subpoenas issued to busy attorneys and a paralegal who was nursing a six month old baby that being a busy attorney or paralegal and mother is not sufficient to meet the "undue burden" requirement of Rule 45. (Docket No. 276). That same rationale applies here, and the Motion to Quash should be denied.

Permitting use of Smith's deposition would not be a proper solution. Smith was deposed in November of 2008. Defendants have learned much in discovery since that time and should be afforded the opportunity to examine him before the jury, including on those new issues which were not covered in his deposition. Moreover, use of his deposition testimony would cause hardship on the parties and this Court. Because Smith is within the subpoena range of this Court and therefore not "unavailable," neither Defendants nor Plaintiff designated his deposition for trial. Making designations at this late stage, less than a week before trial, would cause inconvenience for the Court and the parties because the parties will be required to designate deposition testimony, make cross designations, allow for objections to be filed, then for this Court to make rulings and then have depositions edited to comply with the Court's rulings. All of this effort and inconvenience would result even though Smith appears unlikely to have an actual conflict when he would in fact testify here during the Defendants' case.

For these reasons, Cisco prays that the Court deny Smith's Motion to Quash.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Charles L. Babcock
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney
    Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

# CERTIFICATE OF SERVICE

This is to certify that on this 8th day of September, 2009, a true and correct copy of the foregoing was served via electronic mail or ECF Filing System upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
*Attorney for Defendant Richard Frenkel*

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
*Attorney for Plaintiff Eric Albritton*

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
*Attorney for Plaintiff Eric Albritton*

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
*Attorney for Plaintiff Eric Albritton*

/s/ Charles L. Babcock
Charles L. Babcock

5603997v.3