IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERIC M. ALBRITTON                          §
                                           §
                                           §        C.A. No. 6:08cv89
VS.                                        §        JUDGE SCHELL
                                           §        JURY
CISCO SYSTEMS, INC.,                       §
RICK FRENKEL, MALLUN YEN &                 §
JOHN NOH

**NOTICE BY THE UNITED STATES ATTORNEY OF SCOPE OF AUTHORIZED
TESTIMONY FOR FEDERAL EMPLOYEE WITNESSES DAVID MALAND,
SHELLEY MOORE, CYNTHIA PAAR, RHONDA LAFITTE, DAVID PROVINES,
<u>PEGGY THOMPSON, FAYE THOMPSON, AND RACHEL WILSON</u>**

To the Honorable Judge of Said Court:

Now comes the United States Attorney's Office for the Eastern District of Texas, and hereby

respectfully notifies the Court that the District Clerk has authorized limited testimony by the Clerk

and several Deputy District Clerks for the trial of this case, as follows:

**I.  THE TOUHY REGULATIONS**

Pursuant to Touhy regulations promulgated by the United States Judicial Conference, Dave

Maland as the District Clerk for the United States District Court for the Eastern District of  Texas

has authorized limited testimony for himself and seven deputy district clerks.  These individuals

include:  David Maland, Shelley Moore, Cynthia Paar, Rhonda Lafitte, David Provines, Peggy

Thompson, Faye Thompson, and Rachel Wilson.  David Maland is the District Clerk for the United

States District Court for the Eastern District of Texas, and the other individuals are all deputy district

Dockets.Justia.com

clerks for the district. These individuals have all been subpoenaed[1] for trial testimony in this case, and are employees of the United States Courts, and as such their testimony must be requested by following federal regulations (known as "Touhy regulations" after <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951)). *See* Regulations Adopted by Judicial Conference, attached to this Motion as Exhibit 1. Section 5 of the regulations states that "Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations." *Id.* The method for requesting testimony by an employee of the United States Courts is set forth in Section 6 of the Touhy regulations, "Contents and timeliness of a request," which states that:

> (a) The request for testimony or production of records shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means. This explanation shall contain sufficient information for the determining officer designated in section 7(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced. Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

Regulations, Sec. 6, Exhibit 1. The regulations apply when a party seeks testimony of an employee of the federal judicial branch "relating to any official information acquired by any such individual

---

[1] Plaintiff has subpoenaed David Maland, and Defendants have subpoenaed David Maland and the listed deputy district clerks. By way of history, in September of 2008 attorneys for Defendants Cisco Systems, Inc. served subpoenas for deposition testimony and production of documents on each Movants Maland, Provines, Peggy Thompson, Wilson, Lafitte, and Moore. *See* Subpoenas for deposition testimony, Docket Nos. 43, 44, 47, 48, 49, 50. After consultations and authorization of limited testimony by David Maland, the depositions of the Movants took place on November 3, 2008 at the United States Courthouse in Tyler, Texas.

as part of that individual's performance of official duties" in all pretrial and trial proceedings before a court. Regulations, Sec.1.(a) (quoted), Sec. 3.(c) (defining "legal proceedings"), Exhibit 1. When a request for testimony is made and the persons whose testimony is sought are employees of the clerk's office (as here), under the regulations the official who determines whether testimony will be authorized is the head of that office, here the United States District Clerk, Dave Maland. Regulations, Sec. 7.(b)(3). The regulations in turn provide a set of 16 factors for the determining officer to consider when reviewing any request for testimony. Regulations, Sec. 8., Exhibit 1.

## II.  THE SUBPOENAS AND REQUESTS FOR TRIAL TESTIMONY

A.      Subpoenas for Trial Testimony

Plaintiff has subpoenaed the trial testimony of David Maland. *See* Subpoena, attached as Exhibit 2. Defendant Cisco Systems, Inc. has subpoenaed the trial testimony of David Maland, Rhonda Lafitte, Shelley Moore, Cynthia Paar, David Provines, Faye Thompson, Peggy Thompson, and Rachel Wilson. *See* Subpoenas, attached collectively as Exhibit 3.[2]

B.      Touhy Requests

Plaintiff's counsel provided a request for authorization of testimony to David Maland. *See* Nick Patton to David Maland dated August 25, 2009, attached as Exhibit 4. Counsel for Defendants have also submitted a request for testimony to David Maland. *See* Babcock Letter to David Maland dated July 1, 2009, attached as Exhibit 6; Babcock Letter to David Maland dated July 28, 2009, attached as Exhibit 5.

---

[2] Counsel for Defendant Frenkel has indicated that Deputy Clerk Rhonda Lafitte will be released from her subpoena served by Cisco Systems, Inc. and does not need to attend the trial of this case.

## III. SCOPE OF TESTIMONY AUTHORIZED UNDER THE JUDICIAL CONFERENCE'S TOUHY REGULATIONS

After consideration of the above requests for trial testimony, David Maland authorized limited testimony for the subpoenaed witnesses. These authorization letters are attached to this Notice as follows:

- Letter from David Maland to Nick Patton dated August 31, 2009, attached as Exhibit 7.

- Letter from David Maland to Nick Patton dated September 3, 2009, attached as Exhibit 8.

- Letter from David Maland to Charles Babcock and George McWilliams dated August 11, 2009, attached as Exhibit 9

Under the applicable Touhy regulations these designations control the scope of the testimony to be allowed during the trial of this case.

One or both of the undersigned Assistant U.S. Attorneys will be present at the trial while the subpoenaed individuals testify in order to advise the Court on any issues that may arise related to the authorized testimony and also to assist in enforcing the authorized scope of testimony.

Wherefore, premises considered, the United States Attorney's Office respectfully requests that the Court take notice of the scope of testimony authorized for the employees of the District Clerk's Office.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS


_____/s/_____
By: THOMAS E. GIBSON
Assistant United States Attorney
Texas Bar No. 07875450
Email: Tom.Gibson@usdoj.gov

Robert Wells
Texas State Bar No. 24033327
Assistant United States Attorney

110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1436
Email: robert.wells3@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2009, I electronically served a copy of

this document and its exhibits on the attorneys of record by use of the Court's CM/ECF system.

Because this document was electronically filed after 5:00 p.m., under local rules it is deemed served

the next day.


_____/s/_____
Thomas E. Gibson