IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ERIC M. ALBRITTON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:08cv00089 |
| | § | JURY |
| CISCO SYSTEMS, INC. and RICHARD FRENKEL | § | |
| | § | |
| Defendant | § | |

## DEFENDANTS' SECOND MOTION IN LIMINE

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco") and Richard Frenkel ("Frenkel") (collectively, "Defendants") hereby file this Motion in Limine, and respectfully show the Court:

Defendants request that the Court prohibit any testimony or mention, reference or inquiry in the presence of the jury by Plaintiff, his counsel, or any witness called on Plaintiff's behalf regarding the following issues:

## MOTION IN LIMINE NO. 15:

### WITNESSES DISCLOSED ONLY ON IMPERMISSIBLE TOPIC

The Court should exclude witnesses who were not disclosed as to any topic that is permissible under the Court's prior rulings. Rule 26(a)(1) requires **initial** disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the

disclosing party may use to support its claims..." Initial disclosures under Rule 26 were due on June 2, 2008.

Plaintiff disclosed the following witnesses as witnesses that had only "knowledge of the professional reputation and integrity of the Plaintiff": Elizabeth DeRieux, Robert M. Parker, Samuel Baxter, Danny Williams, Louis Brucculeri and Otis Carroll. On May 8, 2009, this Court granted Defendants' Motion in Limine No. 1 that Plaintiff may not introduce evidence of reputational damages. (Order, Document No. 258; Motion in Limine, Document No. 191 at pp. 1-3). However, Plaintiff's Third Corrected Designation of Trial Witnesses, filed on August 21, 2009, included each of these witnesses. Indeed, both Samuel Baxter and Otis Carroll were listed as "will call" witnesses. All of these witnesses, who were disclosed only with respect to evidence regarding Plaintiff's reputation, should be excluded pursuant to this Court's May 8, 2009 Order.

These witnesses should also not be permitted to testify regarding topics that were not disclosed. *See* FED. R. EVID. 37 (c)(1); *Terrance v. Pointe Coupee Parish Police Jury*, 177 Fed. Appx. 457, 459 (5th Cir. 2006) (holding that the lower court properly excluded testimony of witness because the party had failed to disclose the witness until several months before trial); *Antoinee-Tubbs v. Local 513, Air Transport Div., Transport Workers of America, AFL-CIO*, 190 F.3d 537 (5th Cir. 1999) (holding that the lower court properly excluded affidavits from witnesses as summary judgment evidence where the witnesses had not been disclosed.). The Advisory Committee Notes to Rule 37(c)(1) provide that this exclusion is an "automatic sanction." Defendants have not had the opportunity to conduct discovery of these witnesses on any topic other than Plaintiff's

reputation, which this Court has excluded, and therefore these witnesses should not be permitted to testify.

## MOTION IN LIMINE NO. 16:

## PRIVILEGED TESTIMONY

The Court has already prohibited testimony or statements by Plaintiff, his counsel, or any witness called on Plaintiff's behalf that Defendants made privilege or work product objections or withheld any information under a claim of privilege or work product. (Document No. 258, Motion in Limine No. 10). However, Plaintiff's Third Corrected Witness List makes clear that Plaintiff intends to call as witnesses attorneys who represent or have represented Cisco. Defendants expect that Plaintiff may attempt to elicit Cisco's privileged information from these witnesses, who served as Cisco's counsel in the underlying *ESN v. Cisco* litigation or other litigation against Cisco. Cisco therefore seeks an order admonishing Plaintiff not to ask these witnesses questions that call for privileged information in front of the jury. Specifically, the following witnesses on Plaintiff's witness list have served as counsel (or a paralegal for counsel) for Cisco in the *ESN v. Cisco* litigation or other litigation against Cisco and therefore have been privy to Cisco's privileged information: Samuel Baxter, Kurt Pancratz, Jillian Powell (paralegal at Baker Botts), Bart Showalter, Kevin Meek, Steve Shortgen, Robert Parker and Doug Kubehl.

