IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ERIC M. ALBRITTON, | § | |
|---|---|---|
| Plaintiff | § § § | |
| v. | § | No. 6:08cv00089 |
| | § | JURY |
| CISCO SYSTEMS, INC. and RICHARD FRENKEL | § § § | |
| Defendant | § § | |

## DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF SAM BAXTER

TO THE HONORABLE COURT:

Defendants Cisco Systems, Inc. ("Cisco") and Richard Frenkel ("Frenkel") (collectively, "Defendants") hereby file this Motion to Exclude Testimony of Sam Baxter, and respectfully show the Court:

The Court should exclude witnesses who were not disclosed as to any topic that is permissible under the Court's prior rulings. Rule 26(a)(1) requires **initial** disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims..." Initial disclosures under Rule 26 were due on June 2, 2008.

Plaintiff disclosed Sam Baxter as a witness that had only "knowledge of the professional reputation and integrity of the Plaintiff." Exhibit A. On May 8, 2009, this Court granted Defendants' Motion in Limine No. 1 that Plaintiff may not introduce evidence of reputational damages. (Order, Document No. 258; Motion in Limine, Document No. 191

at pp. 1-3). Because Baxter was designated only as a witness on Plaintiff's "reputation and integrity," which is no longer at issue, Baxter should be excluded pursuant to this Court's May 8, 2009 Order.

Baxter should also not be permitted to testify regarding topics that were not disclosed. *See* FED. R. EVID. 37 (c)(1); *Terrance v. Pointe Coupee Parish Police Jury*, 177 Fed. Appx. 457, 459 (5th Cir. 2006) (holding that the lower court properly excluded testimony of witness because the party had failed to disclose the witness until several months before trial); *Antoinee-Tubbs v. Local 513, Air Transport Div., Transport Workers of America, AFL-CIO*, 190 F.3d 537 (5th Cir. 1999) (holding that the lower court properly excluded affidavits from witnesses as summary judgment evidence where the witnesses had not been disclosed.). The Advisory Committee Notes to Rule 37(c)(1) provide that this exclusion is an "automatic sanction." Defendants have not had the opportunity to conduct discovery of Baxter on any topic other than Plaintiff's reputation, which this Court has excluded, and therefore Baxter should not be permitted to testify.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: *Charles L. Babcock by CJP* w/ permission
Charles L. Babcock
Federal Bar No.: 10982
Email: cbabcock@jw.com
Crystal J. Parker
Federal Bar No.: 621142
Email: cparker@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

GEORGE MCWILLIAMS, P.C.

By: *George McWilliams*
George L. McWilliams
Texas Bar No: 13877000
GEORGE L. MCWILLIAMS, P.C.
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
(903) 277-0098
(870) 773-2967—Fax
Email: glmlawoffice@gmail.com

ATTORNEY FOR DEFENDANT
RICK FRENKEL

# CERTIFICATE OF SERVICE

This is to certify that on this 16th day of September, 2009, a true and correct copy of the foregoing was served via electronic mail upon:

George L. McWilliams
406 Walnut
P.O. Box 58
Texarkana, Texas 75504-0058
Attorney for Defendant Richard Frenkel

James A. Holmes
605 South Main Street, Suite 203
Henderson, Texas 75654
Attorney for Plaintiff Eric Albritton

Patricia L. Peden
Law Offices of Patricia L. Peden
5901 Christie Avenue
Suite 201
Emeryville, CA 94608
Attorney for Plaintiff Eric Albritton

Nicholas H. Patton
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
Attorney for Plaintiff Eric Albritton

*Charles Babcock w/permission by CJP*
Charles L. Babcock

5610627v.1