Admissibility issues relating to privilege should be determined by the Court outside the hearing of the jury. FED. R. EVID. 103(c), 104(a), (c); *Bennet v. PRC Public Sector, Inc.*, 931 F. Supp. 484, 489 at n. 8 (S.D. Tex. 1996) (stating that the Federal Rules require that questions of qualifications of witness, privilege and admissibility of evidence

"are to be conducted out of the hearing of the jury 'when the interests of justice require'"); *see also U.S. v. Brown*, 12 F.3d 52, 54 (5th Cir. 1994) (reversing the convictions of the defendants because of forced invocation of the spousal privilege in front of the jury, stating that "[a]ny legitimate objections to the application of the spousal privilege should have been raised *in limine* and resolved out of the presence of the jury"); *See United States v. Barham*, 625 F.2d 1221, 1225 (5th Cir. 1980) (having correctly sustained a claim of privilege, the trial court did not abuse its discretion in ordering counsel not to ask questions in front of jury that they knew would cause privilege to be invoked); *United States v. Lacouture*, 495 F.2d 1237, 1239-40 (5th Cir. 1974) (witness' refusal to testify because of privilege may not be made known to jury or commented on by counsel). The jury should not be permitted to make unfavorable inferences based on the claim of privilege. *Brown*, 12 F.3d at 54. Justice requires that the jury determine issues in this case based on the admissible evidence, not based on perceptions caused by Plaintiff's dramatization of Cisco's legitimate invocations of privilege.

Moreover, the Court should follow the Texas Rules of Civil Procedure on this issue of privilege, which rules provide that in civil cases "the claim of a privilege… is not a proper subject of comment by judge or counsel, and no inference may be drawn therefrom" and that "upon request any party… is entitled to an instruction that no inference may be drawn therefrom." TEX. R. EVID. 5013(a), (d).

Pursuant to the Federal Rules, "the privilege of a witness… shall be determined in accordance with state law" in cases such as this one where state law provides the rule of decision. FED. R. EVID. 501. In diversity cases such as this one, a federal court must conform to state law to the extent mandated by the principles set forth in *Erie R.R. v.*

*Tompkins*, 304 U.S. 64 (1938). Pursuant to *Erie* and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law. *Erie*, 304 U.S. at 78; *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir.1995). Most evidentiary rules are procedural in nature, and the Federal Rules of Evidence "ordinarily govern in diversity cases." *Wray*, 61 F.3d at 1417. However, the Federal Rules do not supplant "*all* state law evidentiary provisions with federal ones." *Id.* (emphasis in original). Rather, state evidence rules that are "intimately bound up" with the state's substantive decision making must be given full effect by federal courts sitting in diversity. *Id.* (citing *Erie*). Moreover, some state law rules of evidence "in fact serve substantive state policies and are more properly rules of substantive law within the meaning of *Erie*." *Id.* (quoting 19 Wright, Miller & Cooper, Federal Practice & Procedure § 4512 (1984)). This is such a case: Texas law strongly supports privileges not only by recognizing and enforcing them, but by prohibiting conduct that might cause holders of privileges to waive them or juries to prejudice those holders by drawing adverse inferences from the proper assertion of a privilege. Texas Rule of Evidence 513 therefore serves substantive Texas policies and is more properly considered a rule of substantive law under *Erie*. Accordingly, the Court should follow Texas Rule of Evidence 513 and prohibit any comments from witnesses or counsel about any claim of privilege by Cisco, and instruct counsel to not ask questions of witnesses which will result in a claim of privilege.

## MOTION IN LIMINE NO. 17:

### UNDISCLOSED EXPERT TESTIMONY

The Court should also exclude all undisclosed expert testimony. Plaintiff disclosed District Court Clerks David Maland, David Provines, Peggy Thompson and

Shelly Moore (collectively, the "Clerks") as fact witnesses "who ha[ve] knowledge of the facts surrounding the filing of the ESN litigation, the electronic filing system for the Eastern District of Texas, the reputation of the Court and Plaintiff's abilities and reputation." The Clerks were never disclosed as experts, never provided expert reports, and were not deposed concerning any expert opinions. Indeed, the Clerks only agreed to be deposed regarding the limited topics that did not include any expert testimony, citing "Touhy Regulations." (See Exhibit A, October 31, 2008 Letter). Plaintiff did not depose the Clerks regarding expert opinions, and the Clerks have never disclosed any expert opinions in this case.

However, on August 25, 2009, Plaintiff requested trial testimony from the Clerks regarding the following matters, which call for expert opinion testimony: (1) whether the NEF is the official record of filing; (2) when a document is "filed" pursuant to local and federal rules; (3) whether Eric violated law, rules or local operating procedures in this case; and (4) the contents and interpretation of Local Rule CV-5. (Exhibit B). The Clerks responded that they would testify as to each of these matters, but that they would not testify regarding "matters of opinion," which in itself is not inconsistent with their apparent agreement to offer opinion testimony. (Exhibit C). Clearly, each of these topics call for a legal opinion regarding the interpretation of Local Rules, Federal Rules, criminal law and other applicable rules.

The Clerks should not be permitted to testify regarding these matters because Plaintiff did not designate the Clerks as experts on these matters. Rule 26(a)(2) requires that parties "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." Experts are also

required to prepare an expert report that contains all opinions the witnesses will express and the basis and reason for them, the information considered by the witness, any exhibits that will be used, the witnesses' qualifications, other cases and a statement of compensation paid for being a witness. FED. R. CIV. P. 26 (A)(2)(B). Plaintiff has never provided any of this information, and therefore the Clerks should not be permitted to testify regarding any matters of expert opinion, but rather should be permitted only to testify regarding their relevant factual knowledge. *See* FED. R. CIV. P. 37(c)(1), 26(a), (e), 16(f); *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (holding that lower court properly excluded testimony of expert witness who had not been timely disclosed); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) (holding that lower court properly struck expert witness because the expert's opinions had not been disclosed in accordance with the disclosure deadlines). Indeed, the Clerks refused to testify regarding these matters in their depositions. (See Exhibit A, October 31, 2008 Letter).

Defendants would be greatly prejudiced if the Clerks were permitted to testify as experts regarding their opinions concerning the effect of the Local Rules, Federal Rules and other applicable laws and rules because those opinions have never been disclosed and Defendants have never been provided the opportunity to test the Clerks' qualifications to testify regarding these matters. Indeed, Defendants were not even aware that Plaintiff would seek this testimony until August 25, 2009, just weeks for before trial. Accordingly, the Court should grant Defendants' Motion in Limine and prevent Plaintiff from introducing this undisclosed expert testimony at trial.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ *Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No.: 10982
    Email: cbabcock@jw.com
    Crystal J. Parker
    Federal Bar No.: 621142
    Email: cparker@jw.com
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

GEORGE MCWILLIAMS, P.C.

By: /s/ *George L. McWilliams with permission by Charles L. Babcock*
    George L. McWilliams
    Texas Bar No: 13877000
    GEORGE L. MCWILLIAMS, P.C.
    406 Walnut
    P.O. Box 58
    Texarkana, Texas 75504-0058
    (903) 277-0098
    (870) 773-2967—Fax
    Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

# CERTIFICATE OF SERVICE

This is to certify that on this 10th day of September, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

| | |
|---|---|
| George L. McWilliams<br>406 Walnut<br>P.O. Box 58<br>Texarkana, Texas 75504-0058<br>Attorney for Defendant Richard Frenkel | James A. Holmes<br>605 South Main Street, Suite 203<br>Henderson, Texas 75654<br>Attorney for Plaintiff Eric Albritton |
| Patricia L. Peden<br>Law Offices of Patricia L. Peden<br>5901 Christie Avenue<br>Suite 201<br>Emeryville, CA 94608<br>Attorney for Plaintiff Eric Albritton | Nicholas H. Patton<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505-5398<br>Attorney for Plaintiff Eric Albritton |

/s/ *Charles L. Babcock*
Charles L. Babcock